1  STEPHEN G. LARSON (SBN 145225)
   MICHAEL L. TURRILL (SBN 185263)
2  **ARENT FOX LLP**
   555 West Fifth Street, 48th Floor
3  Los Angeles, CA  90013-1065
   Telephone:  213.629.7400
4  Facsimile:   213.629.7401
   Email:  Stephen.Larson@arentfox.com
5          Michael.Turrill@arentfox.com

6  RANDALL BRATER (SBN 211140)
   (*admitted to practice in California*)
7  **ARENT FOX LLP**
   1717 K Street NW
8  Washington, DC 20036
   Telephone:  202.715.8472
9  Facsimile:   202.857.6395
   Email:  Randall.Brater@arentfox.com
10
   [*Additional Counsel Listed on Signature*
11 *Page*]

12 Attorneys for Plaintiff
   THE NATIONAL GRANGE OF THE
13 ORDER OF PATRONS OF HUSBANDRY

14              **UNITED STATES DISTRICT COURT**

15             **EASTERN DISTRICT OF CALIFORNIA**

16

17 THE NATIONAL GRANGE OF THE          Case No.  2:14-cv-00676-WBS-DAD
   ORDER OF PATRONS OF
18 HUSBANDRY, a District of Columbia   **JOINT RULE 26(f) STATUS**
   nonprofit corporation,              **REPORT**
19
20              Plaintiff,

21       v.

22

23 CALIFORNIA STATE GRANGE, a
   California corporation,
24
                Defendant.
25 ─────────────────────────────

26 And Related Counter-Claim

27

28

## JOINT RULE 26(f) STATUS REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Order Requiring a Joint Status Report, Plaintiff, The National Grange of the Order of Patrons of Husbandry (the "National Grange"), and Defendant, California State Grange, submit this joint status report.

**(a)   A Brief Summary of the Claims**:

### Plaintiff National Grange's Claims

This action is brought by Plaintiff National Grange, the United States' oldest national fraternal agricultural organization, to stop a former chapter, Defendant, from continuing to use Plaintiff's GRANGE name and trademarks.[1]  Plaintiff National Grange, formed in 1867 to promote the interests of farmers and farming, owns numerous federally registered trademarks, which it uses for its activities on behalf of farmers and farming (the "GRANGE Marks").[2]

Plaintiff formed Defendant California State Grange as a subordinate affiliate chapter of the National Grange in 1873.[3]  Defendant was affiliated with the National Grange until 2013, when Defendant became disaffiliated.  Defendant confirmed in November 2013 that it was no longer affiliated with the National Grange.[4]

When, as here, a chapter of a national association disaffiliates, it cannot continue to use the national association's name or trademarks, as that would falsely suggest to the public that it still is affiliated with the national association.  *E.g.*, *United* States *Jaycees v. San Francisco Junior Chamber of Commerce*, 354 F. Supp. 61, 71 (N.D. Cal. 1972) ("The common law of trademark infringement and unfair competition is replete with cases holding that benevolent, religious,

---

[1] *Complaint* ¶ 1.
[2] *Complaint* ¶¶ 2, 3, 17, 20-21.
[3] *Complaint* ¶¶ 4, 27-30.
[4] *Complaint* ¶¶ 31-32. *Letter from Defendant former California State Grange* (Nov. 8, 2013), attached as Exhibit C to Complaint. Admitted in Answer ¶¶ 31-32.

1 charitable or fraternal organizations are entitled to injunctive relief protecting

2 against the continued use of their name by local chapters which disaffiliate."),

3 *judgment aff'd*, 513 F.2d 1226 (9th Cir. 1975).  Defendant should thus be enjoined

4 from calling itself a "Grange" and otherwise continuing to use the GRANGE name

5 and trademarks.

6 **Defendant's Statement**

7 Defendant California State Grange has been a legally distinct entity

8 incorporated in California since 1946, and previously was an unincorporated

9 association more than 70 years earlier.  The unincorporated association was formed

10 in California in 1873 as the successor to the California Farmer's Union.  For many

11 years, Defendant and plaintiff enjoyed a collegial relationship and affiliation.  This

12 relationship ended in 2013.

13 Plaintiff asserts claims for trademark infringement, unfair competition and

14 false designation of origin, trademark dilution, and trademark counterfeiting.  The

15 claims relate to 11 asserted trademark registrations allegedly applied for over

16 various times spanning from the 1990's to 2010.  Defendant denies plaintiff's

17 claims and among other things, asserts that California State Grange had prior state

18 common law rights in the marks "Grange," "State Grange," and "California State

19 Grange."  Defendant also asserts that plaintiff has abandoned any trademark rights

20 it had, based on plaintiff's failure to police and exercise adequate quality control

21 over the goods or services sold or provided under each of the alleged marks by one

22 or more licensees or third parties.  California State Grange asserts counterclaims

23 seeking a declaratory judgment of non-infringement and for an order cancelling

24 each of the registrations for the alleged marks.  California State Grange will reserve

25 legal briefing regarding the claims, affirmative defenses and counterclaims for the

26 appropriate juncture.

27 **(b)    Status of Service:**

28 The Defendant has been served with the Complaint, and has answered.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

1  Defendant California State Grange has served Counterclaims upon Plaintiff

2  National Grange, which has moved to dismiss or strike the Counterclaims.

3  **(c)     Possible Joinder of Additional Parties:**

4        Plaintiff National Grange does not expect to join any additional parties.

5        Defendant California State Grange does not contemplate joinder of additional

6  parties at this time, but reserves its right to do so subject to any deadline set by the

7  Court.

8  **(d)     Contemplated Amendments to Pleadings:**

9        Plaintiff National Grange does not currently anticipate amending the

10  Complaint, although it reserves the right to do so.

11        Defendant California State Grange does not contemplate any amendments to

12  the pleadings at this time, but reserves its right to do so, subject to any deadline set

13  by the Court.

14  **(e)     Basis for Jurisdiction and Venue:**

15        The parties agree that the Court has subject matter jurisdiction over this

16  action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and venue

17  lies in this Court under 28 U.S.C. § 1391.

18        **Defendant's Statement**

19        This Court has federal question jurisdiction over California State Grange's

20  counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action arises under

21  the trademark laws of the United States and 28 U.S.C. §§ 2201 and 2202.  Acts or

22  omissions giving rise to the counterclaims asserted have occurred in this judicial

23  district.  Venue properly lies within the Eastern District of California pursuant to 28

24  U.S.C. §§ 1391 and 1400(a).

25        This Court has personal jurisdiction over Counterdefendant because this action

26  arises from Counterdefendant's activities within the state of California.  In addition,

27  by bringing its complaint against California State Grange in this Court,

28  Counterdefendant has consented to this Court's jurisdiction.

**(f)    Proposed Discovery Plan**:

    **1.**    **Opening of Discovery**--The parties propose that discovery open on July 31, 2014.

    **2.**    **Initial Disclosures**--The parties have agreed that their initial disclosures under Rule 26(a) be exchanged on July 31, 2014.

    **3.**    **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases**-- Plaintiff National Grange maintains that the sole subjects of discovery are Defendant's prior affiliation with the National Grange, its disaffiliation, and its unauthorized continued use of the GRANGE name and Marks after the disaffiliation.

    Defendant, in addition, raised thirteen (13) Affirmative Defenses and two (2) Counterclaims, all of which are the subject of Plaintiff's Motion to Dismiss or Strike.  The disposition of that Motion is expected to have some effect on the scope of discovery.

    Defendant California State Grange plans to conduct written discovery regarding the parties' respective claims and defenses and to depose persons with knowledge identified through written discovery.  Among other things, this case will encompass discovery of information covering the parties' usage and plaintiff's licensing over more than a 140-year period of time with respect to trademarks as reflected in 11 trademark registrations asserted by plaintiff and three marks asserted by defendant California State Grange.

    **4.**    **What changes, if any, should be made in the limitations on discovery imposed under the Civil Rules, and what other limitations, if any, should be imposed** -- The parties propose that they be permitted to propound thirty (30) interrogatories, including subparts.  The parties do not currently anticipate requesting any

additional order affecting discovery pursuant to Federal Rule of Civil Procedure 26 or 29-37.  The parties have agreed to produce electronically stored information in hard-copy or PDF format, with the right to request additional production in native format, subject to any objections which may be challenged pursuant to a motion to compel production.

**5. Timing of Disclosure of Expert Witnesses and Reports--** If any expert witness testimony is required, Plaintiff National Grange proposes that experts be disclosed and their reports be provided by September 15, 2014, and that rebuttal expert witnesses be disclosed and their reports be provided by October 15, 2014.

In light of the anticipated scope of discovery, California State Grange proposes that expert witnesses be disclosed and their reports provided on May 29, 2015.  Defendant California State Grange further proposes that rebuttal experts be disclosed and their reports be provided on June 30, 2015.

**(g) Proposed cut-off date by which all discovery shall be concluded**:

Plaintiff National Grange proposes that discovery close on November 30, 2014.

In light of the anticipated scope of discovery, California State Grange proposes September 30, 2015 for discovery cut-off.

**(h) Proposed date by which all motions shall be filed and heard:**

Plaintiff National Grange proposes that dispositive motions be filed on or before December 31, 2014.

Defendant California State Grange proposes a dispositive motions filing deadline of October 30, 2015.

**(i) Any proposed modification of standard pretrial proceedings:**

The parties do not seek any modification of standard pretrial proceedings,

1  other than the increase in the total number of permissible interrogatories to 30,

2  including sub-parts, as noted above.

3  **(j)    Estimated Length of Trial:**

4        Plaintiff National Grange estimates a three to four day trial.

5        Defendant California State Grange estimates a ten day trial.  Both parties

6  have demanded a jury.

7  **(k)    Relationship to any other case:**

8        **Plaintiff's Statement**

9        In 2012, while Defendant was still an affiliated, chartered chapter of the

10 National Grange, disputes arose concerning the Defendant's failure to adhere to the

11 rules of the National Grange.  Those disputes led to Defendant's suspension as a

12 State Grange and to litigation in the Superior Court of California between the

13 National Grange and the California State Grange and various individual

14 representatives thereof.  *See National Grange of the Order of Patrons of Husbandry*

15 *v. California State Grange*, Case No. 34-2012-00130439 (Sup. Ct. Cal.).  That case

16 involves various California state law claims that do not affect the issues in this case.

17        **Defendant's Statement**

18        This case is related to *The National Grange of the Order of Patrons of*

19 *Husbandry v. The California State Grange, et al.*, filed on October 1, 2013 and

20 pending in the Superior Court of California, Sacramento County as Case No. 34-

21 2012-00130439.  In that case, plaintiff The National Grange of the Order of the

22 Patrons of Husbandry ("National Grange") alleges causes of action for declaratory

23 judgment and injunction.  Current and former California State Grange officers

24 Robert McFarland, John Luvaas, Gerald Chernoff, Damian Parr, Takashi Yogi,

25 Kathy Bergeron, and Bill Thomas are also named as party defendants in the state

26 court action.  In the state court action, National Grange seeks a declaration of the

27 rights and duties of the parties following its revocation of California Grange's

28 charter and an injunction and a charitable trust allowing National Grange to

1  maintain for itself all California Grange real and personal property.  California

2  Grange filed a cross-complaint against National Grange and its president, Ed

3  Luttrell, alleging causes of action for conversion, tortious interference with contract,

4  tortious interference with prospective economic advantage, unfair competition,

5  unjust enrichment, and declaratory relief.  Discovery is being conducted in the state

6  court action, and the state court trial is scheduled for June 1, 2015.

7  **(l)     Any other matters that may add to the just and expeditious disposition**

8  **of this matter:**

9       Plaintiff believes that if its motion to dismiss the defendant's affirmative

10  defenses and counterclaims is granted, then the case may proceed quickly to

11  summary disposition.

12       The parties are not currently aware of any other matters related to scheduling

13  which may be conducive to the just, efficient and economical determination of the

14  action.

15  **(m)     Parent and subsidiary corporations:**

16  **Plaintiff's Statement**

17       Plaintiff National Grange has no parent corporations, and its affiliate State

18  and local community Granges are not publicly traded.

19  **Defendant's Statement**

20       California State Grange has no parent or subsidiary corporations and no

21  publicly held companies own 10% or more of its stock.

22

23

24

25

26

27

28

1    Dated:  June 23, 2014                Respectfully submitted,

2                                         **ARENT FOX LLP**

3                                         By: /s/ Michael L. Turrill, Esq.
4                                             STEPHEN G. LARSON
                                              MICHAEL L. TURRILL
5                                             RANDALL BRATER

6                                             JAMES L. BIKOFF
                                              (*Admitted Pro Hac Vice*)
7                                             DAVID K. HEASLEY
                                              (*Admitted Pro Hac Vice*)
8                                             SILVERBERG, GOLDMAN & BIKOFF LLP
                                              Georgetown Place
9                                             1101 30TH Street NW
                                              Suite 120
10                                            Washington, DC 20007
                                              Telephone: 202.944.3300
11                                            Facsimile: 202.944.3306
                                              Email: jbikoff@sgbdc.com;
12                                            dheasley@sgbdc.com

13                                            Attorneys for Plaintiff
                                              THE NATIONAL GRANGE OF THE ORDER
14                                            OF PATRONS OF HUSBANDRY

15   Dated:  June 23, 2014                **BOUTIN JONES INC.**

16                                        By: /s/MARALEE ERIKSEN
17                                            [*as authorized on June 23, 2014*]
                                              ROBERT D. SWANSON
                                              MARALEE ERIKSEN
18                                            DANIEL STOUDER

19                                            Attorneys for Defendant
                                              CALIFORNIA STATE GRANGE
20

21

22

23

24

25

26

27

28

1
2

*THE NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY v.*
*CALIFORNIA STATE GRANGE*
*USDC, Eastern District of California Case No. 2:14-cv-00676-WBS-DAD*

3
4

## PROOF OF SERVICE

5
6

    I am a citizen of the United States. My business address is Arent Fox LLP, 555 West Fifth Street, 48th Floor, Los Angeles, California 90013-1065. I am employed in the County of Los Angeles where this service occurs. I am over the age of 18 years, and not a party to the within cause.

7
8

    On the date set forth below, according to ordinary business practice, I served the foregoing document(s) described as:

9

**JOINT RULE 26(F) STATUS REPORT**

10
11
12

☒   (BY CM/ECF) I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants (if any) indicated on the Manual Notice list.

13
14
15

☐   (BY FAX) I transmitted via facsimile, from facsimile number 213.629.7401, the document(s) to the person(s) on the attached service list at the fax number(s) set forth therein, on this date before 5:00 p.m. A statement that this transmission was reported as complete and properly issued by the sending fax machine without error is attached to this Proof of Service.

16
17

☐   (BY E-MAIL) On this date, I personally transmitted the foregoing document(s) via electronic mail to the e-mail address(es) of the person(s) on the attached service list.

18
19
20
21

☐   (BY MAIL) I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business. On this date, I placed the document(s) in envelopes addressed to the person(s) on the attached service list and sealed and placed the envelopes for collection and mailing following ordinary business practices.

22
23

☐   (BY PERSONAL SERVICE) On this date, I delivered by hand envelope(s) containing the document(s) to the persons(s) on the attached service list.

24
25

☐   (BY OVERNIGHT DELIVERY) On this date, I placed the documents in envelope(s) addressed to the person(s) on the attached service list, and caused those envelopes to be delivered to an overnight delivery carrier, with delivery fees provided for, for next-business-day delivery to whom it is to be served.

26
27
28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/11039274.1

1

2    ☒    (Federal) I declare under penalty of perjury under the laws of the United States of
          America that the foregoing is true and correct.

3

4         Executed on June 23, 2014 at Los Angeles, California.

5                                                    _____
                                                              Haewon Park
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

1

*THE NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY v.*
*CALIFORNIA STATE GRANGE*

2

*USDC, Eastern District of California Case No. 2:14-cv-00676-WBS-DAD*

3

## SERVICE LIST

4

**Attorneys for Defendant California State Grange:**

5

Robert D. Swanson
Marlee Ericksen

6

Daniel S. Stouder
BOUTIN JONES INC.

7

555 Capitol Mall, Suite 1500
Sacramento, CA 95814

8

9

T: 916.321.4444
F: 916.441.7597

10

Email:   rswanson@boutinjones.com
        dstouder@boutinjones.com
        meriksen@boutinjones.com

11

**Co-Counsel for Plaintiff The National Grange Of The Order Of Patrons Of Husbandry:**

12

13

Randall Brater
ARENT FOX LLP
1717 K St NW

14

Washington, DC 20036

15

T:  202.715.8472
F:  202.857.6395

16

Email:  Randall.Brater@arentfox.com

17

James L. Bikoff
David K. Heasley

18

SILVERBERG, GOLDMAN & BIKOFF LLP
Georgetown Place

19

1101 30th Street NW
Suite 120

20

Washington, DC 20007

21

T:  202.944.3300
F:  202.944.3306

22

Email: jbikoff@sgbdc.com
        dheasley@sgbdc.com

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -