**BOUTIN JONES INC.**
Robert D. Swanson SBN 162816
Maralee Eriksen SBN 208699
Daniel S. Stouder SBN 226753
555 Capitol Mall, Suite 1500
Sacramento, CA 95814-4603
(916) 321-4444

Attorneys for California State Grange, a California corporation

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY, a District of Columbia nonprofit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA STATE GRANGE, a California corporation,<br><br>Defendant. | **Case No.: 2:14-cv-00676-WBS-DAD**<br><br>**DEFENDANT CALIFORNIA STATE GRANGE'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS OR STRIKE DEFENDANT'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES**<br><br>**Date: July 14, 2014**<br>**Time: 2:00 p.m.**<br>**Courtroom 5, 14th Floor** |

DEFENDANT CALIFORNIA STATE GRANGE'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS OR STRIKE DEFENDANT'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

616631.2

**TABLE OF CONTENTS**

I. INTRODUCTION ..... 1
II. ARGUMENT ..... 1
A. The Plausibility Standard and Rule 12(f) Standards ..... 1
B. The Affirmative Defenses Should Not Be Sticken ..... 3
1. Failure to State a Claim- First Affirmative Defense ..... 3
2. Invalidity- Second Affirmative Defense ..... 3
3. Acquiescence-Third Affirmative Defense ..... 4
4. Waiver, Estoppel, Laches- Fourth Affirmative Defense ..... 5
5. Statute of Limitations- Fifth Affirmative Defense ..... 5
6. Genericness- Sixth Affirmative Defense ..... 6
7. Prior Common Law Rights- Seventh Affirmative Defense ..... 7
8. Fair Use – Eighth Affirmative Defense ..... 8
8a. Lack of Secondary Meaning – Eighth (sic) Affirmative Defense ..... 9
9. Non-Commercial Use-Ninth Affirmative Defense ..... 10
10. First Sale Doctrine- Tenth Affirmative Defense ..... 10
11. Unclean Hands- Eleventh Affirmative Defense ..... 11
12. Failure to Mitigate- Twelfth Affirmative Defense ..... 11
C. The Counterclaims Are Sufficiently Pleaded and Should Not Be Stricken ..... 12
1. First Counterclaim for Declaratory Judgment of Non-Infringement ..... 12
2. Second Counterclaim for Cancellation of Trademark Registrations ..... 14
III. CONCLUSION ..... 15

i

DEFENDANT CALIFORNIA STATE GRANGE’S OPPOSITION TO PLAINTIFF’S MOTION TO DISMISS OR STRIKE DEFENDANT'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

616631.2

**TABLE OF AUTHORITIES**

**Cases**

*Advanced Cardovascular Sys., Inc. v. Medtronic, Inc.*, 1996 WL 467273, at *4 (N.D.Cal. July 24, 1996) .......... 5

*Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) .......... 3

*Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937 (2009)). .......... 1, 2, 10

*Barcamerica Int'l UST Trust v. Tyfield Imps., Inc.*, 289 F.3d 589, 595-596 (9th Cir. 2002) ... 4, 14, 15

*Bd. of Trs. of San Diego Elec. Pension Trust v. Bigley, Elec., Inc.*, 2007 WL 2070355, at *3 (S.D.Cal. July 12, 2007) .......... 11

*Braden v. Wal-Mart Sotres, Inc.* 588 F.3d 585, 594 (8th Cir. 2009 .......... 2

*Butler v. Los Angeles County*, 617 F.Supp.2d 994, 999 (C.D. Cal. 2008) .......... 2, 3, 14

*Computerland Corp. v. Microland Computer Corp.*, 586 F.Supp. 22 (N.D.Cal.1984) .......... 3

*Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.*, No. EDCV–11–197, 2011 WL 3809933, at *9 (C.D.Cal. Aug.25, 2011) .......... 9, 11

*Dodson v. Strategic Restaurants Acquisition Co. II, LLC*, 289 F.R.D. 595, 603 (E.D. Cal. 2013) .. 1, 2, 3

*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), rev'd on other grounds, 510 U.S. 517, 114 S.Ct. 1023 (1994) .......... 2, 10

*Green Edge Enterprises, LLC v. Rubber Mulch Etc., LLC*, 620 F.3d 1287, 1300-1301 (Fed. Cir. 2010) .......... 13

*Holley Performance Products v. Quick Fuel Technology, Inc.*, 624 F.Supp.2d 610, 613 (W.D. Ky. 2008) .......... 13

*Kendall–Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1046–47 (9th Cir.1998) .......... 9

*Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D.Cal.2000) .......... 3

*Mag Instrument, Inc. v. JS Prods., Inc.*, 595 F.Supp.2d 1102 (C.D.Cal.2008) .......... 3

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S.Ct. 764 (2007) .......... 13

*Miller v. Glenn Miller Prods.*, 318 F.Supp.2d 923, 941 (C.D.Cal.2004) .......... 2, 5, 13

*Multimedia Patent Trust v. Microsoft Corp.*, 525 F.Supp.2d 1200, 1211 (S.D.Cal.2007) .......... 3

*OSU Student Alliance v. Ray*, 699 F.3d 1053, 1058 (9th Cir. 2012) .......... 2

ii

DEFENDANT CALIFORNIA STATE GRANGE'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS OR STRIKE DEFENDANT'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

616631.2

*Sara Lee Corp. v. Kayser–Roth Corp.*, 81 F.3d 455, 463 (4th Cir.1996) ....................................4

*Sebastian Intern., Inc. v. Longs Drug Stores Corp.*, 53 F.3d 1073, 1074-1075 (9th Cir. 1995) ............10

*Solis v. Couturier*, 2009 WL 2022343, at *2 (E.D.Cal. July 8, 2009) ..........................................5

*Stearns v. Select Comfort Retail Corp.*, 763 F.Supp.2d 1128, 1140 (N.D.Cal.2010) ........................2

*Thornton v. Solutionone Cleaning Concepts, Inc.*, No. 06–1455, 2007 WL 210586 (E.D.Cal. Jan. 26, 2007) ..........................................................................................2, 13

*United States v. Perez*, 116 F.3d 840, 845 (9th Cir.1997)....................................................5

*Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 210–11, 120 S.Ct. 1339 (2000) ............9

*Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970 (9th Cir.2010)........................................2

*Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D.Cal.2005).............................................2, 13

**Statutes**

15 U.S.C. § 1115(a)...........................................................................................9

15 U.S.C. § 1125(a)..........................................................................................10

15 U.S.C. §§ 1057(b), 1115(a))...............................................................................9

Fed. R. Civ. P. 8(d)................................................................................2, 9, 10

Fed. R. Civ. P. 12(b)...........................................................................................3

Fed. R .Civ. P. 12(f). ..........................................................................1, 2, 10, 13

**Other Authorities**

5A C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d 1380. ..................................2

Mary Kay Kane, Federal Practice and Procedure § 2761 (3d ed. 1998 & Supp. 2010) ....................13

iii

DEFENDANT CALIFORNIA STATE GRANGE'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS OR STRIKE DEFENDANT'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

616631.2

## I. INTRODUCTION

In this trademark infringement dispute, plaintiff moves to strike all of defendant California State Grange's affirmative defenses and to dismiss its two counterclaims. In doing so, plaintiff inappropriately attempts to inject arguments on the merits of the claims where the test at this juncture is whether the pleading is sufficient. Although plaintiff appears to be of the view that the California State Grange should be required to prove its affirmative defenses and counterclaims now, that, of course, is not required at this stage of the case. Further, in its zeal to see every one of defendant's affirmative defenses stricken and counterclaims dismissed, plaintiff ignores allegations raised in its own complaint which make California State Grange's affirmative defenses material. And in other instances, plaintiff turns a blind eye to California State Grange's right to plead alternative legal theories and facts, even if inconsistent with other pleadings. In short, defendant's allegations meet the plausibility standard of pleading and provide plaintiff with fair notice of the nature and grounds of California State Grange's asserted defenses. Therefore, plaintiff's motion should be denied. Finally, if the Court were inclined to grant plaintiff's motion, we note the appropriate course is to provide defendant with leave to amend.

## II. ARGUMENT

### A. The Plausibility Standard and Rule 12(f) Standards

Under the legal standard applicable to plaintiff's motion, the court must accept as true all of the factual allegations contained in the answer and construe them in the light most favorable to California State Grange to determine if the allegations plausibly establish that plaintiff has no right to recovery. *See Dodson v. Strategic Restaurants Acquisition Co. II, LLC*, 289 F.R.D. 595, 603 (E.D. Cal. 2013) (discussing pleading standard for affirmative defenses).

> "Plausibility," as it is used in *Twombly* and *Iqbal*, does not refer to the likelihood that a pleader will succeed in proving the allegations. Instead, it refers to whether the allegations "allow [] the court to draw the reasonable inference that the defendant is [not] liable for the misconduct alleged.

*Dodson v. Strategic Restaurants Acquisition Co. II, LLC*, 289 F.R.D. 595, 603 (E.D. Cal. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937 (2009)).

Moreover, the *Iqbal*/*Twombly* pleading standard does not require a pleading of specific evidentiary facts supporting each element of the affirmative defense, nor is California State Grange required to prove its case in the pleading. *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1058 (9th Cir. 2012) ("failure to prove the case on the pleadings does not warrant dismissal"). In addition, nothing in *Twombly* or *Iqbal* limits California State Grange's right to otherwise plead alternative and inconsistent facts and theories of relief under Fed. R. Civ. P. 8(d), and plaintiff does not provide any authority to the contrary. When reviewing a pleading for sufficiency, courts view the pleading as a whole, not in piecemeal or parsed fashion. *Braden v. Wal-Mart Sotres, Inc.* 588 F.3d 585, 594 (8th Cir. 2009).

Rule 12(f) of the Federal Rules of Civil Procedure allows the court to strike from "any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). An affirmative defense is legally insufficient when it "lacks merit under any set of facts the defendant might allege. *Dodson v. Strategic Restaurants Acquisition Co. II, LLC*, 289 F.R.D. 595, 603 (E.D. Cal. 2013) (internal citation omitted). For purposes of a Rule 12(f) motion, "[i]mmaterial matter is defined as matter that "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds*, 510 U.S. 517, 114 S.Ct. 1023 (1994). In the context of Rule 12(f), "[r]edundant matter is defined as allegations that "constitute a needless repetition of other averments or are foreign to the issue." *Thornton v. Solutionone Cleaning Concepts, Inc.*, No. 06–1455, 2007 WL 210586 (E.D.Cal. Jan. 26, 2007), citing *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D.Cal.2005).

As we explain below, plaintiff's challenges on these grounds are unavailing. However, even if the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits. *See Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970 (9th Cir.2010); *see also* 5A C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d 1380.

When ruling on a motion to strike, the court accepts the non-moving party's allegations as true and liberally construes the challenged pleading in the light most favorable to the non-moving party. *Stearns v. Select Comfort Retail Corp.*, 763 F.Supp.2d 1128, 1140 (N.D.Cal.2010);

2

DEFENDANT CALIFORNIA STATE GRANGE'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS OR STRIKE DEFENDANT'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

616631.2

*Multimedia Patent Trust v. Microsoft Corp.*, 525 F.Supp.2d 1200, 1211 (S.D.Cal.2007); *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D.Cal.2000). In the context of a challenge to the sufficiency of a pleading, courts look to the four corners of the answer and counterclaim, and do not consider material outside the face of the challenged pleading. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001); *see also Butler v. Los Angeles County*, 617 F.Supp.2d 994, 999 (C.D. Cal. 2008).

Even where a defendant does not meet the pleading threshold, the appropriate course is to permit amendment to the pleadings. *Dodson v. Strategic Restaurants Acquisition Co. II, LLC*, 289 F.R.D. 595, 603 (E.D. Cal. 2013) ("Leave to amend will be freely granted so long as no prejudice results to the moving party."). The moving party has offered no demonstration of such prejudice here.

**B. The Affirmative Defenses Should Not Be Sticken**

Plaintiff's motion challenges whether the answer provides plaintiff with fair notice of the affirmative defenses and the grounds upon which they rest. Plaintiff further erroneously asserts that there is no set of facts that California State Grange might allege to support each of the affirmative defenses. As we explain below, the affirmative defenses should not be stricken.

1. *Failure to State a Claim- First Affirmative Defense*

Although technically not an affirmative defense, California State Grange asserts this challenge in its answer under Federal Rule of Civil Procedure 12(b) merely to include the issue from the pleading stage of the case. Plaintiff does not demonstrate how or why inclusion of this matter in the pleadings leads to a confusion of the issues or waste of time. Therefore, plaintiff's motion should be denied.

2. *Invalidity- Second Affirmative Defense*

Invalidity of trademark can constitute an affirmative defense, as long as defendant pleads sufficient facts regarding the basis for the invalidity of the marks. *See, e.g., Mag Instrument, Inc. v. JS Prods., Inc.*, 595 F.Supp.2d 1102 (C.D.Cal.2008) (discussing the defendant's affirmative defense of invalidity of the trademark); *Computerland Corp. v. Microland Computer Corp.*, 586 F.Supp. 22 (N.D.Cal.1984) (noting that "invalidity or unprotectability of a registered trademark is effectively an affirmative defense to claims of infringement, unfair source designation and other allegations of unfair competition"). Abandonment is an affirmative defense and may arise from a plaintiff's

3

DEFENDANT CALIFORNIA STATE GRANGE'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS OR STRIKE DEFENDANT'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

616631.2

naked licensing, even if plaintiff's alleged registrations have "incontestable" status. *Barcamerica Int'l UST Trust v. Tyfield Imps., Inc.*, 289 F.3d 589, 595-596 (9th Cir. 2002) (abandonment by naked licensing found on summary judgment regarding alleged "incontestable" registrations).

In the answer, California State Grange does not merely make an unadorned reference to the doctrine of abandonment. Instead, defendant alleges facts specific to the basis for the alleged invalidity. For example, while California State Grange alleges that the marks are invalid on the ground of abandonment, defendant also alleges as the factual basis that plaintiff has failed to police and exercise adequate quality control over the goods and services sold or provided by one or more licensees or third parties. These allegations meet the pleading threshold and provide plaintiff fair notice of the ground, abandonment, and the factual basis for the abandonment: failure to police and uncontrolled licensing. Accepting these facts as true and construing them in the light most favorable plausibly leads to the conclusion that plaintiff has no right to recovery. Contrary to plaintiff's assertions, California State Grange is not required to plead evidentiary facts or prove its case via its pleading. Plaintiff's motion should be denied.

3. *Acquiescence-Third Affirmative Defense*

"An infringement action may be barred by the doctrine of estoppel by acquiescence where the owner of the trademark, by conveying to the defendant through affirmative word or deed, expressly or impliedly consents to the infringement." *Sara Lee Corp. v. Kayser–Roth Corp.*, 81 F.3d 455, 463 (4th Cir.1996).

Plaintiff's motion takes a myopic view of the scope of events pertinent to the affirmative defenses asserted. Plaintiff argues that only the last two years are pertinent. However, California State Grange plainly alleges in this affirmative defense the fact that plaintiff actively consented to California State Grange's open and continuous use of "Grange," "State Grange," and "California State Grange" since the inception of California State Grange more than 100 years ago. Def's Answ. ¶104. This allegation reasonably infers plaintiff was aware of defendants' longstanding use. Accepting those factual allegations, and all reasonable inferences that may be drawn from them as true, California State Grange has adequately plead this affirmative defense. Defendant has not met

4

DEFENDANT CALIFORNIA STATE GRANGE'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS OR STRIKE DEFENDANT'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

616631.2

its burden to show that there is no set of facts to which this defense could apply in this case. This Court should deny plaintiff's motion.

4. *Waiver, Estoppel, Laches- Fourth Affirmative Defense*

To establish waiver, Defendant must show that Plaintiff intentionally relinquished or abandoned a known right. *United States v. Perez*, 116 F.3d 840, 845 (9th Cir.1997).

To establish a defense of estoppel, "a party must show that the adverse party, either intentionally or under circumstances that induced reliance, engaged in conduct upon which [the relying party] relied and that the relying party acted or changed [its] position to [its] detriment." *Solis v. Couturier*, 2009 WL 2022343, at *2 (E.D.Cal. July 8, 2009).

"[L]aches is a valid defense to Lanham Act claims for both monetary damages and injunctive relief." *Miller v. Glenn Miller Prods.*, 318 F.Supp.2d 923, 941 (C.D.Cal.2004). In order to establish the defense of laches, "a defendant must allege 'neglect or delay in bringing suit to remedy an alleged wrong, which taken together with lapse of time and other circumstances, causes prejudice to the adverse party and operates as an equitable bar.' " *Advanced Cardovascular Sys., Inc. v. Medtronic, Inc.*, 1996 WL 467273, at *4 (N.D.Cal. July 24, 1996) (quotation omitted).

California State Grange asserted these doctrines as grounds for its Fourth Affirmative Defense and made the factual allegation that plaintiff waited to bring this action after more than 100 years of California State Grange's open and continuous use of California State Grange's three marks. Def's Answ. ¶105. Those facts must be accepted as true in the context of this motion. In addition, the reasonable inference from those allegations is that plaintiff knew of defendant's open and continuous use of the three marks for over a century, and that plaintiff did not bring any infringement action until now, after defendant had invested its time and effort in developing and using its marks for more than 100 years. Thus, the pleading of the Fourth Affirmative Defense is sufficient, and plaintiff is provided fair notice of the grounds and nature of the defense. Plaintiff's motion should be denied.

5. *Statute of Limitations- Fifth Affirmative Defense*

The Lanham Act has no statute of limitations, and as a result, it "borrows" the analogous state law statute of limitations from the applicable state law. *Jarrow Formulas, Inc. v Nutrition Now, Inc.*,

5

DEFENDANT CALIFORNIA STATE GRANGE'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS OR STRIKE DEFENDANT'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

616631.2

304 F.3d 829, 836 (9th Cir. 2002). The Ninth Circuit in *Internet Specialties West, Inc. v. Milon-DiGiorgio Enterprises, Inc.*, agreed with the parties that the four-year statute of limitations under California trademark law was an appropriate limitations period. 559 F.3d 985, n.2 (9th Cir. 2009). California State Grange referenced in its answer California's unfair competition four-year statute of limitations, Business and Professions Code section 17208.

As discussed above, California State Grange also asserts the related affirmative defense of laches. California State Grange alleges that plaintiff waited to bring this action after more than 100 years of defendant's open and continuous use of its marks. Def's Answ. ¶105. Reading California State Grange's pleading as a whole, and particularly in light of the related defense of laches asserted in the immediately preceding affirmative defense, the pleading states a plausible statute of limitations defense and gives plaintiff fair notice of the nature and basis for the defense. Plaintiff's argument about which analogous state statute of limitations period applies does not avail it here, as plaintiff again myopically looks only to the last couple years of events and not the period of time alleged by defendant. Defendant has plausibly stated this affirmative defense and provided plaintiff with fair notice of the ground and nature of the defense. Plaintiff has failed to meet its burden to show that the defense cannot apply under any set of facts. This Court should deny the motion.

6. *Genericness- Sixth Affirmative Defense*

Genericness is a separate ground on which to find invalidity of a mark. *See Filipino Yellow Pages, Inc. v. Asian Journal Publications, Inc.*, 198 F.3d 1143, 1146 (9th Cir. 1999). Just as other grounds for invalidity of a mark discussed under *Invalidity-Second Affirmative Defense* above, genericness may be asserted as an affirmative defense. Plaintiff points out that some of its registrations have "incontestable" status under trademark law. However, "incontestability is never a shield for a mark that is generic." *Retail Services, Inc. v. Freebies Publishing*, 364 F.3d 535, 548 (4th Cir. 2004); *see also* 15 U.S.C. §1065(4) (no incontestable right is acquired in a generic name) *and* 15 U.S.C. § 1115(b) (evidentiary presumption arising from "incontestable" registration is subject to 15 U.S.C. § 1065).

Plaintiff points to its asserted registrations, some of which it concedes are not "incontestable" (*see* Pl's Mot. at 13:3), and argues incorrectly that California State Grange must

6

DEFENDANT CALIFORNIA STATE GRANGE'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS OR STRIKE DEFENDANT'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

616631.2

plead evidentiary facts and prove its case in its answer. As discussed above, the law does not impose such an evidentiary proof requirement at the pleading stage. In any event, California State Grange's answer states the factual allegation that the asserted marks are or have become generic words in the minds and understanding of the relevant purchasing public. This is a sufficient factual allegation to plead the genericness affirmative defense, and plaintiff has fair notice of the nature and grounds of this defense. Of course, as with any affirmative defense asserted by California State Grange, if this Court were to disagree, California State Grange should be permitted to amend its affirmative defense to assert additional facts. Plaintiff certainly has not demonstrated that this defense is unsupportable under any set of facts. Plaintiff's motion should be denied.

7. *Prior Common Law Rights- Seventh Affirmative Defense*

Among other things, plaintiff claims infringement of its asserted federally registered trademarks. However, the Lanham Act grants federally registered marks the right to exclusive use of the mark online insofar as they do not conflict with any pre-existing rights acquired under state law. 15 U.S.C. § 1065. In other words, "[t]he territorial rights of a holder of a federally registered trademark are always subject to any superior common law rights acquired by another party through actual use prior to the registrant's constructive use." *Allard Enter., Inc. v. Advanced Programming Res., Inc.*, 249 F.3d 564, 572 (6th Cir. 2001). The extent of a pre-existing common law trademark is determined by reference to state law. *See Advance Stores Co. v. Refinishing Specialties, Inc.*, 188 F.3d 408, 411-412 (6th Cir. 1999). Thus, prior common law rights is a cognizable defense.

Plaintiff does not argue, and in light of the specific factual allegations in paragraph 108 cannot credibly argue, lack of plausible factual allegations to support the Seventh Affirmative Defense. Those specific allegations, and all reasonable inferences from them, when taken as true meet the standard for sufficient pleading. However, plaintiff attempts again to refer to material beyond the face of California State Grange's answer. As noted in Section A, *supra*, such reference is inappropriate for a test of the facial sufficiency of the affirmative defenses asserted in California State Grange's answer. The Court should not consider plaintiff's argument about documents or materials extraneous to defendant's answer.

Plaintiff does rely on some case law about local chapters merging with headquarters organizations, but those cases are inapposite and distinguishable from this case. As alleged in the answer and counterclaim, California State Grange is a California corporation. *See* Def's Answ. ¶ 115. Plaintiff is alleged to be a separate Washington, D.C. corporation. *See* Def's Answ. ¶ 116. Plaintiff cites *U.S. Jaycees v. San Francisco Junior Chamber of Commerce*. Unlike that case, here, under California law, there was no corporate merger between California State Grange and The National Grange of the Order of Patrons of Husbandry. California State Grange and plaintiff are alleged to be distinct legal entities, each with their own property rights. As far back as 1850, the California constitution and its underlying corporate law, the Act Concerning Corporations (1850) specifically permitted formation of nonprofit organizations and permitted them to, among other things, own lease or sell real or personal property and sue and be sued, etc. in their own right. The factual allegations in the answer and counterclaim therefore indicate that the respective entities are, and have been, legally distinct-- not merged. The other three cases plaintiff cites are distinguishable, because they do not address the issues under California law pertinent to this case. Thus, plaintiff's challenge to California State Grange's pleading fails.

In sum, California State Grange has met the standard for appropriately pleading this affirmative defense. Plaintiff has not met its burden, and the Court should deny the motion.

8. *Fair Use – Eighth Affirmative Defense*

According to the Ninth Circuit, a defendant may assert a defense of nominative fair use in a trademark infringement case. *Toyota Motor Sales, USA, Inc. v. Tabari*, 610 F.3d 1171, 1177 &1183 (9th Cir. 2010) (for this defense a defendant need only show that it used the mark to refer to the trademarked good or service). The nominative fair use defense allows a truthful use of a mark, *e.g.*, use of the mark Lexus® to refer to Lexus® automobiles, even if the speaker fails to expressly disavow association with the trademark holder, so long as it is unlikely to cause confusion as to sponsorship or endorsement. *Id.* Thus, this is a valid affirmative defense.

Plaintiff's argument that the defense is immaterial ignores plaintiff's own allegations in the Complaint. For example, plaintiff alleges that California State Grange uses the asserted marks on a website. *See, e.g.,* Compl. ¶¶41c, 41d. In response to the complaint, California State Grange has

8

DEFENDANT CALIFORNIA STATE GRANGE'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS OR STRIKE DEFENDANT'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

616631.2

stated a legally cognizable defense to the extent that any of the alleged use refers to plaintiff's trademarked goods or services. Whether or not such use constitutes nominative fair use bears on the issues in the case. Therefore, the defense is material. Further, plaintiff has not demonstrated the fair use defense is unsupportable under any set of facts. Although plaintiff points to what it characterizes as inconsistent allegations, those arguments are unavailing here. California State Grange is permitted to plead alternative and inconsistent facts and theories of relief under Fed. R. Civ. P. 8(d). Plaintiff's motion should be denied.

8a. *Lack of Secondary Meaning – Eighth (sic) Affirmative Defense*

To state a trademark infringement claim under the Lanham Act, a plaintiff has the burden to prove that the mark is "distinctive." *Kendall–Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1046–47 (9th Cir.1998). A mark is distinctive if the mark is inherently distinctive, or if the mark has acquired secondary meaning. *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 210–11, 120 S.Ct. 1339 (2000). Since a trademark registration constitutes prima facie evidence of the validity of the registered mark, the burden shifts to the accused infringer to rebut the presumption. *Brookfield Commc'ns*, 174 F.3d at 1047 (citing 15 U.S.C. §§ 1057(b), 1115(a)). Accordingly, lack of distinctiveness is a proper affirmative defense, not merely a denial of an element of the plaintiff's prima facie case. *See Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.*, No. EDCV–11–197, 2011 WL 3809933, at *9 (C.D.Cal. Aug.25, 2011) (denying motion to strike affirmative defense that alleges that "the mark is not distinctive and has not acquired secondary meaning").

Plaintiff asserts that valid, incontestable registrations cannot be attacked for lack of secondary meaning. However, plaintiff concedes in its motion that not all of the asserted registrations are "incontestable." Pl's Mot. at 13:3. Registrations which are not "incontestable" may be challenged for lack of secondary meaning. 15 U.S.C. § 1115(a) (registrations that do not have "incontestable" status may be challenged in the same manner as an unregistered mark). Moreover, in this action, California State Grange challenges the validity of the alleged registrations (*see* Second Affirmative Defense- Invalidity; Sixth Affirmative Defense- Genericness). To the extent that the registrations are found invalid, the pleadings and motion here indicate plaintiff may

9

DEFENDANT CALIFORNIA STATE GRANGE'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS OR STRIKE DEFENDANT'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

616631.2

intend to rely on alleged common law trademark rights. Apart from the mere existence of its alleged registrations, plaintiff's complaint alleges use of marks and includes a second count under 15 U.S.C. § 1125(a), which extends protection to unregistered marks. *See, e.g.*, Compl. ¶¶17, 63-76. Plaintiff's motion also alludes to an assertion of common law rights to marks in this action, apart from the alleged registrations. Pl's Mot. 6:26-6:27. To the extent that plaintiff intends to rely on any asserted common law trademark rights based on prior use apart from its registrations, this defense is material. It is also material to the case, because defendant alleges the asserted registrations are invalid. Further, plaintiff has not shown there is "no set of facts" that can support this defense. As noted above, at the pleading stage, a defendant is not required to prove its case or plead evidentiary facts. Plaintiff's motion should be denied.

9. *Non-Commercial Use-Ninth Affirmative Defense*

Plaintiff argues that because this defense is inconsistent with defendant's other theories of defense, the defense should be stricken. However, nothing in *Twombly* or *Iqbal* limits California State Grange's right to otherwise plead alternative and inconsistent facts and theories of relief under Fed. R. Civ. P. 8(d), and plaintiff does not provide any authority to the contrary. Thus, plaintiff's motion should be denied.

10. *First Sale Doctrine- Tenth Affirmative Defense*

Plaintiff incorrectly asserts that the first sale doctrine is not an affirmative defense to trademark infringement or unfair competition. As an affirmative defense, California State Grange asserted the "first sale doctrine." Under that doctrine, a producer of trademarked goods does not have the right to control the distribution of its trademarked product beyond the first sale of the product. *Sebastian Intern., Inc. v. Longs Drug Stores Corp.*, 53 F.3d 1073, 1074-1075 (9th Cir. 1995). Resale by the first purchaser of an original article under the producer's trademark is neither trademark infringement nor unfair competition under the Lanham Act, and the first sale doctrine thus shields a defendant from liability. *Id.* The first sale doctrine is therefore an affirmative defense and appropriately pled here.

Plaintiff also argues that this defense is immaterial under Fed. R. Civ. P. 12(f). A matter is immaterial under Rule 12(f) if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on*

10

DEFENDANT CALIFORNIA STATE GRANGE'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS OR STRIKE DEFENDANT'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

616631.2

*other grounds* by 510 U.S. 517, 114 S.Ct. 1023 (1994). However, the first sale defense is material to this action. Plaintiff alleged in the complaint that California State Grange was selling goods bearing plaintiff's alleged mark. Compl. ¶41d. California State Grange factually alleges the first sale defense regarding the re-sale of goods bought from plaintiff or elsewhere on the open market. The defense bears on the allegations in plaintiff's complaint and it is therefore material. Plaintiff's motion should be denied.

11. *Unclean Hands- Eleventh Affirmative Defense*

Plaintiff complains that there are not sufficient facts asserted in the answer to support California State Grange's unclean hands defense. In doing so, plaintiff again offers a misplaced argument on the merits of the defense, which is inappropriate under the rubric for testing sufficiency of pleading. California State Grange specifically alleges this defense on the ground of factual allegations about plaintiff's attempts to enforce its marks beyond their reasonable scope. In addition, taken as a whole, the answer and affirmative defenses allege that plaintiff is attempting to enforce invalid registrations: a) for forfeited (abandoned) marks that it failed to police and licensed in an uncontrolled fashion (Second Affirmative Defense), b) that are invalid based on the view of the relevant purchasing public that the marks are generic words (Sixth Affirmative Defense), and c) that are inapplicable in scope based on California State Grange's common law rights in certain counties in California under state law and which pre-date plaintiff's alleged registrations or alleged common law rights (Seventh Affirmative Defense). Reading the answer as a whole, defendant has plausibly alleged and plaintiff is fairly apprised of the nature and grounds of the Eleventh Affirmative Defense, unclean hands.

12. *Failure to Mitigate- Twelfth Affirmative Defense*

"[C]ourts have typically held that a generalized statement ... meets defendant's pleading burden with respect to the affirmative defense of damage mitigation." *Bd. of Trs. of San Diego Elec. Pension Trust v. Bigley, Elec., Inc.*, 2007 WL 2070355, at *3 (S.D.Cal. July 12, 2007) (quoted in *Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.*, No. EDCV–11–197, 2011 WL 3809933, at *9 (C.D.Cal. Aug.25, 2011)) (denying motion to strike failure to mitigate affirmative defense). Here, the case is early in the proceedings. Plaintiff attempts to argue the merits as to *when* it was supposed to mitigate any damages. That is not appropriate at the pleadings

11

DEFENDANT CALIFORNIA STATE GRANGE'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS OR STRIKE DEFENDANT'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

616631.2

stage. California State Grange alleges the fact that plaintiff has waited more than a century to take action on the marks despite California State Grange's open and continuous use of its marks. The reasonable inferences from those allegations are that plaintiff did not take mitigating action during a period of over 100 years. Through these allegations, plaintiff is fairly apprised of the grounds of defendant's Twelfth Affirmative Defense, failure to mitigate.

In sum, California State Grange has sufficiently pleaded its affirmative defenses. Thus, the plaintiff's motion should be denied. If this Court is inclined to grant plaintiff's motion with respect to any affirmative defense asserted, other than "failure to state a claim," case law is clear that the Court should grant California State Grange leave to amend its affirmative defenses, and under those circumstances, defendant requests the opportunity to amend.

**C. The Counterclaims Are Sufficiently Pleaded and Should Not Be Stricken.**

Plaintiff challenges the sufficiency of pleading of both counterclaims asserted by California State Grange. Assuming the factual allegations of the counterclaim are true, as the court must for purposes of this motion, the California State Grange's counterclaims plausibly suggest grounds for relief. Reading the answer and counterclaim as a whole, plaintiff's motion to strike or dismiss California State Grange's counterclaims should be denied.

1. *First Counterclaim for Declaratory Judgment of Non-Infringement*

Plaintiff asserts that there is no need for defendant to seek a declaratory relief of non-infringement and that defendant has not stated an independent claim for declaratory relief. Plaintiff is incorrect in both respects.

Plaintiff erroneously argues that a claim for declaratory relief arises only when there is some apprehension of an upcoming lawsuit, and that California State Grange, as a defendant actually accused of trademark infringement in this lawsuit, has not stated a controversy in the context of the Declaratory Judgment Act. The law does not support plaintiff's position. According to the United State Supreme Court, under the Declaratory Judgment Act, a controversy exists when "the facts alleged, *under all the circumstances*, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S.Ct. 764

12

DEFENDANT CALIFORNIA STATE GRANGE'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS OR STRIKE DEFENDANT'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

616631.2

(2007) (citing 28 U.S.C. § 2201(a), *emphasis added*). The Court in *MedImmune* clarified that reasonable apprehension of a future lawsuit is not the sole means of establishing a controversy under the Declaratory Judgment Act. *Id.* A counterclaim for a declaratory judgment of non-infringement is appropriate when the accused infringer actually has been sued, as is the case here. *Green Edge Enterprises, LLC v. Rubber Mulch Etc., LLC*, 620 F.3d 1287, 1300-1301 (Fed. Cir. 2010). In the *Green Edge* case, the Federal Circuit noted it was error to dismiss an accused infringer's counterclaim for declaratory judgment of non-infringement, because being sued for trademark infringement created an actual controversy under the Declaratory Judgment Act. *Id.* As the court explained:

> *A fortiori*, a party that has been sued for trademark infringement has established declaratory judgment jurisdiction to allege noninfringement and invalidity. To hold otherwise would prevent a defendant from raising defenses to the charge against it. *See* 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2761 (3d ed. 1998 & Supp. 2010) ("[E]ven if the [trademark owner] sues for infringement, defendant may counterclaim for a declaration of invalidity and noninfringement. In that way, the defendant is protected against the possibility that the [trademark owner] will dismiss the suit or that the infringement action will not resolve all of the issues between the parties.").

*Id.*; *see also Holley Performance Products v. Quick Fuel Technology, Inc.*, 624 F.Supp.2d 610, 613 (W.D. Ky. 2008) ("[I]n the context of trademark infringement actions, counterclaims for declaratory relief are presumptively appropriate.") Like the counterclaimant in the *Green Edge* case, California State Grange has properly asserted its counterclaim for declaratory judgment of non-infringement.

For the same reasons discussed in *Green Edge* and the authority cited therein, the counter-claim allegations here are not redundant under Rule 12(f)— they do not "constitute a needless repetition of other averments," nor are are they "foreign to the issue." *Thornton v. Solutionone Cleaning Concepts, Inc.*, No. 06–1455, 2007 WL 210586 (E.D.Cal. Jan. 26, 2007), citing *Wilkerson*

13

DEFENDANT CALIFORNIA STATE GRANGE'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS OR STRIKE DEFENDANT'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

616631.2

*v. Butler*, 229 F.R.D. 166, 170 (E.D.Cal.2005). Thus, plaintiff's motion regarding California State Grange's First Counterclaim for declaratory judgment of non-infringement should be denied.

2. *Second Counterclaim for Cancellation of Trademark Registrations*

California State Grange's Second Counterclaim seeks an order cancelling plaintiff's trademark registrations on the ground of abandonment. As a factual basis for the abandonment, California State Grange alleges that plaintiff has failed to police and exercise adequate quality control over the goods or services sold or provided under the marks by licensees or third parties. Def's Answ. ¶129. This counterclaim meets the pleading threshold, and even if it did not, the appropriate course would be to grant leave to amend rather than dismissal.

Plaintiff first argues that its alleged registrations are "incontestable." However, as this District has found, and the Ninth Circuit has affirmed, "incontestable" registrations are subject to attack based on abandonment through "naked" licensing. *Barcamerica v. International USA Trust v. Tyfield Importers, Inc.*, 289 F.3d 589, 591, 593, 595-596, 598 (9th Cir. 2002) (affirming summary judgment, concluding asserted "incontestable" registrations were abandoned through naked licensing). The allegation the plaintiff has "incontestable" registrations does not defeat as a matter of law a counterclaim for cancellation based on abandonment.

Plaintiff next argues the pleading does not state a plausible counterclaim because California State Grange does not give in its pleading specific examples of a failure to police the marks. Plaintiff ignores California State Grange's allegation that plaintiff has failed to exercise adequate quality control with respect to licensees or third parties. Def's Answ. ¶129. These facts, taken as true, are sufficient to state a plausible claim for abandonment by naked licensing. As noted above, at the pleading stage of the case, to state a plausible claim, California State Grange need not prove its case or plead evidentiary facts in its counterclaim.

Plaintiff also appears to argue that its own allegations in the complaint should be assumed to be true. Other than the fact that plaintiff made an allegation of owning some registrations in paragraph 20 of the complaint, the allegations of the complaint are not included in California State Grange's answer and are therefore extraneous to the pleading under review. The extraneous

14

DEFENDANT CALIFORNIA STATE GRANGE'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS OR STRIKE DEFENDANT'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

616631.2

material therefore should not be considered for this motion. Moreover, defendant has denied a number of the allegations in the complaint on which plaintiff attempts to rely. *See, e.g.*, Def's Answ. ¶¶19-20. Plaintiff's reliance on its own averments and allegations in the complaint, which were denied in California State Grange's answer, is therefore misplaced.

Plaintiff next argues that the counterclaim does not allege a discontinuation of use or intent to abandon, but plaintiff's argument misses the mark. Neither of those things is required for abandonment through naked licensing. The Ninth Circuit noted that abandonment by naked licensing does not require a showing that the trademark owner had any subjective intent to abandon the mark. *Barcamerica v. International USA Trust v. Tyfield Importers, Inc.*, 289 F.3d 589, 596 (9th Cir. 2002). Indeed, the plaintiff in the *Barcamerica* case asserted that it was using the registered marks, but that did not defeat the cancellation counterclaim for abandonment by naked licensing. *Id.* at 591-592.

Plaintiff erroneously asserts that California State Grange has counterclaimed for abandonment based on the mark having been or becoming generic. However, the counterclaim clearly alleges abandonment based on naked licensing. This is contrasted with California State Grange's factual pleading of the Sixth Affirmative Defense, Genericness, at paragraph 107 of the answer and counterclaim. The counterclaim does not allege that the asserted marks are generic. Plaintiff has misread the plain pleading of a counterclaim for cancellation based on abandonment through naked licensing.

In short, taking California State Grange's factual allegations as true, the Second Counterclaim states a plausible claim for abandonment based upon factual allegations of failure to police and exercise adequate quality control over licensees and third parties. Plaintiff's motion to dismiss or strike the Second Counterclaim should be denied.

## III. CONCLUSION

Defendant's affirmative defenses and counterclaims meet the pleading threshold of plausibility. Moreover, the affirmative defenses as stated in the answer provide plaintiff fair notice of the nature and grounds of the defenses. Thus, plaintiff's motion should be denied. However, if this Court is inclined

15

DEFENDANT CALIFORNIA STATE GRANGE'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS OR STRIKE DEFENDANT'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

616631.2

to grant any part of defendant's motion, this Court should grant defendant leave to amend its Answer and Counterclaims within twenty (20) days of service of this Court's order on the pending motion.

Dated: June 30, 2014

BOUTIN JONES INC.

By: */s/ Maralee Eriksen*
Robert D. Swanson
Maralee Eriksen
Daniel S. Stouder
Attorney for Defendant and Counterclaimant
California State Grange

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2014, copy of this Opposition was served on all interested parties through the Court's electronic filing system.

*/s/ Maralee Eriksen*
Maralee Eriksen

16
DEFENDANT CALIFORNIA STATE GRANGE'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS OR STRIKE DEFENDANT'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

616631.2