UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| THE NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY, a District of Columbia nonprofit corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA STATE GRANGE, a California corporation,<br><br>　　　　　Defendant. | CIV. NO. 2:14-676 WBS DAD<br><br><u>MEMORANDUM AND ORDER RE: MOTION TO DISMISS OR STRIKE DEFENDANT'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES</u> |

----oo0oo----

Plaintiff National Grange of the Order of Patrons of Husbandry brought this action against defendant California State Grange arising out of defendant's alleged use of plaintiff's trademarks. Presently before the court is plaintiff's motion to dismiss or strike defendant's counterclaims and affirmative defenses.

I.   <u>Factual & Procedural Background</u>

1

Plaintiff is a national fraternal agricultural organization that owns a number of trademarks used for associational, educational and advocacy activities. (Compl. ¶¶ 1-3, 17, 20-21 (Docket No. 1).) Defendant was an affiliate chapter of plaintiff until 2013, when plaintiff purported to revoke defendant's charter and defendant disclaimed any further affiliation with plaintiff. (Id. ¶¶ 31-32, 34; Answer ¶¶ 5, 7-8 (Docket No. 13).) Plaintiff alleges that defendant continues to use plaintiff's trademarks despite this apparent divorce. (Compl. ¶ 10.)

Plaintiff filed a Complaint on March 12, 2014, bringing claims for: (1) federal trademark infringement under § 32 of the Lanham Act, 15 U.S.C. § 1114; (2) unfair competition and false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) federal trademark dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and (4) federal trademark counterfeiting under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). (Compl. ¶¶ 48-101.) On May 12, 2014, defendant filed its Answer, in which it alleged thirteen[1] affirmative defenses and two counterclaims: (1) declaratory judgment of non-infringement, and (2) cancellation of plaintiff's trademark registrations on the grounds of abandonment. (Answer ¶¶ 102-14, 120-33.)

Plaintiff now moves to strike defendant's affirmative defenses under Federal Rule of Civil Procedure 12(f); to strike

---

[1] Although it numbers the defenses as one through twelve, defendant's Answer includes two "eighth" affirmative defenses.

2

defendant's first counterclaim under Rule 12(f) or, alternatively, to dismiss it under Rule 12(b)(6) for failure to state a claim; and to dismiss defendant's second counterclaim under Rule 12(b)(6).  (Docket No. 14.)

II. Analysis

    A.    Affirmative Defenses

        Plaintiff moves to strike each of the thirteen affirmative defenses in defendant's Answer under Rule 12(f), which authorizes the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ."  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (quotation marks, citation, and first alteration omitted), rev'd on other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994).

        An affirmative defense is legally insufficient only where "there are no questions of fact," "any questions of law are clear and not in dispute," and "under no set of circumstances could the defense succeed."  Ramirez v. Ghilotti Bros., 941 F. Supp. 2d 1197, 1204 (N.D. Cal. 2013) (citation omitted).  An affirmative defense is insufficiently pled if it fails to give the plaintiff fair notice of the defense.  Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979).[2]

---

[2] The court acknowledges the disagreement among district courts in the Ninth Circuit--including between different judges within this district--over whether affirmative defenses must meet

Because motions to strike are "often used as delaying tactics," they are "generally disfavored" and are rarely granted in the absence of prejudice to the moving party. Rosales v. Citibank, FSB, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001); see also N.Y.C. Emps.' Ret. Sys. v. Berry, 667 F.Supp.2d 1121, 1128 (N.D. Cal. 2009) ("Where the moving party cannot adequately demonstrate . . . prejudice, courts frequently deny motions to strike even though the offending matter was literally within one or more of the categories set forth in Rule 12(f)." (citation and internal quotation marks omitted)). Courts may find prejudice "where superfluous pleadings may confuse the jury, or where a party may be required to engage in burdensome discovery around frivolous matters." J & J Sports Prods., Inc. v. Luhn, Civ. No. 2:10-3229 JAM, 2011 WL 5040709, at *1 (E.D. Cal. Oct. 24, 2011) (citations omitted).

1.  Failure to State a Claim

Defendant concedes that its first affirmative defense, that the Complaint fails to state a claim on which relief can be granted, is not actually an affirmative defense. "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." Zivkovic v. S. California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002); see also Dodson v. Munirs Co., Civ. No. S-13-0399 LKK, 2013 WL 3146818, at *8 (E.D. Cal. June 18, 2013) (striking affirmative defense alleging

---

the plausibility pleading standard of Bell Atlantic Corporation v. Twombly, 550 U.S. 554 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). The court need not reach this question here, as any affirmative defenses that are insufficiently pled would fail to satisfy either standard.

failure to state a claim because it "address[es] elements of plaintiff's prima facie case" and is "properly addressed through denial or an appropriate motion.)  Accordingly, the court will grant plaintiff's motion to strike this affirmative defense with prejudice.

        2.   <u>Invalidity</u>

Defendant's second affirmative defense alleges that plaintiff's trademarks are invalid because plaintiff "has abandoned the alleged trademarks by failing to police and exercise adequate quality control over the goods or services sold or provided by one or more licensees or third parties, or otherwise does not have valid United State trademark rights in the alleged marks."  (Answer ¶ 103.)  Although a plaintiff must establish the validity of its trademark as an element of its claim, courts have recognized that invalidity "is effectively an affirmative defense to claims of infringement, unfair source designation and other allegations of unfair competition." <u>Computerland Corp. v. Microland Computer Corp.</u>, 586 F. Supp. 22, 24 (N.D. Cal. 1984).

By alleging invalidity as an affirmative defense, defendant has arguably assumed the burden of proof on one element of plaintiff's claim; thus, the court cannot see how allowing defendant to proceed with this defense would prejudice plaintiff in any way.  The court may deny plaintiff's motion to strike without prejudice, even if plaintiff is correct that the defense is insufficiently pled.  See <u>N.Y.C. Emps.' Ret. Sys.</u>, 667 F.Supp. 2d at 1128.  Accordingly, the court will deny plaintiff's motion

to strike this defense.

>    3.  Acquiescence; Waiver, Estoppel, and Laches;
>        Statute of Limitations; Failure to Mitigate

These affirmative defenses raise related issues arising from defendant's allegations that defendant has used plaintiff's marks with plaintiff's consent for over 100 years. (See, e.g., Answer ¶¶ 104, 105.)  In other sections of its Answer, defendant also alleges that it used some of the marks exclusively and prior to the first use and registration of the marks by plaintiff. (See, e.g., id. ¶¶ 108, 123.)

In moving to strike these defenses, plaintiff disputes defendant's characterization of the relationship between the two parties based on facts alleged in its Complaint, and argues that the termination of the affiliate relationship between the parties eliminated any of defendant's rights to the marks.  However, those facts are extraneous to the pleading being challenged here--defendant's Answer.  Instead, the court must view the Answer in the light most favorable to the pleader.  See, e.g., Stearns v. Select Comfort Retail Corp., 763 F. Supp. 2d 1128, 1139 (N.D. Cal. 2010) ("The grounds for a motion to strike must appear on the face of the [pleading] . . . and the court must view the pleading in the light most favorable to the pleader.").

Taken as a whole, defendant's pleadings contain sufficient facts for the court to infer that defendant's alleged longstanding use of the marks plausibly supports these defenses. Thus, even under the stricter pleading standard of Iqbal and Twombly, these defenses are sufficiently pled.  See Twombly, 550

6

U.S. at 570 (requiring that a party plead "only enough facts to state a claim to relief that is plausible on its face."). Moreover, as a matter of law, the court cannot say that any of these defenses are so spurious that "under no set of circumstances could the defense succeed." Ramirez, 941 F. Supp. 2d at 1204 (describing standard for legal insufficiency of affirmative defense). Accordingly, because defendant's defenses of acquiescence; waiver, estoppel, and laches; statute of limitations; and failure to mitigate each have sufficient bases in fact and law, the court will deny plaintiff's motion to strike these defenses.

        4.    Genericness

Generic terms "are those that refer to 'the genus of which the particular product or service is a species,' i.e., the name of the product or service itself." Advertise.com, Inc. v. AOL Adver., Inc., 616 F.3d 974, 977 (9th Cir. 2010) (quoting Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns Inc., 198 F.3d 1143, 1146 (9th Cir. 1999)). "Generic terms cannot be valid marks subject to trademark protection." Id. Courts allow defendants to raise the question of whether marks are generic as an affirmative defense. Filipino Yellow Pages, 198 F.3d at 1146.

Here, defendant alleges that "Plaintiff's claims are barred . . . because Plaintiff's marks are, have been, or have become generic terms that the relevant purchasing public understands as primarily the common or class name for the goods or services asserted to be associated with the marks asserted by Plaintiff." (Answer ¶ 107.) This conclusory allegation fails to

7

provide plaintiff with even fair notice of the defense, as it does not identify which marks have become generic or with which goods and services the public has associated these marks. See Qarbon.com, Inc. v. eHelp Corp., 315 F. Supp. 2d 1046, 1049 (C.D. Cal. 2004) (finding that affirmative defense that started legal conclusion without supporting facts was insufficient to give plaintiff fair notice of the basis of the defense).

Although the court is not required to assume any of plaintiff's allegations regarding its use of the marks as true, defendant provides no contrary facts to support this defense as currently alleged. In light of such conclusory pleading, plaintiff's defense of genericness is insufficiently pled, and the court must grant plaintiff's motion to strike the defense without prejudice.

    5. Prior Common Law Rights

A challenger to a federally registered trademark "may rebut the presumption of ownership with evidence establishing its own prior use in commerce of the registered mark." Dep't of Parks & Recreation v. Bazaar Del Mundo Inc., 448 F.3d 1118, 1124 (9th Cir. 2006). In its seventh affirmative defense, defendant alleges that it has continually used the marks in commerce in California since 1873, prior to plaintiff's alleged first use and registration of the marks. (Answer ¶ 108.)

In response, plaintiff argues that its use predates that of defendant and that any rights defendant had in the marks extinguished when defendant merged with plaintiff's organization, as in U.S. Jaycees v. S.F. Junior Chamber of Commerce, 354 F.

Supp 61 (N.D. Cal. 1972).  But the court is not required to take plaintiff's version of the facts as true, and there is no evidence at this early stage of the litigation from which the court can determine that the two parties merged in the same manner as the organizations in U.S. Jaycees.  It is particularly telling that U.S. Jaycees was decided at the summary judgment stage after the court made a number of factual findings and conclusions of law; here, however, the factual record is not so clear.

The court thus cannot conclude that "there are no questions of fact" and that "under no set of circumstances could" defendant rebut plaintiff's presumption of ownership with evidence establishing defendant's own prior use in commerce of the registered marks.  Ramirez, 941 F. Supp. 2d at 1204.  Accordingly, the court must deny plaintiff's motion to strike defendant's prior common law rights defense.

      6.   Fair Use

Nominative fair use is a defense to infringement where the use merely identifies the trademarked item in a manner that does not confuse consumers.  See Toyota Motor Sales, U.S.A., Inc. v. Tabari, 610 F.3d 1171, 1175 (9th Cir. 2010) (considering defense regarding automobile brokers' use of Lexus trademark).  Here, defendant alleges that plaintiff's claims are barred "in whole or in part . . . to the extent that Defendant's use of any of the trademarks asserted by Plaintiff is fair and in good faith to describe, name, or identify Plaintiff or Plaintiff's own product or service."  (Answer ¶ 109.)  Although the court agrees

with plaintiff that the primary issue in this case revolves around defendant's use of the marks to identify <u>itself</u> rather than plaintiff, it appears undisputed that any use of the marks simply to identify plaintiff would qualify as fair use. Accordingly, because the court cannot say "under no set of circumstances could the defense succeed," <u>Ramirez</u>, 941 F. Supp. 2d at 1204, the court will deny plaintiff's motion to strike defendant's fair use defense.

### 7. Lack of Secondary Meaning

A plaintiff in an infringement action must prove that its mark is distinctive. <u>Kendall–Jackson Winery v. E. & J. Gallo Winery</u>, 150 F.3d 1042, 1046–47 (9th Cir. 1998). It may satisfy this burden by showing that the mark has acquired a secondary meaning. <u>Wal–Mart Stores, Inc. v. Samara Bros., Inc.</u>, 529 U.S. 205, 216 (2000). However, some courts have recognized lack of secondary meaning as a proper affirmative defense rather than denial of an element of the plaintiff's prima facie case. <u>See Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.</u>, No. EDCV 11-197 RSWL (DTBx), 2011 WL 3809933, at *9 (C.D. Cal. Aug. 25, 2011).

As with plaintiff's invalidity affirmative defense, plaintiff does not demonstrate how shifting the burden of proof on an element of plaintiff's case to defendant causes plaintiff to suffer any prejudice. There is no indication that allowing defendant to proceed with this defense would "confuse the jury" or require the parties "to engage in burdensome discovery around frivolous matters." <u>Luhn</u>, 2011 WL 5040709, at *1. Accordingly,

because the court may deny motions to strike absent a showing of prejudice, the court will deny plaintiff's motion to strike defendant's lack of secondary meaning defense.

### 8.  Non-Commercial Use

Defendant next alleges that "Plaintiff's claims are barred in whole or in part to the extent that California State Grange's use of any of the alleged marks is non-commercial and thus protected under the First Amendment to the United States Constitution."  (Answer ¶ 111.)  This conclusory assertion does not find any factual support in defendant's Answer, or even defendant's briefs.  It is not even clear in what sense the defendant uses the term "non-commercial," e.g., not for profit or not in interstate commerce.  Instead, defendant argues that it may plead inconsistent facts and defenses.  This may be true, but it does not address the lack of <u>any</u> factual allegations to support this defense.  Accordingly, because such barebones pleadings do not even provide fair notice to plaintiff of the extent of defendant's alleged non-commercial uses, the court must grant plaintiff's motion to strike this defense without prejudice.

### 9.  First Sale Doctrine

The first sale doctrine holds that "the right of a producer to control distribution of its trademarked product does not extend beyond the first sale of the product," and thus "[r]esale by the first purchaser of the original article under the producer's trademark is neither trademark infringement nor unfair competition."  <u>Sebastian Int'l, Inc. v. Longs Drug Stores</u>

11

Corp., 53 F.3d 1073, 1074 (9th Cir. 1995).  Here, defendant alleges that plaintiff's claims are barred "to the extent that [defendant's] use of any of the alleged marks or sale of goods bearing any of the marks is a mere resale of Plaintiff's products, whether procured from Plaintiff or on the open market."  (Answer ¶ 112.)

Plaintiff challenges the legal sufficiency of this defense, arguing that the dissolution of the affiliate relationship between plaintiff and defendant bars defendant from alleging first sale.  Plaintiff presents no legal authority for this contention, as the case law it provides makes no mention of the first sale doctrine.  See U.S. Jaycees, 354 F. Supp. at 63.  Moreover, as the court has already described, disputed issues of fact remain as to the relationship between the two entities.  The court thus cannot conclude so early in the litigation that this defense is foreclosed to defendant and that "under no set of circumstances could" defendant prove that at least some of its use of the marks was a mere resale of plaintiff's products.  Ramirez, 941 F. Supp. 2d at 1204.  Accordingly, the court will deny plaintiff's motion to strike defendant's first sale defense.

10.  Unclean Hands

Finally, defendant alleges that plaintiff has unclean hands "by attempting to enforce its alleged trademark rights beyond a reasonable interpretation of the scope of the rights legitimately granted to a trademark owner."  (Answer ¶ 113.)  This defense begs the question to be determined by this litigation, i.e. the scope of plaintiff's trademark rights, and,

12

as plaintiff admits, the "issue will be decided based on the Complaint and Answer." (Pl.'s Reply at 9:19 (Docket No. 21).) Accordingly, because this defense will not prejudice defendant, the court will deny plaintiff's motion to strike defendant's unclean hands defense.

B.  First Counterclaim

Plaintiff additionally moves to strike or, alternatively, dismiss, defendant's first counterclaim for declaratory relief on the grounds that the counterclaim is redundant. Under the Declaratory Judgment Act, a court "<u>may</u> declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201(a) (emphasis added). This provision "has long been understood 'to confer on federal courts unique and substantial discretion in deciding whether the declare the rights of litigants.'" <u>MedImmune, Inc. v. Genentech, Inc.</u>, 549 U.S. 118, 136 (2007) (quoting <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 286 (1995)). Plaintiff argues that the court should exercise its discretion to strike or dismiss defendant's counterclaim for declaratory relief because it raises issues identical to those raised in the Complaint.

"A dismissal of counterclaims [for declaratory relief] as redundant is not warranted simply because they concern the same subject matter or arise from the same transaction as the complaint." <u>City of Lindsay v. Sociedad Quimica y Minera de Chile S.A.</u>, Civ. No. 11-46 LJO SMS, 2011 WL 2516159, at *3 (E.D. Cal. June 21, 2011) (citation omitted). A court should consider whether the counterclaims "serve any useful purpose," and should

13

strike a counterclaim "only when it is clear that there is a complete identity of factual and legal issues between the complaint and the counterclaim." Id. (citation and quotation marks omitted).

Here, defendant's counterclaim seeks a declaration that its use of "Grange," "State Grange," "The National Grange," and "California State Grange" does not (1) infringe plaintiff's claimed trademarks "or any common law rights it might have accrued through its use of those marks;" (2) violate § 32 of the Lanham Act; (3) violate § 43(a) of the Lanham Act; violate § 43(c) of the Lanham Act; or (4) "violate any other federal, state or common law." (Answer ¶ 125.) Although these claims substantially mirror plaintiff's, defendant's references to "any common law rights" and "any other federal, state or common law" take the counterclaim beyond the specific scope of plaintiff's pleadings. Thus, it is not "clear that there is a complete identity of factual and legal issues between the complaint and the counterclaim," and the counterclaim may still "serve [a] useful purpose." City of Lindsay, 2011 WL 2516159, at *3.

As a leading treatise explains, plaintiff's contention that the counterclaim should be dismissed or stricken "ignores the possibility that it is very difficult to determine whether the declaratory-judgment counterclaim really is redundant prior to trial." 6 Arthur R. Miller & Mary Kane, Fed. Prac. & Proc. § 1406 (3d ed.). Accordingly, "the safer course for the court to follow is to deny a request to dismiss a counterclaim for declaratory relief unless there is no doubt that it will be

14

rendered moot by the adjudication of the main action." Id.  The court will therefore decline to exercise its discretion to dismiss or strike defendant's counterclaim for declaratory relief at this time.

### C. Second Counterclaim

Plaintiff also moves to dismiss defendant's second counterclaim under Rule 12(b)(6) for failure to state a claim. On a motion to dismiss, the court must accept the allegations in the pleading as true and draw all reasonable inferences in favor of the non-moving party. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).

Defendant's second counterclaim alleges that plaintiff abandoned its trademarks through naked licensing.  A trademark owner engages in naked licensing when it grants a license but "fails to exercise adequate quality control over the licensee," which results "in the trademark ceasing to function as a symbol of quality and controlled source." Barcamerica Int'l USA Trust v. Tyfield Imps., Inc., 289 F.3d 589, 596 (9th Cir. 2002) (citation and quotation marks omitted).  Such a failure "constitutes abandonment of any rights to the trademark by the licensor," in which case the court may estop the owner from asserting those rights.  Id. at 596, 598.

To support this claim, defendant merely alleges that, "[o]n information and belief, [plaintiff] has failed to police and exercise adequate quality control over the goods or services sold or provided under each of the Marks by one or more licensees

15

or third parties." (Answer ¶ 129.) Defendant alleges no facts to support this conclusory contention, nor does defendant allege that plaintiff's failure to exercise quality control over any licensees has resulted "in the trademark ceasing to function as a symbol of quality and controlled source." Barcamerica, 289 F.3d at 596.

Defendant's second counterclaim thus offers little beyond "naked assertions devoid of further factual enhancement" and "formulaic recitations of the elements" of the claim. See Iqbal, 556 U.S. at 678 (citation and quotation marks omitted). Without more, defendant cannot "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Accordingly, the court must grant plaintiff's motion to dismiss the counterclaim for failure to state a claim.

IT IS THEREFORE ORDERED that:

(1) plaintiff's motion to strike defendant's affirmative defenses be, and the same hereby is, GRANTED as to defendant's affirmative defenses of failure to state a claim, genericness and non-commercial use; and DENIED as to defendant's affirmative defenses of invalidity, acquiescence, waiver, estoppel, and laches, statute of limitations, prior common law use, fair use, lack of secondary meaning, first sale, unclean hands, and failure to mitigate;

(2) plaintiff's motion to strike or dismiss defendant's first counterclaim be, and the same hereby is, DENIED; and

(3) plaintiff's motion to dismiss defendant's second, counterclaim be, and the same hereby is, GRANTED.

            Defendant has twenty days from the date this Order is signed to file an amended Answer and Counterclaims, if defendant can do so consistent with this Order.

Dated:  July 30, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE