UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| THE NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY, a District of Columbia nonprofit corporation,<br><br>       Plaintiff,<br><br>    v.<br><br>CALIFORNIA STATE GRANGE, a California corporation,<br><br>       Defendant. | CIV. NO. 2:14-00676 WBS DAD<br><br>MEMORANDUM AND ORDER RE: ENTRY OF FINAL JUDGMENT AND PERMANENT INJUNCTION |

----oo0oo----

In an Order dated July 14, 2015, the court granted plaintiff National Grange of the Order of Patrons of Husbandry's motion for summary judgment and held that, "upon entry of final judgment in this action defendant and its agents, affiliates, and assigns, or any party acting in concert with defendant and its agents, affiliates, and assigns, shall be permanently enjoined from using marks containing the word 'Grange.'" (July 14, 2015 Order at 19:28-20:4 (Docket No. 60).) The parties now stipulate

1

to plaintiff's voluntary dismissal with prejudice of its claims for damages and plaintiff seeks entry of final judgment and issuance of the permanent injunction.

Plaintiff specifically requests that the court issue the following injunction:

> Plaintiff National Grange is granted final judgment permanently enjoining Defendant and its agents, affiliates, and assigns, or any party acting in concert with defendant and its agents, affiliates, and assigns, from using any name or mark containing the word "Grange," including without limitation "Grange," "Granger," "California Grange," "California State Grange," or any word, acronym, abbreviation or initialism confusingly similar thereto, including without limitation "CG" and "CSG."
>
> Within 14 days of the date of this Order, Defendant shall transfer to Plaintiff National Grange the registration for the domain name www.CaliforniaGrange.org and the registrations for any domain names containing the word "Grange," including without limitation the words "Grange," "Granger," "California Grange," "California State Grange," or any word, acronym, abbreviation or initialism confusingly similar thereto, including without limitation "CG" and "CSG."
>
> It is hereby further ordered that immediately upon the entry of this order, Defendant and its agents, affiliates, and assigns, or any party acting in concert with defendant and its agents, affiliates, and assigns, are permanently enjoined from representing or asserting, by words or actions, that they are affiliated or connected in any way with the Grange organization, including Plaintiff National Grange or any State, Pomona, or local community Grange.

(Docket No. 75 at 3-4.)  Defendant opposes the request.  The scope of this proposed injunction exceeds the allegations in plaintiff's Complaint and the court's finding on summary judgment

2

that defendant "shall be permanently enjoined from using marks containing the word 'Grange.'"

Plaintiff's proposed injunction extends to defendant's use of the word "Granger" and the acronyms "CSG" and "CG." In the Complaint, however, plaintiff alleges only that defendant's use of its "GRANGE Marks" infringes plaintiff's trademarks. (E.g., Compl. ¶¶ 3, 10, 53, 69, 81, 97 (Docket No. 1).) Plaintiff alleges that defendant infringed on ten registered trademarks, which were limited to "NATIONAL GRANGE," "THE GRANGE FOUNDATION," "NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY," two trademarks for "P OF H GRANGE," and five trademarks for "GRANGE." (Id. ¶ 20.) All of the allegations in the Complaint are limited to those "GRANGE Marks."

In its prayer for relief, plaintiff sought to enjoin defendant "from using the GRANGE Marks or any other mark, corporate name or trade name that contains the word GRANGE, <u>or any other trademarks confusingly similar to the GRANGE Marks</u> . . . ." (Id. at 21-22 (emphasis added).) While it could have been alleged that "Granger" and the acronyms "CSG" and "CG" are "trademarks confusingly similar to the GRANGE Marks," plaintiff made no such allegations in its Complaint nor did plaintiff seek summary judgment as to defendant's use of "Granger" or the acronyms. In fact, the Complaint does not even allege that defendant uses "Granger," "CSG," or any other offending acronym.[1]

---

[1] Although plaintiff cites two cases in which acronyms were protected, whether the acronyms were in fact trademarks was litigated in those cases. See U.S. Jaycees v. San Francisco Jr. Chamber of Commerce, 354 F. Supp. 61, 66 (N.D. Cal. 1972) (finding that plaintiff "owns the trademark[] . . . 'J.C.'"); Planned Parenthood Fed'n of Am., Inc. v. Problem Pregnancy of

1          That plaintiff is especially concerned about
2   defendant's use of "CSG" is of no surprise in light of
3   defendant's conduct since the court issued its July 14, 2015
4   Order.  In what appears to be a game of "gotcha," defendant
5   registered itself as doing business as the "California State
6   Guild" only eight days after learning it would be enjoined from
7   using "Grange."  (McFarland Decl. Ex. C (Docket No. 78-3).)
8   According to defendant, "CSG" is simply its acronym for the new
9   "California State Guild."  (Id. ¶¶ 8-10.)  It is merely a
10  convenient coincidence that this "new" acronym happens to be the
11  same acronym defendant used when it went by "California State
12  Grange."  (See Komski Decl. Ex. 4 (Docket No. 83-5) (numerous
13  publications showing defendant's use of "CSG" prior to 2015).)

14          While plaintiff's concerns may be real, the Complaint
15  defines the scope of this litigation and it neither sought
16  trademark protection of nor requested the court enjoin defendant
17  from using "Granger," "CSG," or "CG."  Because summary judgment
18  was limited to the use of "Grange," whether "Granger" or the
19  acronyms are protected trademarks was never litigated or before
20  the court.  The court must therefore limit the permanent
21  injunction to the relief requested in the Complaint and the
22  trademark upon which it granted summary judgment.  See Crawford

---

Worcester, Inc., 498 N.E.2d 1044, 1049 (Mass. 1986) (affirming the lower court's finding "of secondary meaning as it was clearly established that the initials 'PP' were strongly associated with the organization Planned Parenthood in the public eye").  Similarly, in Wolfard Glassblowing Co. v. Vanbragt, the permanent injunction issued pursuant to the consent judgment had prohibited defendant from making "colorable imitations" of plaintiff's product and the Ninth Circuit was applying the terms of that injunction.  See 118 F.3d 1320, 1321-23 (9th Cir. 1997).

v. Gould, 56 F.3d 1162, 1168 (9th Cir. 1995) ("[A] court may not, without the consent of all persons affected, enter a judgment which goes beyond the claim asserted in the pleadings." (quoting Brawner v. Pearl Assurance Co., 267 F.2d 45, 47 n.2 (9th Cir. 1958))); see also Fed. R. Civ. P. 15(b)(2) ("When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings.") (emphasis added).

For the first time in this case, plaintiff also requests that the court require defendant to transfer to plaintiff "the registration for the domain name[s]" that include the word "Grange." Although the permanent injunction would preclude defendant from using a domain name with "Grange" in it, plaintiff neither sought in the Complaint nor articulated in its current motion why the court should require defendant to transfer that property to plaintiff. See Office Depot Inc. v. Zuccarini, 596 F.3d 696, 701 (9th Cir. 2010) ("[D]omain names are intangible property under California law."). The court therefore will not require defendant to transfer any property, including a domain name or Grange regalia, to plaintiff.

Lastly, plaintiff requests that the court enjoin defendant "from representing or asserting, by words or actions, that they are affiliated or connected in any way with the Grange organization, including Plaintiff National Grange or any State, Pomona, or local community Grange." While defendant's disaffiliation from plaintiff is undisputed, (see July 14, 2015 Order at 2:16-20), its representation of or affiliations with any local Grange was not at issue in this case and is currently being

litigated in state court.  Again, the court will not enjoin conduct that was not raised in the Complaint or litigated in the case.[2]

IT IS THEREFORE ORDERED that plaintiff's claims for damages, including but necessarily limited to recovery of profits under 25 U.S.C. § 1117, are dismissed with prejudice and the trial date of October 14, 2015 is VACATED.

IT IS FURTHER ORDERED that final judgment be entered permanently enjoining defendant and its agents, affiliates, and assigns, or any party acting in concert with defendant and its agents, affiliates, and assigns from using marks containing the word "Grange."

Dated:   September 29, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2] To the extent defendant suggests the injunction should not extend to "any party acting in concert with defendant and its agents, affiliates, and assigns," defendant is mistaken.  This is the precise language the court used in its Order granting summary judgment.  (July 14, 2015 Order at 19:28-20:4); see also Fed. R. Civ. P. 65(d)(2) (proving that an injunction binds "(A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in . . . (A) or (B)."); (accord Compl. at 21-22 (requesting the court enjoin "all person in active concert or participation with Defendant").)