UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| THE NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY, a District of Columbia nonprofit corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>CALIFORNIA STATE GRANGE, a California corporation,<br><br>          Defendant. | CIV. NO. 2:14-676 WBS DAD<br><br>ORDER RE: MOTION TO STAY INJUNCTION PENDING APPEAL |

----oo0oo----

On July 14, 2015, the court granted summary judgment in favor of plaintiff National Grange of the Order of Patrons of Husbandry's claims for trademark infringement, 15 U.S.C. § 1114, and unfair competition and false designation of origin, 15 U.S.C. § 1125(a), under the Lanham Act.  (Docket No. 60.)  Final judgment was entered on September 29, 2015, which permanently enjoined defendant California State Grange and its agents, affiliates, and assigns, and any party acting in concert with

1

1  defendant and its agents, affiliates, and assigns from using
2  marks containing the word "Grange."  (Docket Nos. 85-86.)  On
3  October 28, 2015, defendant filed a notice of appeal to the
4  United States Court of Appeals for the Ninth Circuit.  (Docket
5  No. 87.)  Defendant now brings this motion for a stay of the
6  injunction pending appeal.  (Docket No. 88.)

7           When a party files a notice of appeal, "jurisdiction
8  over the matters being appealed normally transfers from the
9  district court to the appeals court."  Mayweathers v. Newland,
10 258 F.3d 930, 935 (9th Cir. 2001).  The district court, however,
11 retains jurisdiction to preserve the status quo until decision by
12 the appellate court.  Nat. Res. Def. Council, Inc. v. Sw. Marine
13 Inc., 242 F.3d 1163, 1166 (9th Cir. 2001).  Under Federal Rule of
14 Civil Procedure 62(c), the district court may "suspend, modify,
15 restore, or grant an injunction on terms for bond or other terms
16 that secure the opposing party's rights" while an appeal is
17 pending.  In doing so, the court may not "adjudicate anew the
18 merits of the case" or "materially alter the status of the case
19 on appeal."  Sw. Marine Inc., 242 F.3d at 1166 (citations
20 omitted).

21          A stay pending appeal "is not a matter of right, even
22 if irreparable injury might otherwise result."  Nken v. Holder,
23 556 U.S. 418, 433 (2009) (citation omitted).  It is within the
24 court's discretion to grant such a stay, and the party requesting
25 it "bears the burden of showing that the circumstances justify an
26 exercise of that discretion."  Id. at 433-34.  In evaluating
27 whether to grant a stay pending appeal, the district court
28 considers (1) whether defendant has made a strong showing that it

2

will likely succeed on the merits of its appeal, (2) whether defendant will be irreparably injured if the stay is not granted, (3) whether a stay will substantially injure plaintiff, and (4) whether the public interest favors a stay.  Id. at 434.[1]

The first two factors are the most critical.  Id.  Defendant must make a strong showing that it "has a substantial case for relief on the merits."  Lair v. Bullock, 697 F.3d 1200, 1204 (9th Cir. 2012).  "[I]t is not enough that the likelihood of success on the merits is 'better than negligible' or that there is a 'mere possibility of relief.'"  Id. (citations omitted).  The decision to grant injunctive relief "rests with the sound discretion of the trial court and requires a clear abuse of discretion for a modification or reversal" on appeal.  Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1021-22 (9th Cir. 1985).  For defendant to succeed on the merits of its appeal, it must therefore "show that there was no reasonable basis for the district court's decision."  Id. at 1022; see also U.S. Cellular Inv. Co. v. GTE Mobilnet, Inc., 281 F.3d 929, 934 (9th Cir. 2002) ("Discretion is abused when the judicial action is arbitrary, fanciful or unreasonable or where no reasonable man [or woman] would take the view adopted by the trial court." (citations omitted)).

For the reasons stated in the court's July 14 and September 29, 2015 Orders, defendant has infringed upon plaintiff's trademark by using the name "Grange," and injunctive

---

[1] This standard "is similar to that employed by district courts in deciding whether to grant a preliminary injunction."  Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983).

relief was appropriate to prevent defendant's continued trademark violations and unfair competition. (Docket No. 60, 85.)[2] The Ninth Circuit has determined that "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." Century 21 Real Estate Corp. v. Sandlin, 846 F.2d 1175, 1180 (9th Cir. 1988). "[B]road injunctions are especially appropriate where," as here, "the infringing use is for a similar service." Id.

Plaintiff would be substantially injured by defendant's continued infringement of its trademark were the court to grant a stay of the injunction here. (See Huber Decl. ¶¶ 4-7 (Docket No. 99-1).) Given that the injunction is "fashioned to prevent the likelihood of confusion," the public interest also weighs heavily against granting stay. See Internet Specialties W., Inc. v. Milon-DiGiorgio Enters., 559 F.3d 985, 993 (9th Cir. 2009) ("We find no abuse in the district court's determination that, in order to avoid confusion to consumers, MDE must abandon all use of the name 'ISPWest.com.'"); Century 21, 846 F.2d at 1181 ("In light of the likelihood of confusion arising from Sandlin's use of the word 'Century' in offering service very similar to Century 21's, we find no abuse of discretion in the issuance of the injunction.").

---

[2] The elements for trademark infringement and unfair competition under the Lanham Act are essentially the same and the same evidence can establish both claims. See Century 21 Real Estate Corp. v. Sandlin, 846 F.2d 1175, 1178 (9th Cir. 1988); Century 21 Real Estate, LLC v. Ramron Enters., Civ. No. 1:14-788 AWI, 2015 WL 521350, at *6 (E.D. Cal. Feb. 9, 2015).

1           The court further finds no merit in defendant's
2  argument that defendant will face hardship by having to change
3  its name, communicate the change to its members, and revise its
4  documents and marketing materials.  Defendant had been actively
5  taking steps to comply with the injunction since the court's July
6  14, 2015 Order, which was issued months before final judgment was
7  entered.  (Def.'s Opp'n to Entry of Final J. ("EFJ Opp'n") at 8-9
8  (Docket No. 78).)  Since July 2015, defendant has changed its
9  name and has been publicly referring to itself as "California
10 State Guild" or "CSG," communicated the change "to its members
11 via numerous communications, including emails, letters and
12 bulletins," and switched its domain name to reflect this change.
13 (See McFarland Decl. in Supp. of Def.'s Mot. to Stay ¶¶ 4-10, Ex.
14 A (Docket No. 105-1).)
15          Since July 2015, defendant has also published its new
16 name and domain on marketing materials, "diligently" removed the
17 word "Grange" from its documents, and repeatedly disclaimed its
18 affiliation with the "California State Grange" name on its
19 correspondence and bulletins.  (See id.; McFarland Decl. in Supp.
20 of EFJ Opp'n ¶¶ 4-20, Exs. A-F (Docket No. 78-1).)  It is
21 therefore unlikely that defendant would be irreparably injured if
22 the stay of the injunction is not granted.
23          IT IS THEREFORE ORDERED that defendant's motion to stay
24 the injunction pending appeal (Docket No. 88) be, and the same
25 hereby is, DENIED.
26 Dated:  January 11, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5