```
 1    IN THE UNITED STATES DISTRICT COURT; SACRAMENTO, CALIFORNIA
                FOR THE EASTERN DISTRICT OF CALIFORNIA
 2            BEFORE THE HONORABLE WILLIAM B. SHUBB, JUDGE

 3

      THE NATIONAL GRANGE OF THE
 4    ORDER OF PATRONS OF HUSBANDRY, a
      District of Columbia nonprofit
 5    corporation,
                       Plaintiff,
 6                 vs.                         No. 2:14-cv-0676 WBS

 7

      CALIFORNIA STATE GRANGE, a
 8    California corporation,
                       Defendant.
 9    _____

10                      REPORTER'S TRANSCRIPT

11         PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION

12                   MONDAY, APRIL 18, 2016

13    APPEARANCES:
      For the Plaintiff:       SMITH, GAMBRILL & RUSSELL
14                             1055 Thomas Jefferson St. NW
                               Washington, DC  20007
15                             By:  JAMES BIKOFF
                               Attorney at Law
16
      For the Defendant:       BOUTIN JONES
17                             555 Capitol Mall, Suite 1500
                               Sacramento, California  95814
18                             By:  MICHAEL CHASE
                               Attorney at Law
19

20

21    Court Reporter:          MICHELLE L. BABBITT, CSR#6357
                               Official Court Reporter, USDC
22                             501 I Street, Suite 4-200
                               Sacramento, California 95814
23                             916-448-7938

24

25        Transcript produced by computer-aided transcription
```

1   SACRAMENTO, CALIFORNIA, MONDAY, APRIL 18, 2016; 1:38 A.M.
2                           ---o0o---
3          THE CLERK:  Calling civil case 14-cv-676, National Grange of the Order of Patrons of Husbandry versus California State Grange.
6      Your appearances, please.
7          MR. CHASE:  Good afternoon, Your Honor.  Michael Chase for the defendant.
9          MR. BIKOFF:  Good afternoon, Your Honor.  James Bikoff for the plaintiff.
11         THE COURT:  Good afternoon.  You were in here previously when the plaintiff attempted to obtain an order of contempt.  The court denied that, and now we have the order for injunction.
15     Mr. Chase, tell me why the court should not sign it.
16         MR. CHASE:  Your Honor, jurisdiction over this case has passed to the Court of Appeals.  The plaintiff in reply has conceded that this motion does not seek to preserve the status quo.  Under Ninth Circuit law, we cited the McClatchy case out of this court where the Ninth Circuit reversed post judgment injunctive relief.
22     This is on all fours with the McClatchy case.  The McClatchy case is not cited or dealt with in their reply, and under Ninth Circuit law, the court doesn't have jurisdiction to enter an injunction like this.

```
1              THE COURT:  Well, it's not that simple.  First, I
2    don't think that the plaintiff has conceded that the order
3    requested will not preserve the status quo.  I think the
4    plaintiff takes the position it will preserve the status quo.
5              MR. CHASE:  Your Honor, at page 3, line 8 to 19 of
6    the reply, plaintiff wrote:  "Plaintiff is not asking the
7    court to maintain the status quo."
8              THE COURT:  So maybe I'm wrong.  Mr. Bikoff?
9              MR. BIKOFF:  Your Honor, we do think it does maintain
10   the status quo.
11             THE COURT:  Why did you say that in your brief then?
12             MR. BIKOFF:  I'm not sure why that was said.
13             THE COURT:  Let's look at it.  I didn't remember
14   that.
15             MR. BIKOFF:  I didn't remember it either.
16             THE COURT:  He's reading from your brief.  You said
17   page what?
18             MR. CHASE:  Page 3.  The paragraph starts on line 16,
19   and I'll read it.
20             THE COURT:  Hold it.  I must be looking at something
21   different here.
22             MR. CHASE:  It's docket item 133.
23             THE COURT:  All right.  Take a look at that.  Why did
24   you say that?
25             MR. BIKOFF:  Well, Your Honor, we are trying to
```

1  maintain the status quo.  We're asking for the further
2  injunction to address acts that took place since the
3  injunction, original injunction was granted.
4       I think that we are allowed to do that under the reasoning
5  of the Supreme Court decision that we cited saying that,
6  (Reading:)
7           An injunction often requires continuing supervision
8           by the issuing court and always a continuing
9           willingness to apply its powers and processes on
10          behalf of the party who obtained the equitable
11          relief.
12      We think that many of the acts we complained about when we
13 were here the last time were not foreseen at the time that the
14 original injunction was granted, and that's why we're here.
15      We're not here to really upset the status quo, but we're
16 here to enforce the original injunction.  I think that the
17 additional acts require additional relief in the form of the
18 injunction, but I don't think that that upsets the status quo,
19 so it was probably an error on us to say that.
20      We are asking that injunction be enforced so that these
21 additional acts that are occurring, I must say on a weekly
22 basis -- just this morning I received an e-mail, which I would
23 ask the court if I may submit it because it only came in this
24 morning, to just show you what's happening out in the field on
25 the grange.

```
1        Mr. Chase has said that confusion is not taking place and
2   everybody -- he has submitted declarations from a lot of
3   Mr. McFarland's cohorts saying there is no confusion, but we
4   have an e-mail today from a local grange saying that there is
5   confusion.  It's the kind of thing we're seeing every week.
6            THE COURT:  All right.
7            MR. BIKOFF:  If I may submit this, Your Honor?
8            THE COURT:  No.  Mr. Chase, assuming that the
9   plaintiff did not make the statement that they are not seeking
10  to preserve the status quo, what other reasons do you have for
11  the court denying their request?
12           MR. CHASE:  Well, again, speaking just on the
13  jurisdictional point, the cases that he referred to here, Your
14  Honor, where the Supreme Court says that a court can modify
15  its injunction, none of those cases deal with the situation
16  where the case is on appeal.  We don't dispute that if there
17  were no appeal, this court could grant further relief, but we
18  are on appeal, and so the cases is right on point.  McClatchy
19  is right on point that says there is no jurisdiction.
20       With respect to the issue of whether it preserves the
21  status quo, we think this was not a mistake.  It's clear from
22  the proposed injunction that they want a lot of additional
23  relief, some of which they previously asked the court for and
24  the court said no, and some of which they had thought to
25  include in their complaint but declined to ask the court to
```

```
1   grant in the case, and so for the court to grant this
2   additional relief would create the moving target for the Ninth
3   Circuit that is prohibited.
4           THE COURT:  It's not so clear, is it, that whenever
5   there is an appeal pending the court loses its jurisdiction to
6   grant injunctive relief?
7           MR. CHASE:  It is clear in this particular context
8   where a judgment has been entered.  The whole case is in front
9   of the Ninth Circuit now.
10          THE COURT:  Okay.  But do you concede there are other
11  cases where the judgment has been entered and the case is
12  pending on appeal where the court can order injunctive relief?
13          MR. CHASE:  Your Honor, the Ninth Circuit has says
14  that any injunctive relief has to be narrowly limited to
15  preserving the status quo.  The plaintiff wants to change a
16  lot of things with this injunction.
17          THE COURT:  Well, I thought it was clear that you're
18  not to use the name "grange" from the court's previous order.
19  Wasn't that clear?
20          MR. CHASE:  No, Your Honor.  That's not what the
21  court ordered.  The court ordered that the defendant refrain
22  from using marks.
23          THE COURT:  Suppose the court really made a mistake,
24  and when I said "mark," I thought that included a name?  Do I
25  have to live with that several years while it's up on appeal
```

```
 1  because I didn't use the right word?
 2           MR. CHASE:  Well, Your Honor, the plaintiff has to
 3  live with the order that it asks the court to enter.
 4           THE COURT:  Well, that's just tough luck for them.
 5  I'll tell you right now, I thought I was enjoining you from
 6  using the word "grange."  I don't know what a "mark" is.
 7           MR. CHASE:  It's defined in the Lanham Act, Your
 8  Honor.
 9           THE COURT:  I know.  I'm made a big, big, big, big,
10  big, big, big, big, big, big, big mistake.  So does the
11  plaintiff have to live with that?  Can you think of a mark as
12  it's defined that would be "grange"?
13           MR. CHASE:  Well, the materials that the defendant
14  previously used all had "grange" on it and they no longer do.
15  The website had "grange" on it.  It no longer does.
16           THE COURT:  They had a word on it; right?
17           MR. CHASE:  The word "grange" was used, I would say,
18  as a mark.  It was displayed in connection with the sale of
19  services, and it's no longer being done.
20           THE COURT:  So if the word is displayed, that's a
21  mark?
22           MR. CHASE:  In connection with the offer or sale of
23  services.
24           THE COURT:  So, look.  Here we are.  I made a
25  mistake.  You may have to live with it.
```

```
1             MR. BIKOFF:  Your Honor, can I move --
2             THE COURT:  I thought I was enjoining them from using
3    the word "grange."  I was wrong.  I just made a big mistake.
4             MR. BIKOFF:  Your Honor, if I may --
5             THE COURT:  You want to bring another action?  What
6    would stop them from bringing another action?
7             MR. CHASE:  They have filed another action.  It's in
8    front of Your Honor.
9             THE COURT:  So maybe we better just go to that action
10   and enjoin them from using the word "grange" in that action,
11   and then they can take that up on appeal and it will be a
12   different action.  How soon can we get to that?
13            MR. BIKOFF:  That action we have hearings on
14   May 16th, Your Honor.
15            THE COURT:  We may have to wait until May 16th.
16            MR. BIKOFF:  But can I just point out two things,
17   Your Honor?  One is that contrary to opposing counsel, the
18   Natural Resources Defense Council case, which is a Ninth
19   Circuit Case 2001, says, (Reading:)
20            The Ninth Circuit held that the pending appeal did
21            not prevent the District Court from providing further
22            relief in order to effectuate the underlying purposes
23            of the original requirements.
24            THE COURT:  The only purpose of the original
25   requirements, according to the defendant, was to prevent you
```

from using certain marks.  I confess I made a mistake.  All I did was prevent you from using marks.  I thought I was preventing them from using the word "grange."  I don't know what a "grange mark" is.  I confess ignorance.  I still don't know.

MR. BIKOFF:  Your Honor, if you look at -- one of the cases we cited was the Stover case.  The Stover case says the injunction prohibits misuse of marks and words, but does not say corporate names.

THE COURT:  That's a case that says it prohibits misuse of marks and words.  I left out the words.  I just prohibited the use of marks.

MR. BIKOFF:  But the Lanham Act includes names and words in the definition of trademarks and service marks.

THE COURT:  I know, but I used the term "mark."  I didn't use the term "word."

MR. BIKOFF:  I think we all thought that the term "mark" included the term "word."

THE COURT:  I thought it did.  They don't think it did.

MR. BIKOFF:  We do believe that the cases are clear that it does include the name "word."  If we look at the Herbert case or we look at the Lockheed Martin case, they all go to uses of trademarks as part of corporate names, which are really the word being used in the corporate name or as a

1  mark.  So "mark," "names," "words," it's really all the same.
2           THE COURT:  All right.  Motion is taken under
3  submission.  Thank you.
4           MR. CHASE:  Thank you.
5           MR. BIKOFF:  Thank you, Your Honor.
6       (Proceedings concluded at 1:49 p.m.)
7                          ---o0o---
8                         CERTIFICATION
9       I, Michelle L. Babbitt, certify that the foregoing is
10 a correct transcript from the record of proceedings in the
11 above-entitled matter.
12          Dated:  April 20, 2016.
13
14
15                           /s/ MICHELLE L. BABBITT
                             MICHELLE L. BABBITT CSR #6357
16                           Official Court Reporter
                             United States District Court
17
18
19
20
21
22
23
24
25