UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| THE NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDARY, a District of Columbia nonprofit corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>CALIFORNIA STATE GRANGE d/b/a/ "CSG," a California corporation,<br><br>            Defendant. | CIV. NO. 2:14-676 WBS AC<br><br><u>ORDER RE: REQUEST TO STAY ORDER AWARDING ATTORNEY'S FEES</u> |

----oo0oo----

On July 14, 2015, the court granted summary judgment in favor of plaintiff the National Grange's claims for trademark infringement and false designation of origin under the Lanham Act. (July 14, 2015 Order at 19-20 (Docket No. 60).) The court enjoined defendant "from using marks containing the word 'Grange.'" (Sept. 30, 2015 Order at 6 (Docket No. 85).)

1

1            On April 20, 2016, the court found defendant in
2   "deliberate and willful" violation of the court's injunction on
3   the word "Grange" and held that plaintiff was entitled to
4   attorney's fees under 15 U.S.C. § 1117(a) ("April 20 Order").
5   (Apr. 20, 2016 Order at 34, 36 (Docket No. 138).)  The court
6   awarded plaintiff $144,715.70 in fees on September 12 ("September
7   12 Order").  (Sept. 12, 2016 Order at 21 (Docket No. 154).)
8            On September 29, defendant filed a declaration stating
9   that it is unable to pay the fees and requesting the court to
10  stay enforcement of the September 12 Order.  (Decl. of Robert
11  McFarland ("McFarland Decl.") ¶ 12 (Docket No. 155).)  According
12  to defendant, "[m]ost of the funds held by the Guild are subject
13  to a preliminary injunction issued in . . . [the underlying]
14  State Court Action."  (Id. ¶ 4.)  Defendant alleges that its
15  other sources of income are held in escrow subject to plaintiff's
16  consent, subject to other injunction, or constitute necessary
17  operating costs.  (Id. ¶¶ 6-8.)  Defendant attaches bank
18  statements showing that the only bank accounts it currently has
19  access to total $814.27 and $1,535.71 respectively.  (Id. Exs. C-
20  E.)  The bank accounts subject to state court preliminary
21  injunction total $2,427,436.15 and $105,385.49.  (Id.)
22           On October 4, plaintiff filed a short statement
23  opposing defendant's request and alleging that "Defendant does
24  have funds available that were not disclosed in Mr. McFarland's
25  Declaration."  (Pl.'s Resp. (Docket No. 157).)  The next day, the
26  clerk of court issued a writ of execution on the September 12
27  Order.  (Docket No. 159.)
28           On October 10, defendant appealed the September 12 and

1  April 20 Orders to the Ninth Circuit.  (Notice of Appeal (Docket
2  No. 160).)
3        Defendant's request for stay is styled as a
4  declaration.  The declaration cites no law.  Because defendant
5  has appealed the April 20 and September 12 Orders to the Ninth
6  Circuit, the standard set forth by the U.S. Supreme Court in Nken
7  v. Holder, 556 U.S. 418 (2009) is appropriate here.
8        Under Nken, a court considers the following factors in
9  deciding whether to grant a stay pending an appeal: "(1) whether
10 the stay applicant has made a strong showing that he is likely to
11 succeed on the merits; (2) whether the applicant will be
12 irreparably injured absent a stay; (3) whether issuance of the
13 stay will substantially injure the other parties interested in
14 the proceeding; and (4) where the public interest lies."  Nken,
15 556 U.S. at 426.  "The first two factors . . . are the most
16 critical.  It is not enough that the chance of success on the
17 merits be 'better than negligible.'"  Id. at 434.  "[T]he stay
18 applicant [must make] a strong showing that he is likely to
19 succeed on the merits."  Lair v. Bullock, 697 F.3d 1200, 1203
20 (9th Cir. 2012).  Additionally, merely "showing some 'possibility
21 of irreparable injury' . . . fails to satisfy the second factor."
22 Nken, 556 U.S. at 434-35.
23       Defendant has not attempted to argue that it will
24 succeed in appealing the April 20 or September 20 Orders.  Its
25 request is based only on its alleged inability to pay.  It has
26 not demonstrated irreparable injury either.  In the event
27 defendant does not pay and plaintiff brings a second contempt
28 motion, defendant will be free to argue inability to pay as a

3

1   defense.  See F.T.C. v. Affordable Media, 179 F.3d 1228, 1239
2   (9th Cir. 1999) ("A party's inability to comply with a judicial
3   order constitutes a defense to a charge of civil contempt.");
4   Cutting v. Van Fleet, 252 F. 100, 102 (9th Cir. 1918) ("[I]n
5   cases of civil contempt for failure to comply with an order to
6   pay money, the defendant may show in defense that he is
7   financially unable to comply.").

8   It is not clear whether issuing a stay would
9   substantially injure plaintiff or whether the public has an
10  interest in issuing a stay.  However, because defendant has not
11  satisfied the two "most critical" factors of Nken, a stay is
12  inappropriate here.

13  IT IS THEREFORE ORDERED that defendant's request to
14  stay the court's September 12, 2016 Order (Docket No. 154) be,
15  and the same hereby is, DENIED.

16  Dated:  October 12, 2016

                                    _____
                                    WILLIAM B. SHUBB
                                    UNITED STATES DISTRICT JUDGE