UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| THE NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDARY,<br><br>    Plaintiff,<br><br>   v.<br><br>CALIFORNIA GUILD, formerly doing business as "California State Grange,"<br><br>    Defendant. | CIV. NO. 2:14-676 WBS DB<br><br><u>ORDER RE: REQUEST TO SEAL</u> |

----oo0oo----

On September 12, 2016, the court issued an order requiring defendant, the California Guild, to pay plaintiff, the National Grange, $144,715.70 in attorneys' fees. (Sept. 12, 2016 Order at 23 (Docket No. 154).) Plaintiff seeks to file a motion to add Robert McFarland, president of defendant, as a judgment debtor to the court's fees order. Defendant has designated 15 of the 17 exhibits plaintiff cites in support of its motion "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS EYES ONLY" pursuant to

1

a stipulated protective order signed by the magistrate judge in this case.  Plaintiff disputes defendant's designations, but has agreed to file its motion to add judgment debtor, a separate motion to remove defendant's designations, and memoranda and exhibits supporting the two motions, under seal.  Plaintiff now, with defendant's support, requests the court to enter an order allowing it to file the aforementioned documents under seal.

While the protective order in this case allows the parties to designate documents as confidential, designating a document confidential does not entitle the parties to file the document under seal.  See E.D. Cal. L.R. 141(a) ("[S]pecific requests to seal must be made even if an existing protective order . . . permits the sealing of the document." (emphasis added)).  Neither does the protective order's 'challenges' provision, which states that confidentiality designations remain in effect while they are being challenged, entitle the parties to play out their designation challenges via sealed documents.  See id.  To file any document under seal, the parties must obtain "written order of the Court" permitting the sealing after they have made "the showing required by applicable law."  Id.  That rule applies even where a prior protective order permits the designation of documents as confidential.  See id.

The Ninth Circuit has held that a party seeking to seal a judicial record bears the burden of overcoming "a strong presumption in favor of [public] access."  Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).  The party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and

2

the public policies favoring disclosure, such as the public interest in understanding the judicial process." Id. at 1178-79 (citation omitted).  In deciding a motion to seal, the court "balance[s] the competing interests of the public and the party who seeks to keep certain judicial records secret." Id. at 1179.

Neither plaintiff nor defendant has offered any "compelling reasons" for sealing the documents at issue here. The exhibits at issue are a deposition transcript, meeting minutes, emails, budget spreadsheets, tax returns, bank statements, and photocopies of checks.  Save for intermittent mentions of private bank account numbers, which the parties may redact pursuant to Local Rule 140(a)(ii), the exhibits do not appear to contain any sensitive business information.  That defendant designated the exhibits confidential pursuant to a stipulated protective order is not itself a compelling reason to seal the exhibits.  See Foster Poultry Farms, Inc. v. Certain Underwriters at Lloyd's, London, No. CIV. 1:14-00953 WBS, 2015 WL 5608241, at *1 (E.D. Cal. Sept. 23, 2015) ("[A] confidentiality agreement between the parties does not per se constitute a compelling reason to seal documents outweighing the interests of public disclosure and access.  The fact that the assigned magistrate judge signed the stipulated protective order does not change this principle."); Starbucks Corp. v. Amcor Packaging Distribution, No. CV 2:13-1754 WBS CKD, 2016 WL 1090550, at *2 (E.D. Cal. Mar. 21, 2016) (same).

The court is also unable to find anything in plaintiff's motions or their accompanying memoranda that appear to implicate any "compelling" privacy concerns.

3

        Because the parties have not offered any "compelling reasons" to grant plaintiff's request to seal, the court will deny plaintiff's request.  If the parties are concerned about disclosure of bank account numbers, plaintiff may resubmit its request specifically asking that it be allowed to redact such information from its exhibits.

        IT IS THEREFORE ORDERED that plaintiff's request to seal be, and the same hereby is, DENIED.

Dated:  January 24, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4