1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11                          ----oo0oo----

12   NATIONAL GRANGE OF THE ORDER        CIV. NO. 2:14-676 WBS DB
     OF PATRONS OF HUSBANDRY,
13                                       ORDER RE: MOTION FOR ASSIGNMENT
              Plaintiff,                 ORDER
14
          v.
15
     CALIFORNIA GUILD, formerly
16   doing business as "California
     State Grange,"
17
              Defendant.
18

19

20                          ----oo0oo----

21          On September 12, 2016, the court ordered defendant

22   California Guild ("Guild") to pay plaintiff National Grange of

23   the Order of Patrons of Husbandry $144,715.70 in attorneys' fees

24   ("fees order").  (Sept. 12, 2016 Order (Docket No. 154).)

25   Plaintiff now moves for an order assigning it the right to

26   collect payments due to defendant from its local chapters to

27   satisfy the court's fees order.  (Pl.'s Mot. (Docket No. 178.)

28          Plaintiff brought this action against defendant for

                                 1

trademark infringement, false designation of origin, and unfair

competition under the Lanham Act.  (Compl. (Docket No. 1).)  The

court granted summary judgment to plaintiff on July 14, 2015,

(July 14, 2015 Order (Docket No. 60)), and enjoined defendant

"from using marks containing the word 'Grange'" on September 29,

2015 ("September 2015 order"), (Sept. 29, 2015 Order (Docket No.

85)).

On April 20, 2016, the court found defendant in

"deliberate and willful" violation of the September 2015 order

("April 2016 order").  (Apr. 20, 2016 Order (Docket No. 138).)

Pursuant to 15 U.S.C. § 1117(a), the court awarded plaintiff

attorneys' fees incurred from various motions and affidavits it

had filed for the purpose of enforcing the September 2015 order.

(See id. at 38-39.)

On September 12, 2016, the court determined the amount

of fees awarded under the April 2016 order to be $144,715.70.

(Sept. 12, 2016 Order at 23.)  The court ordered defendant to pay

plaintiff the fees awarded and "file an affidavit with the court

confirming payment within fourteen (14) business days."  (Id.)

On September 19, 2016, defendant filed a declaration

stating that it "is unable to comply with the [court's] Fee[s]

Order" because "[m]ost of the funds [it holds] are subject to a

preliminary injunction issued in [a] State Court Action" the

parties are involved in.  (Decl. of Robert McFarland ("McFarland

Decl.") ¶¶ 2, 4 (Docket No. 155).)  Plaintiff claims, and

defendant does not dispute, that defendant has not paid any

portion of the court's fees order to date.  (Pl.'s Mot., Mem.

("Pl.'s Mem.") at 4 (Docket No. 178-1); McFarland Decl. ¶ 2.)

2

1    Plaintiff now moves for an order assigning it the right

2    to collect "all payments due or to become due to defendant" from

3    eighty-three of its local chapters to satisfy the court's fees

4    order.  (Pl.'s Mot. at 1.)

5    Federal Rule of Civil Procedure 69(a)(1) provides that

6    proceedings in aid of judgment or execution must comply with the

7    law of the state where the court is located.  Fed. R. Civ. P.

8    69(a)(1); Credit Suisse v. U.S. District Court, 130 F.3d 1342,

9    1344 (9th Cir. 1997).  Under California Civil Procedure Code

10   section 708.510 ("section 708.510"), "the court may order the

11   judgment debtor to assign to the judgment creditor . . . all or

12   part of a right to payment due or to become due, whether or not

13   the right is conditioned on future developments . . . ."  Cal.

14   Civ. Proc. Code § 708.510(a); Peterson v. Islamic Republic of

15   Iran, 627 F.3d 1117, 1130-31 (9th Cir. 2010).

16   In considering whether to issue an assignment order

17   under section 708.510, the court "may take into consideration all

18   relevant factors," including "the reasonable requirements of the

19   judgment debtor who is a natural person," other "[p]ayments the

20   judgment debtor is required to make," "the amount remaining due

21   on the money judgment," and "[t]he amount being received or to be

22   received in satisfaction of the right to payment that may be

23   assigned."  Cal. Civ. Proc. Code § 708.510(c); Choice Hotels,

24   Int'l, Inc. v. Dostel Corp., M.C. No. 2:11-45 WBS GGH, 2013 WL

25   1324280, at *1 (E.D. Cal. Apr. 2, 2013).  While a motion for an

26   assignment order does not demand "[d]etailed evidentiary

27   support," Choice Hotels, 2013 WL 1324280, at *1, a judgment

28   creditor must describe the source of the right to payment with

3

1   "some degree of concreteness," <u>Icho v. PacketSwitch.com, Inc.</u>,

2   Civ. No. 01-20858 LHK PSG, 2012 WL 4343834, at *2 (N.D. Cal.

3   Sept.21, 2012).

4           Plaintiff identifies two types of payments made by

5   defendant's local chapters to defendant: (1) membership dues, and

6   (2) loan payments.  (Pl.'s Mem. at 1.)

7           With respect to membership dues, plaintiff represents

8   that local chapters paid dues to defendant in 2016 and "are

9   expected to continue to pay dues to [defendant]" going forward.

10  (Decl. of Holly Lance ("Lance Decl.") ¶¶ 3-4 (Docket No. 178-2).)

11  Defendant does not dispute that it received dues in 2016 and will

12  continue to receive dues going forward.  (<u>See</u> McFarland Decl. ¶¶

13  5, 8 (stating that defendant received "$14,259.64 in membership

14  dues" for the previous quarter and referring to dues as a

15  "continuing source[] of income" for defendant).)  Defendant's

16  bylaws confirm that the dues defendant receives are paid by local

17  chapters.  (<u>See</u> Pl.'s Reply Ex. A, Cal. Guild Bylaws ¶ 10.3

18  (Docket No. 181-1).)  The dues paid by defendant's local chapters

19  to defendant are a sufficiently concrete source of payment to

20  justify an assignment order.

21          With respect to loan payments, plaintiff represents

22  that four of the eighty-three local chapters listed in its Motion

23  "are making regular loan payments to [defendant]."  (Lance Decl.

24  ¶ 5.)  Defendant does not dispute that it received loan payments

25  from local chapters in 2016, (<u>see</u> McFarland Decl. ¶ 7), but

26  opposes the assignment of future loan payments on grounds that

27  there is currently a preliminary injunction in the parties' state

28  court action requiring that such payments be "paid into escrow,"

4

1 (see Def.'s Opp'n at 2 (Docket No. 180)).

2          Plaintiff correctly notes, however, that the state

3 court injunction is limited to payments made pursuant to loans

4 that originated on or prior to April 5, 2013, when the parties

5 split off from each other.  (See Pl.'s Reply at 2-3 (Docket No.

6 181); Def.'s Opp'n Ex. 1, State Ct. Prelim. Inj. Order at 1-2

7 (Docket No. 180).[1])  Plaintiff has provided copies of promissory

8 notes indicating that defendant made loans to local chapters

9 after April 5, 2013.  (See Pl.'s Reply Ex. B, Promissory Notes

10 (Docket No. 181-1).)  Plaintiff only seeks assignment of payments

11 made pursuant to post-April 5, 2013 loans.  (Pl.'s Reply at 2.)

12 Because defendant has provided no evidence indicating that

13 payments made pursuant to post-April 5, 2013 loans are subject to

14 any encumbrance, the court finds that such payments are also

15 sufficiently concrete to justify an assignment order.

16          The factors set forth in section 708.510(c) indicate

17 that an assignment order is proper here.  Defendant has not paid

18 any part of the court's $144,715.70 fees order to date and has

19 not alerted the court to any judgments or assignments, save the

20 state court injunction discussed above, that it is required to

21 satisfy.

22          Defendant states in its Supplemental Opposition that

23 assigning payments from its local chapters to plaintiff will put

24

25          [1]   The court hereby takes judicial notice of the state
court's preliminary injunction order pursuant to Federal Rule of
26 Evidence 201.  See U.S. ex rel. Robinson Rancheria Citizens
Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992)
27 (Federal courts "may take notice of proceedings in other courts,
both within and without the federal judicial system, if those
28 proceedings have a direct relation to matters at issue.").

1    it out of operation.  (Def.'s Supplemental Opp'n at 2 (Docket No.

2    188).)  That the court's assignment order may put defendant out

3    of operation, however, is not in itself an adequate reason to

4    deny plaintiff's Motion.  See Telecom Asset Mgmt., LLC v.

5    FiberLight, LLC, No. 14-CV-00728-SI, 2016 WL 7188008, at *4 (N.D.

6    Cal. Dec. 12, 2016) (granting section 708.510 motion despite

7    potential that assignment of payments "will . . . impair the

8    [debtor] company's ability to manage ongoing operations");

9    Innovation Ventures, LLC v. N2G Distrib., Inc., No. SACV 12-717

10   ABC (EX), 2014 WL 10384606, at *5 (C.D. Cal. May 1, 2014)

11   (granting section 708.510 motion despite debtor's representation

12   that assignment of payments will "drive [him] out of business"

13   and "extinguish[]" such payments).

14        Defendant also suggests in its Supplemental Opposition

15   that its nonprofit status should somehow exempt it from section

16   708.510's reach.  (See Def.'s Supplemental Opp'n at 3.)  While

17   the court is not aware of a case that has directly addressed

18   section 708.510 in the context of nonprofit organizations,

19   nothing in section 708.510, or any authority that the court has

20   found, exempts nonprofit organizations from section 708.510's

21   reach.

22        Because other factors set forth in section 708.510(c)

23   justify an assignment order here, and because the membership dues

24   and payments made pursuant to post-April 5, 2013 loans discussed

25   in this Order are sufficiently concrete sources of payment, the

26   court will grant plaintiff's Motion with respect to membership

27   dues and payments made pursuant to post-April 5, 2013 loans.  The

28   court will deny plaintiff's Motion to the extent it seeks

1  assignment of other payments local chapters may owe to defendant,

2  which plaintiff did not specifically address in its Motion.  See

3  UMG Recordings, Inc. v. BCD Music Grp., Inc., No. CV07-05808 SJO

4  FFMX, 2009 WL 2213678, at *2 (C.D. Cal. July 9, 2009) (noting

5  that "failure to identify . . . specific assets" may be grounds

6  for denial of assignment).

7        IT IS THEREFORE ORDERED that plaintiff's Motion for an

8  assignment order be, and the same hereby is, GRANTED IN PART as

9  follows:

10     (1)   All membership dues due to defendant now or in the

11           future from the local chapters listed on pages one

12           through four of plaintiff's Motion (Docket No. 178) are

13           hereby assigned to plaintiff to the extent necessary to

14           satisfy the court's fees order (Docket No. 154).

15     (2)   All payments due to defendant now or in the future

16           pursuant to loans defendant made after April 5, 2013 to

17           the local chapters listed on pages one through four of

18           plaintiff's Motion are hereby assigned to plaintiff to

19           the extent necessary to satisfy the court's fees order.

20     (3)   Defendant is hereby enjoined from assigning or

21           otherwise disposing of the payments discussed in (1)

22           and (2) to any other person or entity until it has

23           satisfied the court's fees order.

24     (4)   Plaintiff's Motion is DENIED in all other respects.

25     (5)   Counsel for plaintiff shall serve a copy of this Order

26           on the local chapters listed on pages one through four

27           of plaintiff's Motion.

28

1   Dated:   March 9, 2017

2   WILLIAM B. SHUBB
    UNITED STATES DISTRICT JUDGE

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28