UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA GUILD, formerly doing business as "California State Grange,"<br><br>　　　　Defendant. | CIV. NO. 2:14-676 WBS DB<br><br>ORDER RE: COSTS |

----oo0oo----

On September 12, 2016, the court ordered defendant to pay plaintiff $144,715.70 in attorneys' fees for willfully violating the court's September 30, 2015 order requiring that it cease using the "Grange" trademark ("September 2016 order"). (See Sept. 12, 2016 Order at 22-23 (Docket No. 154).) The court ordered defendant to "file an affidavit with the court confirming [such] payment within fourteen (14) business days." (Id. at 23.) On September 29, 2016, defendant filed an affidavit with the

court stating that it was "unable to comply" with the September 2016 order due to financial problems. (See Decl. of Robert McFarland ¶ 12 (Docket No. 155).)

Plaintiff subsequently undertook various efforts to enforce the September 2016 order, including applying for a writ of execution, requesting issuance of an abstract of judgment, and filing motions to add defendant's president as a judgment debtor to and for an order assigning defendant's membership payments toward satisfaction of the September 2016 order. (See Docket Nos. 156, 169, 176, 178.)

On March 9, 2017, the court granted plaintiff's motion for an order assigning defendant's membership payments toward satisfaction of the September 2016 order. (Mar. 9, 2017 Order at 7-8 (Docket No. 189).) On March 27, 2017, defendant provided plaintiff with a cashier's check of $145,466.82.[1] (Decl. of Mark

---

[1] Defendant requests that the court note in this Order that its payment of $145,466.82 to plaintiff on March 27, 2017 "fully satisfied the September 12, 2016 judgment," (Def.'s Reply at 9 (Docket No. 210)), which plaintiff refuses to acknowledge, (see Acknowledgment of Partial Satisfaction of Judgment (Docket No. 196)). The issue raised in that request appears to be whether the enforcement costs plaintiff now seeks and which, as explained below, the court will grant, are to be treated, along with the September 2016 order, as one judgment, or constitute a separate judgment apart from the September 2016 order. California law appears to be clear on this point. Under California Civil Procedure Code section 685.090(a), "[c]osts are added to and become a part of the judgment . . . [u]pon the filing of an order allowing the costs." Cal. Civ. Proc. Code § 685.090(a); see also Lucky United Properties Investments, Inc. v. Lee, 213 Cal. App. 4th 635, 651 (1st Dist. 2013) ("[A]wards of fees and costs incurred in postjudgment enforcement efforts are incorporated into the principal amount of the judgment."). Because the costs awarded in this Order are added to the September 2016 judgment, and because defendant has yet to pay the costs awarded in this Order, the court will not state in this Order that defendant has satisfied the September 2016 judgment.

2

| | |
|---|---|
| 1 | Serlin ("Serlin Decl.") ¶ 4 (Docket No. 204-1).) |
| 2 | Before the court now is plaintiff's Memorandum of |
| 3 | costs, which requests that the court tax the following costs |
| 4 | plaintiff incurred from enforcing the September 2016 order to |
| 5 | defendant: (1) $78 for recording and indexing an abstract of |
| 6 | judgment, (2) $10 for filing a notice of judgment lien on |
| 7 | property belonging to defendant, (3) $195 in levying officer |
| 8 | fees, and (4) $50,000 in attorneys' fees. (Pl.'s Mem. of Costs |
| 9 | (Docket No. 193).) |
| 10 | Defendant does not object to plaintiff's request for |
| 11 | abstract of judgment, judgment lien, and levying officer costs, |
| 12 | which total $283 here. It does object to, and has filed a Motion |
| 13 | requesting denial of, plaintiff's request for attorneys' fees. |
| 14 | (See Def.'s Mot. to Deny Pl.'s Req. for Attorneys' Fees (Docket |
| 15 | No. 194).) Defendant argued in its Motion that plaintiff's |
| 16 | request for attorneys' fees should be denied "in its entirety." |
| 17 | (Def.'s Mot. to Deny Pl.'s Req. for Attorneys' Fees, Mem. |
| 18 | ("Def.'s Mem.") at 6 (Docket No. 194-1).) At oral argument, |
| 19 | however, defendant abandoned that position and represented that |
| 20 | it was only challenging plaintiff's request for attorneys' fees |
| 21 | as to the amount sought. |
| 22 | In determining whether the costs sought in plaintiff's |
| 23 | Memorandum may be taxed to defendant, the court must look to |
| 24 | Federal Rule of Civil Procedure 69(a), which governs "proceedings |
| 25 | supplementary to and in aid of" enforcing money judgments in |
| 26 | federal courts. See Fed. R. Civ. P. 69(a); Yeager v. Bowlin, No. |
| 27 | CIV. 2:08-102 WBS, 2015 WL 3795585, at *1 (E.D. Cal. June 17, |
| 28 | 2015). Rule 69(a) directs the court to apply California |

procedural law in such proceedings, unless there is a federal statute that would apply. See Fed. R. Civ. P. 69(a). Because no federal statute applies to plaintiff's request to tax the costs stated in its Memorandum of costs to defendant, see Carnes v. Zamani, 488 F.3d 1057, 1060 (9th Cir. 2007), the court must apply California procedural law in resolving plaintiff's request.

Relevant to plaintiff's request to tax abstract of judgment, judgment lien, and levying officer costs to defendant is California Civil Procedure Code section 685.070 ("section 685.070"). Section 685.070 permits a judgment creditor to tax abstract of judgment, judgment lien, and levying officer costs to a judgment debtor who does not object to such costs. See Cal. Civ. Proc. Code § 685.070(a)(1)-(2), (4); id. § 685.070(c)-(d). Here, defendant has not objected to plaintiff's abstract of judgment, judgment lien, and levying officer costs. Accordingly, the court will tax such costs to defendant.

Relevant to plaintiff's request to tax attorneys' fees to defendant is California Civil Procedure Code section 685.040 ("section 685.040"). Section 685.040 permits a judgment creditor "to recover postjudgment attorneys' fees . . . incurred in enforcing [an] underlying judgment" from the judgment debtor, PSM Holding Corp. v. Nat'l Farm Fin. Corp., No. CV 05-08891 MMM (FMOx), 2015 WL 11652518, at *3 (C.D. Cal. May 19, 2015) (paraphrasing Cal. Civ. Proc. Code § 685.040), where such fees are "otherwise provided by law," Cal. Civ. Proc. Code § 685.040. While plaintiff does not cite a provision of law other than section 685.040 that purports to authorize the attorneys' fees it requests here, plaintiff appears to suggest in its Opposition to

4

defendant's Motion that 15 U.S.C. § 1117(a) ("section 1117(a)"), the statute pursuant to which the court issued the September 2016 order, authorizes its requested fees. (See Pl.'s Opp'n at 3 (arguing that a "right to collect attorneys' fees [incurred from post-judgment enforcement activities] exists when the [underlying] award is made pursuant to a federal statute") (Docket No. 204).)

Section 1117(a) provides that a court "may award reasonable attorney fees to the prevailing party" in "exceptional cases" of trademark infringement. 15 U.S.C. § 1117(a). The court has already found that plaintiff is the prevailing party in this case and this case is an "exceptional case" of trademark infringement under section 1117(a). (See Apr. 20, 2016 Order at 32, 36 (Docket No. 138).) Defendant does not dispute that section 1117(a) authorizes prevailing parties to collect attorneys' fees incurred from post-judgment enforcement activities.[2] Accordingly, the court will read section 1117(a) to authorize plaintiff to collect attorneys' fees it reasonably incurred from enforcing the September 2016 order.

Having determined that section 1117(a) authorizes plaintiff to recover attorneys' fees it reasonably incurred from enforcing the September 2016 order, the court next examines whether the attorneys' fees plaintiff requests here are reasonable. In determining whether plaintiff's requested

---

[2] Defendant disputed whether section 1117(a) authorizes prevailing parties to collect attorneys' fees incurred from post-judgment enforcement activities in its Motion. (See Def.'s Mem. at 5.) However, defendant waived that argument when it conceded at oral argument that plaintiff was entitled to attorneys' fees incurred from post-judgment enforcement activities here.

5

attorneys' fees are reasonable, the court looks to the lodestar method, see Partners for Health & Home, L.P. v. Seung Wee Yang, 488 B.R. 431, 438 (C.D. Cal. 2012), which determines reasonable fees by multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate," Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

Plaintiff requests, in his Memorandum of costs, $50,000 in attorneys' fees. In support of that request, plaintiff has submitted billing records from the firm of Smith, Gambrell, & Russell, LLP ("SGR"), its out-of-state counsel, showing that SGR attorneys James Bikoff, Bruce McDonald, and Holly Lance billed 161.6 hours on activities related to enforcing the September 2016 order. (See Decl. of Holly Lance Ex. A, SGR Billing Records (Docket No. 204-2).) Plaintiff suggests that such hours should be multiplied by the following rates: $550 for Bikoff, $450 for McDonald, and $360 for Lance.[3] (See id. at 1, 6, 18.) Plaintiff has also submitted billing records from Mark Serlin, its local counsel, showing that Serlin billed 10.3 hours on activities related to enforcing the September 2016 order. (See Serlin Decl. Ex. D, Serlin Billing Records (Docket No. 204-1).) Plaintiff suggests that Serlin's hours should be billed at the rate of $380 per hour. (See id.)

The product of the hours and rates submitted by plaintiff for SGR attorneys is $73,754, (SGR Billing Records at 21), and the product of the hours and rate submitted by plaintiff

---

[3] The September 2016 order approved the following rates: $530 for Bikoff, $450 for McDonald, and $330 for Lance. (Sept. 12, 2016 Order at 21.)

for Serlin is $3,914, (Serlin Billing Records at 4). In total, plaintiff's billing records indicate that plaintiff's attorneys billed $77,668 in enforcing the September 2016 order. Plaintiff seeks only $50,000 of that amount in its Memorandum of costs.

Defendant does not dispute the hourly rate plaintiff submitted for Serlin. (See Def.'s Reply at 9 ("Mr. Serlin should be paid in full, $3,914.") (Docket No. 210).) Defendant does dispute the hourly rates plaintiff submitted for SGR attorneys on grounds that SGR attorneys should not be paid at rates higher than Serlin's rate for performing the same "collection work" that Serlin performed in enforcing the September 2016 order. (Id. at 7.) Defendant contends that rates of $380 for Bikoff, $380 for McDonald, and $250 for Lance are more appropriate here. (Id.)

Having considered the type of work Bikoff, McDonald, and Lance performed in enforcing the September 2016 order, the court finds that hourly rates of $380 for each of them are appropriate here. See O'Neill, Lysaght & Sun v. Drug Enf't Admin., 951 F. Supp. 1413, 1426 (C.D. Cal. 1996) (noting that courts should consider the "complexity of the issues presented" and "level of skill required" in determining reasonable attorneys' fees). The work Bikoff, McDonald, and Lance performed in enforcing the September 2016 order did not require a level of skill different from the level of skill required of Serlin in enforcing the September 2016 order. Both parties agree that $380 per hour is a reasonable rate for Serlin, and neither party has offered the court sufficient explanation for why Bikoff, McDonald, and Lance should be paid at different rates than Serlin with respect to the hours sought here.

7

With respect to the number of hours sought, defendant contends that a number of entries provided in plaintiff's billing records appear to have resulted from "excessive" attorney conferences, activities that "do not appear related to enforcement efforts," and activities that result from "inefficient and duplicative billing." (Def.'s Reply at 8-9.) Defendant flagged such entries for the court to examine. (See Decl. of Mark Ellis Ex. J, SGR Billing Records - Annotated (Docket No. 210-1).) The court has examined the entries flagged by defendant, and cannot conclude, from their face, that they are, as defendant represents, the result of "inefficient," "excessive," or irrelevant activity. Defendant does not state, in any level of useful specificity, why the flagged entries are deficient. In the absence more specific explanation as to why the flagged entries are deficient, and in light of the Ninth Circuit's admonition that "the court . . . defer to the winning [counsel's] professional judgment as to how much time . . . to spend on the case," Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008), the court will not strike the entries defendant flagged for "inefficient," "excessive," or irrelevant activity.

Defendant also flagged a number of plaintiff's entries for block billing. (See Def.'s Reply at 8-9.) Having reviewed those entries, the court disagrees with defendant's contention that such entries are impermissibly vague as to the tasks they account for. The entries describe the tasks they account for with sufficient specificity to allow the court to identify the general subject matter of such tasks and assess whether

plaintiff's counsel expended a reasonable number of hours on such tasks. Accordingly, the court will not apply a reduction with respect to such entries. See Willis v. City of Fresno, No. 1:09-CV-01766 BAM, 2014 WL 3563310, at *17 (E.D. Cal. July 17, 2014) (billing entries need "only identify the general subject matter of . . . time expenditures"); Deocampo v. Potts, No. CIV. 2:06-1283 WBS, 2014 WL 788429, at *4 (E.D. Cal. Feb. 25, 2014) (courts "retain[] discretion not to reduce hours that are purportedly block billed if those time entries are detailed enough for the court to assess the reasonableness of the hours billed").

Defendant lastly contends that entries for work performed on plaintiff's motion to add defendant's president as a judgment debtor to the September 2016 order, which the court denied, should be stricken because plaintiff was not the prevailing party on that motion. (See Def.'s Reply at 9.) The court agrees with defendant, see Hensley, 461 U.S. at 440 (noting that courts may exclude "hours spent on . . . unsuccessful claim[s]" in determining reasonable attorneys' fees), and will strike the entries defendant marked as being relevant to that motion from plaintiff's billing records.

Taking into account the adjustments discussed above, the court determines the lodestar figure for the hours claimed in plaintiff's billing records to be as follows:

| | |
|---|---:|
| Bikoff: (57.7 - 2.8) x $380 = | $20,862.00 |
| McDonald: (53.5 - 9.4) x $380 = | $16,758.00 |
| Lance: 50.4 x $380 = | $19,152.00 |
| Serlin: 10.3 x $380 = | $3,914.00 |
| | $60,686.00 |

9

Because the lodestar figure for the hours claimed in plaintiff's billing records exceeds $50,000 after taking into account the adjustments discussed above, the court will award plaintiff the full $50,000 it requests in its Memorandum of costs.

IT IS THEREFORE ORDERED that the following costs submitted by plaintiff in its Memorandum of costs (Docket No. 193) be, and the same hereby are, TAXED to defendant:

(1) $78 for recording and indexing an abstract of judgment,
(2) $10 for filing a notice of judgment lien on property belonging to defendant,
(3) $195 in levying officer fees, and
(4) $50,000 in attorneys' fees.

Defendant's Motion to deny plaintiff's request for attorneys' fees is hereby DENIED.

Dated: May 18, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE