# EXHIBIT 1

**Check Dated March 8, 2017, for $150,000.00, from**
**Heartland Foundation to Ellis Law Group LLP**



HEARTLAND FOUNDATION
347 N MAIN ST
YREKA, CA 96097

1019

3-8-17 Date

Pay to the Order of ELLIS LAW GROUP LLP | $ 150,000.00

ONE HUNDRED + FIFTY THOUSAND + NO/100 — Dollars

Money Market

BANNER BANK 1-800-272-0933
www.bannerbank.com

For RE: Note

⑈323371076⑈ 56510001196⑈ 1019

Check: 1019 Amount: $150,000.00 Date: 3/10/2017
Run: 1566, Batch: 2, Seq: 44, Source: 582BC001

**Cashier's Check Dated March 24, 2017, for $145,466.82, from**
**Ellis Law Group LLP to National Grange, in the amount of $145,466.82**

WALLA WALLA, WA 99362
(800) 272-9933

BANNER BANK

REMITTER: ELLIS LAW GROUP LLP

Date 3/24/17

PAY TO THE ORDER OF NATIONAL GRANGE

$ *****145,466.82

EXACTLY **145,466 AND 82/100 DOLLARS

CASHIER'S CHECK

716712

THE PURCHASE OF AN INDEMNITY BOND WILL BE REQUIRED BEFORE ANY
CASHIER'S CHECK OF THIS BANK WILL BE REPLACED OR REFUNDED IN THE
EVENT IT IS LOST, MISPLACED, OR STOLEN.

AUTHORIZED SIGNATURE

⑈716712⑈ ⑈323371076⑈ 010045002 1⑈

# EXHIBIT 2

# ELLIS LAW GROUP LLP

740 University Avenue, Suite 100, Sacramento, California 95825
Phone: 916-283-8820    Fax: 916-283-8821    Web: www.ellislawgrp.com
e-mail: dcastro@ellislawgrp.com

August 17, 2017

*Via Facsimile*

Ashley Sargeant
Banner Bank
Legal Orders Department
Tel.: 509.434.3868

> RE: **Deposition Subpoena for Production of Business Records to: Banner Bank**
> **Case:** *California State Grange v. California Grange Foundation*
> **Case No.:** 34-2016-00192665
> **Work Order:** 74795-01

Dear Ms. Sargeant:

I represent the Heartland Foundation, erroneously sued as California Grange Foundation, in the above referenced matter. I am in receipt of correspondence you directed to the Heartland Foundation (hereafter "Foundation") dated August 11, 2017. I am also in receipt of the civil subpoena referenced above and issued to the Foundation's banking institution, Banner Bank.

Please be advised that a dispute has arisen between the parties as to the propriety and/or scope of the subpoena. I am instructing you not to execute this subpoena until further notice or by Order of the Superior Court of California, County of Sacramento.

The information requested by the subpoena is clearly afforded qualified protection and it impinges upon the Foundation's right to privacy because the subpoena seeks personal financial records and materials of a private business nature. *Cobb v. Sup. Ct.* (1979) 99 Cal. 3d 543, 550. Note, even if the subpoenaed information is highly relevant to the litigation, disclosure still may not occur. *Cobb, supra,* 99 Cal.3d at 566. In such instances where information may be highly relevant, the court must carefully balance the subpoenaed information versus the right of privacy before authorizing disclosure. *Britt v. Sup. Ct.* (1978) 20 Cal.3d 844, 855-856.

Even further, the subpoena also seeks information outside the scope of discovery and makes unreasonable or oppressive demands for information. *See* Code Civ. Proc. § 1987.1(a); Sink, *Subpoena Handbook,* § 11.5[A]; *see, e.g., McClatchy Newspapers v. Sup. Ct.* (1945) 26 Cal.2d 386, 391.

On another note, you specifically advise that you will comply with the subpoena on August 22, 2017. Compliance with the subpoena on August 22, 2017 is inappropriate in light of this objection and the fact that the date of production evidenced on the subpoena is August 24, 2017. The Foundation anticipates filing and serving a Motion to Quash the subpoena in question. Do not comply until further notice or by Order of the court.

Thank you for your courtesy and cooperation regarding this matter. If you have any other questions or concerns, please call or reply.

Kindest Regards,

David E. Castro

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 2. p. 1 of 3

cc: Castle Copy Service
P.O. Box 3010
Rocklin, CA 95677
Tel.: 888.739.2279
Fax: 888.797.4849
Castle Copy Work Order: 74795-01

Jeffrey D. Skinner
Attorneys for California State Grange and Ed Komski
Schiff Hardin, LLP
901 K Street NW, Suite 700
Washington, DC 20001
Tel.: 202.778.6400
Fax: 202.778.6460

# ELLIS LAW GROUP LLP

740 University Avenue, Suite 100, Sacramento, California 95825
Phone: 916-283-8820    Fax: 916-283-8821    Web: www.ellislawgrp.com
e-mail: dcastro@ellislawgrp.com

August 17, 2017

*Via Facsimile*

Castle Copy Service
P.O. Box 3010
Rocklin, CA 95677
Tel.: 888.739.2279
Fax: 888.797.4849

> **RE:** **Deposition Subpoena for Production of Business Records to: Banner Bank**
> **Case:** *California State Grange v. California Grange Foundation*
> **Case No.:** **34-2016-00192665**
> **Work Order:** **74795-01**

To Whom It May Concern:

I represent the Defendant Heartland Foundation, erroneously sued as California Grange Foundation, in the above referenced matter. Please take notice that this letter requests you suspend execution of the subpoena received for processing from Plaintiff California State Grange. As evidenced by the attached correspondence directed to the witness, I object to the subpoena to the extent that it infringes on my client's right to privacy, exceeds the permissible scope of discovery, and makes unreasonable or oppressive demands for information. Defendant intends to file a Motion to Quash the subject subpoena.

If appropriate, you will be notified to proceed by court order or if the parties are able to come to an agreement, will receive a subpoena evidencing new or modified language.

Thank you for your courtesy and cooperation regarding this matter. If you have any other questions or concerns, please call or reply.

Kindest Regards,

David E. Castro

cc:

Jeffrey D. Skinner
Attorneys for California State Grange and Ed Komski
Schiff Hardin, LLP
901 K Street NW, Suite 700
Washington, DC 20001
Tel.: 202.778.6400
Fax: 202.778.6460

**Case No. 2:14-CV-00676-WBS-DB**
**Pl's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 2. p. 3 of 3**

# EXHIBIT 3

Mark E. Ellis, State Bar No. 127159
David E. Castro, State Bar No. 298614
ELLIS LAW GROUP, LLP
740 University Avenue, Suite 100
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for Defendant
HEARTLAND FOUNDATION erroneously sued as CALIFORNIA GRANGE FOUNDATION

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SACRAMENTO

| | |
|---|---|
| CALIFORNIA STATE GRANGE, a California nonprofit corporation, and ED KOMSKI,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA GRANGE FOUNDATION, a California nonprofit public benefit corporation, and DOES 1-300,<br><br>Defendants. | Case No.: 34-2016-00192665<br><br>**NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA FOR PRODUCTION OF [PERSONAL] BUSINESS RECORDS**<br><br>Date: September 20, 2017<br>Time: 9:00 a.m.<br>Dept: 54<br>Judge: Hon. Raymond M. Cadei<br><br>*Date Complaint Filed: April 5, 2016*<br>*Trial Date: May 7, 2018* |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on **September 20, 2017, at 9:00 a.m.,** or as soon thereafter as counsel may be heard in Department 54 of the Sacramento County Superior Court, located in the Hall of Justice Building at 813 6th Street, 2nd Floor, Sacramento, California, Defendant HEARTLAND FOUNDATION, erroneously sued as California State Grange, will and hereby does move for an order QUASHING/LIMITING the Deposition Subpoena (Subpoena Duces Tecum) served by plaintiff CALIFORNIA STATE GRANGE on or around August 8, 2017 on Banner Bank for consumer records pertaining to Heartland Foundation, the plaintiff in this action.

This motion is brought pursuant to Code of Civil Procedure § 1985.3, Code of Civil Procedure § 1987.1, and is predicated on the following grounds: (1) the request is overbroad and not reasonably

- 1 -

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH DEPOSITION
SUBPOENA FOR PRODUCTION OF [PERSONAL] BUSINESS RECORDS
**Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 1 of 66**

particularized; (2) the request violates third-party privacy rights including, but not limited to, the privacy rights of the Heartland Foundation and Ellis Law Group, LLP; (3) the request calls for information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence; and (4) the request makes unreasonable and/or oppressive demands for information. *See* Code Civ. Proc. § 1987.1(a); *see, e.g. McClatchy Newspapers v. Sup. Ct.* (1945) 26 Cal.2d 386, 391; and Sink, *Subpoena Handbook*, § 11.5[A].

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of David E. Castro and exhibits attached thereto, the records on file in this case, and any argument by counsel as may be adduced upon hearing.

PLEASE TAKE FURTHER NOTICE that the Court will issue a tentative ruling the day before the scheduled hearing, as follows:

> "Pursuant to Local Rule 1.06 (A) the court will make a tentative ruling on the merits of this matter by 2:00 p.m., the court day before the hearing. The complete text of the tentative rulings for the department may be downloaded off the court's website. If the party does not have online access, they may call the dedicated phone number for the department as referenced in the local telephone directory between the hours of 2:00 p.m. and 4:00 p.m. on the court day before the hearing and receive the tentative ruling. If you do not call the court and the opposing party by 4:00 p.m. the court day before the hearing, no hearing will be held."

Dated: August 23, 2017

ELLIS LAW GROUP, LLP

By _____
David E. Castro
Attorneys for Defendant
HEARTLAND FOUNDATION erroneously sued as
CALIFORNIA GRANGE FOUNDATION

- 2 -

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH DEPOSITION
SUBPOENA FOR PRODUCTION OF [PERSONAL] BUSINESS RECORDS
Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 2 of 66

Mark E. Ellis - 127159
David E. Castro - 298614
Alesya Nalbandyan - 309307
ELLIS LAW GROUP, LLP
740 University Avenue, Suite 100
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for Defendant
HEARTLAND FOUNDATION erroneously sued as CALIFORNIA GRANGE FOUNDATION

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

| | |
|---|---|
| CALIFORNIA STATE GRANGE, a California nonprofit corporation, and ED KOMSKI, <br><br> Plaintiffs, <br><br> v. <br><br> CALIFORNIA GRANGE FOUNDATION, a California nonprofit public benefit corporation, and DOES 1-300, <br><br> Defendants. | Case No.: 34-2016-00192665 <br><br> **DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH DEPOSITION SUBPOENA FOR PRODUCTION OF [PERSONAL] BUSINESS RECORDS** <br><br> Date: September 20, 2017 <br> Time: 9:00 a.m. <br> Dept: 54 <br> Judge: Hon. Raymond M. Cadei <br><br> *Date Complaint Filed: April 5, 2016* <br> *Trial Date: May 7, 2018* |

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH DEPOSITION
SUBPOENA FOR PRODUCTION OF [PERSONAL] BUSINESS RECORDS
**Case No. 2:14-CV-00676-WBS-DB**
**PI's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 3, p. 3 of 66**

# TABLE OF CONTENTS

I.  INTRODUCTION ...................................................................................................................1

II. ARGUMENT .......................................................................................................................2

    A.  THIS COURT SHOULD QUASH OR MODIFY THE SUBPOENA ...................................2

    B.  GROUNDS EXIST FOR QUASHING THE SUBPOENA ................................................3

        1.  The Subpoena Requests Information in Violation of Third-Party Privacy Rights ...............3

            a)  The Purpose of the Information Sought .........................................4

            b)  The Effect the Disclosure Will Have on the Parties and on Trial ...........................5

            c)  The Nature of the Objections Urged by Party Resisting Discovery.........................5

            d)  Ability of the Court to Make an Alternative Order .................................6

        2.  The Requests Are Overbroad and Not Reasonably Particularized .........................................7

        3.  The Requests Call for Irrelevant Matters Not Reasonably Calculated to Lead to Discovery of Admissible Evidence...........................................................................11

        4.  The Requests Make Unreasonable and/or Oppressive Demands for Information................12

        5.  The Subpoena Implicates the Attorney-Client Privilege and the Broader Duty of Confidentiality ...........................................................................14

            a)  Attorney-Client Privilege ...........................................................14

            b)  Work Product...........................................................................14

III. CONCLUSION .................................................................................................................15

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH DEPOSITION
SUBPOENA FOR PRODUCTION OF [PERSONAL] BUSINESS RECORDS

**Case No. 2:14-CV-00676-WBS-DB**
**Pl's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 3, p. 4 of 66**

# TABLE OF AUTHORITIES

## Cases

*2,022 Ranch, LLC v. Superior Court* (4th Dist. 2003) 113 Cal.App.4th 1377 .................................14, 15

*Aetna Casualty & Surety Company v. Superior Court* (1st Dist. 1984) 153 Cal.App.3d 467 ...............15

*BP Alaska Exploration, Inc. v. Superior Court* (5th Dist. 1988) 199 Cal.App.3d 1240 ......................15

*Britt v. Super. Ct.* (1978) 20 Cal.3d 844 ......................................................................................5

*Calcor Space Facility, Inc. v. Superior Court* (4th Dist. 1997) 53 Cal. App. 4th 216 ...........................7

*Costco Wholesale Corp. v. Superior Court* (2009) 47 Cal.4th 725 ....................................................14

*Greyhound Corp. v. Superior Court* (1961) 56 Cal.2d 355 .................................................................4

*Griswold v. Connecticut* (1965) 381 U.S. 479 ...................................................................................5

*Hill v. National Collegiate Athletic Assn.* (1994) 7 Cal.4th 1, 15 .....................................................5, 6

*Johnson v. Superior Court* (2000) 80 Cal.App.4th 1050 ......................................................................4

*Juarez v. Boy Scouts of Am., Inc.* (2000) 81 Cal.App.4th 377 .............................................................5

*Lantz v. Superior Court* (1994) 28 Cal.App.4th 1839 .......................................................................4, 5

*McClatchy Newspapers v. Superior Court* (1945) Cal.2d 386 ...........................................................12

*Mead Reinsurance Co. v. Superior Ct.* (4th Dist. 1986) 188 Cal.App.3d 313 ......................................12

*Meza v. H. Muehlstein & Co.* (2d Dist. 2009) 176 Cal.App.4th 969 .....................................................15

*Planned Parenthood Golden Gate v. Superior Court* (2000) 83 Cal.App.4th 347 ..................................4

*Save Open Space Santa Monica Mountains v. Superior Court* (2008) 84 Cal.App.4th 235 ....................5

*Schnabel v. Superior Court* (1993) 5 Cal.4th 704 ...............................................................................4

*Slagle v. Superior Court* (1989) 211 Cal.App.3d 1309 ......................................................................12

*U.S. v. Nobles* (1975) 422 U.S. 225 ...............................................................................................14

*Valley Bank of Nevada v. Superior Court,* (1975) 15 Cal.3d 652 ..............................................3, 13, 14

*West Pico Furniture Co. v. Superior Court* (1961) 56 Cal.2d 407 .......................................................12

*White v. Davis* (1975) 13 Cal.3d 757 ...............................................................................................4

*Williams v. Superior Court* (2017) 3 Cal.5th 531; 220 Cal.Rptr.3d 472 .............................................5, 6

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH DEPOSITION
SUBPOENA FOR PRODUCTION OF [PERSONAL] BUSINESS RECORDS

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 5 of 66

**Statutes**

California Rules of Court Rule 3.1345(a)(5) ..................................................................2

Code of Civil Procedure § 1985.3.................................................................................1, 2

Code of Civil Procedure § 1985.3(a)(1) .......................................................................2

Code of Civil Procedure § 1985.3(g) ............................................................................2, 3

Code of Civil Procedure § 1985.6(f).............................................................................3

Code of Civil Procedure § 1987.1.................................................................................2, 3

Code of Civil Procedure § 1987.1(a) ............................................................................12

Code of Civil Procedure § 2017.010..............................................................................4, 11

Code of Civil Procedure § 2018.030..............................................................................15

Code of Civil Procedure § 2020.410..............................................................................1, 7, 11

Code of Civil Procedure § 2020.410(a) .........................................................................7

Code of Civil Procedure § 2020.510(a)(2) ....................................................................7

Evidence Code § 210 .....................................................................................................12

Evidence Code § 350 .....................................................................................................12

Evidence Code § 954 .....................................................................................................14


**Other Authorities**

California Constitution, Article I, § 1 ...........................................................................3, 5

- iii -

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH DEPOSITION
SUBPOENA FOR PRODUCTION OF [PERSONAL] BUSINESS RECORDS
**Case No. 2:14-CV-00676-WBS-DB**
**Pl's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 3, p. 6 of 66**

# I.  INTRODUCTION

On or around April 5, 2016, Plaintiffs CALIFORNIA STATE GRANGE and ED KOMSKI (collectively referred to hereafter as "Plaintiffs") filed suit seeking: (1) Declaratory Judgment relating to the proper use and rightful owner of property in the possession of the Foundation and (2) injunctive relief to remove officers from the Heartland Foundation.

On July 27, 2017,  Plaintiffs  issued a deposition subpoena for production of personal business records pursuant to Code of Civil Procedure section 2020.410 *et seq.* Plaintiffs served the subpoena on Banner Bank, 10 S. First Ave., Walla Walla, WA 99362 commanding that said deponent produce bank records, pertaining to the Heartland Foundation, a party to this action, and Ellis Law Group, LLP its attorneys of record. The subpoena was served on August 8, 2017 and calls for the production of said business records on or before August 24, 2017. (See **Exhibit "A"** to the Declaration of David E. Castro, served and filed herewith.)

The subpoena seeks consumer-related financial records as defined in Code of Civil Procedure § 1985.3 from Banner Bank and relating to defendant Heartland Foundation and the Ellis Law Group, LLP, attorneys for defendant Heartland Foundation.

Thee five requests in question state:

| Request No. 1: | Please produce all documents since January 1, 2012, concerning any and all accounts in which the California Grange Foundation has had an interest and/or is otherwise a party to, whether as owner, custodian, trustee, and/or beneficiary, including, without limitation: |
|---|---|
| Request No. 2: | Please produce all documents since January 1, 2012, concerning any and all accounts in which the Heartland Foundation has had an interest and/or is otherwise a party to, whether as owner, custodian, trustee, and/or beneficiary, including, without limitation: |
| Request No. 3: | Please produce all documents since January 1, 2012 concerning account number 125108191 at Banner Bank, including, without limitation: |
| Request No. 4: | Please produce all documents since January 1, 2012, concerning the account(s) into which the checks attached as **Exhibit 3** were deposited, including, without limitation: |
| Request No. 5: | Please produce all documents concerning the transfer of funds from the Heartland Foundation or California Grange Foundation to the account(s) from which the funds used to guarantee the cashier's checks attached as **Exhibit 4** hereto were drawn. |

**Requests Nos. 1 – 4 also requested the following:**
    (a)   All signature cards, corporate resolutions, and account opening documents;

- 1 -

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH DEPOSITION SUBPOENA FOR PRODUCTION OF [PERSONAL] BUSINESS RECORDS

**Case No. 2:14-CV-00676-WBS-DB**
**Pl's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 3, p. 7 of 66**

| | |
|---|---|
| (b) | Account statements since the account was first opened; |
| (c) | Copies of all documents concerning the transfer of funds to or from the accounts, including, not limited to, checks, canceled checks, wire transactions, deposits, withdrawals, and escrow accounts; and |
| (d) | Communications concerning the documents identified in (a) – (c). |

These later records are, among other things, attorney client privileged and confidential. Pursuant to Code of Civil Procedure section 1985.3(a)(1), " 'personal records' means the original, any copy of books, documents or other writings, or electronically stored information pertaining to a consumer which are maintained by any "witness" which is ... [a] state or national bank..., state or federal credit union, ... anyone authorized by this state to make or arrange loans..."

As evidenced on the subpoena, the witness is a state or federal bank and seeks information defined by section 1985.3 as "personal records;" therefore, the subpoena is subject to a motion to quash pursuant to Code of Civil Procedure section 1985.3(g) and Code of Civil Procedure section 1987.1.

Defendant Heartland Foundation and Ellis Law Group, LLP ("ELG") both bring the instant motion on the grounds that: (1) the requests violate third-party privacy rights including, but not limited to, the privacy rights of the Heartland Foundation and ELG; (2) the requests are overbroad and not reasonably particularized; (3) the requests call for information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence; (4) the requests make unreasonable and/or oppressive demands for information; and (5) the request implicates the attorney client privilege and the broader duty of confidentiality which ELG is duty bound to assert. The document requests in dispute are set forth in full in Defendant's Separate Statement of Issues In Dispute, served and filed herewith pursuant to Cal. Rules of Court, Rule 3.1345(a)(5).

## II.  **ARGUMENT**

### A.  **THIS COURT SHOULD QUASH OR MODIFY THE SUBPOENA**

Pursuant to Code of Civil Procedure section 1987.1, if a subpoena requires the production of books, documents or other things at the taking of a deposition, the court, upon motion reasonably made by any person described in subdivision (b), or upon the court's own motion after giving counsel notice and an opportunity to be heard, may make an order quashing the subpoena entirely, modifying it, or

///

- 2 -

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH DEPOSITION SUBPOENA FOR PRODUCTION OF [PERSONAL] BUSINESS RECORDS
**Case No. 2:14-CV-00676-WBS-DB**
**Pl's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 3, p. 8 of 66**

1  directing compliance with it upon such terms or conditions as the court shall declare, including
2  protective orders.

3      Any consumer whose personal records are sought by a subpoena duces tecum and who is a
4  party to the civil action in which this subpoena duces tecum is served may, prior to the date for
5  production, bring a motion under Section 1987.1 to quash or modify the subpoena duces tecum. Notice
6  of the bringing of that motion shall be given to the witness and deposition officer at least five days
7  prior to production.

8      Here, Defendant notified Banner Bank, the deposition officer, and Plaintiff of the bringing of
9  the motion on August 17, 2017. A true and correct copy of the correspondence notifying the witness
10  and deposition officer is attached to the Declaration of David E. Castro offered in support of this
11  motion. Please see **Exhibit B** – Objection to Subpoena. Here, the motion has been filed before the
12  date of production and is therefore timely.

13      For the reasons set forth below, Defendant and Ellis Law Group respectfully request this Court
14  quash the subpoena in question.[1]

15  **B.    GROUNDS EXIST FOR QUASHING THE SUBPOENA**

16      **1.    The Subpoena Requests Information in Violation of Third-Party Privacy Rights**

17      Request Numbers 1 – 5 evidenced on Plaintiffs' overbroad subpoena improperly implicate third
18  party privacy rights. The 'inalienable right' to privacy expressly protected by force of constitutional
19  mandate (Cal. Cons., Art. I, § 1) extends to one's confidential financial affairs as well as to the details
20  of one's personal life. *Valley Bank of Nevada v. Superior Court* (1975) 15 Cal.3d 652, 656. The
21  *Valley Bank* court concluded that "[they] indulge in a careful balancing of the right of civil litigants to
22  discover relevant facts, on the one hand, with the right of bank customers to maintain reasonable
23  privacy regarding their financial affairs, on the other." *Id.* at 657.

24  _____

[1] If the "consumer" is a nonparty, such as the Ellis Law Group, LLP, he/she need only serve a *written
25  objection* to the subpoena pursuant to (C.C.P. § 1985.3(g)/C.C.P. § 1985.6(f)). The burden then shifts
to the requesting party to bring a motion to enforce compliance with the subpoena. Here, the subpoena
26  implicates "personal" and confidential records of the Ellis Law Group, LLP and thus confers separate
standing on the Ellis Law Group, LLP to challenge the compelled disclosure of records by subpoena
27  separate and apart from the Heartland Foundation. This motion is brought on behalf of the Heartland
Foundation; however, the Ellis Law Group does not waive and reserves the right to challenge and
28  oppose the subpoena in question as may be required in the future.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH DEPOSITION
SUBPOENA FOR PRODUCTION OF [PERSONAL] BUSINESS RECORDS
**Case No. 2:14-CV-00676-WBS-DB**
**Pl's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 3, p. 9 of 66**

In *Schnabel v. Superior Court* (1993) 5 Cal.4th 704, 712, the Court summarized the duty of trial courts to reconcile the conflicting interests of litigants in obtaining necessary discovery and third parties in maintaining privacy:

> **[i]**the purpose of the information sought, **[ii]** the effect that disclosure will have on the parties and on the trial, **[iii]** the nature of the objections urged by the party resisting disclosure, and **[iv]** ability of the court to make an alternative order which may grant partial disclosure, disclosure in another form, or disclosure only in the event that the party seeking the information undertakes certain specified burdens which appear just under the circumstances.

(citing *Greyhound Corp. v. Superior Court* (1961) 56 Cal.2d 355, 382.)

### a) *The Purpose of the Information Sought*

The face of the request indicates financial records are sought concerning accounts in which the California Grange Foundation has an interest, each request demands the following: "(b) account statements since the account was first opened;" "(c) copies of <u>all</u> documents concerning the transfer of funds to or from the accounts, including, not limited to, checks, canceled checks, wire transactions, deposits, withdrawals, and escrow accounts; and "(d) [c]ommunications concerning the documents identified in (a)-(c)."

Defendants presume that Plaintiffs seek information predicated on the grounds that it is relevant to the declaratory relief claim relating to the proper use and rightful owner of property in the possession of the Heartland Foundation. However, a trio of Court of Appeal cases (See *Planned Parenthood Golden Gate v. Superior Court* (2000) 83 Cal.App.4th 347; *Johnson v. Superior Court* (2000) 80 Cal.App.4th 1050; *Lantz v. Superior Court* (1994) 28 Cal.App.4th 1839) recognize that when a discovery request seeks information implicating the constitutional right of privacy, to order discovery simply upon a showing that the Code of Civil Procedure section 2017.010 test for relevance has been met constitutes an abuse of discretion. Rather, the party seeking discovery must demonstrate a "compelling state interest." *See Planned Parenthood Golden Gate, supra,* 83 Cal.App.4th 357; *see also White v. Davis* (1975) 13 Cal.3d 757. Without more, Plaintiffs subpoena should be quashed.

///

///

///

- 4 -

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH DEPOSITION
SUBPOENA FOR PRODUCTION OF [PERSONAL] BUSINESS RECORDS
**Case No. 2:14-CV-00676-WBS-DB**
**Pl's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 3, p. 10 of 66**

**b)** *The Effect the Disclosure Will Have on the Parties and on Trial*

Complying with the subpoena implicates disclosure of attorney client and other confidential or privileged information between Ellis Law Group and the Heartland Foundation. Granting access to attorney client, confidential, and or privileged information will prejudice the Heartland Foundation.

**c)** *The Nature of the Objections Urged by Party Resisting Discovery*

The language of the requests do not state that Plaintiff is seeking copies of documents which have been redacted to only the portions relevant to Plaintiff California State Grange. As such, the overly-broad nature of the requests and the lack of clarity regarding the scope of production creates a risk that sensitive and private information of other third-parties as well as Ellis Law Group will be produced on the same documents to be provided to Plaintiff.

As discussed above, typically, the right of privacy is guaranteed by the United States Constitution. *See Griswold v. Connecticut* (1965) 381 U.S. 479. Likewise, the California Constitution, Article I, Section 1, also provides the right of privacy to all people. The constitutional right of privacy is particularly broad. *Hill v. National Collegiate Athletic Assn.* (1994) 7 Cal.4th 1, 15. Non-privileged information may be shielded from discovery even if it is highly relevant if its disclosure would impair a person's "inalienable right of privacy" provided by California Constitution. *Britt v. Super. Ct.* (1978) 20 Cal.3d 844. Plaintiff's subpoena here would substantially expand the disclosure of documents relating to Defendant and require disclosure of third-party privacy information without regard to the rights or wishes of said parties.

Moreover, it is not enough to show the matters encompassed by the right of privacy are merely relevant to the issues of ongoing litigation." *Juarez v. Boy Scouts of Am., Inc.* (2000) 81 Cal.App.4th 377, 392. Rather, the party seeking discovery must demonstrate a particularized "compelling need" for the discovery, "and 'that compelling need must be so strong as to outweigh the privacy right when these two compelling interests are carefully balanced.'" *Save Open Space Santa Monica Mountains v. Superior Court* (2008) 84 Cal.App.4th 235, 252 [(quoting *Lantz v. Super. Ct.* (1994) 28 Cal.App.4th 1839, 1853-54; *Juarez, supra*, 81 Cal.App.4th at 392) (disapproved of by *Williams v. Superior Court* (2017) 3 Cal.5th 531; 220 Cal.Rptr.3d 472, 492 (reasoning that "not every assertion of a privacy interest under Article I, section 1 must be overcome by 'compelling interest'" but "'a compelling

- 5 -

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH DEPOSITION SUBPOENA FOR PRODUCTION OF [PERSONAL] BUSINESS RECORDS
**Case No. 2:14-CV-00676-WBS-DB**
**Pl's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 3, p. 11 of 66**

interest is still required to justify an obvious invasion of an interest fundamental to personal autonomy.").]

The correct legal standard interpreting "an interest fundamental to personal autonomy" was discussed in *Hill v. National Collegiate Athletic Association* (1994) 7 Cal.4th 1, 36. The *Hill* Court stated: "[l]egally recognized privacy interests are generally of two classes: (1) interests in precluding the dissemination or misuse of sensitive and confidential information ("informational privacy"); and (2) interests in making intimate personal decisions or conducting personal activities without observation, intrusion, or interference ("autonomy privacy")." *Id.* at 35.

Here, as required by *Williams*, Plaintiffs must establish a compelling interest to justify an obvious invasion of an interest fundamental to personal autonomy. As stated in *Hill*, personal autonomy is the "interest[] in making intimate personal decisions or **conducting personal activities without <u>observation</u>, <u>intrusion</u>, or <u>interference</u>**."

There is no doubt that examining the financial transactions of the Ellis Law Group (see Exhibit 4 to Subpoena attached to Declaration of David E. Castro as Exhibit A.) infringes on its right to conduct personal activities without observation, intrusion, or interference. The same can be said for other unknown third parties who have deposited, donated, and or transferred funds to the Heartland entity and will now suffer an invasion of an interest fundamental to personal autonomy because Plaintiffs will be able to observe, intrude, and interfere with the third parties' fundamental right to personal autonomy.

### d) *Ability of the Court to Make an Alternative Order*

Here, the Court should enter an alternative order that strikes the requests pertaining to the unrelated accounts, including but not limited to, the Ellis Law Group, LLP account.

Further, the alternative order may require that counsel further eliminate subsection (d) for each request demanding any and all "communications concerning the documents identified in (a)-(c)." Allowing subsection (d) to remain a part of the subpoena risks disclosure of attorney client privileged communications.

///

///

-6-

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH DEPOSITION
SUBPOENA FOR PRODUCTION OF [PERSONAL] BUSINESS RECORDS
**Case No. 2:14-CV-00676-WBS-DB**
**PI's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 3, p. 12 of 66**

1    Finally, the Courts may eliminate the following vague and overbroad language: "Please

2    produce all documents since January 1, 2012, concerning *any and all accounts* in which the Heartland

3    Foundation has had *an interest and/or is otherwise a party to, whether as owner, custodian, trustee,*

4    *and/or beneficiary*..." (Emphasis added).

5    Plaintiff respectfully submits that eliminating much of the language above may require an

6    entirely new subpoena; however, protecting the privacy rights of third parties and the privacy interests

7    of both the Heartland Foundation and the Ellis Law Group for matters unrelated to this suit warrants

8    serious consideration of modification or outright quashing the subpoena.

9    **2.    The Requests Are Overbroad and Not Reasonably Particularized**

10    Plaintiff's discovery request goes beyond the scope of this litigation by indirectly seeking the

11    financial information of the Ellis Law Group, LLP and third parties who are not involved in this

12    litigation. Plaintiff cannot demonstrate a particularized "compelling need" for the broad discovery

13    requested. Plaintiff certainly cannot show that any compelling need is "so strong as to outweigh the

14    privacy right" of third-parties. The risk of disclosure of private information could easily be eliminated

15    by Plaintiff breaking its request into "reasonably particularized categories" or items with "specific

16    descriptions" as required by Code Civ. Proc. § 2020.410.

17    A deposition subpoena that commands either the production of business records for copying

18    "shall designate the records either by specifically describing each individual item or by reasonably

19    particularizing each category of item." Code Civ. Proc. § 2020.410(a); Code Civ. Proc. §

20    2020.510(a)(2).

21    A description of document categories may be held unreasonable where it bears no relationship

22    to the manner in which the records are kept, and imposes on the subpoenaed party the burden of

23    searching extensive files at many locations to see what it can find to fit the categories demanded by the

24    subpoena. *Calcor Space Facility, Inc. v. Superior Court* (4th Dist. 1997) 53 Cal. App. 4th 216, 223, as

25    modified, (Mar. 7, 1997) (subpoena did not identify any specific document, but merely described broad

26    categories in a 12-page attachment to the subpoena that included 6 pages of "definitions" and

27    "instructions" and asked for everything in the custodian's possession relating to the litigation).)

28    ///

- 7 -

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH DEPOSITION
SUBPOENA FOR PRODUCTION OF [PERSONAL] BUSINESS RECORDS
Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 13 of 66

1  Here, each request on evidenced on the subpoena [and attachment specifying the documents]
2  demands the following:

> **Requests Nos. 1 – 4 also requested the following:**
> (a)  All signature cards, corporate resolutions, and account opening
>       documents;
> (b)  Account statements since the account was first opened;
> (c)  Copies of all documents concerning the transfer of funds to or from
>       the accounts, including, not limited to, checks, canceled checks,
>       wire transactions, deposits, withdrawals, and escrow accounts; and
> (d)  Communications concerning the documents identified in (a) – (c).

8  (Castro Decl. Ex. A, at pp. 2-5 of Attachment 3.)

9  Each request is augmented by subparagraphs (a) through (d) above. When the subparagraphs
10  shown above are appended to each naked request, the subpoena is transformed and each request is
11  ultimately converted into broad categories that fail to identify any specific document or category of
12  documents. Essentially, each request is reduced to "any and all documents."

13  For example, **Request No. 1** seeks the following information:

> Please produce all documents since January 1, 2012, concerning *any and all*
> accounts in which the *California Grange Foundation* has had an interest and/or is
> otherwise a party to, whether as owner, custodian, trustee, and/or beneficiary,
> including, *without limitation*:
> (a)  All signature cards, corporate resolutions, and account opening
>       documents;
> (b)  Account statements since the account was first opened;
> (c)  Copies of *all documents concerning the transfer of funds to or*
>       *from the accounts, including, not limited to, checks, canceled*
>       *checks, wire transactions, deposits, withdrawals, and escrow*
>       *accounts*; and
> (d)  Communications concerning the documents identified in (a) – (c).

22  The request for "all documents concerning the transfer of funds to or from accounts, including,
23  not limited to, checks, and canceled checks, wire transactions, deposits, withdrawals, and escrow
24  accounts" is unduly broad in light of the structure and nature of the Heartland Foundation entity. The
25  Heartland foundation receives charitable donations. As phrased, the subpoena requests information
26  from unrelated third parties, exceeds the scope of discovery, and implicates third party privacy
27  concerns.
28  ///

- 8 -

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH DEPOSITION
SUBPOENA FOR PRODUCTION OF [PERSONAL] BUSINESS RECORDS
Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 14 of 66

The subparagraphs further expand the scope of the request and demands every document *ever* associated with *any* account that the California Grange Foundation has ever *"had an interest and/or is otherwise a party to, whether as owner, custodian, trustee, and/or beneficiary."* The request fails to specifically describe any individual item or reasonably particularize any category of items to be produced.

Subparagraph (d) also implicates attorney client privileged documentation, confidential documentation, work-product documentation, and would require Banner Bank to produce all documents concerning the transfer of funds to or from an account the California Grange Foundation ever *"had an interest and/or is otherwise a party to, whether as owner, custodian, trustee, and/or beneficiary."* Such a request also fails to describe any individual item or reasonably particularize any category of items to be produced.

**Request No. 2** seeks the following information:

> Please produce all documents since January 1, 2012, concerning any and all accounts in which the *Heartland Foundation* has had an interest and/or is otherwise a party to, whether as owner, custodian, trustee, and/or beneficiary, including, without limitation:
>
> (a)     All signature cards, corporate resolutions, and account opening documents;
> (b)     Account statements since the account was first opened;
> (c)     Copies of all documents concerning the transfer of funds to or from the accounts, including, not limited to, checks, canceled checks, wire transactions, deposits, withdrawals, and escrow accounts; and
> (d)     Communications concerning the documents identified in (a) – (c).

Request No. 2 duplicates the broad language discussed in No. 1 above but change only the entity name from California Grange Foundation to Heartland Foundation.

Request No. 2, like in Request No. 1, fails to describe any individual item, implicates attorney client privileged communications, confidential communications, and work product communications.

**Request No. 3** seeks the following information:

> Please produce all documents since January 1, 2012 concerning account number 125108191 at Banner Bank, including, without limitation:
>
> (a)     All signature cards, corporate resolutions, and account opening documents;

- 9 -

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH DEPOSITION SUBPOENA FOR PRODUCTION OF [PERSONAL] BUSINESS RECORDS
Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 15 of 66

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> | (b) | Account statements since the account was first opened; |
> | (c) | Copies of all documents concerning the transfer of funds to or from the accounts, including, not limited to, checks, canceled checks, wire transactions, deposits, withdrawals, and escrow accounts; and |
> | (d) | Communications concerning the documents identified in (a) – (c). |

**Request No. 3** duplicates the broad language discussed with relation to each subparagraph, which counsel will not repeat. Subparagraphs (c) and (d) create broad terms and call for privileged or confidential information.

**Request No. 4** seeks the following information:

> Please produce all documents since January 1, 2012, concerning the account(s) into which the checks attached as **Exhibit 3** were deposited, including, without limitation:
>
> | (a) | All signature cards, corporate resolutions, and account opening documents; |
> | (b) | Account statements since the account was first opened; |
> | (c) | Copies of all documents concerning the transfer of funds to or from the accounts, including, not limited to, checks, canceled checks, wire transactions, deposits, withdrawals, and escrow accounts; and |
> | (d) | Communications concerning the documents identified in (a) – (c). |

**Request No. 4** duplicates the broad language discussed with relation to each subparagraph, which counsel will not repeat. Subparagraphs (c) and (d) create broad terms and call for privileged or confidential information.

However, the main portion of the request number 4 seeks all documents concerning the account into which the checks attached to Exhibit 3 were deposited. The request again fails to specify any document with reasonable particularity. In fact, the request calls for "all documents," "without limitation," and all "communications." Again, these requests are broad, far reaching, and improper.

Even further, Plaintiffs expand the word "concerning" to mean "relating to, referring to, describing, evidencing, or constituting." Plaintiffs also define the term "communication" as the "transmittal of information (in the form of facts, ideas, inquiries or otherwise)." The definitions are

///

///

- 10 -

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH DEPOSITION
SUBPOENA FOR PRODUCTION OF [PERSONAL] BUSINESS RECORDS
**Case No. 2:14-CV-00676-WBS-DB**
**PI's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 3, p. 16 of 66**

unreasonably broad and render no assistance with respect to identifying a specific item or particularly narrowing a specific category of documents.

Finally, **Request No. 5** seeks the following information:

> Please produce all documents concerning the transfer of funds from the Heartland Foundation or California Grange Foundation to the account(s) from which the funds used to guarantee the cashier's checks attached as **Exhibit 4** hereto were drawn:
>
> (a) All signature cards, corporate resolutions, and account opening documents;
> (b) Account statements since the account was first opened;
> (c) Copies of all documents concerning the transfer of funds to or from the accounts, including, not limited to, checks, canceled checks, wire transactions, deposits, withdrawals, and escrow accounts; and
> (d) Communications concerning the documents identified in (a) – (c).

Request No. 5 is so broad that it requests "documents concerning the transfer of funds from the Heartland Foundation or the California Grange foundation to the account(s) from which the funds used to guarantee the cashier's checks attached as exhibit 4 were drawn." Then, to Exhibit 4, **Plaintiffs attach three checks from the Ellis Law Group, LLP General Account.** Request No. 5 is flagrantly inappropriate, unduly broad, irrelevant to the subject litigation, and infringes on the privacy rights of the ELG with no compelling reason justifying the need for disclosure.

More specifically, the request fails to identify "reasonably particularized categories" or items with "specific descriptions" as required by Code Civ. Proc. § 2020.410.

For the reasons set forth above and as articulated in the separate statement, incorporated fully herein by reference as if fully set forth verbatim, Defendant submits that Plaintiffs' subpoena is entirely too broad and does not comply with the Code of Civil Procedure. As such, Defendant requests this Court quash the subpoena in question.

### 3. The Requests Call for Irrelevant Matters Not Reasonably Calculated to Lead to Discovery of Admissible Evidence

"Unless otherwise limited by order of the court in accordance with this article, any party may obtain discovery regarding any matter, not privileged, that is *relevant* to the subject matter involved in the pending action…" Code Civ. Proc. § 2017.010 (emphasis added). "No evidence is admissible

- 11 -

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH DEPOSITION
SUBPOENA FOR PRODUCTION OF [PERSONAL] BUSINESS RECORDS
**Case No. 2:14-CV-00676-WBS-DB**
**Pl's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 3, p. 17 of 66**

1  except relevant evidence." Evid. Code § 350.  Specifically, the subpoena seeks information that is not

2  relevant to the issues in the case.  *Slagle v. Superior Court* (1989) 211 Cal.App.3d 1309, 1314-15.

3      'Relevant evidence' means evidence, including evidence relevant to the credibility of a witness

4  or hearsay declarant, having any tendency in reason to prove or disprove any disputed fact that is of

5  consequence to the determination of the action." Evid. Code § 210.

6      The ELG financial records impliedly implicated in subparagraphs (a) – (d) and expressly

7  requested in Request No. 4 have no tendency in reason to prove or disprove any disputed fact that is of

8  consequence to this case.  The matter here relates to the property dispute and board of director dispute

9  between the California State Grange and the Heartland Foundation.  The information on the face of the

10  ELG checks indicate payment was made to satisfy judgment in the federal trademark case (E.D. Cal.,

11  Case No. 2:14-cv-00676-WBS-AC) and is unrelated to this suit.  Clearly, Request No. 4 is a

12  surreptitious attempt to gain access to the financial records of counsel for defendants.

13      As demonstrated by the facts stated in the attached Declaration of David E. Castro, the subject

14  subpoena seeks consumer records regarding ELG Banner Bank Account which is not related to the

15  issues in this litigation.  ELG is not a party to this action and is not involved in the property

16  controversy between the parties.  As such, Request No. 4 on the subpoena should be eliminated or the

17  subpoena quashed.

18      **4.    The Requests Make Unreasonable and/or Oppressive Demands for Information**

19      The subpoena makes unreasonable or oppressive demands for information.  Code Civ. Proc. §

20  1987.1(a); *McClatchy Newspapers v. Superior Court* (1945) Cal.2d 386, 391.  To demonstrate that the

21  requests are oppressive requires a showing that the discovering party intended to create an

22  unreasonable burden for the responding party and the ultimate effect of the discovery burden is

23  excessive compared to how useful the information will be to the discovery party.  *West Pico Furniture*

24  *Co. v. Superior Court* (1961) 56 Cal.2d 407, 418; *Mead Reinsurance Co. v. Superior Ct.* (4th Dist.

25  1986) 188 Cal.App.3d 313, 320-21; the burden imposed on the bank to fulfill this request is

26  unreasonable and/or oppressive.

27      Striking a balance between competing considerations, complying with discovery and protecting

28  third party privacy rights, the court in *Valley Bank* concluded that before confidential customer

- 12 -

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH DEPOSITION
SUBPOENA FOR PRODUCTION OF [PERSONAL] BUSINESS RECORDS
**Case No. 2:14-CV-00676-WBS-DB**
**PI's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 3, p. 18 of 66**

information may be disclosed in the course of civil discovery proceedings:

> the bank must take reasonable steps to notify its customer of the pendency and nature of the proceedings and to afford the customer a fair opportunity to assert his interests by objecting to disclosure, by seeking an appropriate protective order, or by instituting other legal proceedings to limit the scope or nature of the matters sought to be discovered."

*Valley Bank of Nevada v. Superior Court, supra,* 15 Cal. 3d at 658.

The Heartland Foundation receives charitable donations. The burden imposed on complying with the *Valley Bank* duty results in an unreasonably and oppressive demand in light of the nature and character of the Heartland Foundation.

The Heartland Foundation Bylaws provide:

**SECTION 1. OBJECTIVES AND PURPOSES**

The primary objectives and purposes of this corporation shall be to carry out activities to support the California State Grange's work, programs and goals; **to engage in and encourage charitable, scientific and educational activities including but not limited to the following:**

(a) To promote educational programs with emphasis on the agricultural and domestic spheres in order to develop a better and higher manhood and womanhood among person engaged in or interested in agriculture, to enable them to improve their skills, their standard of living, their self-respect and their esteem in the eyes of their fellow citizens.

(b) To support and encourage the development of programs for community improvement.

(c) To promote research in agriculture and economics in order that reliable and useful facts may be made available to the agriculture community and to the general public.

(d) To foster education, leadership and self-reliance among the youthful members of the community by means of scholarships, training programs and public recognition of worthwhile achievements.

(e) To encourage exchanges of information with the general public who have an interest in our agriculture heritage and traditions as a means of preserving this heritage and traditions.

(f) To encourage and facilitate charitable activities for the benefit of our youth, the poor, handicapped, or underprivileged persons in our country and abroad.

(April 2011, Foundation-By-Laws, pp. 1-2)(emphasis added.)

The Heartland Foundation is engaged in and encourages charitable, scientific and educational activities among multiple communities throughout the state. Valley Bank would be forced to contact all individuals who may have donated, transacted, deposited, withdrew, and communicated with Banner Bank in connection with the Heartland Foundation. The duties articulated in *Valley Bank*

- 13 -

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH DEPOSITION SUBPOENA FOR PRODUCTION OF [PERSONAL] BUSINESS RECORDS
Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 19 of 66

1  render Plaintiffs' request unreasonable.

2  Per the *Valley Bank* provision discussed above, complying with the subpoena in question would

3  require Banner Bank to take reasonable steps to notify its donors and/or customer of the pendency and

4  nature of the proceedings and to afford the customer a fair opportunity to assert his interests by

5  objecting to disclosure, by seeking an appropriate protective order, or by instituting other legal

6  proceedings to limit the scope or nature of the matters sought to be discovered. Such a burden is

7  unreasonable and oppressive.

8      **5.    The Subpoena Implicates the Attorney-Client Privilege and the Broader Duty of Confidentiality**

9          a) *Attorney-Client Privilege*

10  The attorney-client privilege protects some dual purpose communications, which are those

11  made for both legal and non-legal purposes. *2,022 Ranch, LLC v. Superior Court* (4th Dist. 2003) 113

12  Cal.App.4th 1377, 1390, *disapproved on other grounds*; *Costco Wholesale Corp. v. Superior Court*

13  (2009) 47 Cal.4th 725. The fundamental purpose of attorney-client privilege is to safeguard the

14  confidential relationship between clients and attorneys so as to promote full and open discussion of the

15  facts and tactics surrounding individual legal matters. Evid. Code § 954. As a result, attorney-client

16  privilege is absolute and disclosure may not be ordered, without regard to relevance, necessity or any

17  particular circumstances peculiar to the case. *Costco, supra,* 47 Cal.4th at 733.

18  Here, transactions that may be revealed on the Ellis Law Group, LLP bank account is evidence

19  of a communication presumably made in confidence to the Ellis Law Group for the purposes of

20  securing legal services or advice. There is no doubt such evidence is attorney-client privilege and

21  entitled to absolute protection. Even further, considering the relevance, necessity or any other

22  particular circumstance here in this case confirms that there are no credible arguments justifying

23  disclosure of the Ellis Law Group bank accounts.

24          b) *Work Product*

25  The protection provided by the work-product privilege is distinct and broader than the

26  protection of the attorney-client privilege. *U.S. v. Nobles* (1975) 422 U.S. 225, 238, n.11. The

27  attorney client privilege covers only communications between the attorney and the client, while the

28  work-product privilege protects all material generated by the attorney, including materials that are

- 14 -

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH DEPOSITION
SUBPOENA FOR PRODUCTION OF [PERSONAL] BUSINESS RECORDS
Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 20 of 66

never seen by the client. *Aetna Casualty & Surety Company v. Superior Court* (1st Dist. 1984) 153 Cal.App.3d 467, 478 n. 4. Generally, attorney work product is defined as the materials generated by the attorney's effort, research and thought processes in preparing the client's case. *Meza v. H. Muehlstein & Co.* (2d Dist. 2009) 176 Cal.App.4th 969, 977; *BP Alaska Exploration, Inc. v. Superior Court* (5th Dist. 1988) 199 Cal.App.3d 1240, 1250. All courts agree that the work-product privilege is a discovery exemption. *See* Code Civ. Proc. § 2018.030 (work product not being discoverable).

Of particular importance is the protection afforded to an attorney's non-legal work if the work has both a legal and non-legal purpose and the dominant purpose behind creating the material was to provide a legal opinion or advice. *See 2,022 Ranch, supra,* 113 Cal.App.4th at 1390-91; *Aetna Cas. & Sur. Co., supra,* 153 Cal.App.3d at 475-76.

Here, we have what may amount to work that has both a legal and non-legal purpose where the dominant purpose behind creating the material was to provide a legal opinion or advice.

Any and all documents produced in relation to the Ellis Law Group bank account would undoubtedly reveal the attorney's efforts, research and thought process in preparing a client's case. For example, the opposing party would observe what experts, if any, were hired and if the expert is known – possess knowledge that a particular subject is of interest to the Ellis Law Group. The bank records would also demonstrate the efforts to attorneys in the Ellis Law Group are exercising to prepare client cases.

Plaintiffs' subpoena, in its current form, would undoubtedly infringe on the rights work-product privilege. Defendant respectfully requests this Court quash that the subpoena, to the extent that Plaintiffs request information related to the Ellis Law Group.

## III. CONCLUSION

For the reasons set forth above, Defendant respectfully requests that this court quash the subpoena in question or modify it as discussed above.

Dated: August 23, 2017          ELLIS LAW GROUP, LLP

By _____
David E. Castro
Attorneys for Defendant
HEARTLAND FOUNDATION erroneously sued as
CALIFORNIA GRANGE FOUNDATION

- 15 -

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH DEPOSITION
SUBPOENA FOR PRODUCTION OF [PERSONAL] BUSINESS RECORDS
Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 21 of 66

Mark E. Ellis - 127159
David E. Castro - 298614
Alesya Nalbandyan - 309307
ELLIS LAW GROUP, LLP
740 University Avenue, Suite 100
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for Defendant
HEARTLAND FOUNDATION erroneously sued as CALIFORNIA GRANGE FOUNDATION

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

| | |
|---|---|
| CALIFORNIA STATE GRANGE, a California nonprofit corporation, and ED KOMSKI,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA GRANGE FOUNDATION, a California nonprofit public benefit corporation, and DOES 1-300,<br><br>Defendants. | Case No.: 34-2016-00192665<br><br>**DECLARATION OF DAVID E. CASTRO IN SUPPORT OF MOTION TO QUASH DEPOSITION SUBPOENA FOR PRODUCTION OF [PERSONAL] BUSINESS RECORDS**<br><br>Date: September 20, 2017<br>Time: 9:00 a.m.<br>Dept: 54<br>Judge: Hon. Raymond M. Cadei<br><br>*Date Complaint Filed: April 5, 2016*<br>*Trial Date: May 7, 2018* |

I, David E. Castro, declare:

1. I am an attorney at law duly licensed to practice before this Court, and I am an associate in the law firm of Ellis Law Group LLP, attorneys of records for Defendant HEARTLAND FOUNDATION erroneously sued as CALIFORNIA GRANGE FOUNDATION in the above matter. This declaration is based upon my own personal knowledge except as to those matters stated upon information and belief, and as to those things I believe them to be true. If called as a witness to testify to the matters asserted herein I would do so competently.

2. On or around July 27, 2017, Defendant HEARTLAND FOUNDATION received a Notice of Consumer and Deposition Subpoena for Production of Business Records (the "Subpoena")

- 1 -

DECLARATION OF DAVID E. CASTRO IN SUPPORT OF MOTION TO QUASH DEPOSITION SUBPOENA FOR PRODUCTION OF [PERSONAL] BUSINESS RECORDS

**Case No. 2:14-CV-00676-WBS-DB**
**Pl's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 3, p. 22 of 66**

1 issued by Plaintiffs CALIFORNIA GRANGE FOUNDATION and ED KOMSKI to Banner Bank, 10

2 S. First Ave., Walla Walla, WA 99362.  A true and correct copy of the Subpoena is attached herein as

3 **Exhibit A.**

4       3.      On or around August 17, 2017, Defendant HEARTLAND FOUNDATION directed a

5 written objection to the witness, Banner Bank; defendants, Ed Komski and California State Grange;

6 and the deposition officer, Castle Copy Service notifying each of the bringing of a motion to quash.

7 True and correct copies of the correspondence are attached herein as **Exhibit B.**

8       4.      Upon review of the Subpoena, I observed that each request is made improperly broad

9 by subparagraphs (a) – (d) or in some cases the request itself exceeds the scope of discovery.

10       5.      Specifically, I observed Request No. 5 demands "any and all documents" concerning

11 the transfer of funds from the Heartland Foundation or California Grange Foundation to the account(s)

12 from which the funds used to guarantee the cashier's checks attached to the Subpoena's Exhibit 4 were

13 drawn.  Exhibit 4 of the subpoena evidence checks from the Ellis Law Group, LLP ("ELG")

14       6.      I observed the relevant Heartland Foundation bylaws and found that the nature and

15 character of the organization may affect compliance with the Subpoena.  A true and correct copy of the

16 relevant Heartland Foundation Bylaws is attached herein as **Exhibit C.**

17       7.      The nature and character of the Heartland Foundation, a charitable organization,

18 indicates that they are likely to receive multiple donations from unrelated third parties.  The subpoena

19 request here implicates privacy rights of third parties including, but not limited to, current and potential

20 donors.

21       8.      Further, ELG's general bank account is with Banner Bank.  The face of each check on

22 Plaintiff's Exhibit 4 to its Subpoena clearly identifies Ellis Law Group General Account.

23       9.      With respect to Exhibit 4, both checks relating to ELG and the cashier's check indicate

24 that the funds were paid to the National Grange in satisfaction of judgment for the unrelated federal

25 trademark case (E.D. Cal., Case No. 2:14-CV-00676-WBS).

26       10.     This is a clear attempt to gain access to ELG's banking and financial records, a

27 violation of the attorney client privilege, and a clear abuse, or at a minimum improper use, of the

28 discovery procedures.

DECLARATION OF DAVID E. CASTRO IN SUPPORT OF MOTION TO QUASH DEPOSITION SUBPOENA FOR PRODUCTION
OF [PERSONAL] BUSINESS RECORDS

**Case No. 2:14-CV-00676-WBS-DB**
**Pl's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 3, p. 23 of 66**

1       I declare under penalty of perjury under the laws of the State of California that the foregoing is

2  true and correct and that this Declaration was executed on this **23** of August, 2017, in Sacramento,

3  California.

4  _____
           DAVID E. CASTRO

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

DECLARATION OF DAVID E. CASTRO IN SUPPORT OF MOTION TO QUASH DEPOSITION SUBPOENA FOR PRODUCTION
OF [PERSONAL] BUSINESS RECORDS

**Case No. 2:14-CV-00676-WBS-DB**
**PI's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 3, p. 24 of 66**

# EXHIBIT A

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 25 of 66

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Jeffrey D. Skinner (SBN 239214)<br>Schiff Hardin LLP<br>901 K Street NW, Suite 700<br>Washington, DC 20001<br>TELEPHONE NO.: (202) 778-6400    FAX NO. *(Optional)*: (202) 778-6460<br>E-MAIL ADDRESS *(Optional)*: jskinner@schiffhardin.com<br>ATTORNEY FOR *(Name)*: Plaintiffs California State Grange and Ed Komski | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 720 9th Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Gordon D. Schaber Sacramento Cnty. Courthouse

| PLAINTIFF/ PETITIONER: California State Grange and Ed Komski | CASE NUMBER: |
|---|---|
| DEFENDANT/ RESPONDENT: California Grange Foundation | 34-2016-00192665 |

**NOTICE TO CONSUMER OR EMPLOYEE AND OBJECTION**
(Code Civ. Proc., §§ 1985.3,1985.6)

### NOTICE TO CONSUMER OR EMPLOYEE

TO *(name)*: California Grange Foundation

1. PLEASE TAKE NOTICE THAT **REQUESTING PARTY** *(name)*: California State Grange and Ed Komski
   SEEKS YOUR RECORDS FOR EXAMINATION by the parties to this action on *(specify date)*: August 24, 2017
   The records are described in the subpoena directed to **witness** *(specify name and address of person or entity from whom records are sought)*: Banner Bank
   A copy of the subpoena is attached.

2. IF YOU OBJECT to the production of these records, YOU MUST DO ONE OF THE FOLLOWING BEFORE THE DATE SPECIFIED IN ITEM a. OR b. BELOW:
   a. If you are a party to the above-entitled action, you must file a motion pursuant to Code of Civil Procedure section 1987.1 to quash or modify the subpoena and give notice of that motion to the **witness** and the **deposition officer** named in the subpoena at least five days before the date set for production of the records.
   b. If you are not a party to this action, you must serve on the **requesting party** and on the **witness**, before the date set for production of the records, a written objection that states the specific grounds on which production of such records should be prohibited. You may use the form below to object and state the grounds for your objection. You must complete the Proof of Service on the reverse side indicating whether you personally served or mailed the objection. The objection should **not** be filed with the court. **WARNING: IF YOUR OBJECTION IS NOT RECEIVED BEFORE THE DATE SPECIFIED IN ITEM 1, YOUR RECORDS MAY BE PRODUCED AND MAY BE AVAILABLE TO ALL PARTIES.**

3. YOU OR YOUR ATTORNEY MAY CONTACT THE UNDERSIGNED to determine whether an agreement can be reached in writing to cancel or limit the scope of the subpoena. If no such agreement is reached, and if you are not otherwise represented by an attorney in this action, YOU SHOULD CONSULT AN ATTORNEY TO ADVISE YOU OF YOUR RIGHTS OF PRIVACY.

Date: July 27, 2017

Jeffrey D. Skinner
_____
(TYPE OR PRINT NAME)        ► _____
                              (SIGNATURE OF [ ] REQUESTING PARTY [✔] ATTORNEY)

### OBJECTION BY NON-PARTY TO PRODUCTION OF RECORDS

1. [  ] I object to the production of all of my records specified in the subpoena.

2. [  ] I object only to the production of the following specified records:


3. The specific grounds for my objection are as follows:


Date:

_____          ► _____
(TYPE OR PRINT NAME)                         (SIGNATURE)

*(Proof of service on reverse)*

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Jeffrey D. Skinner (SBN 239214)<br>Schiff Hardin LLP<br>901 K Street NW, Suite 700, Washington, DC 20001<br>TELEPHONE NO.: (202) 778-6400 FAX NO.: (202) 778-6460<br>E-MAIL ADDRESS: jskinner@schiffhardin.com<br>ATTORNEY FOR *(Name)*: Plaintiffs California State Grange and Ed Komski | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Sacramento
STREET ADDRESS:  720 9th Street
MAILING ADDRESS:
CITY AND ZIP CODE:  Sacramento, CA  95814
BRANCH NAME:  Gordon D. Schaber Sacramento Cnty. Courthouse

PLAINTIFF/PETITIONER:  California State Grange and Ed Komski

DEFENDANT/RESPONDENT:  California Grange Foundation

| DEPOSITION SUBPOENA<br>FOR PRODUCTION OF BUSINESS RECORDS | CASE NUMBER:<br>34-2016-00192665 |
|---|---|

THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(name, address, and telephone number of deponent, if known)*:
Banner Bank, 10 S. First Ave., Walla Walla, WA  99362

1. **YOU ARE ORDERED TO PRODUCE THE BUSINESS RECORDS** described in item 3, as follows:

| To *(name of deposition officer)*: Castle Copy Service Inc. | |
|---|---|
| On *(date)* : August 24, 2017 | At *(time)*: 10:00 a.m. |
| Location *(address)*: 2550 Warren Drive, Rocklin, CA  95677 | |

**Do not release the requested records to the deposition officer prior to the date and time stated above.**

a. ☑ by delivering a true, legible, and durable **copy** of the business records described in item 3, enclosed in a sealed inner wrapper with the title and number of the action, name of witness, and date of subpoena clearly written on it. The inner wrapper shall then be enclosed in an outer envelope or wrapper, sealed, and mailed to the deposition officer at the address in item 1.

b. ☐ by delivering a true, legible, and durable **copy** of the business records described in item 3 to the deposition officer at the witness's address, on receipt of payment in cash or by check of the reasonable costs of preparing the copy, as determined under Evidence Code section 1563(b).

c. ☐ by making the **original** business records described in item 3 available for inspection at your business address by the attorney's representative and permitting **copying** at your business address under reasonable conditions during normal business hours.

2. *The records to be produced by the date and time shown in item 1 (but not sooner than 20 days after the issuance of the deposition subpoena, or 15 days after service, whichever date is later). Reasonable costs of locating records, making them available or copying them, and postage, if any, are recoverable as set forth in Evidence Code section 1563(b). The records shall be accompanied by an affidavit of the custodian or other qualified witness pursuant to Evidence Code section 1561.*

3. The records to be produced are described as follows *(if electronically stored information is demanded, the form or forms in which each type of information is to be produced may be specified)*:

   See Attachment 3

   ☑ Continued on Attachment 3.

4. **IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, *AND* CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.**

**DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF FIVE HUNDRED DOLLARS AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.**

Date Issued: July 27, 2017

Jeffrey D. Skinner
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PERSON ISSUING SUBPOENA)

Attorney for  California State Grange & Ed Komski
(TITLE)

*(Proof of service on reverse)*　　　　　　　　　　　　　　　　　　Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUBP-010 [Rev. January 1, 2012]

**DEPOSITION SUBPOENA FOR PRODUCTION
OF BUSINESS RECORDS**

Code of Civil Procedure, §§ 2020,410–2020,440;<br>Government Code, § 68097.1<br>www.courts.ca.gov

## ATTACHMENT 3

### *Definitions*

For purposes of this Subpoena, the following definitions apply

The term *concerning* means relating to, referring to, describing, evidencing, or constituting.

The term *document* is defined as synonymous in meaning and equal in scope to the usage of that term in Fed. R. Civ. P. 34(a), including electronic or computerized data compilations, complete with all of their metadata. For purposes of this term, a draft or non-identical copy is a separate document, and an electronic file is a separate document from a copy of that file printed on paper.

The term *communication* means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

The terms *You* and *Your* mean and refer to Banner Bank.

The term *Requestors* refers to the California State Grange and Ed Komski.

The term *California Grange Foundation* refers to the entity identified in the SI-100 attached hereto as **Exhibit 1**.

The term *Heartland Foundation* refers to the entity identified in the SI-100 attached hereto as **Exhibit 2**.

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 28 of 66

## *Instructions*

In the event and to the extent that You object in whole or in part to a request for production and refuse to supply a response or produce documents on the basis of a privilege or immunity from discovery, including the attorney-client privilege, work-product immunity doctrine, etc., Requestors ask that You supply the following information so that Requestors and the Court may evaluate the merits of the claim of privilege:

(1)    the nature of the privilege being claimed and, if the privilege claim is other than attorney-client or work-product, the statutory basis for the privilege;

(2)    the person asserting the privilege; and

(3)    unless divulgence of such information would cause disclosure of the allegedly privileged information, for documents, (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; and (d) such other information as is sufficient to identify the document for a subpoena *duces tecum*, including (where appropriate) the author of the document, the addressee of the document, the names of all persons that received a copy of the document, and, where not apparent, the relationship of the author to the addressee and copy recipients; and for oral communications, (a) the name of the person making the communication, the name of any

- 2 -

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 29 of 66

persons present while the communication was made, and (where not apparent) the relationship of the persons present to the person making the communication; (b) the date and place of the communication; and (c) the general subject matter of the communication

<u>***Categories of Documents Subject to Subpoena***</u>

Consistent with the foregoing definitions and instructions, the categories of documents and things covered by and subject to this subpoena are as follows:

## <u>REQUEST NO. 1:</u>

Please produce all documents since January 1, 2012, concerning any and all accounts in which the California Grange Foundation has had an interest and/or is otherwise a party to, whether as owner, custodian, trustee, and/or beneficiary, including, without limitation:

(a)    All signature cards, corporate resolutions, and account opening documents;

(b)    Account statements since the account was first opened;

(c)    Copies of all documents concerning the transfer of funds to or from the accounts, including, not limited to, checks, canceled checks, wire transactions, deposits, withdrawals, and escrow accounts; and

(d)    Communications concerning the documents identified in (a)-(c).

- 3 -

**Case No. 2:14-CV-00676-WBS-DB**
**PI's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 3, p. 30 of 66**

## REQUEST NO. 2:

Please produce all documents since January 1, 2012, concerning any and all accounts in which the Heartland Foundation has had an interest and/or is otherwise a party to, whether as owner, custodian, trustee, and/or beneficiary, including, without limitation:

    (a)    All signature cards, corporate resolutions, and account opening documents;

    (b)    Account statements since the account was first opened;

    (c)    Copies of all documents concerning the transfer of funds to or from the accounts, including, not limited to, checks, canceled checks, wire transactions, deposits, withdrawals, and escrow accounts; and

    (d)    Communications concerning the documents identified in (a)-(c).

## REQUEST NO. 3:

Please produce all documents since January 1, 2012 concerning account number 125108191 at Banner Bank, including, without limitation:

    (a)    All signature cards, corporate resolutions, and account opening documents;

    (b)    Account statements since the account was first opened;

- 4 -

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 31 of 66

(c)    Copies of all documents concerning the transfer of funds to or from the accounts, including, not limited to, checks, canceled checks, wire transactions, deposits, withdrawals, and escrow accounts; and

(d)    Communications concerning the documents identified in (a)-(c).

## REQUEST NO. 4:

Please produce all documents since January 1, 2012, concerning the account(s) into which the checks attached as **Exhibit 3** were deposited, including, without limitation:

(a)    All signature cards, corporate resolutions, and account opening documents;

(b)    Account statements since the account was first opened;

(c)    Copies of all documents concerning the transfer of funds to or from the accounts, including, not limited to, checks, canceled checks, wire transactions, deposits, withdrawals, and escrow accounts; and

(d)    Communications concerning the documents identified in (a)-(c).

## REQUEST NO. 5:

Please produce all documents concerning the transfer of funds from the Heartland Foundation or the California Grange Foundation to the account(s) from which the funds used to guarantee the cashier's checks attached as **Exhibit 4** hereto were drawn.

- 5 -

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 32 of 66

DC\81751519.1\

- 6 -

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 33 of 66

# EXHIBIT 1

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 34 of 66



# State of California
## Secretary of State

140 N

## Statement of Information
### (Domestic Nonprofit, Credit Union and Consumer Cooperative Corporations)

**Filing Fee: $20.00. If this is an amendment, see instructions.**
**IMPORTANT – READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

**FILED**
Secretary of State
State of California

**NOV 1 3 2014**

| 1. CORPORATE NAME |
|---|
| California Grange Foundation |

| 2. CALIFORNIA CORPORATE NUMBER |
|---|
| C1821838 |

This Space for Filing Use Only

### Complete Principal Office Address (Do not abbreviate the name of the city. Item 3 cannot be a P.O. Box.)

| 3. STREET ADDRESS OF PRINCIPAL OFFICE IN CALIFORNIA, IF ANY | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 3830 U Street | Sacramento | CA | 95817 |

| 4. MAILING ADDRESS OF THE CORPORATION | CITY | STATE | ZIP CODE |
|---|---|---|---|
| | | | |

### Names and Complete Addresses of the Following Officers (The corporation must list these three officers. A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

| 5. CHIEF EXECUTIVE OFFICER/ | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| Bob McFarland | 784 Portside Cirle | Roseville | CA | 95678 |
| 6. SECRETARY | ADDRESS | CITY | STATE | ZIP CODE |
| Kathy Bergeron | 347 N Main Street | Yreka | CA | 96097 |
| 7. CHIEF FINANCIAL OFFICER/ | ADDRESS | CITY | STATE | ZIP CODE |
| Jerry Allen | PO Box 2579 | Sebastopol | CA | 95473 |

### Agent for Service of Process
If the agent is an individual, the agent must reside in California and Item 9 must be completed with a California street address, a P.O. Box address is not acceptable. If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 9 must be left blank.

| 8. NAME OF AGENT FOR SERVICE OF PROCESS |
|---|
| Bob McFarland |

| 9. STREET ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 784 Portside Cirle | Roseville | CA | 95678 |

### Common Interest Developments

10. ☐ Check here if the corporation is an association formed to manage a common interest development under the Davis-Stirling Common Interest Development Act, (California Civil Code section 4000, et seq.) or under the Commercial and Industrial Common Interest Development Act, (California Civil Code section 6500, et seq.). The corporation must file a Statement by Common Interest Development Association (Form SI-CID) as required by California Civil Code sections 5405(a) and 6760(a). Please see instructions on the reverse side of this form.

11. THE INFORMATION CONTAINED HEREIN IS TRUE AND CORRECT.

| 11/04/2014 | Bob McFarland | President | |
|---|---|---|---|
| DATE | TYPE/PRINT NAME OF PERSON COMPLETING FORM | TITLE | SIGNATURE |

| SI-100 (REV 01/2014) | APPROVED BY SECRETARY OF STATE |
|---|---|

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 35 of 66

# EXHIBIT 2

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 36 of 66



# State of California
## Secretary of State

### Statement of Information
### (Domestic Nonprofit, Credit Union and General Cooperative Corporations)

**Filing Fee: $20.00. If this is an amendment, see instructions.**
**IMPORTANT – READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

| N |

**FD34921**

# FILED

In the office of the Secretary of State
of the State of California

**APR-28 2016**

1. CORPORATE NAME

CALIFORNIA GRANGE FOUNDATION

2. CALIFORNIA CORPORATE NUMBER

C1821838

This Space for Filing Use Only

**Complete Principal Office Address** (Do not abbreviate the name of the city. Item 3 cannot be a P.O. Box.)

| 3. STREET ADDRESS OF PRINCIPAL OFFICE IN CALIFORNIA, IF ANY | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 347 N. MAIN ST., YREKA, CA 96097 | | | |

| 4. MAILING ADDRESS OF THE CORPORATION | CITY | STATE | ZIP CODE |
|---|---|---|---|
| LEO T. BERGERON, PRESIDENT   P.O. BOX 7795, CITRUS HEIGHTS, CA 95621 | | | |

**Names and Complete Addresses of the Following Officers** (The corporation must list these three officers. A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

| 5. CHIEF EXECUTIVE OFFICER/ | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| LEO T. BERGERON   347 N. MAIN ST., YREKA, CA 96097 | | | | |

| 6. SECRETARY | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| SYLVIA SLOAN   347 N. MAIN ST., YREKA, CA 96097 | | | | |

| 7. CHIEF FINANCIAL OFFICER/ | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| NANCY ALVAREZ   347 N. MAIN ST., YREKA, CA 96097 | | | | |

**Agent for Service of Process** If the agent is an individual, the agent must reside in California and Item 9 must be completed with a California street address, a P.O. Box address is not acceptable. If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 9 must be left blank.

8. NAME OF AGENT FOR SERVICE OF PROCESS [Note: The person designated as the corporation's agent MUST have agreed to act in that capacity prior to the designation ]

LEO T BERGERON

| 9. STREET ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 347 N. MAIN ST., YREKA, CA 96097 | | | |

**Common Interest Developments**

10. ☐ Check here if the corporation is an association formed to manage a common interest development under the Davis-Stirling Common Interest Development Act, (California Civil Code section 4000, et seq.) or under the Commercial and Industrial Common Interest Development Act, (California Civil Code section 6500, et seq.). The corporation must file a Statement by Common Interest Development Association (Form SI-CID) as required by California Civil Code sections 5405(a) and 6760(a). Please see instructions on the reverse side of this form.

11. THE INFORMATION CONTAINED HEREIN IS TRUE AND CORRECT.

| 04/28/2016 | WENDY L MCFARLAND | ADMINISTRATOR | |
|---|---|---|---|
| DATE | TYPE/PRINT NAME OF PERSON COMPLETING FORM | TITLE | SIGNATURE |

| SI-100 (REV 01/2016) | | APPROVED BY SECRETARY OF STATE |
|---|---|---|

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 37 of 66

# EXHIBIT 3

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 38 of 66

## Check View

🖨

| Name | Account | Date | Activity | Description | Amount ($) |
|------|---------|------|----------|-------------|------------|
| HEARTLAND FDN | 178-024373 | 6/2/2016 12:00:00 AM | Check | HEARTLAND FDN Check # 0288 Ref: 15427771 | 1,000.00 |

### Check Image - Front

CG FOUNDATION
3830 U. STREET
SACRAMENTO, CA 95817.

Morgan Stanley   288
25-80/440

5-27-16
Date

Pay to the
Order of   HEARTLAND FOUNDATION   $ 1,000.00

ONE THOUSAND and 00/100 —————————— Dollars

UMB Bank, N.A.
Kansas City, MO 64106
1-406-689-3442

Expense
Analyzer

For   DEPOSIT

⑈044000804⑈ 8⑉0 2051513 61⑈0 0288

### Check Image - Back

2772460022100   06-01-2016
>125108191<
Banner Bank Walla Walla WA

CHECK HERE IF DEPOSIT

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 39 of 66

## Check View

| Name | Account | Date | Activity | Description | Amount ($) |
|------|---------|------|----------|-------------|------------|
| HEARTLAND FDN | 178-024373 | 6/2/2016 12:00:00 AM | Check | HEARTLAND FDN Check # 0289 Ref: 15427772 | 1,000.00 |

### Check Image - Front

CG FOUNDATION
3830 U. STREET
SACRAMENTO, CA 95817

Morgan Stanley

289

25-60/440

$5-27-16$ Date

Pay to the
Order of *HEARTLAND FOUNDATION* $ 1,000.00

*ONE THOUSAND 00/100* Dollars

UMB Bank, N.A.
Kansas City, MO 64106
1-800-444-3452

Expense
Analyzer

For *DEPOSIT*

⑈044000804⑈:890205153615⑈ 0289

### Check Image - Back

2772460022300 06-02-2016
>125108191<
Banner Bank Walla Walla WA

CHECK HERE IF MOBILE DEPOSIT

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 40 of 66

## Check View

| Name | Account | Date | Activity | Description | Amount ($) |
|------|---------|------|----------|-------------|------------|
| HEARTLAND FDN | 178-024373 | 6/16/2016 12:00:00 AM | Check | HEARTLAND FDN Check # 0291 Ref: 16827406 | 220,000.00 |

### Check Image - Front

CG FOUNDATION
3830 U. STREET
SACRAMENTO, CA 95817

Morgan Stanley

291

25-80/440

6/13/16 Date

Pay to the Order of _Heartland Foundation_ | $ 220,000

_Two hundred twenty thousand_ $^{+ no}/_{100}$ Dollars

UMB Bank, N.A.
Kansas City, MO 64106
70-2/420-1462

Expense Analyzer

For

⑆044000804⑆890 2051513615⑈ 0291

### Check Image - Back

2772750003900    06-16-2016
>125108191<
Banner Bank Walla Walla WA

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 41 of 66

## Check View

| Name | Account | Date | Activity | Description | Amount ($) |
|------|---------|------|----------|-------------|------------|
| HEARTLAND FDN | 178-024373 | 6/29/2016 12:00:00 AM | Check | HEARTLAND FDN Check # 0293 Ref: 18103120 | 4,407.82 |

### Check Image - Front

CG FOUNDATION
3830 U. STREET
SACRAMENTO, CA 95817

Morgan Stanley

293

25-80/440

6-28-16

Date

Pay to the Order of _HEARTLAND FOUNDATION_ | $4,407.82

_Forty Four and Seven and 82/100_ Dollars

UMB Bank, N.A.
Kansas City, MO 64106
1-800-444-5462

Expense
Analyzer

For _CLOSE MORGAN STANLEY_

⑈044000804⑈890205151361500 0293

### Check Image - Back

- Montly Deposit Check Mark
- The Security Weave pattern on the back
  declared to 4:02602370018400
- Laserprint (LPI) lines printed on front and back
- The words "ORIGINAL DOCUMENT" across the back
- Padlock icon visible on front and back

Do not cash if:
- Any of the features listed above are missing or appear altered
- Fugitive ink on back looks pink or has disappeared
- Brown stains and colored spots appear on both front and back

2602370018400    06-     2016
>125108191<
Banner Bank Walla    Walla WA

CHECK HERE IF MOBILE DEPOSIT

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 42 of 66

# EXHIBIT 4

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 43 of 66

10750

**ELLIS LAW GROUP, LLP**
GENERAL ACCOUNT
740 UNIVERSITY AVENUE, SUITE 100
SACRAMENTO, CA 95825

BANK OF SACRAMENTO
916-648-2100
90-4277/1211

6/8/17

PAY TO THE ORDER OF  National Grange                     $ 18,811.16

Eighteen Thousand Eight hundred and Elevan 16/100        DOLLARS

MEMO  Satisfaction of Judgment
2:14-CV-00676-WBS

⑈010750⑈ ⑆121142779⑆ 01000027911⑈

ELLIS LAW GROUP, LLP
GENERAL ACCOUNT

10750

---

10751

**ELLIS LAW GROUP, LLP**
GENERAL ACCOUNT
740 UNIVERSITY AVENUE, SUITE 100
SACRAMENTO, CA 95825

BANK OF SACRAMENTO
916-648-2100
90-4277/1211

6/9/17

PAY TO THE ORDER OF  National Grange 9                    $ 19,896.62

Nineteen Thousand Eight hundred and Ninty Six 62/100      DOLLARS

MEMO  National Grant 9 -FED.1
Satisfaction of Judgment

⑈010751⑈ ⑆121142779⑆ 01000027911⑈

ELLIS LAW GROUP, LLP
GENERAL ACCOUNT

10751

---

734016

UMPQUA BANK

BANNER BANK

REMITTER:  ELLIS LAW GROUP
NATIONAL GRANGE FED-1 FULL SATISFACTION

Date 6/09/17

PAY TO THE ORDER OF  THE NATIONAL GRANGE

EXACTLY **55,000 AND 00/100 DOLLARS        $ ******55,000.00

**CASHIER'S CHECK**

THE PURCHASE OF AN INDEMNITY BOND WILL BE REQUIRED BEFORE ANY
CASHIER'S CHECK OF THIS BANK WILL BE REPLACED OR REFUNDED IN THE
EVENT IT IS LOST, MISPLACED, OR STOLEN.

AUTHORIZED SIGNATURE

⑈734016⑈ ⑆123987079⑆ 016010601⑈

734016

BANNER BANK

REMITTER:  ELLIS LAW GROUP
NATIONAL GRANGE FED-1 FULL SATISFACTION
THE NATIONAL GRANGE

Date 6/09/17

EXACTLY **55,000 AND 00/100 DOLLARS        $ ******55,000.00

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 44 of 66

| PLAINTIFF/PETITIONER: California State Grange and Ed Komski | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: California Grange Foundation | 34-2016-00192665 |

## PROOF OF SERVICE OF DEPOSITION SUBPOENA FOR
## PRODUCTION OF BUSINESS RECORDS

1. I served this *Deposition Subpoena for Production of Business Records* by personally delivering a copy to the person served as follows:

   a. Person served *(name)*:

   b. Address where served:

   c. Date of delivery:

   d. Time of delivery:

   e. (1) ☐ Witness fees were paid.
   Amount: . . . . . . . . . . . . . $
   (2) ☐ Copying fees were paid.
   Amount: . . . . . . . . . . . . . $

   f. Fee for service: . . . . . . . . . . . . . . . $

2. I received this subpoena for service on *(date)*:

3. Person serving:
   a. ☐ Not a registered California process server.
   b. ☐ California sheriff or marshal.
   c. ☐ Registered California process server.
   d. ☐ Employee or independent contractor of a registered California process server.
   e. ☐ Exempt from registration under Business and Professions Code section 22350(b).
   f. ☐ Registered professional photocopier.
   g. ☐ Exempt from registration under Business and Professions Code section 22451.
   h. Name, address, telephone number, and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

(For California sheriff or marshal use only)
I certify that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

## DEPOSITION SUBPOENA FOR PRODUCTION
## OF BUSINESS RECORDS

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 45 of 66

## PROOF OF SERVICE

| 1. | At the time of service I was at least 18 years of age and **not a party to this legal action**. |
|---|---|
| 2. | My business address is Schiff Hardin LLP, 901 K Street NW, Suite 700, Washington, DC 20001. |
| 3. | I Served Copies Of The Following Document:  NOTICE TO CONSUMER OR EMPLOYEE AND OBJECTION |
| 4. | I served the documents listed above in item 3 on the following persons at the addresses listed: |

Mark E. Ellis, Esq.
ELLIS LAW GROUP, LLP
740 University Avenue, Suite 100
Sacramento, CA  95825
Tel:  (916) 283-8820
E-mail:  mellis@ellislawgrp.com

*Attorney for Defendant California Grange Foundation*

| 5. | a. ☐ | **By personal service.** I personally caused the documents to be delivered on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age. |
|---|---|---|
| | b. ☐ | **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*: |
| | | (1) ☐  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or |
| | | (2) ☐  placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |
| | | I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Washington, DC. |
| | c. ☒ | **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier. |

PROOF OF SERVICE OF NOTICE TO CONSUMER OR EMPLOYEE AND OBJECTION

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 46 of 66

| 1 | d. ☐ | **By messenger service.** I served the documents on the date shown below by placing |
| 2 | | them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service. |
| 3 | e. ☐ | **By fax transmission.** Based on an agreement of the parties to accept service by fax |
| 4 | | transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy |
| 5 | | of the fax transmission, which I printed out, is attached. |
| 6 | f. ☐ | **By e-mail or electronic transmission.** Based on an agreement of the parties to |
| 7 | | accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not |
| 8 | | receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful. |

6. I served the documents by the means described in item 5 on:

July 27, 2017

I declare under penalty of perjury that this document is signed in Washington, DC under the laws of the State of California and that the foregoing is true and correct.

| 07/27/17 | Jeffrey D. Skinner | _(signature)_ |
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

- 2 -

PROOF OF SERVICE OF NOTICE TO CONSUMER OR EMPLOYEE AND OBJECTION

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 47 of 66

# EXHIBIT B

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 48 of 66

# ELLIS LAW GROUP LLP

740 University Avenue, Suite 100, Sacramento, California 95825
Phone: 916-283-8820    Fax: 916-283-8821    Web: www.ellislawgrp.com
e-mail: dcastro@ellislawgrp.com

August 17, 2017

*Via Facsimile*

Castle Copy Service
P.O. Box 3010
Rocklin, CA 95677
Tel.: 888.739.2279
Fax: 888.797.4849

RE:    **Deposition Subpoena for Production of Business Records to: Banner Bank**
        **Case:**     *California State Grange v. California Grange Foundation*
        **Case No.:**   **34-2016-00192665**
        **Work Order:**  **74795-01**

To Whom It May Concern:

       I represent the Defendant Heartland Foundation, erroneously sued as California Grange Foundation, in the above referenced matter. Please take notice that this letter requests you suspend execution of the subpoena received for processing from Plaintiff California State Grange. As evidenced by the attached correspondence directed to the witness, I object to the subpoena to the extent that it infringes on my client's right to privacy, exceeds the permissible scope of discovery, and makes unreasonable or oppressive demands for information. Defendant intends to file a Motion to Quash the subject subpoena.

       If appropriate, you will be notified to proceed by court order or if the parties are able to come to an agreement, will receive a subpoena evidencing new or modified language.

       Thank you for your courtesy and cooperation regarding this matter. If you have any other questions or concerns, please call or reply.

Kindest Regards,

David E. Castro

cc:

Jeffrey D. Skinner
Attorneys for California State Grange and Ed Komski
Schiff Hardin, LLP
901 K Street NW, Suite 700
Washington, DC 20001
Tel.: 202.778.6400
Fax: 202.778.6460

**Case No. 2:14-CV-00676-WBS-DB**
**PI's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 3, p. 49 of 66**

# ELLIS LAW GROUP LLP

740 University Avenue, Suite 100, Sacramento, California 95825
Phone: 916-283-8820   Fax: 916-283-8821   Web: www.ellislawgrp.com
e-mail:  dcastro@ellislawgrp.com

August 17, 2017

*Via Facsimile*

Ashley Sargeant
Banner Bank
Legal Orders Department
Tel.: 509.434.3868

> RE:   **Deposition Subpoena for Production of Business Records to: Banner Bank**
> **Case:**      *California State Grange v. California Grange Foundation*
> **Case No.:**  34-2016-00192665
> **Work Order:**  74795-01

Dear Ms. Sargeant:

I represent the Heartland Foundation, erroneously sued as California Grange Foundation, in the above referenced matter. I am in receipt of correspondence you directed to the Heartland Foundation (hereafter "Foundation") dated August 11, 2017. I am also in receipt of the civil subpoena referenced above and issued to the Foundation's banking institution, Banner Bank.

Please be advised that a dispute has arisen between the parties as to the propriety and/or scope of the subpoena. I am instructing you <u>not</u> to execute this subpoena until further notice or by Order of the Superior Court of California, County of Sacramento.

The information requested by the subpoena is clearly afforded qualified protection and it impinges upon the Foundation's right to privacy because the subpoena seeks personal financial records and materials of a private business nature. *Cobb v. Sup. Ct.* (1979) 99 Cal. 3d 543, 550. Note, even if the subpoenaed information is highly relevant to the litigation, disclosure still may not occur. *Cobb, supra,* 99 Cal.3d at 566. In such instances where information may be highly relevant, the court must carefully balance the subpoenaed information versus the right of privacy before authorizing disclosure. *Britt v. Sup. Ct.* (1978) 20 Cal.3d 844, 855-856.

Even further, the subpoena also seeks information outside the scope of discovery and makes unreasonable or oppressive demands for information. *See* Code Civ. Proc. § 1987.1(a); Sink, *Subpoena Handbook,* § 11.5[A]; *see, e.g., McClatchy Newspapers v. Sup. Ct.* (1945) 26 Cal.2d 386, 391.

On another note, you specifically advise that you will comply with the subpoena on August 22, 2017. Compliance with the subpoena on August 22, 2017 is inappropriate in light of this objection and the fact that the date of production evidenced on the subpoena is August 24, 2017. The Foundation anticipates filing and serving a Motion to Quash the subpoena in question. Do not comply until further notice or by Order of the court.

Thank you for your courtesy and cooperation regarding this matter. If you have any other questions or concerns, please call or reply.

Kindest Regards,

David E. Castro

**Case No. 2:14-CV-00676-WBS-DB**
**PI's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 3, p. 50 of 66**

cc: Castle Copy Service
P.O. Box 3010
Rocklin, CA 95677
Tel.: 888.739.2279
Fax: 888.797.4849
Castle Copy Work Order: 74795-01

Jeffrey D. Skinner
Attorneys for California State Grange and Ed Komski
Schiff Hardin, LLP
901 K Street NW, Suite 700
Washington, DC 20001
Tel.: 202.778.6400
Fax: 202.778.6460

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 51 of 66

Date /Time : AUG-17-2017 18:44 THU
Model Name : WorkCentre 3325
Machine Serial Number : LA6292384

| No. | Name/Number | StartTime | Time | Mode | Page | Result |
|---|---|---|---|---|---|---|
| 089 | 914258065952 | 08-17 18:43 | 00'41 | ECM | 003/003 | OK |

# ELLIS LAW GROUP LLP

740 University Avenue, Suite 100, Sacramento, California 95825
Phone: 916-283-8820 Fax: 916-283-8821 Web: www.ellislawgrp.com
e-mail: dcastro@ellislawgrp.com

August 17, 2017

*Via Facsimile*

Ashley Sargeant
Banner Bank
Legal Orders Department
Tel: 509.434.3868

**RE: Deposition Subpoena for Production of Business Records to: Banner Bank**
Case: *California State Grange v. California Grange Foundation*
Case No.: 34-2016-00192665
Work Order: 74795-01

Dear Ms. Sargeant:

I represent the Heartland Foundation, erroneously sued as California Grange Foundation, in the above referenced matter. I am in receipt of correspondence you directed to the Heartland Foundation (hereafter "Foundation") dated August 11, 2017. I am also in receipt of the civil subpoena referenced above and issued to the Foundation's banking institution, Banner Bank.

Please be advised that a dispute has arisen between the parties as to the propriety and/or scope of the subpoena. I am instructing you not to execute this subpoena until further notice or by Order of the Superior Court of California, County of Sacramento.

The information requested by the subpoena is clearly afforded qualified protection and it impinges upon the Foundation's right to privacy because the subpoena seeks personal financial records and materials of a private business nature. *Cobb v. Sup. Ct.* (1979) 99 Cal. 3d 543, 550. Note, even if the subpoenaed information is highly relevant to the litigation, disclosure still may not occur. *Cobb, supra,* 99 Cal.3d at 566. In such instances where information may be highly relevant, the court must carefully balance the subpoenaed information versus the right of privacy before authorizing disclosure. *Britt v. Sup. Ct.* (1978) 20 Cal.3d 844, 855-856.

Even further, the subpoena also seeks information outside the scope of discovery and makes unreasonable or oppressive demands for information. *See* Code Civ. Proc. § 1987.1(a); Sink, *Subpoena Handbook*, § 11.5[A]; *see, e.g., McClatchy Newspapers v. Sup. Ct.* (1945) 26 Cal.2d 386, 391.

On another note, you specifically advise that you will comply with the subpoena on August 22, 2017. Compliance with the subpoena on August 22, 2017 is inappropriate in light of this objection and the fact that the date of production evidenced on the subpoena is August 24, 2017. The Foundation anticipates filing and serving a Motion to Quash the subpoena in question. Do not comply until further notice or by Order of the court.

Thank you for your courtesy and cooperation regarding this matter. If you have any other questions or concerns, please call or reply.

Kindest Regards,

David E. Castro

```
Date /Time              : AUG-17-2017 18:40 THU
Model Name              : WorkCentre 3325
Machine Serial Number   : LA6292384
```

| No. | Name/Number | StartTime | Time | Mode | Page | Result |
|-----|-------------|-----------|------|------|------|--------|
| 086 | 912027786460 | 08-17 18:39 | 00'39 | ECM | 003 | OK |

**Case No. 2:14-CV-00676-WBS-DB**
**PI's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 3, p. 53 of 66**

Date /Time : AUG-17-2017 18:46 THU
Model Name : WorkCentre 3325
Machine Serial Number : LA6292384

| No. | Name/Number | StartTime | Time | Mode | Page | Result |
|---|---|---|---|---|---|---|
| 090 | 918887974849 | 08-17 18:44 | 00'56 | ECM | 003/003 | OK |

# ELLIS LAW GROUP LLP

740 University Avenue, Suite 100, Sacramento, California 95825
Phone: 916-283-8820 Fax: 916-283-8821 Web: www.ellislawgrp.com
e-mail: dcastro@ellislawgrp.com

August 17, 2017

***Via Facsimile***

Castle Copy Service
P.O. Box 3010
Rocklin, CA 95677
Tel.: 888.739.2279
Fax: 888.797.4849

**RE: Deposition Subpoena for Production of Business Records to: Banner Bank**
**Case: *California State Grange v. California Grange Foundation***
**Case No.: 34-2016-00192665**
**Work Order: 74795-01**

To Whom It May Concern:

I represent the Defendant Heartland Foundation, erroneously sued as California Grange Foundation, in the above referenced matter. Please take notice that this letter requests you suspend execution of the subpoena received for processing from Plaintiff California State Grange. As evidenced by the attached correspondence directed to the witness, I object to the subpoena to the extent that it infringes on my client's right to privacy, exceeds the permissible scope of discovery, and makes unreasonable or oppressive demands for information. Defendant intends to file a Motion to Quash the subject subpoena.

If appropriate, you will be notified to proceed by court order or if the parties are able to come to an agreement, will receive a subpoena evidencing new or modified language.

Thank you for your courtesy and cooperation regarding this matter. If you have any other questions or concerns, please call or reply.

Kindest Regards,

David E. Castro

cc:

Jeffrey D. Skinner
Attorneys for California State Grange and Ed Komski
Schiff Hardin, LLP
901 K Street NW, Suite 700
Washington, DC 20001
Tel.: 202.778.6400
Fax: 202.778.6460

# EXHIBIT C

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 55 of 66

BY-LAWS
OF
CALIFORNIA GRANGE FOUNDATION

A CALIFORNIA PUBLIC BENEFIT CORPORATION

ARTICLE I
OFFICES

## SECTION 1. PRINCIPAL OFFICE

The principal office of the corporation for the transaction of its business is located in Sacramento County, California.

## SECTION 2. CHANGE OF ADDRESS

The county of the corporation's principal office can be changed only by amendment of these By-Laws and not otherwise. The Board of Directors may, however, change the principal office from one location to another within the named county by noting the changed address and effective date below, and such changes of address shall not be deemed an amendment of these By-Laws:

Dated:          , 20

## SECTION 3. OTHER OFFICES

The corporation may also have offices at such other places, within or without the State of California, where it is qualified to do business, as its business may require and as the board of directors may, from time to time designate.

ARTICLE 2
PURPOSES

## SECTION 1. OBJECTIVES AND PURPOSES

The primary objectives and purposes of this corporation shall be to carry out activities to support the California State Grange's work, programs and goals; to engage in and encourage charitable, scientific and educational activities including but not limited to the following:

(a) To promote educational programs with emphasis on the agricultural and domestic spheres in order to develop a better and higher manhood and womanhood among person engaged in or interested in agriculture, to enable them to improve their skills, their standard of living, their self-respect and their esteem in the eyes of their fellow citizens.

Foundation By-Laws
Page 1

April, 2011

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 56 of 66

(b) To support and encourage the development of programs for community improvement.

(c) To promote research in agriculture and economics in order that reliable and useful facts may be made available to the agriculture community and to the general public.

(d) To foster education, leadership and self-reliance among the youthful members of the community by means of scholarships, training programs and public recognition of worthwhile achievements.

(e) To encourage exchanges of information with the general public who have an interest in our agriculture heritage and traditions as a means of preserving this heritage and traditions.

(f) To encourage and facilitate charitable activities for the benefit of our youth, the poor, handicapped, or underprivileged persons in our country and abroad.

## ARTICLE 3
## DIRECTORS

### SECTION 1. NUMBER

The authorized number of directors shall be as set by resolution adopted by the members, but not less than seven or more than twenty-one. A maximum of two additional Directors may be added per year. Collectively they shall be known as the Board of Directors.

### SECTION 2. POWERS

Subject to the provisions of the California Nonprofit Public Benefit Corporation law and any limitations in the Articles of Incorporation and Bylaws relating to action required or permitted to be taken or approved by the members, if any, of this corporation, the activities and affairs of this corporation shall be conducted and all corporate powers shall be exercised by or under the direction of the Board of Directors.

### SECTION 3. DUTIES

It shall be the duty of the directors to:

(a) Perform any and all duties imposed on them collectively or individually by law, by the Articles of Incorporation of this corporation, or by these By-Laws;

(b) Appoint and remove, employ and discharge, and, except as otherwise provided in these By-Laws, prescribe the duties and fix the compensation, if any, of all officers, agents and employees of the corporation;

(c) Supervise all officers, agents and employees of the corporation to assure that their duties are performed properly;

Foundation By-Laws
Page 2

April, 2011

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 57 of 66

1  Mark E. Ellis - 127159
   David E. Castro - 298614
2  Alesya Nalbandyan - 309307
   ELLIS LAW GROUP, LLP
3  740 University Avenue, Suite 100
   Sacramento, CA 95825
4  Tel: (916) 283-8820
   Fax: (916) 283-8821
5
   Attorneys for Defendant
6  HEARTLAND FOUNDATION erroneously sued as CALIFORNIA GRANGE FOUNDATION

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                             COUNTY OF SACRAMENTO

10

| | |
|---|---|
| 11  CALIFORNIA STATE GRANGE, a California nonprofit corporation, and ED KOMSKI, | Case No.: 34-2016-00192665 |
| 12 | **DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION TO QUASH DEPOSITION SUBPOENA FOR PRODUCTION OF [PERSONAL] BUSINESS RECORDS** |
| 13  Plaintiffs, | |
| 14  v. | |
| 15  CALIFORNIA GRANGE FOUNDATION, a California nonprofit public benefit corporation, and DOES 1-300, | Date: September 20, 2017 Time: 9:00 a.m. |
| 16 | Dept: 54 Judge: Hon. Raymond M. Cadei |
| 17  Defendants. | |
| 18 | *Date Complaint Filed: April 5, 2016* *Trial Date: May 7, 2018* |

| Request Number | Objection to Subpoenaed Request |
|---|---|
| **Request No. 1:** Please produce all documents since January 1, 2012, concerning any and all accounts in which the California Grange Foundation has had an interest and/or is otherwise a party to, whether as owner, custodian, trustee, and/or beneficiary, including, without limitation:<br><br>(a) All signature cards, corporate resolutions, and account opening documents;<br>(b) Account statements since the account was first opened; | *1) Request Violates Code Civ. Proc. § 2020.410 – Overbroad and Not Reasonably Particularized*<br><br>This request violates Code Civil Procedure section 2020.410 because it fails to designate the business records to be produced either by specifically describing each individual item or by reasonably particularizing each category of item.<br><br>Each request is augmented by subparagraphs (a) through (d). When the subparagraphs are appended to each request, the subpoena |

- 1 -

DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION TO QUASH DEPOSITION
**Case No. 2:14-CV-00676-WBS-DB**
**Pl's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 3, p. 58 of 66**

| | |
|---|---|
| (c) Copies of all documents concerning the transfer of funds to or from the accounts, including, not limited to, checks, canceled checks, wire transactions, deposits, withdrawals, and escrow accounts; and | is transformed into broad categories violative of the Code. |

is transformed into broad categories violative of the Code.

### 2) *Request Violates Code Civ. Proc. § 2017.010*

"Unless otherwise limited by order of the court in accordance with this article, any party may obtain discovery regarding any matter, not privileged, that is *relevant* to the subject matter involved in the pending action…" Code Civ. Proc. § 2017.010 (emphasis added). Here, Plaintiffs request matters that are not relevant to the subject matter. For example, the request calls for all documents concerning any and all accounts in which the California Grange Foundation has had an interest and/or is otherwise a party to, whether as owner, custodian, trustee, and/or beneficiary, including, **without limitation**…communications concerning the documents identified in subparagraphs (a) – (c). As stated above, the lack of specificity and the manner in which subparagraphs (a) – (d) further broaden the scope of the demand takes each request outside the permissible scope of discovery and implicates privileged, confidential, and or non-discoverable materials.

### 3) *Request Violates Third Party Privacy Rights*

Plaintiffs' overbroad subpoena improperly implicates third party privacy rights. The 'inalienable right' to privacy expressly protected by force of constitutional mandate (Cal. Cons., art. I, § 1) extends to one's confidential financial affairs as well as to the details of one's personal life. *Valley Bank of Nevada v. Superior Court* (1975) 15 Cal.3d 652, 656.

Subparagraph (d), among other portions of the requests, implicates attorney client privileged documentation, confidential documentation, work-product documentation, and would require

(The left column also contains:)

(d) Communications concerning the documents identified in (a) – (c).

DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION TO QUASH DEPOSITION
Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 59 of 66

Banner Bank to produce all documents concerning the transfer of funds to or from an account the California Grange Foundation or Heartland Foundation ever ***"had an interest and/or is otherwise a party to, whether as owner, custodian, trustee, and/or beneficiary."*** The *Valley Bank* balancing will likely result in a quashed or modified subpoena.

### 4) *Request Calls for Irrelevant Matters Not Reasonably Calculated to Lead to Discovery of Admissible Evidence.*

"Unless otherwise limited by order of the court in accordance with this article, any party may obtain discovery regarding any matter, not privileged, that is <u>relevant</u> to the subject matter involved in the pending action…" Code Civ. Proc. § 2017.010 (emphasis added). "No evidence is admissible except relevant evidence." Evid. Code § 350. Specifically, the subpoena seeks information that is not relevant to the issues in the case. *Slagle v. Superior Court* (1989) 211 Cal.App.3d 1309, 1314-15.

'Relevant evidence' means evidence, including evidence relevant to the credibility of a witness or hearsay declarant, having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action." Evid. Code § 210.

**Each request in subparagraphs (a)-(d) broadens and invalidates each overall request for the reasons specified above.**

| | |
|---|---|
| **Request No. 2:** Please produce all documents since January 1, 2012, concerning any and all accounts in which the Heartland Foundation has had an interest and/or is otherwise a party to, whether as owner, custodian, trustee, and/or beneficiary, including, without limitation:<br>(a) All signature cards, | Requests No. 1 and No. 2 are identical, except No. 2 requests information relevant to Heartland Foundation.<br><br>Defendant hereby incorporates herein by reference, as if fully set forth verbatim, the objections raised above in Request No. 1. |

- 3 -

DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION TO QUASH DEPOSITION
Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 60 of 66

| | |
|---|---|
| corporate resolutions, and account opening documents;<br>(b) Account statements since the account was first opened;<br>(c) Copies of all documents concerning the transfer of funds to or from the accounts, including, not limited to, checks, canceled checks, wire transactions, deposits, withdrawals, and escrow accounts; and<br>(d) Communications concerning the documents identified in (a) – (c). | |
| **Request No. 3:** Please produce all documents since January 1, 2012 concerning account number 125108191 at Banner Bank, including, without limitation:<br>(a) All signature cards, corporate resolutions, and account opening documents;<br>(b) Account statements since the account was first opened;<br>(c) Copies of all documents concerning the transfer of funds to or from the accounts, including, not limited to, checks, canceled checks, wire transactions, deposits, withdrawals, and escrow accounts; and<br>(d) Communications concerning the documents identified in (a) – (c). | Defendant hereby incorporates herein by reference, as if fully set forth verbatim, the objections raised above in Request Nos. 1-2. |
| **Request No. 4:** Please produce all documents since January 1, 2012, concerning the account(s) into which the checks attached as **Exhibit 3** were deposited, including, without limitation:<br>(a) All signature cards, corporate resolutions, and account opening | Defendant hereby incorporates herein by reference, as if fully set forth verbatim, the objections raised above in Request Nos. 1-3. |

- 4 -

DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION TO QUASH DEPOSITION
Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 61 of 66

| | |
|---|---|
| documents;<br>(b) Account statements since the account was first opened;<br>(c) Copies of all documents concerning the transfer of funds to or from the accounts, including, not limited to, checks, canceled checks, wire transactions, deposits, withdrawals, and escrow accounts; and<br>(d) Communications concerning the documents identified in (a) – (c). | |
| **Request No. 5:** Please produce all documents concerning the transfer of funds from the Heartland Foundation or California Grange Foundation to the account(s) from which the funds used to guarantee the cashier's checks attached as **Exhibit 4** hereto were drawn. | *1) Incorporation by Reference*<br><br>Defendant hereby incorporates herein by reference, as if fully set forth verbatim, the objections raised above in Request Nos. 1-4.<br><br>Request No. 5 is so broad that it requests "documents concerning the transfer of funds from the Heartland Foundation or the California Grange foundation <u>to the account(s)</u> from which the funds used to guarantee the cashier's checks attached as exhibit 4 were drawn." Then, to Exhibit 4, **Plaintiffs attach three checks from the Ellis Law Group, LLP General Account.** Request No. 5 is flagrantly inappropriate, unduly broad, irrelevant to the subject litigation, and infringes on the privacy rights of the Ellis Law Group, LLP without a compelling reason justifying the need for disclosure.<br><br>*2) This Request Violates CCP 2020.410*<br><br>The request also fails to identify "reasonably particularized categories" or items with "specific descriptions" as required by Code Civ. Proc. § 2020.410.<br><br>*3) This Request Seeks Information Confidential Information Protected by Attorney Client Privilege, and the Work-Product Doctrine* |

- 5 -

DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION TO QUASH DEPOSITION
**Case No. 2:14-CV-00676-WBS-DB**
**Pl's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 3, p. 62 of 66**

The request violates ELG and Heartland's attorney-client privilege. The attorney-client privilege protects some dual purpose communications, which are those made for both legal and non-legal purposes. *2,022 Ranch, LLC v. Superior Court* (4th Dist. 2003) 113 Cal.App.4th 1377, 1390, *disapproved on other grounds*; *Costco Wholesale Corp. v. Superior Court* (2009) 47 Cal.4th 725. The fundamental purpose of attorney-client privilege is to safeguard the confidential relationship between clients and attorneys so as to promote full and open discussion of the facts and tactics surrounding individual legal matters. Evid. Code § 954.

The request violates the work product doctrine: Generally, attorney work product is defined as the materials generated by the attorney's effort, research and thought processes in preparing the client's case. *Meza v. H. Muehlstein & Co.* (2d Dist. 2009) 176 Cal.App.4th 969, 977; *BP Alaska Exploration, Inc.* (5th Dist. 1988). All courts agree that the work-product privilege is a discovery exemption. *See* Code Civ. Proc. § 2018.030 (work product not being discoverable).

Of particular importance is the protection afforded to an attorney's non-legal work if the work has both a legal and non-legal purpose and the dominant purpose behind creating the material was to provide a legal opinion or advice. *See 2,022 Ranch, supra,* 113 Cal.App.4th at 1390-91; *Aetna Cas. & Sur. Co., supra,* 153 Cal.App.3d at 475-76.

As a result, attorney-client privilege is absolute and disclosure may not be ordered, without regard to relevance, necessity or any particular circumstances peculiar to the case. *Costco, supra,* 47

DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION TO QUASH DEPOSITION
Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 63 of 66

| | Cal.4th at 733. |
|---|---|

Dated: August 23, 2017          ELLIS LAW GROUP, LLP

                              By _____
                                 David E. Castro
                                 Attorneys for Defendant
                                 HEARTLAND FOUNDATION erroneously sued as
                                 CALIFORNIA GRANGE FOUNDATION

- 7 -

DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION TO QUASH DEPOSITION
**Case No. 2:14-CV-00676-WBS-DB**
**Pl's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 3, p. 64 of 66**

1 | Mark E. Ellis - 127159
David E. Castro - 298614
2 | ELLIS LAW GROUP, LLP
740 University Avenue, Suite 100
3 | Sacramento, CA 95825
Tel: (916) 283-8820
4 | Fax: (916) 283-8821

5 | Attorneys for Defendant
HEARTLAND FOUNDATION erroneously sued as CALIFORNIA GRANGE FOUNDATION

6

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF SACRAMENTO

10

11 | CALIFORNIA STATE GRANGE, a California nonprofit corporation, and ED KOMSKI,

Case No.: 34-2016-00192665

12 | Plaintiffs,

**PROOF OF SERVICE TO MOTION TO QUASH DEPOSITION SUBPOENA FOR PRODUCTION OF [PERSONAL] BUSINESS RECORDS AND SUPPORTING DOCUMENTS**

13 | v.

14 | CALIFORNIA GRANGE FOUNDATION, a California nonprofit public benefit corporation, and DOES 1-300,

15 | Date: September 20, 2017
Time: 9:00 a.m.

16 | Dept: 54
Judge: Hon. Raymond M. Cadei

17 | Defendants.

*Date Complaint Filed: April 5, 2016*
*Trial Date: May 7, 2018*

18

19

20

21

22

23

24

25

26

27

28

- 1 -

PROOF OF SERVICE TO MOTION TO QUASH DEPOSITION SUBPOENA FOR PRODUCTION OF [PERSONAL] BUSINESS RECORDS AND SUPPORTING DOCUMENTS

**Case No. 2:14-CV-00676-WBS-DB**
**Pl's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 3, p. 65 of 66**

# CERTIFICATE OF SERVICE

I, Cheri Bowden, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 740 University Avenue, Suite 100, Sacramento, CA 95825.

On August 23, 2017, I served the following document(s) on the parties in the within action:

1. **NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA FOR PRODUCTION OF [PERSONAL] BUSINESS RECORDS;**

2. **DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH DEPOSITION SUBPOENA FOR PRODUCTION OF [PERSONAL] BUSINESS RECORDS;**

3. **DECLARATION OF DAVID E. CASTRO IN SUPPORT OF MOTION TO QUASH DEPOSITION SUBPOENA FOR PRODUCTION OF [PERSONAL] BUSINESS RECORDS;**

4. **DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION TO QUASH DEPOSITION SUBPOENA FOR PRODUCTION OF [PERSONAL] BUSINESS RECORDS; and**

5. **PROOF OF SERVICE TO MOTION TO QUASH DEPOSITION SUBPOENA FOR PRODUCTION OF [PERSONAL] BUSINESS RECORDS AND SUPPORTING DOCUMENTS**

| X | **VIA OVERNIGHT SERVICE:** The above-described document(s) will be delivered by overnight service, to the following: |
|---|---|

Jeffrey D. Skinner
SCHIFF HARDIN LLP
901 'K' Street Northwest, Suite 700
Washington, DC 20001
Federal Express No. 8107 7862 0258

Attorneys for Plaintiffs
The California State Grange and Ed Komski

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on August 23, 2017.

By _Cheri Bowden_ _____
Cheri Bowden

- 2 -

PROOF OF SERVICE TO MOTION TO QUASH DEPOSITION SUBPOENA FOR PRODUCTION OF [PERSONAL] BUSINESS RECORDS AND SUPPORTING DOCUMENTS

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 3, p. 66 of 66

# EXHIBIT 4

DATE: 09/05/2017      TIME: 09:00:00 AM     DEPT: 54

JUDICIAL OFFICER PRESIDING: Raymond Cadei
CLERK:  A O'Donnell
REPORTER/ERM: T. Huffman, #13789
BAILIFF/COURT ATTENDANT: M. Oreschak

CASE NO: **34-2016-00192665-CU-MC-GDS** CASE INIT.DATE: 04/05/2016
CASE TITLE: **California State Grange vs. California Grange Foundation**
CASE CATEGORY: Civil - Unlimited

---

**EVENT TYPE**: Motion - Other - Civil Law and Motion

---

**APPEARANCES**
Jeffrey D Skinner, counsel, present for Plaintiff(s) telephonically.
Mark E Ellis, counsel, present for Defendant(s).
David Castro, counsel present for Defendant(s).

**Nature of Proceeding: Motion to Disqualify the Ellis Law Group as Counsel**

**TENTATIVE RULING**

Plaintiffs The California State Grange and Ed Komski's (collectively "Grange") Motion to Disqualify The Ellis Law Group is GRANTED.

**As a preliminary matter, it appears to the Court that Judge Brown's and the 3rd District Court of Appeal's Order disqualifying ELG from representing the Guild defendants (which would include the Foundation) in any action against the National Grange or State Grange is <u>binding</u> on this Court and the parties.  The Court agrees with Judge Brown's/3rd District Court of Appeal's analysis and conclusion.  Nonetheless, the Court provides its own analysis below which reaches the same conclusions as Judge Brown and the 3rd District Court of Appeal.**

Defendant California Grange Foundation ("Foundation") is represented by The Ellis Law Group ("ELG"). Attorney Anthony P.J. Valenti ("Valenti") was employed as an associate attorney with Porter Scott from March 10, 2014 to October 6, 2014.  Porter Scott represented the Grange in *The National Grange of the Order of Patrons of Husbandry v. The California State Grange*, case no. 34-2012-00130439 ("Original Action"), and Valenti worked as an associate on the Original Action.  On June 23, 2016, Valenti started work at ELG.

Grange moves to disqualify Valenti "because his representation of the Foundation is substantially related to his representation of the National Grange and the California State Grange in Original Action." (Motion, 1:27-2:1.)  Grange moves to vicariously disqualify ELG "because it has obtained The Grange's confidential information from Mr. Valenti. The Ellis Law Group failed to establish an effective ethical wall to screen Mr. Valenti from litigation against The Grange, including this case."  (Motion, 2:8-10.)

<u>**The Original Action**</u>

---

MINUTE ORDER

**Case No. 2:14-CV-00676-WBS-DB**
**Pl's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 4, p. 1 of 7**

CASE TITLE: California State Grange vs. California Grange Foundation

CASE NO: **34-2016-00192665-CU-MC-GDS**

In the Original Action, Plaintiff the National Grange of the Order of Patrons of Husbandry ("National Grange") filed suit against the California State Grange. The California State Grange has now changed its name to "The California Guild" ("Unchartered State Grange" or "Guild") pursuant to the United States District Court for the Eastern District of California's judgment in favor of the National Grange in various trademark suits ("Trademark Actions"). The National Grange also sued various individuals, including Robert McFarland ("McFarland"), the Master and other members of the Executive Committee of the Guild. The National Grange alleges it suspended the Unchartered State Grange's Chapter in September 2012 and later revoked the Chapter in April 2013. The defendants voluntarily dissociated in November 2013. The National Grange alleges that the Guild continues to hold the property of the Grange. In August 2015, Judge Brown granted National Grange's motion for summary judgment, holding that the Unchartered State Grange had the obligation to transfer to the Grange all Grange property in its possession and control as of the date the Unchartered State Grange's charter was revoked.

The Grange was re-organized and rechartered in 2014. After it was rechartered, the Grange filed a Complaint-in-Intervention in November 2014. In the Complaint-in-Intervention, the Grange alleges that the Unchartered State Grange, McFarland and others continue to wrongfully control the Foundation, which is a non-profit corporation that holds the Grange's property. The Grange alleges that the property is being used for purposes other than the advancement of the mission and purposes of the Grange.

On 5/9/2017, Judge Brown granted the National Grange's motion to disqualify ELG as counsel for the Guild and Robert McFarland.

On July 21, 2017, Judge Brown granted the Grange and Ed Komski's motion to disqualify ELG as counsel the California Guild, Robert McFarland, Takashi Yogi, Kathy Bergeron, and/or Bill Thomas.

## The Instant Action

In this action, the Grange has sued the Foundation for Declaratory and Injunctive Relief. The Grange alleges that it formed the Foundation in 1992. The Foundation holds property donated to be used for the Grange in accordance with the rules of the National Grange and the Grange. The Grange alleges that despite the federal court and state court's orders, the Foundation and the substantial Grange property that it holds "are under the control of Robert McFarland and others, who are not affiliated with The Grange and who are using that property for purposes other than activities to support the California State Grange's work, programs, and goals." (Complaint, ¶ 46.) The Grange alleges that since November 2013, the defendants have used the funds held by the Foundation for purposes besides the charitable purposes for which those funds were donated to the Foundation.

## Porter Scott and Valenti's Involvement

Porter Scott has represented the National Grange since 2012. (Declaration of Martin Jensen ("Jensen Decl."), ¶ 3.) Upon revocation of the Unchartered State Grange's Chapter in April 2013, it became inactive. (Declaration of Ed Komski ("Komski Decl."), ¶ 5, Ex. 2.) During the time of inactivity, the National Grange acted on the Grange's behalf, including by pursuing its interests in litigation, such as recovery of the Grange property held by the Guild. (Komski Decl., ¶ 7, Jensen Decl., ¶ 4.) Beginning in February 2014, and continuing through the restoration of the Charter on July 7, 2014, Ed Komski ("Komski"), the Master of the Grange since 2014, communicated with attorneys for the National Grange, including Porter Scott, about the reorganization process and the Original Action. (Komski Decl., ¶ 7.) During this time, Komski understood and considered Porter Scott to be representing the interests of the Grange through its representation of the National Grange in the Original Action. (Id.) In July and August of 2014, Komski communicated with attorneys for the National Grange, including Martin N. Jensen,

DATE: 09/05/2017
DEPT: 54

MINUTE ORDER

Page 2

Calendar No.

**Case No. 2:14-CV-00676-WBS-DB**
**PI's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 4, p. 2 of 7**

CASE TITLE: California State Grange vs. California Grange Foundation

CASE NO: **34-2016-00192665-CU-MC-GDS**

about the Original Action and the strategy for the California State Grange's involvement in that lawsuit going forward, including with respect to property held by the Foundation. During this time period, he received legal advice from Porter Scott, relied on Porter Scott to protect the interests of the Grange in the Original Action, and considered Porter Scott to be the Grange's attorneys until it retained independent counsel. (Id. ¶ 8.) In late August 2014, the Grange retained its current attorney, Jeffrey D. Skinner, from Schiff Hardin LLP ("Skinner"). (Id. ¶ 10.)

Valenti was an associate at Porter Scott from March 10, 2014, until October 6, 2014. (Jensen Decl., ¶ 12.) During that time, he worked with Martin Jensen ("Jensen") on the Original Action. (Id.) Valenti assisted with discovery, drafted memoranda, performed case law research, and communicated by phone and email with the Grange's former president, Ed Luttrell. (Id. ¶ 13.) Valenti billed approximately 26 hours to the Original Action. (Id., ¶ 14.) Between June 2014 to August 2014 (while the Unchartered State Grange was inactive and before the rechartered Grange retained counsel), Valenti billed 9.5 hours to the Original Action. (ELG's index of evidence, Ex. 22.) The remaining 16.5 hours were billed after the Grange retained Skinner. (*Id.*)

As an associate working on behalf of the National Grange, Valenti had complete, unrestricted access to all confidential and privileged information in Porter Scott's possession relating to the National Grange, its structure and relationship with state and local divisions, and the Grange litigations, including all information about the Grange, its reorganization, and its strategies for litigating the Original Action, and also all communications with its counsel and Komski. (Jensen Decl., ¶ 15, Komski Dec., ¶¶ 7-9, Skinner Decl. ¶¶ 3-7.)

Valenti joined ELG around June 23, 2016. (Jensen Decl., ¶ 16, Ex. A.)

### Successive Representation/Substantial Relationship

Grange advances that Valenti's representation in the Original Action and the instant action are successive representations.

"Where an attorney successively represents clients with adverse interests, and where the subjects of the two representations are substantially related, the need to protect the first client's confidential information requires that the attorney be disqualified from the second representation. For the same reason, a presumption that an attorney has access to privileged and confidential matters relevant to a subsequent representation extends the attorney's disqualification vicariously to the attorney's entire firm." (*People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.* (1999) 20 Cal. 4th 1135, 1146.)

In opposition, the Foundation insists the Grange must produce evidence that Valenti actually possessed confidential information that could be helpful to the new client and hurt the old. The Foundation applies the incorrect standard to the facts at hand. "[A] former client <u>may seek to disqualify</u> a former attorney from representing an adverse party by showing the former attorney actually possesses confidential information adverse to the former client. However, it is well <u>settled actual possession of confidential information need not be proved in order to disqualify the former attorney</u>. It is enough to show a "substantial relationship" between the former and current representation." (*H. F. Ahmanson & Co. v. Salomon Bros.* (1991) 229 Cal. App. 3d 1445, 1452; *accord Adams v. Aerojet-General Corp.* (2001) 86 Cal.App.4th 1324, 1331; *Faughn v. Perez* (2006) 145 Cal. App. 4th 592, 604.)

The Foundation's reliance on *Goldberg v. Warner/Chappell Music, Inc.* (2005) 125 Cal. App. 4th 752, 753 is misplaced. In *Goldberg*, a wrongful termination plaintiff sought to disqualify her former employer's law firm on the basis that some six years earlier, she had consulted with a partner in the law firm regarding her employment contract. That partner, however, had left <u>the employer's law firm three years prior to the underlying lawsuit</u>. The court acknowledged the rule that "courts do not generally inquire into

DATE: 09/05/2017
DEPT: 54

MINUTE ORDER

Page 3
Calendar No.

**Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 4, p. 3 of 7**

CASE TITLE: California State Grange vs. California Grange Foundation

CASE NO: **34-2016-00192665-CU-MC-GDS**

whether they attorney actually possesses confidential information." (*Id.* at 759.) Instead, the substantial relationship test applies. (*Id.*) The court also recognized the "limited exception to this conclusive presumption in the rare instance where the lawyer can show that there was no *opportunity* for confidential information to be divulged." (*Id.* at 760 [underlining added, italics in original].) The court applied the limited exception, noting that the attorney was no longer at the law firm, thus, there was no concern that he would inadvertently pass on confidential information to his colleagues. Therefore, "[i]t was appropriate under the circumstances for the trial court to make an assessment of whether Salomon actually passed on confidential information." (*Id.* at 762.) Notably, the court stated "if Salomon were still practicing at MS&K, MS&K would likely have to be disqualified from the current litigation because there would be no practical way of ensuring that, despite his best intentions, Salomon would not let slip some confidential information he may not even be aware that he possesses." (*Id.*) Here, unlike the attorney in *Goldberg*, Valenti is still working at the firm that represents a client adverse to the Grange.

*Adams v. Aerojet-General Corp.* (2001) 86 Cal.App.4th 1324 is also inapposite. There, the "tainted attorney's" firm was retained by Aerojet to work on certain matters. It was undisputed that the attorney did not work on any Aerojet matters and the billing records indicated as such. He also had no discussions with the other attorneys at the firm regarding Aerojet matters and was not made privy to any information. The attorney left the firm and ten years later, his new firm was retained by various plaintiffs against Aerojet. Here, the Grange tenders evidence that Valenti billed 26 hours to the Original Action, communicated by phone and email with the Grange's former president, and had complete, unrestricted access to all confidential and privileged information in Porter Scott's possession.

The evidence demonstrates that between June 2014 to August 2014 (while the Unchartered State Grange was inactive and before the rechartered Grange retained counsel), Valenti billed 9.5 hours to the Original Action. (ELG's index of evidence, Ex. 22.) Thus, it is undisputed that Valenti represented the Grange before it retained Skinner. (*Id.*) This alone is sufficient to disqualify Valenti and ELG, so long as the two actions are substantially related.

Notwithstanding the above, although the Grange obtained its own counsel, the Court concludes that the National Grange and State Grange have a "unity of interest" such that they should be treated as "one entity for conflict purposes." (*Morrison v. Knudsen Corp. v. Hancock, Rothert, & Bunshoft, LLP.* (1999) 69 Cal.App.4th 223.) In *Morrison*, the court held that a parent and subsidiary corporation had a unity of interest and should be treated as one entity for conflict purposes. The court identified three "considerations" for it to apply. The first is that "in the course of the firm's work involving the parent corporation, it received confidential information which was substantially related to the present claim against the subsidiary." (*Id.* at 245.) The court noted that "this fact alone might be sufficient to preclude the firm from undertaking a representation adverse to the subsidiary's interests." (*Id.*) The second consideration is whether the non-client subsidiary gave to the attorney "just the kind of confidential data that it would have furnished a lawyer that it had retained." (*Id.* at 246.) The final consideration is whether the entities have integrated operations and management personnel. (*Id.*)

The Grange proffers evidence that prior to the Grange retaining Skinner, Komski freely shared confidential information with the National Grange's attorneys, including information about the Foundation. (Komski Decl. ¶ 11.) He solicited and received legal advice from, and shared confidential information with, Jensen during this time. (Id.; Jensen Decl., ¶ 11.) After retaining Skinner, Komski authorized him to share confidential information with the National Grange's attorneys, including about the Foundation. (Komski Decl., ¶ 12.) Skinner and Jensen communicated freely with each other, sharing privileged and confidential information about the Grange, the various Grange cases, including the instant action; litigation strategies and theories; and other aspects of the Grange litigation. (Skinner Decl., ¶ 7; Jensen Decl., ¶ 10.) Jensen reviewed drafts of the Complaint-in-Intervention filed in the Original Action, including portions dealing with the Foundation, and advised Skinner as to changes to its content. (Jensen Dec., ¶ 10.) Valenti also continued to work on the Original Action, including

DATE: 09/05/2017
DEPT: 54

MINUTE ORDER

**Case No. 2:14-CV-00676-WBS-DB**
**Pl's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 4, p. 4 of 7**

Page 4

Calendar No.

CASE TITLE: California State Grange vs. California Grange Foundation

CASE NO: **34-2016-00192665-CU-MC-GDS**

conferences and correspondences with the Grange's president, Ed Lutrell. (ELG's index of evidence, Ex. 22.) Additionally, pursuant to the National Grange's Digest of Laws §1.1.1(E), the National Grange is "the controlling and supreme law making body of the Order." (Komski Decl., Ex. 1.) It "shall be the controlling and supreme law making division of the Order from which body all the other Granges of the divisions of the Order shall derive their rights and powers. The National Grange shall have the right and power as the good of the Order requires, to adopt laws for the organization, administration and regulation of the affairs of the various Granges of the divisions of the Order including laws limiting, defining, and regulating the powers of the various Granges of the divisions of the Order." (Id. §1.2.1.) Given the above, the Court concludes that the National Grange and State Grange have a "unity of interest" such that they should be treated as "one entity for conflict purposes."

The Foundation insists that there is no evidence that Valenti "actually represented" any party adverse to the Grange after moving to ELG. Here, whether Valenti "actually represented" the Foundation is a non-starter. Indeed, if Valenti attempted to represent the Foundation he would be disqualified if Original Action and instant action are substantially related.

The Court now turns to whether Valenti's representation of the National Grange and Grange in the Original Action substantially relates to the instant action. "[A] substantial relationship" exists whenever the "subjects" of the prior and the current representations are linked in some rational manner. In the lexicon of the law, the words "subject" and "subject matter" mean more than the strict facts, claims, and issues involved in a particular action." (*Jessen v. Hartford Casualty Ins. Co.* (2003) 111 Cal. App. 4th 698, 711.) In the Original Action, the National Grange (on behalf of the Grange) and the Grange (thereafter as a plaintiff-in-intervention) sought, in part, the return of the Grange property held by the Foundation. Judge Brown held that the Unchartered State Grange had the obligation to transfer to the Grange all Grange property in its possession and control as of the date the Unchartered State Grange's charter was revoked. In this action, the Grange is also seeking the return of its property held by the Foundation. The two actions are more than "rationally linked." Thus, the presumption that Valenti had access to privileged and confidential matters relevant" to the instant action applies. (*People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.* (1999) 20 Cal. 4th 1135, 1146.)

### Ethical Wall

As an initial matter, the Court is not convinced by the Grange's argument that ELG is automatically disqualified pursuant to *Henriksen v. Great American Savings & Loan* (1992) 11 Cal.App.4th 109. *Henriksen* involved a tainted attorney who had switched sides in the same case. While both cases are more than substantially related, they are not the "same case."

Although vicarious disqualification is the general rule, and the Court should "presume knowledge is imputed to all members of the tainted attorneys' law firm. . .in the proper circumstances, the presumption is a rebuttable one, which can be refuted by evidence that ethical screening will effectively prevent the sharing of confidences in a particular case." (*Kirk v. First American Title Ins. Co.* (2010) 183 Cal. App. 4th 776, 801.) "Once the moving party in a motion for disqualification has established that an attorney is tainted with confidential information, a rebuttable presumption arises that the attorney shared that information with the attorney's law firm. The burden then shifts to the challenged law firm to establish 'that the practical effect of formal screening has been achieved. The showing must satisfy the trial court that the [tainted attorney] has not had and will not have any involvement with the litigation, or any communication with attorneys or []employees concerning the litigation, that would support a reasonable inference that the information has been used or disclosed.'" (*Kirk* at 809-810.)

The necessary elements of an effective screen are: (1) the screen must be timely imposed (a firm must impose screening measures when the conflict first arises), and (2) the imposition of preventative measures to guarantee that information will not be conveyed. (*Kirk* at 810.) "The typical elements of an

DATE: 09/05/2017
DEPT: 54

MINUTE ORDER

Page 5

Calendar No.

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 4, p. 5 of 7

ethical wall are: [(1)] physical, geographic, and departmental separation of attorneys; [(2)] prohibitions against and sanctions for discussing confidential matters; [(3)] established rules and procedures preventing access to confidential information and files; [(4)] procedures preventing a disqualified attorney from sharing in the profits from the representation; and [(5)] continuing education in professional responsibility." (*Kirk* at 810-811.)  "[T]he inquiry before a trial court considering the efficacy of any particular ethical wall is not to determine whether all of a prescribed list of elements (beyond timeliness and the imposition of prophylactic measures) have been established; it is, instead, a case-by-case inquiry focusing on whether the court is satisfied that the tainted attorney has not had and will not have any improper communication with others at the firm concerning the litigation." (*Kirk* at 810-811.)

The Court finds ELG's ethical wall (if any) ineffective and severely lacking.  Consequently, ELG fails to rebut the presumption of imputed knowledge.  First, Mark Ellis ("Ellis") acknowledges that he was aware of a potential conflict when Valenti first started at ELG, sometime around June 23, 2016.  (Declaration of Mark Ellis ("Ellis Decl.") ¶ 29.)  Thus, he "ordered immediately that [Valenti] be ethically screened."  (Id.)  The evidence demonstrates that no written policies, instructions or procedures were put into place at that time.  Rather, it appears that only the <u>staff working on the case, and Valenti</u> were "instructed" or "told" not to talk to Valenti about the Grange cases.  (Ellis Decl., ¶ 45, Declaration of Paula Mahan-Crary, Declaration of Aleysya Nalbandyan,
Index of Exhibits ("IOE"), Exs. 7 and 13, Valenti Declaration and Griffith Declaration.)  ELG tenders no evidence showing that the other staff/attorneys at the firm were advised of Valenti's conflict or instructed not to talk to him regarding the case.  This is especially concerning given that ELG is a smaller firm with seven attorneys <u>who share legal assistants</u>.  (See Skinner Decl., Ex. 6, Declaration of Roxy A. Chipak ("Chipak Decl."), ¶ 3 [stating that she served as the legal assistant for four attorneys, including Amanda Griffin, Amanda Riley, Theresa LaVoie, and Valenti].)  ELG did not establish any <u>written</u> policies or procedures regarding the ethical wall which all staff/attorneys signed until <u>after</u> the motions to disqualify were filed - almost one year after Valenti joined ELG.  (Declaration of Mark Ellis, ¶ 45.)  ELG's belated attempt to cure the deficiencies in its supposed ethical wall fails to satisfy the first necessary element of an effective screen - that it be timely imposed.

Second, the earlier ethical wall was ineffective.  In number of notice of withdrawals in the Trademark Actions filed by ELG, ELG stated that Valenti "remains attorneys of record" for the Guild.  (Jensen Decl., Exs. C.)  Although ELG describes this as a "mistake" and soon filed notices of withdrawals removing Valenti's name, it further demonstrates the inefficacy of the ethical wall.  Valenti was also carbon copied in two emails sent by Ellis to Skinner regarding a Grange matter.  (Skinner Decl., Ex. 2-3.)

Notably, Valenti's former legal assistant at ELG, Roxy A. Chipak ("Chipak"), submits her declaration which calls into question whether any ethical wall was even in place at ELG.  Chipak was a legal assistant at ELG for approximately six or seven months between summer of 2016 and January 2017.  (Chipak Decl., ¶ 2.)  She served as the legal assistant for four attorneys, including Amanda Griffin, Amanda Riley, Theresa LaVoie, and Valenti.  (Id., ¶ 3.)  She spent a substantial part of her time working on the Grange litigation and was "was closely involved in all aspects of that litigation at the administrative level for the entire period of my employment" with ELG.  (Id., ¶ 4.)  Despite being Valenti and Amanda Griffin's (who was on the "Grange team" at ELG) legal assistant, at no time during her employment with ELG did she "ever receive any instructions or warnings, or hear any mention or receive any documents or any other type of notice about any "ethical wall," "ethical screen," "Chinese wall," or any other procedure to prohibit attorney Anthony Valenti from access or exposure to information, documents or communications regarding the Grange litigation."  (Id., ¶ 5.)  She is "not aware of any procedures or protocols employed at the Ellis law Group to segregate or protect the electronic Grange litigation files from access or exposure to Anthony
during her time of employment there." (Id., ¶ 7.)  She recalls that the Grange files  were stored with the rest of ELG's files in folders and cabinets that were accessible to all members of the firm.  (Id. ¶ 6.)  In November 2016, ELG received a large volume of Grange documents from the Guild's former counsel,

DATE: 09/05/2017                     MINUTE ORDER                         Page 6
DEPT:  54                        **Case No. 2:14-CV-00676-WBS-DB**    Calendar No.
                               **PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 4, p. 6 of 7**

CASE TITLE: California State Grange vs. California
Grange Foundation

CASE NO: **34-2016-00192665-CU-MC-GDS**

Boutin Jones. (Id.) The boxes were placed in a separate "war room" for storage purposes, however, she was "never informed or advised about the existence of any room that Anthony or anyone else at the firm was not allowed to access." (Id.)

## Waiver

ELG advances that the Grange waived its right to move to disqualify because it waited more than one year to file the motion.

In cases of successive representation, equitable considerations may require denial of a motion to disqualify when the party seeking to disqualify has unreasonably delayed in filing the motion. Where disqualification is discretionary, last-minute recusal motions by the opposing party may be challenged on the ground they are merely trial tactics. (See *River West Inc. v. Nikel* (1987) 188 Cal.App.3d 1297, 1306.)

According to ELG, the Grange had knowledge of Valenti's employment with ELG as early as June 16, 2016, and therefore, was obligated to object to Valenti and vicariously ELG's representation of the Foundation. ELG claims the Grange had knowledge in June 2016 because "someone" from Porter Scott's IP address accessed ELG's website and viewed Valenti's profile. (IOE, Ex. 14, Declaration of Randy K. Bechtel.) There were additional views from Porter Scott's IP address on later dates. (Id.) ELG insists that given these views, Porter Scott had knowledge of Valenti's employment, which should be imputed on the Grange.

ELG's attempt to link the fact that some unknown person used Porter Scott's IP address to the National Grange/Grange attorneys' knowledge of Valenti's employment is unavailing. There is no showing that any person from Porter Scott who worked on the National Grange/Grange case(s) accessed ELG's website. Even a non-Porter Scott employee could have used the WiFi while visiting the office. Nor does ELG provide any case law to support its position that such knowledge (even if substantiated) could be impute on the Grange. And, Jensen avers that he did not learn that Valenti had joined ELG until March 6, 2017 when the notices of withdrawal were filed in the Trademark Actions. (Jensen Decl., ¶ 19.)

## Disposition

The Grange's motion to disqualify Valenti and ELG is GRANTED.

The minute order is effective immediately. No formal order pursuant to CRC Rule 3.1312 or further notice is required.


## COURT RULING

The matter was argued and submitted. The Court affirmed the tentative ruling.

DATE: 09/05/2017
DEPT: 54

MINUTE ORDER

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 4, p. 7 of 7

Page 7

Calendar No.

# EXHIBIT 5

**MINUTE ORDER**   [X] Amended on 07/21/2017

DATE: 07/21/2017                TIME: 02:00:00 PM        DEPT: 53

JUDICIAL OFFICER PRESIDING: David Brown
CLERK: E. Brown
REPORTER/ERM:
BAILIFF/COURT ATTENDANT:

CASE NO: **34-2012-00130439-CU-MC-GDS** CASE INIT.DATE: 10/01/2012
CASE TITLE: **The National Grange of the Order of Patrons of Husbandry vs. The California State
Grange**
CASE CATEGORY: Civil - Unlimited

---

**EVENT TYPE**: Motion - Other - Civil Law and Motion

---

**APPEARANCES**

---

**Nature of Proceeding: Ruling on Submitted Matter (Motion to Disqualify the Ellis Law Group as
Counsel for The Guild Defendants) taken under submission on 7/18/2017**

**TENTATIVE RULING**

Plaintiffs-in-Intervention the California State Grange and Ed Komski's Motion for Order disqualifying the
Ellis Law Group from representing Defendants California Guild, Robert McFarland, Takashi Yogi, Kathy
Bergeron, and/or Bill Thomas against any party in this action is GRANTED.

*The National Grange's motion*

On May 9, 2017, the Court granted the National Grange's motion to disqualify the Ellis Law Group from
representing the Guild and Mr. McFarland in this action. (ROA 1188.) In particular, the Court held that
because Ellis Law Group attorney Anthony Valenti previously had represented the National Grange in
this very lawsuit, he was disqualified from representing the Guild and Mr. McFarland, and the Ellis Law
Group was vicariously disqualified from representing them under *Henriksen v. Great American Savings &
Loan* (1992) 11 Cal.App.4th 109. (ROA 1188)

The Court further found that even if automatic disqualification were not required, the Ellis Law Group still
would be disqualified because it failed to show that the supposed ethical wall to screen Mr. Valenti from
the Grange litigation was effective under *Kirk v. First American Title Insurance Co.* (2010) 183
Cal.App.4th 776. (ROA 1188.)

Plaintiffs-in-Intervention filed a Joinder to the National Grange's motion, but did not submit any evidence
in support. In its ruling granting the National Grange's motion, the Court denied that joinder, without
prejudice.

The Court will not restate the entirety of its prior analysis here.

*The California State Grange and Ed Komski's Motion*

---

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 5, p. 1 of 5

CASE TITLE: The National Grange of the Order of
Patrons of Husbandry vs. The California State Grange

CASE NO: **34-2012-00130439-CU-MC-GDS**

This motion seeks the relief that was denied without prejudice by this Court in May of 2017. Specifically, this motion seeks to disqualify the Ellis Law Group from representing Defendants California Guild, Robert McFarland, Kathy Bergeron, Takashi Yogi, and Bill Thomas against any party in connection with this action.

Evidence has now been submitted in support of this motion, by the Declarations of counsel for moving parties California State Grange and Ed Komski, Jeffrey D. Skinner, counsel for the National Grange, Martin N. Jensen and the client, Master of the California State Grange, Ed Komski, together with their attached exhibits.

The opposing parties' evidentiary objections to Komski's and Jensen's declaration are OVERRULED.

The bases for disqualification of counsel are fourfold:

First, Valenti represented the National Grange when it was acting on behalf of the California State Grange during the period between the revocation and restoration of its Charter, and worked on the Grange litigation when an attorney-client relationship existed between Porter Scott and the California State Grange in the months immediately after the restoration of the Charter.

Accordingly, through his work on the Grange litigation, Valenti represented the California State Grange, acquired its confidential information, and then switched sides to represent the opposition against his former clients in the same lawsuit. He and the Ellis Law Group therefore must be disqualified under *Henriksen.*

In opposition, the Guild Defendants assert that disqualification is not warranted because they assert that Valenti never worked for or had exposure to confidential information of the California State Grange, while Valenti was employed by Porter Scott.

The evidence before the Court reflects that the National Grange acted on the California State Grange's behalf between April 5, 2013 and July 7, 2014, when the California Grange's Charter was revoked and it was inactive. (Skinner Dec., Ex. 1, para. 7; Jensen Dec., paras. 4-5; Komski Dec., paras. 6-7) The rules of the Order are clear that a State Grange may not operate after revocation of its charter, instead the National Grange acts on its behalf.

Additionally, Porter Scott represented the California State Grange between the restoration of its Charter on July 7, 2014 and the retention of Jeffrey Skinner as the California State Grange's counsel in late August of that year. (Jensen Dec., paras. 9, 11; Komski Dec., paras. 8-9; Skinner Dec., paras. 3-4)

The evidence reflects that Valenti was employed by Porter Scott from March 10, 2014 until October 6, 2014. He worked with Jensen at Porter Scott on Grange discovery, memoranda, legal research and communicated by phone and email with The National Grange's former President, Ed Luttrell. He also communicated with counsel from Boutin Jones who formerly represented the California Guild in this lawsuit. Valenti had access to confidential attorney-client communications with the National Grange, and with the California Grange during this period. He billed 26 hours of work on the Grange case while at Porter Scott. (Jensen Dec., paras. 12-15)

On June 23, 2016, it was reported in the Sacramento Business Journal that Valenti had joined the Ellis Law Group, a firm of seven attorneys. Valenti has worked on the Grange litigation against his former clients during his employment by Ellis.

Although opposing party attempts to dispute the fact that Valenti worked on the Grange litigation while at

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 5, p. 2 of 5

CASE TITLE: The National Grange of the Order of
Patrons of Husbandry vs. The California State Grange

CASE NO: **34-2012-00130439-CU-MC-GDS**

Porter Scott, Valenti's failure to recall having worked on Grange matters is unpersuasive when contrasted with documentary evidence that Valenti in fact had worked on the Grange case at Porter Scott. (Valenti Dec., paras. 3-7, cf . Jensen Dec., paras. 12-15)

Second, it is undisputed that the National Grange and the California State Grange are closely related entities. It is well settled that an attorney must be disqualified from a representation adverse to a subsidiary when he or she has previously represented a "closely related" parent entity. (*Morrison Knudson Corp. v. Hancock, Rothert & Bunshoft, LLP* (1999) 69 Cal.App.4th 223, 227.)

The undisputed evidence also establishes that Porter Scott represented the California State Grange between the restoration of the Charter on July 7, 2014, and the retention of Skinner in late August of that year. (Jensen Decl., paras. 9, 11; Komski Decl., paras. 8-9; Skinner Decl., paras. 3-4.)

The Guild Defendants argue that the California State Grange and Komski were not "formally" clients of Porter Scott and that there was no retainer agreement. But a "formal" relationship memorialized by a written agreement is not required to create an attorney-client relationship. (E.g., *People ex rel. Department of Corporations v. SpeeDee Oil Change Systems, Inc.* (1999) 20 Cal.4th 1135, 1147-1152; *Perkins v. West Coast Lumber Co.* (1900) 129 Cal. 427, 429; *Miller v. Metzinger* (1979) 91 Cal.App.3d 31, 39.) All that is required is that a client seek out and secure advice from an attorney. (E.g., *Perkins, supra*, 129 Cal. 427 at p. 429.)

The undisputed evidence establishes that is what happened in this case. Porter Scott represented both the National Grange and the California State Grange between July and August of 2014, and Valenti worked on the Grange litigation at that time.

Third, there is no practical way that the Ellis Law Group can represent the Guild Defendants as to the California State Grange without implicating the National Grange's confidential information. The National Grange and California State Grange are too closely related, and their claims are too closely overlapping, for the Ellis Law Group to ever restrict its representation to "California State Grange issues" only. Thus, the disqualification as to the National Grange requires disqualification as to all other parties to this action, as well.

The Charter of the California State Grange was restored on July 7, 2014. Porter Scott represented both the National and State Grange until August 2014, and worked cooperatively both before and after Skinner's retention. Skinner as counsel for the California State Grange and Jensen as counsel for the National Grange shared privileged and confidential information between August 2014 and Valenti's departure from Porter Scott on October 6, 2014. The Complaint in Intervention by the California State Grange was drafted during this period, and filed as an exhibit to the Motion for Leave to Intervene by the California State Grange on October 2, 2014, prior to Valenti's departure from Porter Scott. Thus, Valenti had complete, unrestricted access to both the National Grange and the California State Grange's confidential information at that time, including reorganization, strategies for litigation and communications between counsel and client.

The Court also finds that the undisputed evidence establishes that the National Grange and the California State Grange have a "unity of interest" in this litigation and should be treated "as one entity for purposes of the alleged conflict such that Mr. Valenti's work for the National Grange disqualifies him from representing a client adverse to the California State Grange. (*Morrison Knudson Corp. v. Hancock, Rothert & Bunshoft, LLP* (1999) 69 Cal.App.4th 223, 227.)

As the Court finds that the Guild defendants have not rebutted the presumption that Valenti obtained confidential information during his employment at Porter Scott, it need not address the "double imputation" argument previously addressed and rejected by the Court in the prior motion.

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 5, p. 3 of 5

CASE TITLE: The National Grange of the Order of
Patrons of Husbandry vs. The California State Grange

CASE NO: **34-2012-00130439-CU-MC-GDS**

Fourth, even if automatic disqualification were not required here, which the Court finds that it is, Mr. Valenti and the Ellis Law Group must be disqualified under *Kirk v. First American Title Ins. Co.* (2010) 183 Cal.App.4th 776, because the purported ethical wall to screen Mr. Valenti from the Grange litigation was ineffective, if it was ever erected at all. The same evidence which was before the Court in ruling on the National Grange's motion - which led the Court to find that "the evidence of the ethical wall instated at Ellis Law Group leaves something to be desired" (ROA 1188) - is again before it in ruling on this motion, so the same conclusion necessarily applies.

In some instances, instituting an effective ethical wall can rebut the presumption that the attorney's confidential information is imputed to his new firm. (*Kirk*, *supra*, 183 Cal.App.4th at 810-816.) **However**, in the specific circumstances of an attorney who performs legal work for a client and then "switches sides" in the same case, even the sturdiest ethical wall will not suffice. (*Henriksen v. Great American Savings & Loan* (1992) 11 Cal.App.4th 109; *Kirk*, 183 Cal.App.4th at 810.) An attorney switching sides in the same case presents the most extreme and egregious of conflicts, and courts have consistently held that vicarious disqualification is required under those circumstances. (*Henriksen*, 11 Cal.App.4th 109; *Pound v. DeMera DeMera Cameron* (2005)135 Cal.App.4th 170, 76.)

No written consent of the former client was ever requested or obtained here. (Jensen Dec., para. 18; California Rules of Prof. Conduct, Rule 3-310(D))

Moreover, on June 9, 2017, Roxy Chipak, the legal assistant to Mr. Valenti for over 6 months in 2016 and early 2017, attested that she was never informed of any ethical wall and that Mr. Valenti had full and unfettered access to the information about the Grange cases maintained at the Ellis Law Group. Thus, the evidence is even stronger here than in the previous National Grange's motion that any ethical wall failed to rebut the presumption that Mr. Valenti acquired confidential information through his representation of the National Grange.

The Order disqualifying the Ellis Law Group from representing Defendants California Guild, Robert McFarland, Takashi Yogi, Kathy Bergeron, and/or Bill Thomas against any party in this action is granted. The prevailing party shall prepare a formal order for the Court's signature pursuant to C.R.C. 3.1312.

## COURT RULING

The matter was argued and submitted. The matter was taken under submission.

Having taken the matter under submission on 7/18/2017, the Court now rules as follows:

## SUBMITTED MATTER RULING

The Court affirmed the tentative ruling.

## Declaration of Mailing

I hereby certify that I am not a party to the within action and that I deposited a copy of this document in sealed envelopes with first class postage prepaid, addressed to each party or the attorney of record in the U.S. Mail at 720 Ninth Street, Sacramento, California.

Dated: July 24, 2017

E. Brown, Deputy Clerk _____s/ E. Brown_____

DATE: 07/21/2017
DEPT: 53

MINUTE ORDER
Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 5, p. 4 of 5

Page 4
Calendar No.

CASE TITLE: The National Grange of the Order of Patrons of Husbandry vs. The California State Grange

CASE NO: **34-2012-00130439-CU-MC-GDS**

MARTIN N. JENSEN
PORTER SCOTT
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825

MARK E. ELLIS
ELLIS LAW GROUP LLP
740 UNIVERSITY AVE., SUITE 100
SACRAMENTO, CA 95825

JEFFREY D. SKINNER
SCHIFF HARDIN LLP
901 K STREET NW, SUITE 700
WASHINGTON, DC 20001

DATE: 07/21/2017
DEPT: 53

MINUTE ORDER

Page 5

Calendar No.

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 5, p. 5 of 5

# EXHIBIT 6

IN THE

# Court of Appeal of the State of California

## IN AND FOR THE
## THIRD APPELLATE DISTRICT

THE NATIONAL GRANGE OF THE ORDER
OF PATRONS OF HUSBANDRY,
    Plaintiff and Respondent,
    v.
THE CALIFORNIA STATE GRANGE,
    Plaintiff, Intervener and Respondent;
THE CALIFORNIA GUILD et al.,
    Defendants and Appellants.

C082338
Sacramento County
No. 34201200130439CU

BY THE COURT:

Plaintiff and Respondent The National Grange of the Order of Patrons of Husbandry (the National Grange) has filed a motion to disqualify the Ellis Law Group from representing Defendants and Appellants California Guild, Takashi Yogi, Kathy Bergeron, and Bill Thomas (jointly, defendants) in this appeal. The factual basis of the motion is as follows:

Since August 2012, the Porter Scott firm has represented the National Grange in the trial court action underlying this appeal. (Motion at p. 13, ¶ 3.) Between March and October 2014, Anthony P. J. Valenti was an associate attorney with Porter Scott, and during that period he worked on the case, billing approximately 26 hours. (Motion at pp. 14-15, ¶¶ 6-8.) In April 2016, Valenti began working for the Ellis Law Group. (Decl. of Anthony P. J. Valenti (attached to Response to Motion) at 2:16-17.)

In April 2016, the trial court entered an order in the underlying action requiring California Guild and another defendant (not a party to this appeal) to post a $750,000 undertaking to stay enforcement of an earlier judgment pending appeal. (Order attached to CCIS.) The appeal of the earlier judgment is currently pending before this court (case number C080523).

In June 2016, defendants filed their notice of appeal from the post-judgment order, thus commencing the present appeal. At the time, defendants were represented by the Boutin Jones firm.

In November 2016, defendants substituted the Ellis Law Group as their attorneys in this appeal in place of Boutin Jones.

In March 2017, upon learning that Valenti was working for the Ellis Law Group, the National Grange filed the present motion to disqualify the Ellis Law Group from representing defendants in this appeal (as well as moving to disqualify the Ellis Law Group from representing defendants in the underlying action in the trial court). (Motion at pp. 16-17, ¶¶ 12-15.) The same day the National Grange filed this motion to disqualify the Ellis Law Group, the Ellis Law Group filed defendants' opening brief.

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 6, p. 1 of 4

As we will explain, California law requires the disqualification of the Ellis Law Group under these circumstances.

"Under rule 3-310(D) of the California Rules of Professional Conduct, an attorney may not represent a new client whose interests are adverse to those of a former client on a matter in which the attorney has obtained confidential information. The purpose of the rule is to protect the confidential relationship which exists between attorney and client, a relationship which continues after the formal relationship ends. [Citation.] The fiduciary nature of that relationship requires the application of strict standards. [Citation.] For that reason, a former client may seek to disqualify a former attorney from representing an adverse party by showing that the former attorney possesses confidential information adverse to the former client. [Citation.]

"In order to seek disqualification, the former client need not establish that the attorney actually possesses confidential information. It is enough to show that there was a 'substantial relationship' between the former and the current representation. If the former client establishes the existence of a substantial relationship between the two representations the court will conclusively presume that the attorney possesses confidential information adverse to the former client and order disqualification." (*Henriksen v. Great American Savings & Loan* (1992) 11 Cal.App.4th 109, 113-114 [*Henriksen*]*,* footnote omitted.)

Because Valenti previously represented the National Grange in this case, he is presumed to possess confidential information adverse to the National Grange and is therefore disqualified from now representing defendants in the case. The question thus becomes whether the Ellis Law Group is vicariously disqualified because of Valenti's disqualification.

"As a general rule in California, where an attorney is disqualified from representation, the entire law firm is vicariously disqualified as well. [Citations.] This is especially true where the attorney's disqualification is due to his prior representation of the opposing side during the same lawsuit." (*Henriksen, supra,* 11 Cal.App.4th at pp. 114-115, fn. omitted.) In such a case, a court has "no choice but to disqualify the entire firm." (*Id.* at p. 115.) "[T]he ethical wall concept has not found judicial acceptance in California on our facts: a nongovernmental attorney armed with confidential information who switches sides during the pendency of litigation.... [T]he entire firm must be vicariously disqualified even if [the disqualified attorney] has been ethically screened from day one." (*Id.* at pp. 115-116, fn. omitted.) "[T]he rule [is] quite clear cut in California: where an attorney is disqualified because he formerly represented and therefore possesses confidential information regarding the adverse party in the current litigation, vicarious disqualification of the entire firm is compelled as a matter of law." (*Id.* at p. 117; see also *Kirk v. First American Title Ins. Co.* (2010) 183 Cal.App.4th 776, 800 [noting "the *Henriksen* rule that vicarious disqualification should be automatic in cases of a tainted attorney possessing actual confidential information from a representation, who switches sides in the same case"].)

For the foregoing reasons, the Ellis Law Firm is disqualified from representing defendants in this appeal, and the National Grange's disqualification motion must be granted. One question remains, however, and that is whether we should strike defendants' opening brief. The National Grange contends we should because Valenti was working for the Ellis Law Group during the entire time the opening brief was being prepared. (Motion, at p. 11.) The National Grange contends striking the opening brief would be appropriate "[b]ecause it is not possible to determine precisely what effect Mr. Valenti's hiring by the Ellis Law Group in June 2016 may have had on its representation of [defendants]." (*Ibid.*)

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 6, p. 2 of 4

In *Schimmel v. Levin* (2011) 195 Cal.App.4th 81, the plaintiff (Schimmel) moved to disqualify a defense attorney (Kennaday) on the ground the attorney "possessed confidential information in the context of her successive representation of adverse clients," because Kennaday had previously represented him in other litigation involving the defendant she now represented (Community Health). (*Id.* at pp. 83-85.) "Schimmel also requested the pleadings prepared by Kennaday be stricken." (*Id.* at p. 85.) After finding that Kennaday actually possessed confidential information adverse to Schimmel and disqualifying her on that basis, "the trial court sought to minimize any possible injustice to Schimmel by striking any pleadings Kennaday had filed on Community Health's behalf." (*Id.* at p. 87.) We affirmed the trial court's ruling, explaining as follows: "Given the court's finding that Kennaday possessed confidential information adverse to Schimmel, its striking of pleadings filed by her arose from its concern about any unfairness to Schimmel in having counsel take an adverse position while possessing such information. We find no abuse of discretion in the trial court's action." (*Id.* at p. 88.)

*Schimmel* is distinguishable from the present case because here there is no evidence Valenti had any involvement in the preparation of defendants' opening brief, and in any event the National Grange has not even tried to suggest how confidential information relating to the National Grange that Valenti may have had from his employment at Porter Scott could have been used adversely to the National Grange in the preparation of defendants' opening brief. Under these circumstances, we do not find the striking of the opening brief to be warranted.

The motion to disqualify the Ellis Law Group from representing defendants in this appeal is granted, but the request to strike defendants' opening brief is denied. Defendants shall promptly notify this court upon the selection and hiring of replacement counsel for the Ellis Law Group.

NICHOLSON, Acting P.J.

--------------------------------

cc: See Mailing List

**Case No. 2:14-CV-00676-WBS-DB**
**Pl's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 6, p. 3 of 4**

# Court of Appeal of the State of California

MAILING LIST

Re:    The National Grange of the Order of Patrons of Husbandry v. The California Guild et al.
        C082338
        Sacramento County No. 34201200130439CU

Copies of this document have been sent by mail to the parties checked below unless they were noticed electronically.  If a party does not appear on the TrueFiling Servicing Notification and is not checked below, service was not required.

Martin Niels Jensen
Porter Scott
350 University Avenue, Suite 200
Sacramento, CA 95825

Mark E. Ellis
Ellis Law Group, LLP
740 University Avenue, Suite 100
Sacramento, CA 95825

Sacramento County Superior Court
720 Ninth Street
Sacramento, CA 95814

**Case No. 2:14-CV-00676-WBS-DB**
**PI's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 6, p. 4 of 4**

# EXHIBIT 7

**IN THE**

# Court of Appeal of the State of California

**IN AND FOR THE**
**THIRD APPELLATE DISTRICT**

THE NATIONAL GRANGE OF THE ORDER
OF PATRONS OF HUSBANDRY,
    Plaintiff, Cross-defendant and Respondent,
      v.
THE CALIFORNIA GUILD et al.,
    Defendants and Appellants;
ROBERT MCFARLAND,
    Defendant, Cross-complainant and Appellant;
THE CALIFORNIA STATE GRANGE,
    Intervener and Respondent;
ED LUTRELL,
    Cross-defendant and Respondent.

                               C080523
                               Sacramento County
                               No.  34201200130439CUMCGDS

BY THE COURT:

    Plaintiff and Respondent The National Grange of the Order of Patrons of Husbandry (the National Grange) has filed a motion to disqualify the Ellis Law Group from representing Defendants and Appellants California Guild, Takashi Yogi, Kathy Bergeron, Bill Thomas, and Robert McFarland (jointly, defendants) in this appeal.  The factual basis of the motion is as follows:

    Since August 2012, the Porter Scott firm has represented the National Grange in the trial court action underlying this appeal. (Motion at p. 13, ¶ 3.)  Between March and October 2014, Anthony P. J. Valenti was an associate attorney with Porter Scott, and during that period he worked on this case, billing approximately 26 hours. (Motion at pp. 14-15, ¶¶ 6-8.)

    In August 2015, the trial court granted summary judgment in favor of the National Grange and against defendants.  At the time, McFarland was represented in the underlying action by the Ellis Law Group and the remaining defendants (hereafter, the Guild defendants) were represented by the Boutin Jones firm.

    In October 2015, all defendants appealed from the order granting summary judgment, thus commencing the present appeal.  (The Guild defendants later appealed from the judgment entered in November 2015, but McFarland did not; nevertheless, we treat McFarland 's notice of appeal from the order granting summary judgment as a notice of appeal from the subsequent judgment pursuant to rule 8.104(d)(2) of the California Rules of Court.)

    In April 2016, Valenti began working for the Ellis Law Group.  (Decl. of Anthony P. J. Valenti (attached to Response to Motion) at 2:16-17.)

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 7, p. 1 of 4

In June 2016, Boutin Jones filed the opening brief for the Guild defendants in this appeal. In August 2016, the Ellis Law Group filed McFarland's opening brief.

In November 2016, California Guild substituted the Ellis Law Group as its attorney in this appeal in place of Boutin Jones. Shortly thereafter, the National Guild filed its respondent's brief. In early December, the remaining Guild defendants substituted the Ellis Law Group as their attorneys in this appeal in place of Boutin Jones.

In January 2017, defendants filed their reply brief.

In March 2017, upon learning that Valenti was working for the Ellis Law Group, the National Grange filed the present motion to disqualify the Ellis Law Group from representing defendants in this appeal (as well as moving to disqualify the Ellis Law Group from representing defendants in the underlying action in the trial court). (Motion at pp. 16-17, ¶¶ 12-15.)

As we will explain, California law requires the disqualification of the Ellis Law Group under these circumstances.

"Under rule 3-310(D) of the California Rules of Professional Conduct, an attorney may not represent a new client whose interests are adverse to those of a former client on a matter in which the attorney has obtained confidential information. The purpose of the rule is to protect the confidential relationship which exists between attorney and client, a relationship which continues after the formal relationship ends. [Citation.] The fiduciary nature of that relationship requires the application of strict standards. [Citation.] For that reason, a former client may seek to disqualify a former attorney from representing an adverse party by showing that the former attorney possesses confidential information adverse to the former client. [Citation.]

"In order to seek disqualification, the former client need not establish that the attorney actually possesses confidential information. It is enough to show that there was a 'substantial relationship' between the former and the current representation. If the former client establishes the existence of a substantial relationship between the two representations the court will conclusively presume that the attorney possesses confidential information adverse to the former client and order disqualification." *(Henriksen v. Great American Savings & Loan* (1992) 11 Cal.App.4th 109, 113-114 *[Henriksen],* footnote omitted.)

Because Valenti previously represented the National Grange in this case, he is presumed to possess confidential information adverse to the National Grange and is therefore disqualified from now representing defendants in the case. The question thus becomes whether the Ellis Law Group is vicariously disqualified because of Valenti's disqualification.

"As a general rule in California, where an attorney is disqualified from representation, the entire law firm is vicariously disqualified as well. [Citations.] This is especially true where the attorney's disqualification is due to his prior representation of the opposing side during the same lawsuit." (*Henriksen, supra,* 11 Cal.App.4th at pp.114-115, fn. omitted.) In such a case, a court has "no choice but to disqualify the entire firm." (*Id.* at p. 115.) "[T]he ethical wall concept has not found judicial acceptance in California on our facts: a nongovernmental attorney armed with confidential information who switches sides during the pendency of litigation.... [T]he entire firm must be vicariously disqualified even if [the disqualified attorney] has been ethically screened from day one." (*Id.* at pp. 115-116, fn. omitted.) "[T]he rule [is] quite clear cut in California: where an attorney is disqualified because he formerly

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 7, p. 2 of 4

represented and therefore possesses confidential information regarding the adverse party in the current litigation, vicarious disqualification of the entire firm is compelled as a matter of law." (*Id.* at p. 117; see also *Kirk v. First American Title Ins. Co.* (2010) 183 Cal.App.4th 776, 800 [noting "the *Henriksen* rule that vicarious disqualification should be automatic in cases of a tainted attorney possessing actual confidential information from a representation, who switches sides in the same case"].)

For the foregoing reasons, the Ellis Law Firm is disqualified from representing defendant s in this appeal, and the National Grange's disqualification motion must be granted. One question remains, however, and that is whether we should strike defendants' reply brief. The National Grange contends we should because Valenti was working for the Ellis Law Group during the entire time the reply brief was being prepared. (Motion, at p. 11.) The National Grange contends striking the reply brief would be appropriate "[b]ecause it is not possible to determine precisely what effect Mr. Valenti's hiring by the Ellis Law Group in June 2016 may have had on its representation of [defendants]." (*Ibid.*)

In *Schimmel v. Levin* (2011) 195 Cal.App.4th 81, the plaintiff (Schimmel) moved to disqualify a defense attorney (Kennaday) on the ground the attorney "possessed confidential information in the context of her successive representation of adverse clients," because Kennaday had previously represented him in other litigation involving the defendant she now represented (Community Health). (*Id.* at pp. 83-85.) "Schimmel also requested the pleadings prepared by Kennaday be stricken." (*Id.* at p. 85) After finding that Kennaday actually possessed confidential information adverse to Schimmel and disqualifying her on that basis, "the trial court sought to minimize any possible injustice to Schimmel by striking any pleadings Kennaday had filed on Community Health's behalf." (*Id.* at p. 87.) We affirmed the trial court's ruling, explaining as follows: "Given the court's finding that Kennaday possessed confidential information adverse to Schimmel, its striking of pleadings filed by her arose from its concern about any unfairness to Schimmel in having counsel take an adverse position while possessing such information. We find no abuse of discretion in the trial court's action." (*Id.* at p. 88.)

*Schimmel* is distinguishable from the present case because here there is no evidence Valenti had any involvement in the preparation of defendants' reply brief, and in any event the National Grange has not even tried to suggest how confidential information relating to the National Grange that Valenti may have had from his employment at Porter Scott could have been used adversely to the National Grange in the preparation of defendants' reply brief. Under these circumstances, we do not find the striking of the reply brief to be warranted.

The motion to disqualify the Ellis Law Group from representing defendants in this appeal is granted, but the request to strike defendants' reply brief is denied. Defendants shall promptly notify this court upon the selection and hiring of replacement counsel for the Ellis Law Group.

NICHOLSON, Acting P.J.

--------------------------------

cc: See Mailing List

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 7, p. 3 of 4

# IN THE
# Court of Appeal of the State of California
## IN AND FOR THE
## THIRD APPELLATE DISTRICT

MAILING LIST

Re:  The National Grange of the Order of Patrons of Husbandry v. The California Guild et al.
C080523
Sacramento County No. 34201200130439CUMCGDS

Copies of this document have been sent by mail to the parties checked below unless they were noticed electronically.  If a party does not appear on the TrueFiling Servicing Notification and is not checked below, service was not required.

Martin Niels Jensen
Porter Scott
350 University Avenue, Suite 200
Sacramento, CA 95825

Mark E. Ellis
Ellis Law Group, LLP
740 University Avenue, Suite 100
Sacramento, CA 95825

Jeffrey David Skinner
Schiff Hardin LLP
901 K Street, Suite 700
Washington, DC 20001

Sacramento County Superior Court
720 Ninth Street
Sacramento, CA 95814

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 7, p. 4 of 4

# EXHIBIT 8

1   Honorable Peter K. Ottenweller
    Judge of the Superior Court of California
2   County of Sonoma. Civil Division
    3035 Cleveland Avenue
3   Santa Rosa, CA 95403
    (707) 521-6725
4

5

6

7

8                   SUPERIOR COURT OF CALIFORNIA

9                        COUNTY OF SONOMA

10  THE NATIONAL GRANGE OF THE          Case No: SCV-260954
    ORDER OF PATRONS OF HUSBANDRY,
11  et al.,
                                        **ORDER AFTER HEARING**
12        Plaintiffs,                   **RE: MOTION TO DISQUALIFY**
                                        **THE ELLIS LAW GROUP**
13        v.                            **(Hearing Date 12/20/17)**

14  BENNETT VALLEY GUILD,

15        Defendant.

16        Plaintiffs' Motion to Disqualify the Ellis Law Group as Counsel in this matter was heard

17  on December 20, 2017.  Appearing for Plaintiffs was attorney Martin Niels Jensen.  Appearing

18  for Defendant were Mark Ewell Ellis and David Castro.  After reviewing and considering all

19  moving papers and argument, the Court now rules as follows:

20        **The Motion is Granted.**

21        The moving parties have not waived the right to seek disqualification. They filed this

22  action on July 6, 2017 and they filed this motion Oct. 24, 2017, only about 3 ½ months after

23  filing the lawsuit.  More importantly, Defendant did not answer until September 8, 2017.

24  Plaintiffs could not have had any basis for seeking disqualification until that point.  They

25  therefore filed the motion only a month and a half after Defendant answered and alerted

26  Plaintiffs to the issue.

27        The moving parties provide substantial evidence demonstrating that at least two of the

28  clients, The National Grange of the Order of Patrons of Husbandry and California State Grange,

-1-
**Case No. 2:14-CV-00676-WBS-DB**
**Pl's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 8, p. 1 of 8**

1   are the same.  While they and the third client Bennett Valley Grange No. 16 all have a sufficient

2   unity of interest to justify treating them as the same; there is a substantial relationship between

3   the prior litigation and this lawsuit.  The attorney had access to confidential information.  Jensen

4   Dec., Skinner Dec., Komski Dec.

5   **FACTS:**

6          Plaintiffs complain that there is a dispute between them and Defendant over real property.

7   They allege that Plaintiff California State Grange (CSG), the state-level California division of

8   Plaintiff The National Grange of the Order of Patrons of Husbandry (National) obtained its

9   charter in 1873 and existed as a constituent part of the National until revocation of its charter in

10  April 2013, after which CSG reorganized and had its charter restored in July 2014.  The dispute

11  at issue allegedly arose as a result of the revocation, at which point some if CSG's members and

12  officers formed the California Guild (the Guild).  They assert that on November 16, 2015, a

13  judgment in a lawsuit between National and the Guild (the Original Action) was entered

14  declaring CSG properly organized and the only entity entitled to use and control CSG's property,

15  requiring the Guild to return possession of all CSG property to CSG.  They complain that

16  Defendant is a local branch of the Guild formed by ex-members of Plaintiff Bennett Valley

17  Grange No. 16, the local branch of CSG, and that Defendant continues to exert possession and

18  control over Plaintiffs' property, which it refuses to return.

19  **ANALYSIS:**

20         The court's power to disqualify counsel is based in the court's inherent power under CCP

21  section 128(a)(5) to control the affairs and people before it in order to ensure justice.  *Collins v.*

22  *State of California* (2004) 121 Cal.App.4th 1112, 1123; *People ex rel. Dept. of Corporations v.*

23  *SpeeDee Oil Change Systems* (1999) 20 Cal.4th 1135, 1145.  As stated in *Collins, supra,* at 1124,

24          [u]ltimately, disqualification motions involve a conflict between the
            clients' right to counsel of their choice and the need to maintain ethical
25          standards of professional responsibility.  The paramount concern must be
            to preserve public trust in the scrupulous administration of justice and the
26          integrity of the bar.  The important right to counsel of one's choice must
            yield to ethical considerations that affect the fundamental principles of our
27          judicial process.

28

**Case No. 2:14-CV-00676-WBS-DB**
**Pl's Rule-60 Motion to Reopen for Fraud on the Court**
**Exhibit 8, p. 2 of 8**

## Waiver

A court should not order disqualification where the party opposing disqualification

demonstrates prima facie evidence that the moving party unreasonably delayed in making the

motion and thereby prejudices the attorney's current client. *Western Continental Operating Co.*

*v. Natural Gas Corp.* (1989) 212 Cal.App.3d 752, 763-764.

Plaintiffs filed this action on July 6, 2017. Defendant answered on September 8, 2017.

Plaintiffs could not have had any basis for seeking disqualification until after that point. They

therefore filed the motion only a month and a half after Defendant answered and alerted

Plaintiffs to the issue.

## Representation Adverse to a Former Client

Rule of Professional Conduct 3-310(E) forbids an attorney from accepting employment

adverse to a client or former client, without informed written consent of that client or former

client where, by reason of the representation, the attorney has obtained confidential information

material to the employment. As the Supreme Court stated in *Flatt v. Superior Court* (1994) 9

Cal.4th 275, at 289, an attorney cannot take a position adverse to a client without "free and

intelligent consent."

"No formal contract or arrangement or attorney fee is necessary to create the relationship

of attorney and client." *Farnham v. State Bar* (1976) 17 Cal.3d 605, 612. In fact, "[w]hen a

party seeking legal advice consults an attorney... and secures that advice, the relation of attorney

and client is established prima facie." *Perkins v. West Coast Lumber Co.* (1900)129 Cal.427,

429.

This rule applies to former clients. See *State Farm Mutual Automobile Ins. Co. v.*

*Federal Ins. Co.* (1999) 72 Cal.App.4th 1422, 1430-1431. When an attorney represents a client

whose interests may clash with a former client, the court must disqualify the attorney if there is a

"substantial relationship" between the subjects of the two lawsuits. *Id.* The court must focus

not on the similarities of the litigation, but on the ensuring that the attorney can give the clients

undivided loyalty. *Id.*

/ / /

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 8, p. 3 of 8

1      As the Supreme Court stated in *Wutchumna Water Co. v. Bailey* (1932) 216 Cal. 564, at
2 573-574, an attorney, after ending a relationship with a former client, "may not do anything
3 which will injuriously affect his former client in any matter in which he formerly represented
4 him nor may he at any time use against his former client knowledge or information acquired by
5 virtue of the previous relationship. Under this standard, an attorney may do neither of the things
6 listed. *City National Bank, supra,* 96 Cal.App.4th 324.

7      A key standard is the "substantial relationship test," which focuses on whether there is a
8 substantial relationship between the former and current representations. *City National Bank,*
9 *supra,* 324. The former client only needs to show "the requisite substantial relationship between
10 the subjects of the prior and the current representations" at which point "access to confidential
11 information by the attorney in the course of the first representation... is presumed and
12 disqualification...is mandatory; indeed the disqualification extends vicariously to the entire firm."
13 *Flatt, supra,* 283. Thus, "if the nature of the representation is such that confidences *could have*
14 been exchanged... courts will conclusively presume that they *were* exchanged, and
15 disqualification will be required." *City National Bank, supra,* 327, citing *Adams v. Aerojet-*
16 *General Corp.* (2001) 86 Cal.App.4th 1324, 1331 (emphasis original).

17      Where the current and former clients are different but have a parent-subsidiary
18 relationship, disqualification is still required as long as there is a sufficient "unity of interest"
19 between them to justify treating them as one. *Morrison Knudsen Corp. v. Hancock, Rothert &*
20 *Bunshoft* (1999) 69 Cal.App.4th 223, 227.

21      The court can determine whether a substantial relationship exists by examining the facts
22 and legal issues involved in the two cases along with the nature and extent of the attorney's
23 involvement in both, including the time spent and possible exposure to policy or strategy. *H.F.*
24 *Ahmanson & Co. v. Salomon Bros., Inc.* (1991) 229 Cal.App.3d 1445, 1455.

25      There is a limited exception to the presumption of confidential information. This allows
26 the attorney in question to demonstrate that there was no opportunity for confidential information
27 to be divulged. *City National Bank, supra,* 327, 328.

28 / / /

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 8, p. 4 of 8

## Same Client

Defendant contends that the attorney, Valenti, had no relationship with the current Plaintiffs because when he worked at PS, the firm represented only National not Plaintiff CSG. Defendant's point fails to recognize the fact that National is also one of the Plaintiffs here. Plaintiffs also note that while PS did not formally represent CSG at the time Valenti worked there, this is not dispositive since no formal representation is required because CSG did not at the time have its own representation and it sought legal advice from PS. Komski Dec.; ¶¶5, 7; Skinner Dec., Ex.A. This, as noted above, is sufficient attorney-client relationship. There is a parent-subsidiary relationship between them and if there is sufficient unity of interest between them disqualification is still required. Plaintiffs show what appears to be a clear unity of interest. Komski Dec., ¶¶1, 15.

## Substantial Relationship

There also appears to be a substantial relationship between the two matters. Both are essentially identical, being a dispute over the Grange identity, rights to the same property, name, etc.. The only difference is that this case involves a dispute over the specific local branch and its property. Otherwise, the issues, law and facts appear necessarily almost the same.

## Access to Confidential Information

Once the party seeking disqualification shows the "substantial relationship" between the parties and the prior representation, "access to confidential information... is presumed and disqualification...is mandatory; indeed the disqualification extends vicariously to the entire firm." *Flatt, supra*, 283.

Plaintiffs expressly show that Valenti "worked with [Plaintiffs' attorney Jensen] on the Original Action" and billed 26 hours of work on that action. Valenti communicated with the law firm which had previously represented CSG in the Original Action and other litigation. Jensen Dec., ¶¶11-15. Jensen, at ¶15, states Valenti

> had complete, unrestricted access to all confidential and privilege information... relating to the National Grange, its structure and relationship with state and local divisions, and the Grange litigations, including all information about the California State Grange, its

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 8, p. 5 of 8

reorganization, and its strategies for litigating the Original Action, and
also all communications with its counsel and Mr. Komski.
Mr. Valenti had actual knowledge of that information.

This work included discovery, memoranda, and communications with clients. Id., ¶13.

Plaintiffs' evidence is sufficient to show direct access to confidential information and to support the presumption that he obtained such information. This puts the burden on Defendant to show that it was not possible for him to have had access to this information. Defendant contends that Valenti "could not have had" access to confidential information. It sites only to evidence from Plaintiffs showing PS's contacts with the clients and points out that these do not expressly state that Valenti had personal, direct contact with the clients.

At oral argument The Ellis Law Firm explained an "ethical wall" had been constructed making Valenti's access to confidential information impossible. While the court finds this commendable it does not address Valenti's initial access to confidential information. Therefore, Defendant does not overcome this presumption.

Ellis points to various Federal decisions denying disqualification based in part on this "ethical wall." The court takes judicial notice of all Federal and California appellate decisions on this issue. This court finds the state appellate decisions relying on California State law and Rules of Professional Conduct are better reasoned.

Ellis further argues this court is bound by the federal decisions denying disqualification under "parallel litigation" principles. No previous federal or state court decision in this litigation discusses or even acknowledges this concept.

To the extent this theory incorporates principles of collateral estoppel, the court finds collateral estoppel does not apply. The elements for collateral estoppel are: 1) the issue is identical to one decided in another proceeding; 2) the issue was actually litigated in the other proceeding; 3) the issue must have been necessarily decided in the other proceeding; 4) the decision in the other proceeding is a final ruling on the merits; and 5) the party against whom preclusion is sought is the same as, or in privity with, the party in the other proceeding.

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 8, p. 6 of 8

1 | *Hernandez v. City of Pomona* (2009) 46 Cal.4[th] 501, 511; *Brinton v. Banker's Pension Services,*
2 | *Inc.* (1999) 76 Cal. App.4th 550, 556.

3 |     If a prior decision in a federal court meets the elements for collateral estoppel, the
4 | California Supreme Court ruled in *Hernandez v. City of Pomona* (2009) 46 Cal.4[th] 501, at 505,
5 | then this precludes relitigation of that issue in California state courts.

6 |     Nothing indicates that collateral estoppel applies here. First, there is merely an order on a
7 | motion in the federal court, not a final judgment. Second, this issue does not appear to be the
8 | type of "issue" to which this doctrine applies. It is separate from, and has no relation to, the
9 | actual substance of the lawsuit or pleadings. Third, as Plaintiffs note, the order in the 9th Circuit
10 | was merely as to the appellate proceedings before that court in the 9th Circuit, as is the case with
11 | the Eastern District Court orders. The 9th Circuit opinion was not an order on an appeal from a
12 | lower court and has no apparent bearing on the attorneys proceeding in any other court. Fourth,
13 | Plaintiff points out that the other disqualification motions were in the context of different
14 | lawsuits with different circumstances, evidence or ethical screens, etc. This means that, at the
15 | very least, it is not clear whether the result on a disqualification motion in one lawsuit has any
16 | actual bearing, much less must be binding, in any other. As Plaintiff indicates, the mere fact that
17 | there may be no basis to disqualify an attorney in one proceeding, based on the evidence related
18 | to that action, should not bar a party in another later proceeding from demonstrating that it is
19 | proper to disqualify the attorney in that new proceeding because of different or new facts or
20 | circumstances.

21 |     This court does not find collateral estoppel applies.

22 | **Conclusion**

23 |     **The Motion to Disqualify The Ellis Firm is GRANTED.** Defendant is to obtain new
24 | counsel within sixty (60) days of the filing of the Order.

25 |     IT IS SO ORDERED.

26 |

27 | DATED: December 26, 2017.

28 |

        Honorable Peter K. Ottenweller
        Judge of the Superior Court
        for the State of California

**Case No. 2:14-CV-00676-WBS-DB**
**Pl's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 8, p. 7 of 8**

## PROOF OF SERVICE BY MAIL

I certify that I am an employee of the Superior Court of California, County of Sonoma, and that my business address is 600 Administration Drive, Room 107-J, Santa Rosa, California, 95403; that I am not a party to this case; that I am over the age of 18 years; that I am readily familiar with this office's practice for collection and processing of correspondence for mailing with the United States Postal Service; and that on the date shown below I placed a true copy of the attached **ORDER AFTER HEARING** in an envelope, sealed and addressed as shown below, for collection and mailing at Santa Rosa, California, first class, postage fully prepaid, following ordinary business practices.

Date: December 26, 2017

Arlene D. Junior, Court Executive Officer

By _Karyn Greene_

Karyn Greene, Deputy Clerk

### -ADDRESSEES-

Martin Niels Jensen
350 University Ave Ste 200
Sacramento CA 95825

Mark Ewell Ellis
David Castro
1425 River Park Drive Suite 400
Sacramento CA  95815

**Case No. 2:14-CV-00676-WBS-DB**
**Pl's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 8, p. 8 of 8**

# EXHIBIT 9

## MINUTE ORDER

DATE: 10/20/2015      TIME: 10:38:00 AM      DEPT: 53

JUDICIAL OFFICER PRESIDING: Steven H Rodda
CLERK: P. Banks
REPORTER/ERM:
BAILIFF/COURT ATTENDANT:

CASE NO: **34-2012-00130439-CU-MC-GDS** CASE INIT.DATE: 10/01/2012
CASE TITLE: **The National Grange of the Order of Patrons of Husbandry vs. The California State
Grange**
CASE CATEGORY: Civil - Unlimited

---

**APPEARANCES**

---

**Nature of Proceeding: Motion for Preliminary Injunction**

**TENTATIVE RULING**

Plaintiff National Grange's Motion for Preliminary Injunction is GRANTED.

On September 8, 2015, this Court entered an Order granting Plaintiff National Grange's Motion for Summary Judgment against the Now Uncharted State Grange on the complaint.

In the Order, the Court found that "based on the National Grange's Digest of Laws, the Now Uncharted State Grange's Charter, Constitution, Articles of Incorporation, Bylaws, and participation in the Order, the Court finds that the Now Uncharted State Grange has the obligation to transfer to the Newly Chartered State Grange all Grange property in its possession or control as of the date its charter was revoked."

Moving party National Grange seeks a narrow preliminary injunction to preclude the defendant Unchartered State Grange from wasting Grange assets until the case is finally adjudicated. Specifically, the request is to enjoin the transfer or encumbrance or alienation of assets to third parties, except for normal expenses and bills. In the absence of full information as to the identity of all the relevant assets, the National Grange seeks an injunction encompassing (a) the 3831 U Street, Sacramento Grange headquarters, (b) the accounts at Wells Fargo Bank and Morgan Stanley/Smith Barney and (c) real property titled in the name of inactive or defunct Subordinate Granges but held by the Unchartered State Grange.

*Jurisdiction*

On October 2, 2015, defendant Unchartered State Grange dismissed its cross-complaint and filed a Notice of Appeal from this Court's Order granting summary judgment for the National Grange. No final Judgment of dismissal has been filed in this action.

This Court does not agree with the opposing party's contention that the Court lacks jurisdiction to determine this motion based upon the filing of the Notice of Appeal. As numerous published appellate opinions have pointed out, including from the Third Appellate District, an order granting summary judgment is not an appealable order. (*Modica v. Merin* (1991) 234 Cal.App.3d 1072, 1073; *Levy v. Skywalker Sound* (2003) 108 Cal.App.4th 753, 761, fn. 7.)

---

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 9, p. 1 of 3

CASE TITLE: The National Grange of the Order of Patrons of Husbandry vs. The California State Grange

CASE NO: **34-2012-00130439-CU-MC-GDS**

*Factors*

In deciding whether to issue a preliminary injunction, a court must weigh two "interrelated" factors: (1) the likelihood that the moving party will ultimately prevail on the merits and (2) the relative interim harm to the parties from issuance of the injunction. The greater the plaintiff's showing on one, the less must be shown on the other to support an injunction. *Butt v. State of California* (1992) 4 Cal.4th 668, 677-678. A preliminary injunction may not be granted, regardless of the balance of interim harm, unless it is reasonably probable that the moving party will prevail on the merits. *San Francisco Newspaper Printing Co. v. Superior Court* (1985) 170 Cal. App. 3d 438, 442.

## 1) Likelihood of Prevailing On the Merits

The National Grange has prevailed on its Motion for Summary Judgment against the Unchartered State Grange, by Court order dated August 18, 2015. In that order, the Court held that based upon the Now Unchartered State Grange's Charter, Constitution, Articles of Incorporation, Bylaws, and participation in the Order, the Now Uncharted State Grange has the obligation to transfer to the Newly Chartered State Grange all Grange property in its possession or control as of the date its Charter was revoked. (April 5, 2013)

The instant motion seeks to prevent dissipation of Grange assets which the Court has determined on summary judgment that the Unchartered State Grange must turn over to the Chartered State Grange.

As the Cross-complaint of the Unchartered State Grange against the National Grange for conversion of or tortious interference with the payment of annual dues to the Unchartered State Grange has been voluntarily dismissed, the Court need not consider the merits of those cross-claims.

The Court is unpersuaded that the National Grange's failure to allege a cause of action for injunctive relief, as opposed to declaratory relief, precludes this motion. No authority for that proposition has been cited by opposing party.

## 2) Relative Interim Harm to the Parties

The instant motion seeks to prevent dissipation of Grange assets which the Court has determined on summary judgment that the Unchartered State Grange must turn over to the Chartered State Grange.

Moving party has submitted admissible evidence that on August 23, 2105, the Unchartered State Grange, through McFarland, to its membership, threatened that: "The sad truth is this legal battle is far from over, even though the National Master wants you to believe it is. With appeals, this conflict could go on for several more years, or **until one side or the other runs out of money**." (Jensen Dec., Exh. B.)

In an August 28, 2015 communication by the Unchartered State Grange, to its membership, it stated that "It is worth noting that our legal defense is mostly paid for by our insurance." (Jensen Dec., Exh. C.)

This Court has already determined as a matter of law that the Now Uncharted State Grange has the obligation to transfer to the Newly Chartered State Grange all Grange property in its possession or control as of the date its Charter was revoked.

The requested preliminary injunction is to prohibit defendants from transferring, depleting, exhausting, depreciating, hypothecating or encumbering the Grange's property, with the exception of the payment of routine bills, regularly scheduled payments, and maintenance costs related to real property.

DATE: 10/20/2015
DEPT: 53

MINUTE ORDER

**Case No. 2:14-CV-00676-WBS-DB**
**PI's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 9, p. 2 of 3**

Page 2
Calendar No.

CASE TITLE: The National Grange of the Order of Patrons of Husbandry vs. The California State Grange

CASE NO: **34-2012-00130439-CU-MC-GDS**

The sole "injury" identified by defendants is their potential inability to fund their continuing litigation.

The Court finds that the moving party has shown a much greater likelihood of relative interim harm than defendants.

The Court grants the preliminary injunction and will sign the formal order provided.

## COURT RULING

The matter was argued and submitted.  The matter was taken under submission.

## COURT RULING ON SUBMITTED MATTER

Having taken the matter under submission on 10/19/15, the Court now rules as follows:  The Court affirmed the tentative ruling.

DATE: 10/20/2015
DEPT:  53

MINUTE ORDER

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 9, p. 3 of 3

Page 3

Calendar No.

# EXHIBIT 10

10750

**ELLIS LAW GROUP, LLP**
GENERAL ACCOUNT
740 UNIVERSITY AVENUE, SUITE 100
SACRAMENTO, CA 95825

BANK OF SACRAMENTO
916-648-2100

90-4277/1211

6/8/17

PAY TO THE ORDER OF  National Grange                    $ 18,811.16

Eighteen Thousand Eight Hundred and Eleven 16/100  DOLLARS

MEMO 2:14-CV-00676-WBS   Satisfaction of Judgment

THIS DOCUMENT CONTAINS HEAT SENSITIVE INK - TOUCH OR PRESS HERE - RED IMAGE DISAPPEARS WITH HEAT

⑈010750⑈ ⑆121142779⑆ 01000027911⑈

ELLIS LAW GROUP, LLP
GENERAL ACCOUNT

10750

---

10751

**ELLIS LAW GROUP, LLP**
GENERAL ACCOUNT
740 UNIVERSITY AVENUE, SUITE 100
SACRAMENTO, CA 95825

BANK OF SACRAMENTO
916-648-2100

90-4277/1211

6/9/17

PAY TO THE ORDER OF  National Grange                    $ 19,896.62

Nineteen Thousand Eight Hundred and Ninty Six and 62/100  DOLLARS

MEMO  National Grange-Fed 1.
Satisfaction of Judgment

THIS DOCUMENT CONTAINS HEAT SENSITIVE INK - TOUCH OR PRESS HERE - RED IMAGE DISAPPEARS WITH HEAT

⑈010751⑈ ⑆121142779⑆ 01000027911⑈

ELLIS LAW GROUP, LLP
GENERAL ACCOUNT

10751

---

734016



BANNER BANK

WALLA WALLA, WA   99362
(800) 272-9933

REMITTER: ELLIS LAW GROUP
NATIONAL GRANGE FED-1 FULL SATISFACTION

Date 6/09/17

PAY TO THE ORDER OF   THE NATIONAL GRANGE

$   ******55,000.00

EXACTLY **55,000 AND 00/100 DOLLARS

**CASHIER'S CHECK**

THE PURCHASE OF AN INDEMNITY BOND WILL BE REQUIRED BEFORE ANY CASHIER'S CHECK OF THIS BANK WILL BE REPLACED OR REFUNDED IN THE EVENT IT IS LOST, MISPLACED, OR STOLEN.

AUTHORIZED SIGNATURE

⑈734016⑈ ⑆323371076⑆ 01004500021⑈

734016

BANNER BANK

REMITTER:  ELLIS LAW GROUP
NATIONAL GRANGE FED-1 FULL SATISFACTION
THE NATIONAL GRANGE

Date 6/09/17

$   ******55,000.00

EXACTLY **55,000 AND 00/100 DOLLARS

# EXHIBIT 11

MARTIN N. JENSEN (SBN 232231)
THOMAS L. RIORDAN (SBN 104827)
**PORTER SCOTT**
350 University Ave., Suite 200
Sacramento, CA 95825
Telephone: 916.929.1481
Facsimile: 916.927.3706
Email: mjensen@porterscott.com
Email: triordan@porterscott.com

JAMES L. BIKOFF (*Pro Hac Vice*)
BRUCE A. McDONALD (*Pro Hac Vice*)
HOLLY B. LANCE (*Pro Hac Vice*)
**SMITH, GAMBRELL & RUSSELL LLP**
1055 Thomas Jefferson Street, N.W., Suite 400
Washington, D.C.  20007
Telephone:    202.263.4341
Facsimile:    202.263.4329
Email: jbikoff@sgrlaw.com
Email: bmcdonald@sgrlaw.com
Email: hlance@sgrlaw.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

THE NATIONAL GRANGE OF THE ORDER
OF PATRONS OF HUSBANDRY, a District of
Columbia nonprofit corporation, and THE
CALIFORNIA STATE GRANGE, its chartered
California chapter,

    Plaintiffs,

 v.

CALIFORNIA STATE GRANGE d/b/a
"California Guild," a California corporation,
and ROBERT McFARLAND, a California
resident,

    Defendants.

Case No.  2:16-cv-00201-WBS-DB

**DECLARATION OF
REDWOOD VALLEY GRANGE**

(1)  The undersigned representatives of Redwood Valley Grange # 382, located

at 8650 East Rd., Redwood Valley, CA 95470 ("the Redwood Valley Grange"),

respectfully submit this declaration in response to a request by the National Grange and

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 1 of 68

- 1 -

DECLARATION OF
REDWOOD VALLEY GRANGE
CASE NO. 2:16-CV-00201-WBS-DB

the California State Grange for a description of the confusion, mistake and deception of our members, and our community, caused by Robert McFarland, a former leader of the California State Grange, and his new organization, the California Guild.

(2)    Jeff Box and Jini Reynolds, undersigned, have each been members of the Redwood Valley Grange on and off for more than 30 years.  Ms. Reynolds was a member of the Executive Committee in April 2016 when we voted to change our name from Redwood Valley Grange #382 to Redwood Valley Community Hall at the instigation of Mr. McFarland and his supporters.  Mr. Box is our President.

(3)    Based on our observations and experience over the last two-and-a-half years, it is our testimony that our April 2016 vote was procured through false advertising and fraudulent representations by Mr. McFarland and the Guild, and that the majority of our members, including ourselves, were deceived by such advertising and representations into believing, falsely, that we would lose our Grange Hall if we did not remove the name "Grange" and comply with Mr. McFarland's other instructions.

(4)    We voted to change our name in April 2016 because we believed representations by Mr. McFarland and his supporters that we could retain our identity as a California Grange even if we were members of the Guild, because the Guild was the successor to the California State Grange and the same organization that it always had been, as evidenced by its 1946 articles of incorporation, and because the September 2015 Court order requiring the Guild to stop using the name "Grange" did not affect his relationship to our organization or his authority to continue representing the California Granges.

(5)    In addition to being fraudulently procured, the misappropriation of our identity by Mr. McFarland and his purported actions on behalf of our organization are in violation of our 1950 Articles of Incorporation, copy appended as Exhibit 1.  The

Case No. 2:14-CV-00676-WBS-DB                    - 2 -                    DECLARATION OF
Pl's Rule 60 Motion to Reopen for Fraud on the Court                    REDWOOD VALLEY GRANGE
Exhibit 11, p. 2 of 68                    CASE NO. 2:16-CV-00201-WBS-DB

Redwood Valley Grange was incorporated on June 1, 1950, for the stated purpose of

becoming a _permanent constituent of the California State Grange._  The original Articles

of Incorporation provide:

<center>Article IV</center>
<center>*     *     *</center>

The number of persons above named shall constitute the number of
directors of this corporation, until changed by an amendment to the by-laws as
may be desired and _as may be in conformity with_ the laws of the State of
California _and with the rules and regulations of the California State Grange_, of
which Redwood Valley Grange, No. 382, is a member.

<center>Article VII</center>

That the constitution and by-laws of Redwood Valley Grange, No. 382 and
existing unincorporated association, shall be adopted by the directors named in
these articles of Incorporation as the constitution and by-laws of this corporation,
together with such other and further by-laws as may be necessary and proper, and
_as may be in conformity with the rules and regulations of the California State
Grange_.  That said constitution and by-laws may thereafter be amended or
repealed by any means provided therein and _as may be in conformity with the rules
and regulations of the California State Grange_.

Exhibit 1 (emphasis added).

(6)     Despite the above, Mr. McFarland and his supporters persuaded a majority

of our members in April 2016, including the undersigned, to abandon the name "Redwood

Valley Grange," which we had been using since 1921, and to change that name to the

"Redwood Valley Community Guild," by assuring us that -

(a)     the Guild was the successor to the California State Grange;

(b)     Mr. McFarland continued to be the authorized and lawful
representative of any California Granges that did not "disaffiliate"
from the Guild and join "Komski's organization," which he never
identified as the real California State Grange;

(c)     the local Granges, including the Redwood Valley Grange, would
suffer adverse tax consequences if they "disaffiliated" from the
Guild and joined "Komski's organization";

(d)     the relationship between the local Granges and the Guild was
governed by the Guild's constitution and bylaws;

**Case No. 2:14-CV-00676-WBS-DB**                    - 3 -
**Pl's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 11, p. 3 of 68**

DECLARATION OF
REDWOOD VALLEY GRANGE
CASE NO. 2:16-CV-00201-WBS-DB

(e)    the California Granges were bound to the Guild in their articles of incorporation and bylaws, and "disaffiliating" from the Guild and "joining Komski's organization" would require changes in those articles of incorporation and corresponding bylaws;

(f)    Mr. McFarland and the Guild were defending the California Granges from punitive actions taken against them by the National Grange and "Komski's organization";

(g)    "Komski's organization" was a stranger to the California Granges and had no right to speak on their behalf; and

(h)    Mr. Komski and "Komski's organization" were lying to Grange members, attempting to steal assets from the California Granges, and threatening to harm Grange members and their families.

(7)    In the wake of the April 2016 vote, a bitter contest over control of our identity ensued as our members began to learn the truth. During this time, we discovered that major portions of a trust account in the amount of approximately $150,000, consisting of reverted funds held by the California State Grange on behalf of the Redwood Valley Grange since prior to the parties' dispute, had been quietly taken by Mr. McFarland and his supporters without our authorization, consent or approval. As of this writing, the value of that account is down to approximately $53,000, and nobody knows what happened to the difference. When we challenged Mr. McFarland about the disappearance of these funds, he responded that the Redwood Valley Grange had "given" $100,000 for purposes of "building improvements and attorney fees." Our investigation reveals that this statement was a lie. According to Helen Solgat, a member of the Redwood Valley Grange for the last 50 years and past president with several terms in office, the Redwood Valley Grange never in its history gave away more than $500 dollars at a time.

(8)    At our August 2016 meeting a vote was taken to reclaim our identity as a California Grange by reorganizing the Redwood Valley Grange. The official minutes of our August 2016 meeting reveal 29 ballots taken with 17 ayes, 11 nays and one abstention. Since then, however, we have been unable to effectuate the will of our

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 4 of 68

DECLARATION OF
REDWOOD VALLEY GRANGE
CASE NO. 2:16-CV-00201-WBS-DB

members because every time we file a Certificate of Amendment to our Articles of
Incorporation at the California Secretary of State, Mr. McFarland and his supporters go to
the California Secretary of State behind our backs and submit, without our authorization,
approval or consent, conflicting Certificates of Amendment and Statements of
Information.  The records of the California Secretary of State appended collectively as
Exhibit 2 reveal the following successive filings by the parties:

| Date | Document | Party |
|------|----------|-------|
| 12/01/2016 | Amendment | Guild |
| 02/07/2017 | Amendment | Grange |
| 04/12/2017 | Amendment | Guild |
| 06/01/2017 | Amendment | Grange |
| 06/21/2017 | Amendment | Guild |
| 08/29/2017 | Amendment | Grange |
| 09/19/2017 | Amendment | Guild |
| 09/25/2017 | Statement of Information | Grange |
| 10/02/2017 | Amendment | Guild |
| 11/21/2017 | Amendment | Grange |
| 12/20/2017 | Statement of Information | Guild |
| 01/12/2018 | Amendment | Grange |
| 01/31/2018 | Statement of Information | Guild |

(9)     On October 25, 2016, we convened the first monthly meeting of the
reorganized Redwood Valley Grange and elected thirteen officers in addition to a new
Executive Committee for the purpose of retaining control of the Redwood Valley Grange
Hall.  At this meeting it was confirmed that nobody had "gifted" any portion of the
Redwood Valley Grange trust account to Mr. McFarland or the Guild.  Our charter was
subsequently reinstated by the California State Grange, but still we have been unable to

Case No. 2:14-CV-00676-WBS-DB                     - 5 -
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 5 of 68

DECLARATION OF
REDWOOD VALLEY GRANGE
CASE NO. 2:16-CV-00201-WBS-DB

regain control of our identity as a result of the unauthorized filings and willful acts by Mr. McFarland and his supporters described in this declaration. These actions include the appropriation of our bank account and other assets.

(10)  In November 2016, we scheduled a meeting and invited supporters from both sides of the debate to discuss the formation of a separate 501(c)(3) organization or other means of resolving the conflict between those of us who wanted to retain our identity as the Redwood Valley Grange and Mr. McFarland's supporters. From our side, we never had any objection to making the Grange Hall available to members of the Guild for their meetings if they wanted to establish a separate organization, but they were intent on changing the name of our organization and taking our identity along with our reverted funds and other assets, including the Grange Hall.

(11)  On November 17, 2016, members of our organization arrived at our duly scheduled monthly meeting to be met at the door by a supporter of Mr. McFarland, and those of them thought to be aligned with the Grange were served with legal papers purporting to "demit" them from the Guild on the authority of the "Redwood Valley Guild Executive Committee." A copy of the "demit" served on Marybeth Kelly, a member of our Executive Committee and resident Grange historian, is appended hereto as Exhibit 3. Accompanying these "demits" was a letter dated November 17, 2016, from Guild attorney Mark Ellis, copy appended as Exhibit 4. Consistent with the Guild's narrative, this letter implies that there is more than one California State Grange, stating:

> It has come to my attention that certain individuals allied with _Mr. Komski's_ _California State Grange_ have made known their intentions to interrupt a meeting of the Redwood Valley Community Guild by attempting to vote in its election tonight.

Exhibit 4 (emphasis added). The letter then conflates the identity of the Guild with that of the "existing Redwood Valley Grange," stating:

**Case No. 2:14-CV-00676-WBS-DB**                    - 6 -
**Pl's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 11, p. 6 of 68**

DECLARATION OF
REDWOOD VALLEY GRANGE
CASE NO. 2:16-CV-00201-WBS-DB

Any attempt to interfere with the election of officers of *the existing Redwood Valley Grange #382, d/b/a Redwood Valley Community Guild*, a legal California corporation, is obviously disruptive and will be construed as a hostile and possibly a criminal attempt to commandeer my clients' property and interfere with their rights.

*Id.* (emphasis added). Mr. Ellis concludes:

If you have further need to communicate with my clients about this issue, *do so only through my office*.

*Id.* (emphasis added).

(12)     On December 12, 2016, supporters of Mr. McFarland, without the authorization, consent or approval of the Redwood Valley Grange, executed and filed documents with the Mendocino County Recorder of Deeds purporting to deed the Redwood Valley Grange Hall to the Guild. Copies of these documents are appended hereto as Exhibit 5. This led to correspondence dated May 20, 2017, from the Redwood Valley Grange to the Mendocino County Recorder, stating:

This is to inform you that Redwood Valley Grange # 382 continues to operate and to conduct business as "the Redwood Valley Grange." *Another group, the Redwood Valley Community Guild, claims to be operating and conducting business in our stead*. Please be advised that the business of the Redwood Valley Grange is now using the P.O. Box 465, Redwood Valley, CA 95470 and the phone number (707) 485-8448 and that we will honor all obligations committed to by our officers. Feel free to contact any of them using the information below.

*In addition, we take exception to the alleged name change on the title of our land and hall. Our hall has been a Grange Hall since 1921, on land sold for this specific purpose, and continues to operate as such*. We respectfully request that the title continue to reflect the rightful owners of the property at 8650 East Road in Redwood Valley and the Grange Hall, Redwood Valley Grange # 382.

Exhibit 6 (emphasis added). A copy of follow-up correspondence to the Mendocino County Supervisors, dated August 14, 2017, is appended hereto as Exhibit 7.

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 7 of 68

- 7 -

DECLARATION OF
REDWOOD VALLEY GRANGE
CASE NO. 2:16-CV-00201-WBS-DB

(13)     On August 15, 2017, the Redwood Valley Grange sent a letter to the

Mendocino County Supervisor, stating:

> The purpose of this letter is to inform you that _we believe a crime has been committed against Redwood Valley Grange # 382_. We are in the process of consulting an attorney to seek remedy for this.
>
> The problem is that _another group calling itself The Redwood Valley Community Guild is acting in our stead_. Mr. Harold (Hal) Voege, as president of the Guild and claiming to be president of the Grange, which he is not and was not, has recorded a quit claim deed claiming that we have surrendered title of our property and hall to the Redwood Valley Community Guild. This is not the case. The enclosed documents are intended to form a record of our allegations and give you a "heads up".

Exhibit 8 (emphasis added).

(14)     Throughout this time, the local media has been running stories and

publishing letters about this conflict fueled by misinformation and resulting in further

confusion of our members and the community.  Examples of such reports include a story

in the Anderson Valley Advertiser dated March 22, 2017, a copy of which is appended

hereto as Exhibit 9, quoting damaging misstatements by McFarland's followers such as

the following:

> "_There is no legal standing for the State Grange to take the land and buildings of granges_," said DuBois. "_National never drove a nail, painted a board, paid a tax or cleaned a toilet_. Originally, the granges were meeting places for farmers, warehouses so they could leverage their buying power of things like fencing and seeds. A lot of these places were built in rural areas where there was nothing. Then cities built up to them and their value went up.

Exhibit 9 (emphasis added).  The first italicized statement is false, because the question is

not whether the California State Grange has the legal standing to take land and buildings

away from the California Granges, but whether the Guild has the legal standing to take

land and buildings from the California Granges in the manner described in this

Declaration.  The second italicized statement is false because it assumes that the

California Guild, and not the California State Grange, owns the history and reputation that

- 8 -

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 8 of 68

DECLARATION OF
REDWOOD VALLEY GRANGE
CASE NO. 2:16-CV-00201-WBS-DB

was built up by the California Granges since 1873 driving nails, painting boards, paying taxes and providing other services to the community.

(15)     The March 2017 Anderson Valley Advertiser article goes on to quote Wally Dubois, a Guild supporter:

> "So when the big war started in 2010, 2011, they expected California to roll over. They did the same thing in Wyoming. They jerked the money and there are no halls in Wyoming any longer. We calculate that up to 2014 they spent $3.5 million on lawsuits trying to get Bob and get the California granges. Komski and another guy were talking about a supergrange. Take all the weak halls, sell them off and put the money into a supergrange," he continued. "A witness said the concept was that _Komski wanted to cloud the title to all the halls_ so they could have more control. _Komski has always said we own your halls and your property and Bob has always said no, they belong to the community_. These lawsuits are designed to suck the funds out of the original state grange. They are corporate tactics Monsanto would use. They hire a lawyer who specializes in going out and crushing small companies. Basically they are saying we don't own these granges, give them to us.

Exhibit 9 (emphasis added).  The accusation that Mr. Komski is clouding title to the Grange Halls is false because it is Mr. McFarland and his supporters, not the California State Grange, who are clouding the title to Grange Halls, as described above, and because the California Granges need protection from the Guild, not from the California State Grange.

(16)     Examples of such mistaken reports also include a letter dated April 26, 2017, published by the Anderson Valley Advertiser, appended hereto as Exhibit 10 ("Redwood Valley Grange commits fraud to gain control") and a letter dated June 4, 2017, to the Ukiah Daily Journal, appended hereto as Exhibit 11, stating:

> "Bob McFarland is leading a farmer revolution by _returning the Grange to its original small farmer roots_ . . . _but currently under the name of the CA Guild_. The CA Guild was incorporated in 1946.  The CA State Grange was incorporated in 2014.  Which fraternal order do you think better represents the small organic farmers of Mendocino County"?

Exhibit 11 (emphasis added).

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 9 of 68

- 9 -

DECLARATION OF
REDWOOD VALLEY GRANGE
CASE NO. 2:16-CV-00201-WBS-DB

(17)    The struggle for control of the Redwood Valley Grange and its identity continues at this time amidst profound confusion about our status, our legal identity, and our relationship to the California State Grange. A reflection of such confusion appears in the following two Facebook pages of the Redwood Valley Grange and the "Redwood Valley Guild," each purporting to represent the local community organization incorporated in 1950 under the name "Redwood Valley Grange # 382," and each identifying the historic Grange Hall by a different name:

**Redwood Valley Grange Facebook Page**
**https://www.facebook.com/RVGrange**
**February 12, 2018**



**Redwood Valley Guild Facebook Page**
**https://www.facebook.com/RedwoodValleyGuild**
**February 12, 2018**



**Case No. 2:14-CV-00676-WBS-DB**
**Pl's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 11, p. 10 of 68**

DECLARATION OF
REDWOOD VALLEY GRANGE
CASE NO. 2:16-CV-00201-WBS-DB

(18)     On February 28, 2018, in the course of discussions over the future of the Redwood

Valley Grange Hall, we received one of the most astonishing documents we have ever seen, a

certified letter to the Redwood Valley Grange from the "Redwood Valley Community Guild"

entitled "Billing Statement," a copy of which is appended hereto as Exhibit 12, with the following

demand for payment in the amount of $24,000.00, "past due, and payable immediately":

Date: February 26, 2018

To:     Redwood Valley Grange
        P.O. Box 465
        Redwood Valley, CA. 95470

Billing Statement

Billing Period: 1 March 2017 - 28 February 2018 (12 months)

Monthly rent (including utilities) $2000 x 12 =          $24,000

This amount is past due, and payable immediately

Thank you for your prompt attention to this matter.

Sincerely,

*Katrina R. Johnson*

Katrina R. Johnson, President
Redwood Valley Community Guild

*See* Exhibit 12.

Case No. 2:14-CV-00676-WBS-DB                    - 11 -                    DECLARATION OF
Pl's Rule 60 Motion to Reopen for Fraud on the Court                      REDWOOD VALLEY GRANGE
Exhibit 11, p. 11 of 68                                                   CASE NO. 2:16-CV-00201-WBS-DB

1  (19)  The "Billing Statement" pictured above was accompanied by the following

2  correspondence, a copy of which is appended hereto as Exhibit 13:

3  To the Members of the Redwood Valley Grange,

4  Thank you for your offer.  However, we have decided to decline your offer and
   provide you with a counter proposal.

5

6  Enclosed is a bill for the past year for *your use of our hall*.  This should be
   remedied within ten (10) days of the receipt of this letter.

7

8  We feel we are able to offer you an agreement to continue *your use of our hall* for
   the amount of one thousand dollars ($1,000.00) per month plus utilities, etc.  You will
9  have your regular meeting night, and the first and third weekends available to you.  All
   rental agreements will be handled through the Redwood Valley Community Guild.  You
10 will immediately turn over all sets of keys, and all monies collected for rentals.

11 Exhibit 3 (emphasis added).  By this action, ownership of the Redwood Valley Grange has not

12 only been unlawfully taken from us, but it appears that we will now be excluded from access to

13 our own property and prevented from engaging in the community activities and public services

14 that are the purpose of our organization.

15

16 (20)  For a community organization incorporated 68 years ago and dedicated to public

17 service and inclusivity, permanently linked in its articles of incorporation to membership in the

18 California State Grange and operating peacefully under the name "Redwood Valley Grange" for

19 generations, and for people on both sides of this extraordinary dispute, including their children

20 and families, the consequences of this dispute have been profound.  Lifetime friendships have

21 been ruined, criminal accusations abound, and we cannot even replace the Grange Hall roof

22 because of confusion over the status and whereabouts of our funds.  Some members have

23 abandoned their membership in the Redwood Valley Grange for fear of being ostracized and

24 intimidated by Mr. McFarland and his attorneys in the manner illustrated above, and virtually all

25 of us are confused about our relationship to the California State Grange and the California Guild

26 as a result of the representations and actions by Mr. McFarland and his supporters described in

27 this Declaration.

28

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 12 of 68

DECLARATION OF
REDWOOD VALLEY GRANGE
CASE NO. 2:16-CV-00201-WBS-DB

(21)     While we don't attest to first-hand information about occurrences at any of the other California Granges, or former Granges, we are informed and believe that the power struggle instigated at the Redwood Valley Grange by Mr. McFarland and the Guild has transpired, and is transpiring, in Granges across the State of California.

The undersigned hereby declare under penalty pursuant to the laws of California and the United States that the foregoing is true and correct to the best of their knowledge, information and belief.

3-5-18
_____
Date

_____
Jeff Box
President Redwood Valley Grange

3-5-18
_____
Date

_____
Jini Reynolds
Member, Redwood Valley Grange Since 2014

3/5/18
_____
Date

_____
Clint Kelly
Member, Redwood Valley Grange Since 2015

March 6, 2018
_____
Date

_____
Marybeth Kelly
Member, Redwood Valley Grange Since 2015

Case No. 2:14-CV-00676-WBS-DB          - 13 -
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 13 of 68

DECLARATION OF
REDWOOD VALLEY GRANGE
CASE NO. 2:16-CV-00201-WBS-DB

Declaration of Redwood Valley Grange

Exhibit 1

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 14 of 68

ARTICLES OF INCORPORATION *M*

OF

REDWOOD VALLEY GRANGE # 382

JUN 1 1950

KNOW ALL MEN BY THESE PRESENTS: That REDWOOD VALLEY Grange
No. 382 , and existing unincorporated association, does hereby
execute these articles for the purpose of incorporating said REDWOOD VALLEY
Grange No. 382 , an existing unincorporated association, under
Title XII, Article 1, of the "General Non-Profit Corporation Law" of
the State of California, and does hereby certify as follows, to-wit:

245804

### ARTICLE 1.

That the name of this corporation shall be REDWOOD VALLEY Grange,
No. 382 .

### ARTICLE 11.

That the purpose for which this corporation is formed are as
follows, to-wit:

(1) To incorporate REDWOOD VALLEY Grange No. 382 , an
existing unincorporated association.

(2) To elevate, develop and promote the interest and welfare of
the American farmer, and particularly of the farmers and their families
residing in the vicinity of Redwood Valley, Mendocino County, Calif.

This corporation is one which does not contemplate pecuniary gain
or profit to the members thereof.

### ARTICLE 111.

That the County in the State of California where the principal office
for the transaction of the business of this corporation is to be located
in MENDOCINO County.

### ARTICLE IV.

That the names and addresses of the persons who are to sit in the
capacity of Directors are the present Executive Committeemen until the
election of their successors, are as follows:

| Name | | |
|---|---|---|
| Elbert Lane | Calpella | , Calif. |
| John Oakes | Redwood Valley | , " |
| Fred Finne | Redwood Valley | , " |

The number of persons above named shall constitute the number of
directors of this corporation, until changed by an amendment to the by-
laws as may be desired and as may be in conformity with the laws of the
State of California and with the rules and regulations of the California
State Grange, of which REDWOOD VALLEY Grange, No. 382 is a member.

FRANK M. JORDAN, Secretary of State

FILED
JUN 5 - 1950
In the office of the Secretary of State
of the State of California

Restriction of rights
to amend articles

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 15 of 68

## ARTICLE V.

That the authorized number and qualifications of the members of this corporation, the different classes of membership, if any, the property, voting, and other rights and privileges of each class of membership, and the liability of each and all classes to dues or assessments, and the method of collection thereof, shall be set forth in the by-laws of this incorporation.

## ARTICLE VI.

That the name of the existing unincorporated association which is being incorporated, is as follows, to-wit: REDWOOD VALLEY _____ Grange, No. 382

## ARTICLE VII

That the constitution and by-laws of REDWOOD VALLEY _____ Grange, No. 382 and existing unincorporated association, shall be adopted by the directors named in these articles of Incorporation as the constitution and by-laws of this corporation, together with such other and further by-laws as may be necessary and proper, and as may be in conformity with the rules and regulations of the California State Grange. That said constitution and by-laws may thereafter be amended or repealed by any means provided therein and as may be in conformity with the rules and regulations of the California State Grange.

IN WITNESS WHEREOF THE UNDERSIGNED, being the presiding officers, to-wit: Master, and the Secretary, respectively, of REDWOOD VALLEY Grange No. 382 , and existing unincorporated association, and being duly authorized to act in its behalf, have caused the name of said REDWOOD VALLEY Grange No. 382 and existing unincorporated association, to be hereunto subscribed, and have hereunto subscribed their names as officers this 27th day of May , 1950

REDWOOD VALLEY        Grange No. 382

By _John R Muir_____ Master

By _Mary Finne_____ Secretary

STATE OF CALIFORNIA    )
                       ) ss
COUNTY OF Mendocino    )

ON THIS 29th day of May , A. D. 1950, before me, R C Pfleger, a Notary Public in and for said County and State, personally appeared John R Muir, Master and Mary Finne, Secretary, known to me, (or proved to me on the oath of _____ ), to be the persons whose names are subscribed to the within instrument, and acknowledged to me that they executed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year in this certificate first above written.

(SEAL)

_R. C. Pfleger_____
Notary Public in and for said County and State.

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 16 of 68

# AFFIDAVIT

STATE OF CALIFORNIA )
County of _Mendocino_ (SS:

On this _29th_ day of _May_ 19_50_

before me, _R. C. Pfleger_, a Notary Public in

and for the said County and State, residing therein, duly commissioned and

sworn, personally appeared _John R. Muir_

and _Mary Finne_, who, being sworn, each for himself, deposes

and says: That the said _John R. Muir_

is the _Master_ of _REDWOOD VALLEY GRANGE # 382_

and that the said _Mary Finne_ is the _Secretary_

of _REDWOOD VALLEY GRANGE # 382_. That

_REDWOOD VALLEY GRANGE # 382_ is an unincorporated

association and that said association has duly authorized its incorporation.

That _John R. Muir_ and _Mary Finne_

have executied these articles of incorporation in their offical capacity and by

authority of such association.

_John R Muir_

_Mary Finne_

Subscribed and sworn to before me this _29th_ day of

_May_, 19_50_.

_R. C. Pfleger_

Notary Public in and for said
County and State

(Seal)

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 17 of 68

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 18 of 68

THOMAS H. KUCHEL, CHAIRMAN
STATE CONTROLLER

JAMES S. DEAN, VICE-CHAIRMAN
DIRECTOR OF FINANCE

GEORGE R. REILLY
CHAIRMAN BOARD OF EQUALIZATION

JOHN J. CAMPBELL
EXECUTIVE OFFICER

JUN 5 1950



# STATE OF CALIFORNIA

### OFFICE OF

# Franchise Tax Board

### SACRAMENTO 14

### June 2, 1950

Redwood Valley Grange #382
c/o Mary Finne, Secretary
Redwood Valley, California

Gentlemen:

  RE: Exemption From Franchise Tax

   The claim submitted by your organization for
exemption from taxation under the Bank and Corporation
Franchise Tax Act is approved. Annual franchise tax
returns need not be filed unless the character of the
organization, its purposes, methods of operation, sources
of income, or methods of distribution of its income, be
changed. Changes in any of these particulars must be
reported promptly to this department.

   The approval herein will expire within thirty
days unless incorporation or qualification is completed
within such period.

    Very truly yours

    FRANCHISE TAX BOARD
    John J. Campbell
    Executive Officer


    By ~~MASON A. REED~~
     Associate Tax Counsel
     **Mark Scholtz**

MAH:no
cc - Sec. of State
cc - P. Russell

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 19 of 68

Declaration of Redwood Valley Grange

Exhibit 2

**Case No. 2:14-CV-00676-WBS-DB**
**PI's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 11, p. 20 of 68**





0245804

# Certificate of Amendment
## of Articles of Incorporation

**FILED**
Secretary of State
State of California

DEC 01 2016

The undersigned certify that:

1. They are the president and the secretary, respectively, of Redwood Valley Grange, No. 382, a California corporation.

2. Article I of the Articles of Incorporation of this corporation is amended to read as follows:
   The name of this corporation is: Redwood Valley Community Guild.

   Article IV, **second paragraph**, of the Articles of Incorporation of this corporation is amended to read as follows:
   The number of persons above named shall constitute the number of directors of this corporation, until changed by an amendment to the by-laws as may be desired and as may be in conformity with the laws of the State of California and with the rules and regulations of the California Guild of which this Guild is a subsidiary chapter.

   Article VII of the Articles of Incorporation of this corporation, first paragraph, should be amended to read as follows:
   That the constitution and by-laws of Redwood Valley Community Guild may be amended by the members as may be desired and as may be in conformity with the rules and regulations of the California Guild of which Redwood Valley Community Guild is a subsidiary chapter.

3. The foregoing amendment of the Articles of Incorporation has been duly approved by the board of directors.

4. The foregoing amendment of Articles of Incorporation has been duly approved by the required vote of the members.

We further declare under penalty of perjury under the laws of the State of California that the matters set forth in this certificate are true and correct of our own knowledge.

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 21 of 68

Date: 11/28/2016

_Harold Voege_
Harold Voege, President

_Sandy Turner_
Sandy Turner, Secretary

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 22 of 68



NCTO

A0794130



## Secretary of State
## Certificate of Amendment of
## Articles of Incorporation

**AMDT-NP-NA**

### *Name Change Only - Nonprofit*

**FILED**
Secretary of State
State of California

**FEB 07 2017**

---

**IMPORTANT — Read Instructions before completing this form.**

**Filing Fee – $30.00**

Copy Fees – First Page $1.00 & .50 for each attachment page;
Certification Fee – $5.00

This Space For Office Use Only

---

**1. Corporation Name** (Enter the exact name of the corporation as it is currently recorded with the California Secretary of State)

*REDWOOD VALLEY COMMUNITY GUILD*

**2. 7-Digit Secretary of State File Number**

*C 0245804*

---

**3. New Corporation Name**

**Item 3a:** Enter the number, letter, or other designation assigned to the provision in the Articles of Incorporation being amended (e.g., "I," "First," or "A"). **See Instructions** if the provision in the Articles of Incorporation being amended does not include a number, letter, or other designation. Any attachment is made part of this document.

**Item 3b:** Enter the new corporate name.

3a. Article *1* of the Articles of Incorporation is amended to read as shown in Item 3b below:

3b. The name of the corporation is *REDWOOD VALLEY GRANGE #382*

---

**4. Approval Statements**

4a. The Board of Directors has approved the amendment of the Articles of Incorporation.

4b. Member approval was (**check one**):

[☑] By the required vote of the members in accordance with California Corporations Code section 5812, 7812, or 12502.

[ ] Not required because the corporation has no members.

---

**5. Read, sign and date below (see instructions for signature requirements)**

We declare under penalty of perjury under the laws of the State of California that the matters set forth herein are true and correct of our own knowledge and we are authorized by California law to sign.

| Date | Signature | Type or Print Name |
|---|---|---|
| 2-7-16 | *Jeffrey Box* | JEFFREY BOX — President |
| 2-7-16 | *Roxanne CH Boyle* | Roxanne C.H. Boyle — Secretary |

**Case No. 2:14-CV-00676-WBS-DB**
**Pl's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 11, p. 23 of 68**

AMDT-NP-NA (EST 09/2016)

2016 California Secretary of State
www.sos.ca.gov/business/be

NCTO

A0796774



# Secretary of State
# Certificate of Amendment of Articles of Incorporation
## *Name Change Only - Nonprofit*

**AMDT-NP-NA**

**FILED**
Secretary of State
State of California

**APR 12 2017**

This Space For Office Use Only

**IMPORTANT — Read Instructions before completing this form.**

**Filing Fee – $30.00**

Copy Fees – First Page $1.00 & .50 for each attachment page;
Certification Fee – $5.00

**1. Corporation Name** (Enter the exact name of the corporation as it is currently recorded with the California Secretary of State)

Redwood Valley Grange #382

**2. 7-Digit Secretary of State File Number**

# C0245804

**3. New Corporation Name**

**Item 3a:** Enter the number, letter, or other designation assigned to the provision in the Articles of Incorporation being amended (e.g., "1," "First," or "A"). **See Instructions** if the provision in the Articles of Incorporation being amended does not include a number, letter, or other designation. Any attachment is made part of this document.

**Item 3b:** Enter the new corporate name.

3a. Article _____1_____ of the Articles of Incorporation is amended to read as shown in Item 3b below:

3b. The name of the corporation is  Redwood Valley Community Guild

**4. Approval Statements**

4a. The Board of Directors has approved the amendment of the Articles of Incorporation.

4b. Member approval was (**check one**):

☑ By the required vote of the members in accordance with California Corporations Code section 5812, 7812, or 12502.

☐ Not required because the corporation has no members.

**5. Read, sign and date below (See instructions for signature requirements. Note: Both lines must be signed.)**

We declare under penalty of perjury under the laws of the State of California that the matters set forth herein are true and correct of our own knowledge and we are authorized by California law to sign.

| | | |
|---|---|---|
| 4/8/2017 | *Harold Voege* | Harold Voege |
| Date | Signature | Type or Print Name of President |
| 4/8/2017 | *Sandy Turner* | Sandy Turner |
| Date | Signature | Type or Print Name of Secretary |

**Case No. 2:14-CV-00676-WBS-DB**
**Pl's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 11, p. 24 of 68**

AMDT-NP-NA (EST 09/2016)

2016 California Secretary of State
www.sos.ca.gov/business/be

NCTD

A0798760



**Secretary of State
Certificate of Amendment of
Articles of Incorporation**

*Name Change Only - Nonprofit*

AMDT-
NP-NA

**FILED**
Secretary of State
State of California

**JUN 0 1 2017**

IPC

This Space For Office Use Only

**IMPORTANT — Read Instructions before completing this form.**

**Filing Fee – $30.00**

Copy Fees – First Page $1.00 & .50 for each attachment page;
Certification Fee – $5.00

**1. Corporation Name** (Enter the exact name of the corporation as it is currently
recorded with the California Secretary of State)

*Redwood Valley Community Guild*

**2. 7-Digit Secretary of State File Number**

C0245804

**3. New Corporation Name**

Item 3a: Enter the number, letter, or other designation assigned to the provision in the Articles of Incorporation being amended (e.g., "I," "First," or "A"). See Instructions if the provision in the Articles of Incorporation being amended does not include a number, letter, or other designation. Any attachment is made part of this document.

Item 3b: Enter the new corporate name.

3a. Article _____1_____ of the Articles of Incorporation is amended to read as shown in Item 3b below:

3b. The name of the corporation is *REDWOOD VALLEY GRANGE #382*

**4. Approval Statements**

4a. The Board of Directors has approved the amendment of the Articles of Incorporation.

4b. Member approval was (**check one**):

☑ By the required vote of the members in accordance with California Corporations Code section 5812, 7812, or 12502.

◯ Not required because the corporation has no members.

**5. Read, sign and date below (See instructions for signature requirements. Note: Both lines must be signed.)**

We declare under penalty of perjury under the laws of the State of California that the matters set forth herein are true and correct of our own knowledge and we are authorized by California law to sign.

| 5-31-17 | *Jeff Box* | JEFF BOX |
|---------|-----------|----------|
| Date | Signature | Type or Print Name of President |

| 5-31-17 | *Roxanne E H Boyle* | ROXANNE Boyle |
|---------|-----------|----------|
| Date | Signature | Type or Print Name of Secretary |

AMDT-NP-NA (EST 09/2016)

2016 California Secretary of State
www.sos.ca.gov/business/be

**Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 25 of 68**

NCTO

A0799663



## Secretary of State
## Certificate of Amendment of
## Articles of Incorporation

AMDT-NP-NA

### Name Change Only - Nonprofit

**FILED**
Secretary of State
State of California

JUN 2 1 2017 CA

ICC    This Space For Office Use Only

**IMPORTANT — Read Instructions before completing this form.**

**Filing Fee – $30.00**

Copy Fees – First Page $1.00 & .50 for each attachment page;
Certification Fee – $5.00

| 1. Corporation Name (Enter the exact name of the corporation as it is currently recorded with the California Secretary of State) | 2. 7-Digit Secretary of State File Number |
|---|---|
| Redwood Valley Grange #382 | **C0245804** |

**3. New Corporation Name**

Item 3a: Enter the number, letter, or other designation assigned to the provision in the Articles of Incorporation being amended (e.g., "I," "First," or "A"). See Instructions if the provision in the Articles of Incorporation being amended does not include a number, letter, or other designation. Any attachment is made part of this document.

Item 3b: Enter the new corporate name.

3a. Article ___1___ of the Articles of Incorporation is amended to read as shown in Item 3b below:

3b. The name of the corporation is  Redwood Valley Community Guild

**4. Approval Statements**

4a. The Board of Directors has approved the amendment of the Articles of Incorporation.

4b. Member approval was (**check one**):

☑ *By the required vote of the members in accordance with California Corporations Code section 5812, 7812, or 12502.*

☐ Not required because the corporation has no members.

**5. Read, sign and date below (See Instructions for signature requirements. Note: Both lines must be signed.)**

We declare under penalty of perjury under the laws of the State of California that the matters set forth herein are true and correct of our own knowledge and we are authorized by California law to sign.

| | | |
|---|---|---|
| 6/19/17 | *Trina Johnson* (Signature) | Trina Johnson |
| Date | Signature | Type or Print Name of President |
| 6/17/17 | *Sandy Turner* (Signature) | Sandy Turner |
| Date | Signature | Type or Print Name of Secretary |

Case No. 2:14-CV-00676-WBS-DB
Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 26 of 68

AMDT-NP-NA (EST 07/2015)

2016 California Secretary of State
www.sos.ca.gov/business/be



A0802306



## Secretary of State
## Certificate of Amendment of
## Articles of Incorporation
### *Name Change Only - Nonprofit*

AMDT-NP-NA

**FILED** *GmR*
Secretary of State
State of California

*IPV* AUG 29 2017 *RO*

**IMPORTANT** — Read Instructions before completing this form.

**Filing Fee – $30.00**

Copy Fees – First Page $1.00 & .50 for each attachment page;
Certification Fee – $5.00

This Space For Office Use Only

**1. Corporation Name** (Enter the exact name of the corporation as it is currently recorded with the California Secretary of State)

Redwood Valley Community Guild

**2. 7-Digit Secretary of State File Number**

C0245804

**3. New Corporation Name**

**Item 3a:** Enter the number, letter, or other designation assigned to the provision in the Articles of Incorporation being amended (e.g., "I," "First," or "A"). **See Instructions** if the provision in the Articles of Incorporation being amended does not include a number, letter, or other designation. Any attachment is made part of this document.

**Item 3b:** Enter the new corporate name.

3a. Article ___1___ of the Articles of Incorporation is amended to read as shown in Item 3b below:

3b. The name of the corporation is ___Redwood Valley Grange #382___

**4. Approval Statements**

4a. The Board of Directors has approved the amendment of the Articles of Incorporation.

4b. Member approval was (**check one**):

(●) By the required vote of the members in accordance with California Corporations Code section 5812, 7812, or 12502.

( ) Not required because the corporation has no members.

**5. Read, sign and date below (See instructions for signature requirements. Note: Both lines must be signed.)**

We declare under penalty of perjury under the laws of the State of California that the matters set forth herein are true and correct of our own knowledge and we are authorized by California law to sign.

8-15/17 — Date / Signature / JEFF BOX Type or Print Name of President

8/15/17 — Date / Signature / Jane K Kelley Type or Print Name of ~~Secretary~~ Treasurer

AMDT-NP-NA (EST 09/2016)

2016 California Secretary of State
www.sos.ca.gov/business/be

**Case No. 2:14-CV-00676-WBS-DB**
**PI's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 11, p. 27 of 68**



A0803197



| Secretary of State<br>Certificate of Amendment of<br>Articles of Incorporation<br><br>Name Change Only - Nonprofit | AMDT-<br>NP-NA | **FILED** /W/<br>Secretary of State<br>State of California<br><br>SEP 1 9 2017 |

This Space For Office Use Only

IMPORTANT — Read Instructions before completing this form.

Filing Fee – $30.00

Copy Fees – First Page $1.00 and .50 for each attachment page;
Certification Fee – $5.00

**1. Corporation Name** (Enter the exact name of the corporation as it is currently recorded with the California Secretary of State)

Redwood Valley Grange # 382

**2. 7-Digit Secretary of State File Number**

## C0245804

**3. New Corporation Name**

Item 3a: Enter the number, letter, or other designation assigned to the provision in the Articles of Incorporation being amended (e.g., "1," "First," or "A"). See Instructions if the provision in the Articles of Incorporation being amended does not include a number, letter, or other designation. Any attachment is made part of this document.

Item 3b: Enter the new corporate name.

3a. Article ____1____ of the Articles of Incorporation is amended to read as shown in Item 3b below:

3b. The name of the corporation is Redwood Valley Community Guild

**4. Approval Statements**

4a. The Board of Directors has approved the amendment of the Articles of Incorporation.

4b. Member approval was (check one):

[✓] By the required vote of the members in accordance with California Corporations Code section 5812, 7812, or 12502.

[ ] Not required because the corporation has no members.

**5. Read, sign and date below** (See instructions for signature requirements. Note: Both lines must be signed.)

We declare under penalty of perjury under the laws of the State of California that the matters set forth herein are true and correct of our own knowledge and we are authorized by California law to sign.

| Date | Signature | |
|---|---|---|
| 9/11/17 | *Katrina Johnson* | KaTrina Johnson |
| | | Type or Print Name of President |
| 9/7/17 | *Sandy Turner* | Sandy Turner |
| | | Type or Print Name of Secretary |

AMDT-NP-NA (EST 09/2016)

2016 California Secretary of State
www.sos.ca.gov/business/be

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 28 of 68

17-653185

**FILED**
Secretary of State
State of California

**SEP 2 5 2017**

IMPORTANT — Read instructions **before completing** this form.

Filing Fee – $20.00;

Copy Fees – First page $1.00; each attachment page $0.50;
Certification Fee - $5.00 plus copy fees

**1. Corporation Name** (Enter the exact name of the corporation as it is recorded with the California Secretary of State)

Redwood Valley, Community Guild

NP

This Space For Office Use Only

7-Digit Secretary of State File Number

C0245804

**3. Business Addresses**

| a. Street Address of California Principal Office, if any - Do not enter a P.O. Box | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 8650 East Rd. | Redwood Valley | CA | 95470 |
| b. Mailing Address of Corporation, if different than item 3a | City (no abbreviations) | State | Zip Code |
| P.O. Box 465 | Redwood Valley | CA | 95470 |

**4. Officers** — The Corporation is required to enter the names and addresses of all three of the officers set forth below. An additional title for Chief Executive Officer or Chief Financial Officer may be added; however, the preprinted titles on this form must not be altered.

| a. Chief Executive Officer/ | First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|---|
| | Jeff | | Box | |
| Address | City (no abbreviations) | | State | Zip Code |
| 1791 Held Rd. | Redwood Valley | | CA | 95470 |
| b. Secretary | First Name | Middle Name | Last Name | Suffix |
| | Roxanne | | Boyle | |
| Address | City (no abbreviations) | | State | Zip Code |
| 8355 Cave Creek Rd. | Redwood Valley | | CA | 95470 |
| c. Chief Financial Officer/ | First Name | Middle Name | Last Name | Suffix |
| | Jane | K. | Kelley | |
| Address | City (no abbreviations) | | State | Zip Code |
| P.O. Box 335 | Ukiah | | CA | 95482 |

**5. Service of Process** (Must provide either Individual OR Corporation.)

INDIVIDUAL – Complete Items 5a and 5b only. Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is not a corporation) | Middle Name | Last Name | Suffix |
|---|---|---|---|
| Jeff | | Box | |
| b. Street Address (if agent is not a corporation) - Do not enter a P.O. Box | City (no abbreviations) | State | Zip Code |
| 1791 Held Rd. | Redwood Valley | CA | 95470 |

CORPORATION – Complete Item 5c only. Only include the name of the registered agent Corporation.

c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 5a or 5b

**6. Common Interest Developments**

○ Check here if the corporation is an association formed to manage a common interest development under the Davis-Sterling Common Interest Development Act (California Civil Code section 4000, et seq.) or under the Commercial and Industrial Common Interest Development Act (California Civil Code section 6500, et seq.). The corporation must file a Statement by Common Interest Development Association (Form SI-CID) as required by California Civil Code sections 5405(a) and 6760(a). See Instructions.

**7.** The Information contained herein, including in any attachments, is true and correct.

| 8-31-17 | JEFF BOX | PRES./MASTER | [signature] |
|---|---|---|---|
| Date | Type or Print Name of Person Completing the Form | Title | Signature |

2017 California Secretary of State
www.sos.ca.gov/business/be

SI-100 (REV 01/2017)

**Case No. 2:14-CV-00676-WBS-DB**
**PI's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 11, p. 29 of 68**

A0803477



## Secretary of State
## Certificate of Amendment of
## Articles of Incorporation
### *Name Change Only - Nonprofit*

AMDT-
NP-NA

**FILED**
Secretary of State
State of California

OCT 02 2017

IPC

This Space For Office Use Only

**IMPORTANT — Read Instructions before completing this form.**

**Filing Fee – $30.00**

Copy Fees – First Page $1.00 & .50 for each attachment page;
Certification Fee – $5.00

| 1. **Corporation Name** (Enter the exact name of the corporation as it is currently recorded with the California Secretary of State) | 2. **7-Digit Secretary of State File Number** |
|---|---|
| *REDWOOD VALLEY COMMUNITY GUILD* | C0245804 |

**3. New Corporation Name**

**Item 3a:** Enter the number, letter, or other designation assigned to the provision in the Articles of Incorporation being amended (e.g., "I," "First," or "A"). **See Instructions** if the provision in the Articles of Incorporation being amended does not include a number, letter, or other designation. Any attachment is made part of this document.

**Item 3b:** Enter the new corporate name.

3a. Article ___1___ of the Articles of Incorporation is amended to read as shown in Item 3b below:

3b. The name of the corporation is *REDWOOD VALLEY GRANGE #382*

**4. Approval Statements**

4a. The Board of Directors has approved the amendment of the Articles of Incorporation.

4b. Member approval was (**check one**):

[✓] By the required vote of the members in accordance with California Corporations Code section 5812, 7812, or 12502.

[ ] Not required because the corporation has no members.

**5. Read, sign and date below (See instructions for signature requirements. Note: Both lines must be signed.)**

We declare under penalty of perjury under the laws of the State of California that the matters set forth herein are true and correct of our own knowledge and we are authorized by California law to sign.

| 9-26-17 | *Jeff Box* | JEFF BOX |
|---|---|---|
| Date | Signature | Type or Print Name of President |

| 9-26-17 | *Roxanne C.H. Boyle* | Roxanne C.H. Boyle |
|---|---|---|
| Date | Signature | Type or Print Name of Secretary |

AMDT-NP-NA (EST 09/2016)

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 30 of 68

2016 California Secretary of State
www.sos.ca.gov/business/be

A0805894



**Secretary of State
Certificate of Amendment of
Articles of Incorporation**

*Name Change Only - Nonprofit*

AMDT-
NP-NA

**FILED**
Secretary of State
State of California

NOV. 2 1 2017

**IMPORTANT — Read instructions before completing this form.**

**Filing Fee – $30.00**

Copy Fees – First Page $1.00 & .50 for each attachment page;
Certification Fee – $5.00

This Space For Office Use Only

| 1. Corporation Name (Enter the exact name of the corporation as it is currently recorded with the California Secretary of State) | 2. 7-Digit Secretary of State File Number |
|---|---|
| Redwood Valley Grange #382 | C0245804 |

**3. New Corporation Name**

Item 3a: Enter the number, letter, or other designation assigned to the provision in the Articles of Incorporation being amended (e.g., "I," "First," or "A"). See Instructions if the provision in the Articles of Incorporation being amended does not include a number, letter, or other designation. Any attachment is made part of this document.

Item 3b: Enter the new corporate name.

3a. Article ___1___ of the Articles of Incorporation is amended to read as shown in Item 3b below:

3b. The name of the corporation is  Redwood Valley Community Guild

**4. Approval Statements**

4a. The Board of Directors has approved the amendment of the Articles of Incorporation.

4b. Member approval was (check one):

[✓] By the required vote of the members in accordance with California Corporations Code section 5812, 7812, or 12502.

[ ] Not required because the corporation has no members.

**5. Read, sign and date below (See instructions for signature requirements. Note: Both lines must be signed.)**

We declare under penalty of perjury under the laws of the State of California that the matters set forth herein are true and correct of our own knowledge and we are authorized by California law to sign.

| | | |
|---|---|---|
| 16 Nov 2017 | *signature* | Trina Johnson |
| Date | Signature | Type or Print Name of President |
| 11/17/17 | *signature* | Sandy Turner |
| Date | Signature | Type or Print Name of Secretary |

AMDT-NP-NA (EST 09/2016)

2016 California Secretary of State
www.sos.ca.gov/business/be

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 31 of 68

| | | |
|---|---|---|
| **Secretary of State**<br>**Statement of Information** | **SI-100** | |
| (California Nonprofit, Credit Union and<br>General Cooperative Corporations) | ⦶ | |

**17 - 669602**

**FILED**
**Secretary of State**
**State of California**

**DEC 20 2017**

**IMPORTANT** — Read instructions **before** completing this form.

**Filing Fee – $20.00;**

**Copy Fees** – First page $1.00; each attachment page $0.50;
Certification Fee - $5.00 plus copy fees

**1. Corporation Name** (Enter the exact name of the corporation as it is recorded with the California Secretary of State)

Redwood Valley Community Guild

*N F* This Space For Office Use Only

**2. 7-Digit Secretary of State File Number**

**0245804**

**3. Business Addresses**

| a. Street Address of California Principal Office, if any - Do not enter a P.O. Box | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 8650 East Road | Redwood Valley | CA | 95470 |
| b. Mailing Address of Corporation, if different than item 3a | City (no abbreviations) | State | Zip Code |
| PO Box 583 | Redwood Valley | CA | 95470 |

**4. Officers**   The Corporation is required to enter the names and addresses of all three of the officers set forth below. An additional title for Chief Executive Officer or Chief Financial Officer may be added; however, the preprinted titles on this form must not be altered.

| a. Chief Executive Officer/ | First Name | Middle Name | | Last Name | | | Suffix |
|---|---|---|---|---|---|---|---|
| Katrina | | | | Johnson | | | |
| Address | | | City (no abbreviations) | | State | Zip Code | |
| 10635 Sycamore Road | | | Middletown | | CA | 95461 | |
| b. Secretary | First Name | Middle Name | | Last Name | | | Suffix |
| Sandy | | | | Turner | | | |
| Address | | | City (no abbreviations) | | State | Zip Code | |
| 520 Laughlin Way | | | Redwood Valley | | CA | 95470 | |
| c. Chief Financial Officer/ | First Name | Middle Name | | Last Name | | | Suffix |
| Robin | Cole | | | Sunbeam | | | |
| Address | | | City (no abbreviations) | | State | Zip Code | |
| PO Box 1133 | | | Ukiah | | CA | 95482 | |

**5. Service of Process** (Must provide either Individual OR Corporation.)

  **INDIVIDUAL** – Complete Items 5a and 5b only. Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is not a corporation) | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|
| Robin | | Sunbeam | | |
| b. Street Address (if agent is not a corporation) - Do not enter a P.O. Box | City (no abbreviations) | | State | Zip Code |
| 124 Ford Street | Ukiah | | CA | 95482 |

  **CORPORATION** – Complete Item 5c only. Only include the name of the registered agent Corporation.

| c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 5a or 5b |
|---|
| |

**6. Common Interest Developments**

☐  Check here if the corporation is an association formed to manage a common interest development under the Davis-Sterling Common Interest Development Act (California Civil Code section 4000, et seq.) or under the Commercial and Industrial Common Interest Development Act (California Civil Code section 6500, et seq.). The corporation must file a Statement by Common Interest Development Association (Form SI-CID) as required by California Civil Code sections 5405(a) and 6760(a). See Instructions.

**7. The Information contained herein, including in any attachments, is true and correct.**

| 12/18/2017 | Robin Sunbeam | Treasurer | *[signature]* |
|---|---|---|---|
| Date | Type or Print Name of Person Completing the Form | Title | Signature |

**Case No. 2:14-CV-00676-WBS-DB**

SI-100 (REV 01/2017)  **Pl's Rule 60 Motion to Reopen for Fraud on the Court**
              **Exhibit 11, p. 32 of 68**

2017 California Secretary of State
www.sos.ca.gov/business/be



A0808111

**Secretary of State**
**Certificate of Amendment of**
**Articles of Incorporation**

*Name Change Only - Nonprofit*

**AMDT-NP-NA**

FILED
SECRETARY OF STATE
STATE OF CALIFORNIA

JAN 12 2018

*lpc*

This Space For Office Use Only

**IMPORTANT — Read Instructions before completing this form.**

**Filing Fee – $30.00**

Copy Fees – First Page $1.00 & .50 for each attachment page;
Certification Fee – $5.00

**1. Corporation Name** (Enter the exact name of the corporation as it is currently recorded with the California Secretary of State)

*Redwood Valley Community Guild*

**2. 7-Digit Secretary of State File Number**

*C0245804*

**3. New Corporation Name**

**Item 3a:** Enter the number, letter, or other designation assigned to the provision in the Articles of Incorporation being amended (e.g., "I," "First," or "A"). **See Instructions** if the provision in the Articles of Incorporation being amended does not include a number, letter, or other designation. Any attachment is made part of this document.

**Item 3b:** Enter the new corporate name.

3a. Article *1* of the Articles of Incorporation is amended to read as shown in Item 3b below:

3b. The name of the corporation is *Redwood Valley Grange #382*

**4. Approval Statements**

4a. The Board of Directors has approved the amendment of the Articles of Incorporation.

4b. Member approval was (**check one**):

[X] By the required vote of the members in accordance with California Corporations Code section 5812, 7812, or 12502.

[ ] Not required because the corporation has no members.

**5. Read, sign and date below (See instructions for signature requirements. Note: Both lines must be signed.)**

We declare under penalty of perjury under the laws of the State of California that the matters set forth herein are true and correct of our own knowledge and we are authorized by California law to sign.

*1-12-18*
Date

*Jeff Box*
Signature

*JEFF Box*
Type or Print Name of President

*1-12-18*
Date

*Roxanne CH Boyle*
Signature

*Roxanne CH Boyle*
Type or Print Name of Secretary

Case No. 2:14-CV-00676-WBS-DB
PJ's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 33 of 68

AMDT-NP-NA (EST 09/2016)

2016 California Secretary of State
www.sos.ca.gov/business/be

18-606232


**Secretary of State**
**Statement of Information 34**
(California Nonprofit, Credit Union and
General Cooperative Corporations)

**SI-100**

**FILED**
Secretary of State
State of California

**JAN 31 2018**

**IMPORTANT — Read instructions before completing this form.**

**Filing Fee – $20.00;**

**Copy Fees –** First page $1.00; each attachment page $0.50;
Certification Fee - $5.00 plus copy fees

**1. Corporation Name** (Enter the exact name of the corporation as it is recorded with the California Secretary of State)

REDWOOD VALLEY GRANGE #382

This Space For Office Use Only

**2. 7-Digit Secretary of State File Number**

C 0245809

**3. Business Addresses**

| a. Street Address of California Principal Office, if any - Do not enter a P.O. Box | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 8650 East Rd. | REDWOOD VALLEY | CA | 95470 |
| b. Mailing Address of Corporation, if different than Item 3a | City (no abbreviations) | State | Zip Code |
| P.O. Box 465 | REDWOOD VALLEY | CA | 95470 |

**4. Officers** The Corporation is required to enter the names and addresses of all three of the officers set forth below. An additional title for Chief Executive Officer or Chief Financial Officer may be added; however, the preprinted titles on this form must not be altered.

| a. Chief Executive Officer/ | First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|---|
| | JEFFREY | C | BOX | MR |
| Address | | City (no abbreviations) | State | Zip Code |
| 1791 Held Rd. | | REDWOOD VALLEY | CA. | 95470 |
| b. Secretary | First Name | Middle Name | Last Name | Suffix |
| | SARAH | | NIELSON | MRS |
| Address | | City (no abbreviations) | State | Zip Code |
| 705 N. STATE ST. | | Ukiah | CA | 95482 |
| c. Chief Financial Officer/ | First Name | Middle Name | Last Name | Suffix |
| | JANE | | KELLEY | MRS |
| Address | | City (no abbreviations) | State | Zip Code |
| P.O. Box 335 | | Ukiah | CA | 95482 |

**5. Service of Process** (Must provide either Individual OR Corporation.)

*INDIVIDUAL* – Complete Items 5a and 5b only. Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is not a corporation) | Middle Name | Last Name | Suffix |
|---|---|---|---|
| JEFFREY | C. | BOX | MR. |
| b. Street Address (if agent is not a corporation) - Do not enter a P.O. Box | City (no abbreviations) | State | Zip Code |
| 1791 HELD Rd. | REDWOOD VALLEY | CA | 95470 |

*CORPORATION* – Complete Item 5c only. Only include the name of the registered agent Corporation.

c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 5a or 5b

**6. Common Interest Developments**

☐ Check here if the corporation is an association formed to manage a common interest development under the Davis-Sterling Common Interest Development Act (California Civil Code section 4000, et seq.) or under the Commercial and Industrial Common Interest Development Act (California Civil Code section 6500, et seq.). The corporation must file a Statement by Common Interest Development Association (Form SI-CID) as required by California Civil Code sections 5405(a) and 6760(a). See Instructions.

**7. The Information contained herein, including in any attachments, is true and correct.**

| 1-31-18 | JEFFREY C. BOX | President | Jeffrey C. Box |
|---|---|---|---|
| Date | Type or Print Name of Person Completing the Form | Title | Signature |

SI-100 (REV 01/2017)

2017 California Secretary of State
www.sos.ca.gov/business/be

**Case No. 2:14-CV-00676-WBS-DB**
**PI's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 11, p. 34 of 68**

Declaration of Redwood Valley Grange

Exhibit 3

**Case No. 2:14-CV-00676-WBS-DB**
**PI's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 11, p. 35 of 68**

MARYBETH,

We are giving you these documents to inform you that we have issued you a demit removing you from membership in our Guild organization. Please find attached the demit and a letter from our attorney, Mark Ellis.

Our meeting tonight is for Guild members only.

We look forward to the time when we can all live and work together in harmony.

Redwood Valley Community Guild Executive Committee →TRINA, HAL, BILL

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 36 of 68



California **GUILD**

3830 U Street
Sacramento, Ca 95817
(916) 454-5805
*fax* (916) 739-8189
info@CaGuild.org

## DEMIT FORM

THIS DEMIT IS VALID FOR THREE (3) MONTHS FROM DATE OF ISSUE.

**DATE OF ISSUE:**  _11 , 17 , 2016_

This Demit certifies that the following member/s are hereby demitted out of the

_Redwood Valley Community_ **Guild**, Township _Redwood Valley_

and are members-at-large, eligible for membership in any other **Guild** that accepts them.

**MEMBER/S:**

| Name | Phone | Date First Joined |
|------|-------|-------------------|
| _Marybeth Kelly_ | _(707)485-7306_ | _ , , 2015_ |
| | | _ , ,_ |
| | | _ , ,_ |
| | | _ , ,_ |
| | | _ , ,_ |

This Demit has been authorized by the Executive Committee of this **Guild.**

**Signed and Issued:**

_____  _11 , 17 , 2016_
**President**

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 37 of 68

Declaration of Redwood Valley Grange

Exhibit 4

**Case No. 2:14-CV-00676-WBS-DB**
**PI's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 11, p. 38 of 68**

# ELLIS LAW GROUP LLP

740 University Avenue, Suite 100, Sacramento, California  95825
Phone:  916-283-8820    Fax:  916-283-8821    Web:  www.ellislawgrp.com
e-mail:  mellis@ellislawgrp.com

November 17, 2016

*Re:*   *Redwood Valley Community Guild Election*

To Whom It May Concern:

My law firm, Ellis Law Group, LLP, represents the Redwood Valley Community Guild.  It has come to my attention that certain individuals aligned with Mr. Komski's California State Grange have made known their intentions to interrupt a meeting of the Redwood Valley Community Guild by attempting to vote in its election tonight.

It is my understanding these individuals have met separately and elected officers in a competing Grange affiliated organization.  They thus have no right to interfere with a separate, competing Guild's affairs.

Any attempt to interfere with the election of officers of the existing Redwood Valley Grange #382, dba Redwood Valley Community Guild, a legal California corporation, is obviously disruptive and will be construed as a hostile and possibly a criminal attempt to commandeer my clients' property and interfere with their rights.

The El Dorado County District Attorney's Office has an ongoing criminal investigation arising from Grange interference with the Marshall Guild.

Any such improper action here will be dealt with immediately.

If you have further need to communicate with my clients about this issue, do so only through my office.

Very truly yours,

Mark E. Ellis

MEE/rac

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 39 of 68

Declaration of Redwood Valley Grange

Exhibit 5

**Case No. 2:14-CV-00676-WBS-DB**
**PI's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 11, p. 40 of 68**



# Transaction History Report

**Property Address:**
8650 EAST RD REDWOOD VALLEY CA 95470-9555

**Parcel # (APN):**
163-070-04-00

---

History Record # 1

Sale/Transfer:

| | | | |
|---|---|---|---|
| Recording Date: | 12/12/2016 | Sale Date: | 12/12/2016 |
| Document Number: | 2016.16725 | Sale Price: | |
| Document Type: | DEED TRANSFER | Sale Type: | UNKNOWN |
| Title Company: | | | |
| Buyer: | REDWOOD VALLEY COMMUNITY GUILD | | |
| Seller: | REDWOOD VALLEY GARAGE NO 382 | | |

---

**Case No. 2:14-CV-00676-WBS-DB**
**Pl's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 11, p. 41 of 68**

2016-16725
Recorded at the request of:
HAROLD VOEGE
12/12/2016 09:49 AM
Fee: $25.00  Pgs: 1 of 5

OFFICIAL RECORDS
Susan M. Ranochak - Clerk-Recorder
Mendocino County, CA



**RECORDING REQUESTED BY**

Harold Voege, President Redwood Valley
Community Guild
**AND WHEN RECORDED MAIL DOCUMENT TO:**

Redwood Valley Community Guild
P.O. Box 583
Redwood Valley, CA 95470

Space Above This Line for Recorder's Use Only

A.P.N.: 163-070-0400

# GRANT DEED

The Undersigned Grantor(s) Declare(s): DOCUMENTARY TRANSFER TAX $; CITY TRANSFER TAX $;  0
SURVEY MONUMENT FEE $

[          ]  computed on the consideration or full value of property conveyed, OR

[          ]  computed on the consideration or full value less value of liens and/or encumbrances remaining at time of sale,

[          ]  unincorporated area; [ ] City of _____ , and

[ R&T 11925]     Exempt from transfer tax; Reason:

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

Redwood Valley Grange No. 382

hereby GRANT(s) to  **Redwood Valley Community Guild**



the following described property in the unincorporated area of the County of **Mendocino**, State of **California**:

## See Parcels "A" and "B" attached

Mail Tax Statements To:  **SAME AS ABOVE**

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 42 of 68

Grant Deed - continued

A.P.N.: 163-070-0400

Dated: 12 / 12 / 2016

*Harold Voege*

HAROLD VOEGE

**Case No. 2:14-CV-00676-WBS-DB**
**PI's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 11, p. 43 of 68**

Grant Deed - continued

A notary public or other officer completing this certificate
verifies only the identity of the individual who signed the
document to which this certificate is attached, and not the
truthfulness, accuracy, or validity of that document.

STATE OF California )SS

COUNTY OF Mendocino )

On December 12, 2016 before me, LeeAnn Dickson , Notary Public, personally appeared
Harold Page ✳ ✳
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the
instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Lee Ann Dickson_

This area for official notarial seal.

LEE ANN DICKSON
Commission # 1998820
Notary Public - California
Mendocino County
My Comm. Expires Dec 19, 2016

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 44 of 68

**Parcel A**

Commencing at the Southeast corner of land of J. M. Woolley adjacent to the County Road and run thence westerly along the north line of the land of California Northwestern Pacific Railroad company 150 feet; thence Northerly at right angles with the last described line 100 feet: thence Easterly to a point on the east line of the land of said J. M. Woolley and on the West line of the County Road 100 feet northerly from the point of beginning; thence Southerly along the west side of the County Road to the point of beginning, being a portion of Lot 128 of Healey's Survey and Map of Yokayo Rancho.

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 45 of 68

## Parcel B

Beginning at the Southwest corner of the parcel of land conveyed to Redwood Valley Grange No. 382 by deed recorded August 16, 1921 in book 165 of Deeds at page 244, Mendocino County Records; thence Westerly on a continuation of the South line of said Grange parcel of land a distance of 10 feet; thence Northerly parallel with the West line of said Grange parcel of land 142 feet; thence Easterly parallel with the North line of said Grange parcel of land 160 feet; thence Southerly 42 feet to the Northeast corner of said Grange parcel of land; thence along the exterior boundary of said Grange parcel of land westerly 150 feet; thence Southerly 100 feet to the point of beginning.

Excepting therefrom all that portion described in the deed to the County of Mendocino recorded April 19, 1961 in Book 566 of Official Records at page 340, Mendocino County Records.

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 46 of 68

Declaration of Redwood Valley Grange

Exhibit 6

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 47 of 68

Submitted 5/22/17 CERTIFIED MAIL

Rec'd at County per receipt USPS tracking # 9590940228907069
541038
Art.# 7017.0660.0000.6139.4358

# Redwood Valley Grange # 382
## P.O. Box 465, Redwood Valley, CA 95470
### 707.485.8448

Mendocino County Recorder
501 Low Gap Road    Rm 1020
Ukiah, CA 95482

May 20, 2017

*Per Sue R. - Co Recorder*
*"never rec'd letter"*
*so I gave her a copy.*

To Whom It May Concern:

This is to inform you that Redwood Valley Grange # 382 continues to operate and to conduct business as "the Redwood Valley Grange." Another group, the Redwood Valley Community Guild, claims to be operating and conducting business in our stead. Please be advised that the business of the **Redwood Valley Grange** is now using the **P.O. Box 465, Redwood Valley, CA 95470** and the phone number **(707) 485-8448** and that we will honor all obligations committed to by our officers. Feel free to contact any of them using the information below.

In addition, **we take exception to the alleged name change on the title** of our land and hall. Our hall has been a Grange Hall since 1921, on land sold for this specific purpose, and continues to operate as such. We respectfully request that the title continue to reflect **the rightful owners** of the property at 8650 East Road in Redwood Valley and the Grange Hall, **Redwood Valley Grange # 382**.

Included you will find two photo copies of documents which attest to these claims. One from our Master (President) and another from the Master of the California State Grange.

Below you will find the names and offices of our office holders. Thank you for your time and consideration of these matters.

Sincerely,

Jeff Box
Master (President)
(707) 391-7474

Clint Kelley
Overseer (Vice President)
(707) 272-0099

Roxanne Boyle
Secretary
(707) 485-0504

Jane Kelley
Treasurer
(707) 272-8099

Executive committee

Marybeth Kelly
Rental Manager
(707) 234-9668

Jini Reynolds
(707) 485-0823
(707) 972-1414

Sarah Nielson
(916) 206-7464

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 48 of 68

Declaration of Redwood Valley Grange

Exhibit 7

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 49 of 68

# Redwood Valley Grange # 382
## P.O. Box 465, Redwood Valley, CA 95470
## 707.485.8448

Mendocino County Board of Supervisors        August 14, 2017
c/o Mrs. Carre Brown, Supervisor District 2
501 Low Gap Road, Rm. 1010
Ukiah, CA 95482

Esteemed Mendocino County Supervisors,

     This is to inform you, and be recorded, that Redwood Valley Grange # 382 continues to operate and conduct business as "the Redwood Valley Grange." Another group, the Redwood Valley Community Guild, claims to be operating and conducting business in our stead. Please be advised that the business of the **Redwood Valley Grange # 382** is now using the **P.O. Box 465, Redwood Valley, CA 95470** and the phone number **(707) 485-8448** and that we will honor all obligations committed to by our officers. Feel free to contact any of them using the information below.

     **Be it known that we take exception to the name change on the title of our land and hall**. Our hall has been a Grange Hall since 1921, on land sold for this specific purpose, and continues to operate as such. **The Redwood Valley Community Guild's statement (on the part of Mr. Harold Voege) that we (the Grange) granted title of the hall to the Redwood Valley Community Guild is a false statement.** How has this been allowed to happen without proof? The president and secretary of the California State Grange can confirm for you that **Mr. Voege has never been a member of our Grange nor the California State Grange. We respectfully request that the title be returned to reflect the rightful owners** of the property at 8650 East Road in Redwood Valley and the Grange Hall, **Redwood Valley Grange # 382**.

     Included you will find photocopies of documents which attest to these claims. One from our Master (President) and another from the Master (President) of the California State Grange.

     Below you will find the names and offices of our office holders. All of them attest to the facts related above. Thank you for your time and consideration of these matters.

Sincerely,


Jeff Box                          Clint Kelley
Master (President)           Overseer (Vice-president)
Member # 202318             Member # 202326
(707) 391-7474               (707) 272-0099

**Case No. 2:14-CV-00676-WBS-DB**
**Pl's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 11, p. 50 of 68**

Executive Committee

Roxanne Boyle
Secretary
Member # 202320
(707) 485-0504

Marybeth Kelly
Rental Manager
Member # 202321
(707) 234-9668

Jane Kelley
Treasurer
Member # 202322
(707) 272-8099

Virginia Reynolds
Member # 202329
(707) 485-0823
(707) 972-1414

Lynne McGuire
Member # 202330
(707) 621-2733

cc: Mr. Tom Allman, Sheriff
      951 Low Gap Rd.
      Ukiah, CA 95482

cc: Ms. Susan Ranochak, Recorder
      501 Low Gap Road, Rm. 1010
      Ukiah, CA 95482

**Case No. 2:14-CV-00676-WBS-DB**
**PI's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 11, p. 51 of 68**

Declaration of Redwood Valley Grange

Exhibit 8

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 52 of 68

# Redwood Valley Grange # 382

## P.O. Box 465, Redwood Valley, CA 95482
## 707.485.8448

Supervisor Carre Brown                                      August 15, 2017
501 Low Gap Rd., Rm 1010
Ukiah, CA 95482

Dear Mrs. Brown,

     The purpose of this letter is to inform you that we believe a crime has been committed against Redwood Valley Grange # 382. We are in the process of consulting an attorney to seek remedy for this.

     The problem is that another group calling itself The Redwood Valley Community Guild is acting in our stead. Mr. Harold (Hal) Voege, as president of the Guild and claiming to be president of the Grange, which he is not and was not, has recorded a quit claim deed claiming that we have surrendered title of our property and hall to the Redwood Valley Community Guild. This is not the case. The enclosed documents are intended to form a record of our allegations and give you a "heads up".

     Thank you for all you do and your time to consider this matter.

Sincerely,

_____

Clint Kelley
Overseer (Vice-president)
(707) 272-0099

Cc: Sheriff Tom Allman
951 Low Gap Rd.
Ukiah, CA 95482

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 53 of 68

Declaration of Redwood Valley Grange

Exhibit 9

**Case No. 2:14-CV-00676-WBS-DB**
**PI's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 11, p. 54 of 68**

# Grange Wars

**by Dawn Hodson**, March 22, 2017

*A READER WRITES: There is an unfortunate civil war going on in Redwood Valley between long time residents. One would think that anti-GMO, pro-organic farming advocates would all be on the same page, but in RV, they are divided and in conflict. The issue is the old Grange Hall.  Once the National Grange, now promoting industrial and GMO agriculture as necessary to feed the world, revoked the California State Grange charter in 2013, that left the status of all the 182 Granges in California in question. The National Grange set up a new, California State Grange, which sued the revoked Grange for the trademark name and won. That left the 182 CA Granges to decide if they would go with the newly formed California State Grange, or the newly renamed California Guild.  The organic farmers of Redwood Valley are now in a war over this issue. The majority faction followed the votes of the membership and took actions accordingly, always offering means for compromise and community cooperation to the disaffected minority. The minority faction disagreed and recently locked the majority out of the Hall. The majority faction is paying all the bills, and the minority faction is keeping all the rental revenues. The battle may have to be settled in court.  I think this is an issue worth investigating. I was hoping that an independent investigative reporter could look more deeply into this issue and report on the tragic story of a functional community that broke.*

*DAWN HODSON, of the Georgetown Gazette, has written the following excellent account of what has happened with the Grange, with Part Two coming right up...*

* * *

It's hard to imagine The National Grange, this country's oldest agricultural organization and one devoted to both community betterment and the protection of agriculture, to be at the center of so much litigation.

But there it is.

Officially referred to as the National Grange of the Order of Patrons of Husbandry, the organization was founded after the Civil War in 1867. Operating in 37 states, this year it celebrates its 150th birthday. Effective at lobbying for both agricultural and political issues, it successfully lobbied to establish the Cooperative Extension Service, Rural Free Delivery and the Farm Credit System, among other programs.

So what happened to make it the epicenter of so much ill feeling?

Multiple issues seem to figure into the turmoil: conflicting personalities, politics and a divergence in philosophy between some of the local chapters and the state and national organization over agricultural policy.

California, in particular, became an irritant of the the National Grange after Bob McFarland was elected Master of the State Grange in 2009 and again in 2011. Master is the same as being president.

McFarland, hoping to revitalize the State Grange, added new members and local granges and supported resolutions in favor of organic farming and against genetically modified

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 55 of 68

But in 2011, the relationship between McFarland and the head of the National Grange, Ed Lutrell, soured. Lutrell claimed that McFarland had not followed certain procedures. He at first suspended McFarland and later sent him a prewritten letter of resignation which McFarland refused to sign. That then set in motion a split in the state organization and subsequent lawsuits.

With the battle lines now drawn, in 2013 Lutrell revoked California's 145 year old charter.

Following that, 95 percent of members in most of the state's 206 granges reelected McFarland to a third term and decided to continue functioning as a State Grange separate from the National.

At that point, Lutrell demanded the granges turn over all their buildings, land and bank accounts to the National Grange and stop operating as separate organizations using the name grange. The National Organization also reconstituted the California State Grange with a new Master, Ed Komski.

McFarland and many of the former granges then formed a separate organization called the California Guild after they lost a trademark lawsuit over who has the right to use the name grange. Those groups now call themselves guilds although that judgment is being appealed.

With local granges forced to choose between the State Grange and the State Guild, the State Guild now claims 125 chapters while the State Grange claims all the former granges in California, even those who chose to go with the guild, because of a separate lawsuit that was decided in the State Grange's favor. According to a Sacramento Superior Court decision in 2015, all the property of the granges belongs to the State Grange. That judgment is also being appealed.

Meanwhile other lawsuits have been filed and according to one grange member, there are at least seven or eight of them now.

**The renegades of El Dorado County**

Particularly rich in granges, El Dorado County has six including the first one founded in the state: Pilot Hill which is in Cool. Others include the Gold Trail Grange in Coloma, the Hangtown Grange in Placerville, the Marshall Grange in Garden Valley, the Pleasant Valley Grange in Diamond Springs and the Three Forks Grange in Somerset.

Three of them have since left the State Grange including Marshall, Pleasant Valley and Pilot Hill which now calls itself the Cool Community Association.

Mary Jane Battaglia, who with her daughter Bonnie and husband belong to the Pleasant Valley Grange – now Guild, have their own take on what set these events in play.

"Prior to Bob getting into office, the National Grange controlled who became the state master," said Mary Jane. "There was this one lady who thought it was her time to be master and fully expected to become master and was backed by national. But Bob got elected and that did it. She then went to national and asked for help … The gist of it is insurrection in the ranks. It all started with that one person mad because she didn't get to be the master and McFarland was. McFarland didn't back down which also added fuel to the fire."

Wally DuBois, a leader of the Cool Community Center, had a slightly different take on why it all happened. He said in a prior election, the man who ran against McFarland is the son of the

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 56 of 68

woman who is now the head of the National Grange and that
accounts for the sour grapes.

Apparently the leaders at the National Grange found themselves
increasingly put out by what was happening in California and
their inability to control it.

A separate issue was that many of the members of the California
granges were in favor of organic farming and opposed the planting
of genetically modified organisms (GMOs).

When the National Grange supported the Supreme Court's
decision in 2014 and sided with Monsanto after the company sued
an Indiana soybean farmer for violating one of their patents, some
members saw it as a threat to their own views on agriculture.

"Bob started the movement to label GMOs and to legalize hemp
for rope," said DuBois. "National doesn't like that. They are tied
into Monsanto and big agriculture. They just wanted an excuse to
get rid of McFarland."

**Land Grab?**

With two different organizations vying for control in California,
the dispute now comes down to who gets the assets of the granges.
The state and national organizations say they all belong to them.
The members of the breakaway guilds say no, it's theirs.

"There is no legal standing for the State Grange to take the land
and buildings of granges," said DuBois. "National never drove a
nail, painted a board, paid a tax or cleaned a toilet. Originally, the
granges were meeting places for farmers, warehouses so they
could leverage their buying power of things like fencing and seeds.
A lot of these places were built in rural areas where there was
nothing. Then cities built up to them and their value went up.

"So when the big war started in 2010, 2011, they expected
California to roll over. They did the same thing in Wyoming. They
jerked the money and there are no halls in Wyoming any longer.
We calculate that up to 2014 they spent $3.5 million on lawsuits
trying to get Bob and get the California granges. Komski and
another guy were talking about a supergrange. Take all the weak
halls, sell them off and put the money into a supergrange," he
continued. "A witness said the concept was that Komski wanted to
cloud the title to all the halls so they could have more control.
Komski has always said we own your halls and your property and
Bob has always said no, they belong to the community. These
lawsuits are designed to suck the funds out of the original state
grange. They are corporate tactics Monsanto would use. They hire
a lawyer who specializes in going out and crushing small
companies. Basically they are saying we don't own these granges,
give them to us.

"The grange laws did not state who individual grange property
belonged to until the National Grange in 2012-13 changed it. It
was unstated who it belonged to. The only thing the national
bylaws stated was if a state fell below six halls, that state may have
its charter revoked. Before 2012, upon revocation or if a hall
dissolves, those assets would go to national to be put back into the
hall and opened up under new management. All the granges have
to do their own fund-raising to buy property and build the halls
and keep it open. We're all volunteers but we all have one
agreement, and that is it should stay with the community. Up
until recently the national and state agreed with that idea and
tried to put in backstops against anyone selling the property. But
in the 80's there was a national shift from the members being our
assets to the halls being our assets. Komski and the new national
leader Betsy Huber, use threats and intimidation. Huber could
have ended this a year ago but said you have to rejoin Komski
under his rules and be a grange and that's your only option."

**Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 57 of 68**

Declaration of Redwood Valley Grange

Exhibit 10

**Case No. 2:14-CV-00676-WBS-DB**
**PI's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 11, p. 58 of 68**

# ANDERSON VALLEY ADVERTISER

*Fanning the Flames of Discontent*     *¡Hasta la Victoria Siempre!*

**HOME   ESSAYS   MENDOCINO COUNTY   FEATURES   ANDERSON VALLEY   WRITERS**

ABOUT   CONTACT   SUBSCRIBE   ADVERTISE   BOOKSTORE   SPECIAL SERIES

## Letters (April 26, 2017)

**by AVA News Service**, April 26, 2017

- No Round-Up At Frey Vineyards
- To The Editor Of The Ukiah Daily Journal
- Newly Discovered Amazon Reef In Danger
- No Segways For Fort Bragg
- Box Changes The Locks
- Here They Come
- Ode To Spring
- Of Course
- Mvp
- Clean Power



**NO ROUND-UP AT FREY VINEYARDS**

Dear Editor,

The Mendo Glyphosate round up article published in your April 12, 2017, edition was poorly researched when it identified Frey Vineyards' Chardonnay as not being organic. Frey Vineyards has never produced a non-organic wine. We only purchase grapes from USDA organic growers who are certified under the National Organic Program. Frey Vineyards also grows our own grapes in organic vineyards that have been certified organic since 1980. We are very much opposed to any use of herbicides including Glyphosate, the active ingredient in Monsanto's Roundup weed killer.

Mr. Beckstoffer, referenced in your article, is a grower in Northern California who used to farm both conventional and organic grapes. Frey Vineyards purchased only certified organic grapes from Mr. Beckstoffer's vineyards at 550 Redemeyer Road in Ukiah from 2000 to 2007, and then again in 2010 and 2011. Mr. Beckstoffer withdrew his vineyards from California Certified Organic Farmers (CCOF) certification in 2013. We would be happy to buy grapes from him in the future if he decides to farm organically.

The USDA National Organic Program has strict standards that outlaw the use of synthetic herbicides. Every certified vineyard and farm needs to pass a rigorous annual inspection that includes a field visit as well as an audit of all materials applied to the farm. There is a required three-year conversion period for a farm to achieve organic status after a non-allowable substance is used.

Frey Vineyards appreciates all organic farms that are operated under the USDA National Organic Program. Frey Vineyards was a major contributor to Mendocino County's Measure V which grew out of concern over the use of

THE ONLY BUSINESS POWERED BY SOLAR & WIND IN MENDOCINO COUNTY SINCE 1978

**ADVANCE: Solar, Hydro, Wind POWER, Inc.**

PO Box 23 6331 N. State St. Calpella, CA 95418
707-485-0588 / 485-0738
Fax: 485-0831
advance@advancepower.net
www.advancepower.net

*We make power from the sun, wind and water*



NORTH COUNTRY REAL ESTATE
707-895-3762
www.mendocountry.com

**RECENT COMMENTS**

- Harvey Reading on Mendocino County Today: Thursday, Jan. 25, 2018
- Jim Updegraff on Mendocino County Today: Thursday, Jan. 25, 2018
- Jim Updegraff on Mendocino County Today: Thursday, Jan. 25, 2018
- Jim Updegraff on Mendocino County Today: Thursday, Jan. 25, 2018
- Jim Updegraff on Mendocino County Today: Thursday, Jan. 25, 2018
- Jim Updegraff on Mendocino County Today: Thursday, Jan. 25, 2018
- Lee on Save Class K

**RECENT POSTS**

- Mendocino County Today: Thursday, Jan. 25, 2018
- Letters (Jan. 24, 2018)

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 59 of 68

In peace and love,

Jim Updegraff

Sacramento



## NO SEGWAYS FOR FORT BRAGG

Hi,

We are surprised the City Council would seriously consider changing existing laws to allow Segways in city parks. It certainly seems like favoritism. Parks are supposed to provide a bit of peacefulness. Segways are a distraction at best, and judging from all the info available online, are so hazardous they have been banned in many cities, all over the world. Bainbridge park is too small for these tours, and Otis Johnson park has a very steep and winding trail. People go there to be immersed in nature, not buzzed by segways.

We have had guests at our home from all over the country, and none of them wanted to ride around on a segway, or be bothered by segway riders in parks or on the Coastal Trail. Judging from comments on local facebook pages, the majority of residents do not want these in town. Since motorized bikes and scooters, even regular bikes, are banned in City parks, Segways must also be banned.

Please vote NO to segways in City parks, including Rose Memorial Cemetery.

Alice & Douglas Chouteau

Fort Bragg



## BOX CHANGES THE LOCKS

Editor,

Redwood Valley Grange commits fraud to gain control.

After months of offers by the Guild of compromise, Jeff Box had all the locks changed and set up a security system in March 2017 in order to lock out the Guild members and force the legal owners to cede the property title to the Grange.

Jeff Box, the Master of the Redwood Valley Grange fraudulently changed the corporate ID of the Redwood Valley Community Guild, the current owners of the Hall at 8650 East Road. He filed in Sacramento that he is the Master of the Redwood Valley Community Guild even though he is not even a member.

The RV Grange is telling the community that they are paying all the utility bills, yet, so far, all utility companies serving the building at 8650 East Road state that all bills are being paid by the Redwood Valley Community Guild. The Grangers are using lies to persuade the community that they are in the right for what they have done.

It is only through fraud that the Grange can succeed in destroying the movement toward the Guild.

Robin Sunbeam

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 60 of 68

Treasurer of the Redwood Valley Community Guild

Redwood Valley



### HERE THEY COME

Editor,

This god damn Jerry Brown, this rotten, liberal, anti-American SOB, is now trying to make all of California a sanctuary state. He would allow criminals of all kinds — rapists, child molesters, child rapists, murderers, dope dealers, anything you want — you can come to California and they can't touch you. What the hell are the California people doing about this? Nothing? Our tax money is being used to perform this rotten deed. I don't know. He has to be removed from office. I hope Trump does it with the military or maybe more that people will rise up. He is a nasty man. He is subjecting the American people and the people of California who are law-abiding to all this trash coming into this state. They will. The people of California will be sorry they let him do this. Believe me.

And regarding that incident in Fresno a few of days ago where that rotten son of a bitch killed three people, actually four. He will probably be turned loose. That rotten, liberal, anti-American son of a bitch, Jerry Brown will let him go. This is a sanctuary state. It's just a matter of time when it happens in Boonville or Cloverdale or Ukiah or Fort Bragg — it's coming this way. So people better watch out for Jerry Brown.

Thank you and God bless Donald Trump.

Jerry Philbrick

Comptche



### ODE TO SPRING

O
Spring
Thy tender leaves
Return yet again
While
Your beastly
And
Depraved tendrils
Creep toward
Our fountain
Of
Sentimental fantasy

Barbara Dziekan

Santa Rosa



**OF COURSE**

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 61 of 68

Declaration of Redwood Valley Grange

Exhibit 11

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 62 of 68

POSTED: 06/04/17, 3:00 AM PDT |         0 COMMENTS

### Guild vs Grange

To the Editor:

The Grange movement began at the grass roots level 150 years ago with a goal of defending the small farmer against giant corporations, which were charging exorbitant rates to ship products to market, and foreclosing on those that couldn't pay. The Grange has historically been for the small farmer.

Today's Grange has been upturned by BigAg to now defend industrial farming, and also states on their website that GMO agriculture is "necessary to feed the world." The policies of today's Grange have been corrupted and no longer represent small farmers. As such, over a century of decline, the Grange movement had all but died out.

Then, about a decade ago, some Grangers attempted to change things from within. Bob McFarland, assisted by many local Mendocino County Grange members, began a renaissance, which revived and invigorated Granges all over California. Local organic farmers joined Granges and started restoring the old dilapidated Grange buildings. The result was the National Grange suspended the charter of the California State Grange on a technicality and set up a new CA State Grange more amenable to GMO and industrial agriculture. The National Grange prevailed in a 2016 trademark lawsuit, and the historic CA State Grange was obligated to change its name to the CA Guild.

Accordingly, the 200+ Granges in California were obliged to choose whether to align with the newly formed State Grange, or remain affiliated with the fraternal organization now called the California Guild. Any chapter that voted to remain with the Guild was invaded by a minority of members backed by the new State Grange. Feeling the name Grange was too venerated to give up, the minority illegally, and without notice, locked their fellow community members out of their Halls in a hostile takeover. Thus, our communities of organic farmers became divided contending with each other rather than providing benefits for the whole community.

The newly formed CA State Grange is led by a charming but aggressive leader named Ed Komski. Mr. Komski has trolls combing the Internet for every mention of the Grange/Guild conflict and aggressively attacks Guild proponents until it is erased. He also illegally acquired Guild email lists and sent hostile, threatening letters to all Guild members tantamount to elder abuse, personal threats, frozen bank accounts, illegally confiscated phones and mail boxes, and fraudulently altered corporate tax filings, generating fear and mistrust. It is through unethical charismatic leaders like Mr. Komski that lies and criminal actions are generated and perpetuated.



This demonstrates the insidious creep of Monsanto's invasion into the back door of the first county in the Western Hemisphere to ban GMO agriculture back in 2004. Monsanto's quiet back door invasion in the name of the venerated Grange is charming organic farmers into supporting with their paid dues what is contrary to their own best interests. Most heartbreaking of all, the Grange/Guild conflict is instigating our community members into a civil war.

The Guild would like to cooperate and allow folks to choose whether they prefer the Grange or the Guild, but the State Grange wants to win at any cost and



## MOST POPULAR

DAY   WEEK   **NEWS**   SPORTS   BIZ   A&E   EMAIL   LIFE

San Jose man found guilty of attempted murder of CHP officer in Willits

Ukiah fire chief on administrative leave

Ukiah man pulled from burning vehicle after pursuit

Former Mendocino College student heading to medical school

Ukiah home burns in Friday night fire

City Council to appoint new City Manager

Inland Mendocino County joins Women's March

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 63 of 68

destroy the competition.

Although the legal titles of most of the Grange hall chapters are owned by local corporations, often dating back to the 1930's, some say there is no choice since the new CA State Grange bylaws state that local chapters only steward the halls for the sake of the parent organization in the fraternal order. Yet, the battle in court between whether fraternal law prevails over corporate law still hasn't been concluded.

Documented history shows how the State Grange has closed and sold one failing Grange Hall after another. The Ukiah Grange was sold, and the funds were transferred to the Redwood Valley Grange, which could have used them to repair the roof. Only, Ed Komski used $100,000 of Redwood Valley's funds in 2007 for the Wysteria remodel, the Grange headquarters in Sacramento. In 2016, Komski had the courts freeze the rest of the assets from the sale of the Ukiah Grange so that Redwood Valley no longer has access to get the roof repaired. Some believe the only way to get access to those funds for a roof or a commercial kitchen is to align with the pro-GMO Grange.

Some say it is a futile fight; they say the CA Guild can't win in court. Certainly, fighting for the right of self-determination against an organization backed by the deep pockets of Monsanto is clearly David vs. Goliath.

Some blame the Guild for besmirching the good reputation of the Grange, but the Grange ruined its own reputation by subverting a small farmer's association into a tool of BigAgra. The National Grange condemned itself by testifying in court in favor of Monsanto.

Mendocino County organic farmers agree that healthy soil, small farms, local distribution, farm schools, changing government policies to subsidize small organic farmers instead of BigAg will sequester carbon dioxide, provide local jobs, and save all life on Earth. We all want the same thing! Only, some of our sisters and brothers feel they have to change the Grange from within. Bob McFarland tried that and look what happened to him! Bob McFarland is leading a farmer revolution by returning the Grange to its original small farmer roots, promoting organic farming, but currently under the name of the CA Guild. The CA Guild was incorporated in 1946. The CA State Grange was incorporated in 2014. Which fraternal order do you think better represents the small organic farmers of Mendocino County?

— *Robin Sunbeam, Ukiah*

**SUBSCRIBE TO HOME DELIVERY AND SAVE!**

Home â†'
Opinion â†'
Columns

# Guild vs Grange

## FROM AROUND THE WEB
selected for you by a sponsor



Lawrenceville, Georgia: This Brilliant, Young Company Is Disrupting a $200 Billion…
*EverQuote*



Avoid Cleaning Gutters For Life! See How This Revolutionary Product…
*LeafFilter*



Lawrenceville: Everything You Need to Know About Bladder Control
*Yahoo! Search*



What it was like to cover the Rancho Tehama shooting

MORE VIDEOS:



Full Spectrum Ukiah
(707) 462-1600
Look for featured properties in this week's Lake County Record-Bee ad on Saturday, or to reach the realtor's website
CLICK HERE

1 Worst Carb After Age 50

Here is 1 carb you must avoid if you struggle with weight gain.

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 64 of 68

Declaration of Redwood Valley Grange

Exhibit 12

Case No. 2:14-CV-00676-WBS-DB
PI's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 65 of 68



RVCG
__635 SYCAMORE
__CH LOMOND CA 95461

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**





U.S. POSTAGE
PAID
MIDDLETOWN, CA
95461
FEB 26, 18
AMOUNT
**$6.20**
R2305K132439-06

1000    95470

Barn Swal___

7016 2710 0000 8012 3181

REDWOOD VALLEY GRANGE
P.O. BOX 465
REDWOOD VALLEY, CA
                        95470

95470-046565

---

Date: February 26, 2018

To:    Redwood Valley Grange
       P.O. Box 465
       Redwood Valley, CA.  95470

Billing Statement

Billing Period: 1 March 2017 - 28 February 2018 (12 months)

Monthly rent (including utilities) $2000 x 12 =                $24,000

This amount is past due, and payable immediately

Thank you for your prompt attention to this matter.

Sincerely,

Katrina R. Johnson, President
Redwood Valley Community Guild

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 14, p. 00168

Declaration of Redwood Valley Grange

Exhibit 13

**Case No. 2:14-CV-00676-WBS-DB**
**PI's Rule 60 Motion to Reopen for Fraud on the Court**
**Exhibit 11, p. 67 of 68**



February 26, 2018

Redwood Valley Grange
P.O. Box 465
Redwood Valley, CA. 95470

To the Members of the Redwood Valley Grange,

Thank you for you offer. However, we have decided to decline your offer and provide you with a counter proposal.

Enclosed is a bill for the past year for your use of our hall. This should be remedied within ten (10) days of the receipt of this letter.

We feel we are able to offer you an agreement to continue your use of our hall for the amount of one thousand dollars ($1,000.00) per month plus utilities, etc. You will have your regular meeting night, and the first and third weekends available to you. All rental agreements will be handled through the Redwood Valley Community Guild. You will immediately turn over all sets of keys, and all monies collected for rentals.

Thank you for your prompt attention to this matter.

Sincerely,

Katrina R. Johnson, President
Redwood Valley Community Guild

Case No. 2:14-CV-00676-WBS-DB
Pl's Rule 60 Motion to Reopen for Fraud on the Court
Exhibit 11, p. 68 of 68