Mark E. Ellis - 127159
Maria S. Rosenfeld - 186116
ELLIS LAW GROUP LLP
1425 River Park Drive, Suite 400
Sacramento, CA  95815
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
mrosenfeld@ellislawgrp.com

Attorneys for
CALIFORNIA GUILD, FORMERLY DOING BUSINESS AS CALIFORNIA STATE GRANGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY,<br><br>          Plaintiff,<br><br>v.<br><br>CALIFORNIA GUILD, formerly doing business as California State Grange,<br><br>          Defendant. | Case No.:  2:14-CV-00676-WBS-DB<br><br>**DEFENDANT CALIFORNIA GUILD'S OPPOSITION TO PLAINTIFF'S RULE 60 MOTION TO RE-OPEN POST JUDGMENT PROCEEDINGS**<br><br>DATE:  APRIL 16, 2018<br>TIME:   1:30 P.M.<br>DEPT:   5 |

## I. INTRODUCTION

Defendant California Guild hereby opposes the National Grange's motion to reopen the post judgment proceeding pursuant to Federal Rule of Civil Procedure 60(b)(3) and/or 60(d)(3).

First, neither Rule 60(b) or 60(d) is applicable here.

Second, and specifically, no "fraud" was perpetrated on this Court in the payment of the judgment. The funds were borrowed or advanced in good faith, and the judgment was satisfied. Period. (Declaration of Mark E. Ellis ("Ellis Decl."), ¶¶ 6-14.) To the extent that National believes these transactions violated a state court order, which the Guild (and Ellis) denies, the proper forum to address that issue is in state court.

Third, the National Grange has failed to identify exactly what was "fraudulent" about the payments. Plaintiff has failed to demonstrate bad faith, perjury or misrepresentation. National Grange suggests that either the Guild, or Ellis Law Group, had a duty to disclose the sources of the funds. They have not identified the source of such a duty. Significantly, no declaration has been put forward that suggests either the Guild or Ellis misrepresented the source of the funds used to satisfy the judgment, and they did not – expressly or tacitly. Inherent sanctions are not justified.

Finally, to the extent that the motion suggests that the Guild (or Ellis) pay again, it is unprecedented, and nothing in Rule 60(b) or (d)would support such a finding. To the extent that the National Grange argues the conduct was sanctionable, once again, its argument is just that – only argument that is supported by only a couple of passing references to *Chambers v. Nasco, Inc.*, 501 U.S. 32, 44 (1991), but, significantly, no declaration testimony.

## II. ANALYSIS

**A. There was No "Fraud on the Court" as Contemplated by Rule 60(b) or (d), and Those Rules are Inapplicable Here**

Federal Rule of Civil Procedure 60(b) provides:

> (b) On motion and just terms, the court may relieve a party or its legal representative from a final judgment order or proceeding for the following reasons:
>
> (1) Mistake, inadvertence, surprise or excusable neglect;

- 1 -

  (2) Newly discovered evidence. . .;

(3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) The judgment is void;

(5) The judgment has been satisfied. . .; or

(6) Any other reason that justifies relief.

(Some text omitted.)

Federal Rule of Civil Procedure 60(d) provides:

(d) Other Powers to Grant Relief. This rule does not limit a Court's power to:

(1) Entertain an independent action. . .

(2) Grant relief under 28 U.S.C. § 1655. . .

(3) Set aside a judgment for fraud on the Court.

(Some text omitted.)

Rule 60 has its prototypical application to situations where default judgment has been entered against a defendant because of excusable neglect or extrinsic fraud (e.g. telling the defendant not to appear). *See, e.g.*, W. Schwarzer, *Cal. Practice Guide: Civil Procedure Before Trial* §§ 6:139, *et seq.* (2017 Thompson Reuters/Rutter Group).

Under such circumstance, the District Court has the authority to set aside the entry of default for "good cause." W. Schwarzer, *supra*, § 6:139. The motion must be made within a reasonable time, "no more than a year after the judgment or order" if based on fraud. *See* Rule 60(c).[1]

Fraud on the Court for purposes of Rule 60(b)(3) has a specific and narrow definition and requires that the fraud, misrepresentation or misconduct prevent the moving party from "fully and fairly presenting its case at trial." *Tobel v. City of Hammond*, 94 F.3d 360, 362 (7th Cir. 1996); *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000).

---

[1] Here, the judgment on the merits was entered on September 4, 2015 (DKT No. 74), and the orders granting attorney fees were entered on April 20, 2016 (DKT No. 138) and September 12, 2016 (DKT No. 154). Here, National Grange equates the satisfaction of judgment to be the same as entry of a judgment or order, but with no supporting authority.

- 2 -

DEFENDANT CALIFORNIA GUILD'S OPPOSITION TO PLAINTIFF'S RULE 60 MOTION TO RE-OPEN POST JUDGMENT PROCEEDINGS CASE No. 2:14-cv-00676 – WBS - DB

The allegations of National Grange here just do not fit this paradigm. National Grange was not prevented from presenting its case. It prevailed on summary judgment; it was awarded fees. It is now complaining about the *source* of the funds used by the Guild to satisfy the judgment. Rule 60(b) is simply inapplicable.

National Grange, however, argues that even if 60(b) is inapplicable, FRCP 60(d)(3) warrants setting aside the judgment in some fashion. But again 60(d)(3) is to protect the integrity of the process where *judgment* is obtained: "Therefore, relief may be obtained from judgments obtained through fraud of attorneys, witnesses or non-parties." W. Schwarzer, *supra,* § 6:177.6 (*citing Hazel -Atlas Glass Co. v. Hartford Empire Co.,* 2322 U.S. 238, 245-246 (1944)).

Schwarzer, *supra,* explains:

> Fraud on the court occurs where a lawyer or litigant perpetrates a fraud that affects the ability of the court or jury to function impartially; e.g. bribery of a judge or juror. The fraud "*must involve* an unconscionable plan or scheme which is designed to improperly influence the court *in its decision*."

Schwarzer, supra, § 6:177.7 (*quoting Pumphrey v. K.W. Thompson Tool Co.*, 72 F.3d 1128, 1131 (9th Cir. 1995); and *citing Broyhill Furn Ind., Inc. v. Craftmaster Furn Cup*, 12 F.3d 1080, 1085 (Fed Cir. 1993).

Factors usually found to be relevant under Rule 60(d)(3) demonstrates its questionable applicability here, including "the general policy favoring judgment on the merits." *See Starski v. Kirzhncv,* 682 F.3d 51, 55 (1st Cir. 2012)(default judgment denied since delays attributable to fraud did not prejudice plaintiff).

Once again, the allegations here arise from the satisfaction of judgment, not entry of judgment itself. Neither 60(b)(3), nor 60(d)(3) is applicable here.

**B.    National Grange Has Not Properly Brought a Motion for Sanctions**

National Grange also briefly, and not too seriously, argues it is entitled to sanctions under the Court's "inherent authority." *Chambers v. Nasco, supra.* But National Grange's argument to this effect is a mere couple of sentences. (*See* National Grange's Memorandum of Ps&As , pp. 8:5-9, 10:24.) Here, the Notice of Motion seeks, on its face, relief under Rule 60, not *Chambers v. Nasco.* A

- 3 -

DEFENDANT CALIFORNIA GUILD'S OPPOSITION TO PLAINTIFF'S RULE 60 MOTION TO RE-OPEN POST JUDGMENT PROCEEDINGS CASE No. 2:14-cv-00676 – WBS - DB

1  Court violates due process when it orders sanctions for conduct beyond that specified in the notice of
2  motion; clear notice must be given. *See, e.g., Miranda v. So. Pao. Transp. Co.,* 516, 522 (9th Cir.
3  1983) (Rule 11); *Foster v. Wilson,* 504 F.3d 1046, 1052-1053 (9th Cir. 2007) ; *Simmerman v. Corino*,
4  27 F.3d 58, 64 (3rd Cir 1994) (notice must describe conduct, authority and relief requested); *Margo v.*
5  *Weiss*, 213 F.3d 55, 63 (2d Cir. 2000) (same).

6  Likewise, the inherent authority to sanction "is not a broad reservoir of power, ready at an
7  imperial hand, but a limited source; an implied power squeezed from the need to make the court
8  function." *Chambers, supra,* 501 U.S. at 42. "Because inherent powers are shielded from direct
9  democratic controls, they must be exercised with restraint and discretion." *Railway Express, Inc. v.*
10 *Piper,* 447 U.S. 752, 764-766 (1998).  Before a court may impose sanctions, it must find the lawyer or
11 party acted in bad faith.  Nor may a court, under its inherent powers, impose sanctions for alleged
12 misconduct that takes place in another venue  because "such a conclusion would infringe on the power
13 of other judges to manage their own affairs." *Children's CHR for Developmental Enrichment v.*
14 *Machla,* 612 F.3d 518, 524 (6th Cir. 2010); *Positive Software Solutions, Inc. v. New Centry Mortg.*
15 *Corp.,* 619 F.3d 458, 462-463 (5th Cir. 2010); *Gallop v. Cheney,* 642 F.3d 364, 369 (2d Cir. 2011).

16 Here, National Grange asserts that contempt justifies imposing sanctions.  But what court order
17 of <u>this</u> Court was violated? – none.   National Grange asserts that Judge Brown's order has been
18 violated; but if so, a motion should be brought before him – not before this Court.  The fact is National
19 Grange has been claiming the Guild has violated that order since its entry in 2015.  Yet, to date, it has
20 still not moved to enforce it, even though it learned that the Guild paid attorney fees to Boutin Jones
21 out of those bank accounts. (Ellis Decl., ¶ 12.)  Moreover, the Court orders in the Superior Court,
22 when interpreted in the light most favorable to the Guild, suggest that it may use funds to keep itself
23 operational, i.e., in existence.  (*See, e.g.,* Ellis Decl., ¶ 12.)  Without these funds, the Guild would have
24 gone out of business and not been operational.  (Ellis Decl., ¶ 12.)

25 No order of this Court has been violated.

26 No misrepresentation was made to this Court by Ellis Law Group or the Guild in paying off the
27 judgment.  The claim of perjury is specious.  To the extent the Guild attempted to obtain full
28 satisfaction by payment of $147,000, that amount was based on the National Grange's own

representation as to the amount of the outstanding judgment. (DKT No. )  In any event, the motion was denied.  The Guild's counsel has a duty to zealously – within the bounds of the law and ethics – to advance the client's position.  It has done so.

As noted in the Declaration of Mark E. Ellis, filed herewith, no improper, bad faith conduct occurred here.  National Grange knew that the Guild had limited funds (DKT No. 155).  In order to survive, it borrowed money from a third party, and Ellis Law Group advanced certain funds that were reimbursed. (Ellis Decl. ¶ 12.)

### III.   CONCLUSION

For the reasons given above and in the supporting Declaration of Mark E. Ellis, this motion must be denied, procedurally and substantively.

Dated: April 2, 2018

ELLIS LAW GROUP LLP

By  /s/ *Mark E. Ellis*
Mark E. Ellis
Attorney for
CALIFORNIA GUILD, FORMERLY DOING
BUSINESS AS CALIFORNIA STATE GRANGE

- 5 -

DEFENDANT CALIFORNIA GUILD'S OPPOSITION TO PLAINTIFF'S RULE 60 MOTION TO RE-OPEN POST JUDGMENT PROCEEDINGS CASE No. 2:14-cv-00676 – WBS - DB