MARTIN N. JENSEN (SBN 232231)
THOMAS L. RIORDAN (SBN 104827)
**PORTER SCOTT**
350 University Ave., Suite 200
Sacramento, CA 95825
Telephone: 916.929.1481
Email: mjensen@porterscott.com
Email: triordan@porterscott.com

JAMES L. BIKOFF (*Pro Hac Vice*)
BRUCE A. McDONALD (*Pro Hac Vice*)
HOLLY B. LANCE (*Pro Hac Vice*)
**SMITH, GAMBRELL & RUSSELL LLP**
1055 Thomas Jefferson Street, N.W., Suite 400
Washington, D.C. 20007
Telephone: 202.263.4341
Email: jbikoff@sgrlaw.com
Email: bmcdonald@sgrlaw.com
Email: hlance@sgrlaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY, <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA GUILD, formerly doing business as "California State Grange," <br><br> Defendant. | Case No. 2:14-cv-00676-WBS-DB <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION TO CONTINUE THE HEARING ON PLAINTIFF'S RULE 60 MOTION** <br><br> Date: April 16, 2018 <br><br> Time: 1:30 p.m. <br><br> Courtroom: 5 |

Plaintiff, the National Grange of the Order of Patrons of Husbandry (the "National Grange"), respectfully opposes the *ex parte* application of Defendant California Guild to continue the hearing on the National Grange's Rule 60 Motion, currently scheduled for April 16, 2018.

Last night was the first time the National Grange and its counsel became aware that Defendant's counsel, Mark Ellis, may have a scheduling conflict on April 16, despite the fact that the hearing was noticed a month ago. *See* April 11, 2018 email from Mark Ellis to Courtroom

1  Deputy Karen Kirksey Smith, attached as Exhibit A.  A trial is not the type of event that is
2  scheduled last-minute, and had the National Grange known of the potential conflict, it would have
3  re-noticed the hearing for a date that was mutually acceptable to both parties.
4      As the Court knows, the National Grange's lead attorneys practice in Washington D.C.,
5  and they schedule their cross-country travel to be as time and cost-efficient for their client as
6  possible, particularly as the National Grange is a non-profit organization.  To this end, the
7  National Grange scheduled depositions for *Grange II* (No. 2:16-cv-00201-WBS-DB) around the
8  upcoming hearing; in fact, two of its attorneys were en route to Sacramento for these depositions
9  when they received Mr. Ellis's email to Ms. Kirksey Smith.
10      There is no reason why Mr. Ellis could not have advised the Court, the National Grange,
11 or the Superior Court about this conflict weeks ago, and the California Guild's decision to file this
12 *ex parte* application less than a week before an important hearing for the National Grange is
13 negligent at best.  Mr. Ellis's explanation is that he believed the Superior Court case "could settle
14 as they often do, or that potentially no court room would be available." Dkt. # 232 at 1.  As both
15 of these situations are often out of control of counsel, it is inconceivable that Mr. Ellis, a seasoned
16 practitioner, could not have been aware of a potential conflict.  Further, Mr. Ellis does not
17 practice on his own - two other attorneys from his law firm, David Castro and Aleysa
18 Nalbandyan, have entered an appearance in this action, and a third, Maria Rosenfeld, appears in
19 the heading of the California Guild's *ex parte* application.  *Id*.  He has not provided any
20 explanation as to why these attorneys could not handle the Rule 60 Motion hearing, or perhaps
21 cover the Superior Court trial in his absence.  It is also unclear why the Superior Court trial would
22 automatically take precedence over this upcoming hearing, and why no request for a continuance
23 has been filed in that action.  In addition, Mr. Ellis could bring this hearing to the attention of the
24 Superior Court on Monday morning and request that he be excused for the attendance of this
25 hearing, which we believe will be significantly shorter than his expected three-day trial.
26      To say that the National Grange would not be prejudiced by the continuance because they
27 could appear by telephone is in direct contravention of this Court's Standard Information, which
28 states that "Counsel are required to personally appear at all motion hearings, unless otherwise

notified by the Court, **OR** unless a **timely** request to appear by telephone has been granted by the Court." *See*

http://www.caed.uscourts.gov/caednew/assets/File/!!!WEBSITE%20INFORMATION%20FOR%20WBS.pdf. Given the gravity of the Rule 60 Motion, the National Grange could not conceive of participating in this hearing by telephone. Further, non-refundable flights and hotel reservations were booked weeks ago on the basis that this hearing would be proceeding as scheduled.

Finally, neither of National Grange's lead counsel are available on Monday, April 23. No effort was made to consult with the National Grange's attorneys to make sure this date was acceptable before this *ex parte* application was filed, and the Court's Standard Information similarly does not show this date to be available.

Accordingly, the National Grange respectfully requests that the California Guild's last-minute *ex parte* application be denied, and the hearing be allowed to proceed as scheduled on April 16, 2018.

Respectfully submitted,

**SMITH, GAMBRELL & RUSSELL LLP**

Date: April 12, 2018     By:     /s/ James L. Bikoff
James L. Bikoff, *Pro Hac Vice*
Bruce A. McDonald, *Pro Hac Vice*
Holly B. Lance, *Pro Hac Vice*
1055 Thomas Jefferson St. NW, Ste. 400
Washington, DC 20009
Telephone: 202.263.4300
Email:     jbikoff@sgrlaw.com
           bmcdonald@sgrlaw.com
           hlance@sgrlaw.com

Martin N. Jensen (SBN 232231)
Thomas L. Riordan (SBN 104827)
PORTER SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
Telephone: 916.929.1481
Email:     mjensen@porterscott.com
           triordan@porterscott.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 12th day of April 2018, I electronically filed the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO CONTINUE THE HEARING ON PLAINTIFF'S RULE 60 MOTION** with the Clerk of the Court, using the CM/ECF system, which will automatically send email notifications of such filing to all counsel who have entered an appearance in this action.

    /s/ James L. Bikoff
James L. Bikoff
Attorney
Smith, Gambrell & Russell