UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| THE NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY,<br><br>        Plaintiff,<br><br>   v.<br><br>CALIFORNIA GUILD, formerly doing business as "California State Grange,"<br><br>        Defendant. | CIV. NO. 2:14-676 WBS DB<br><br>ORDER RE: MOTION TO RE-OPEN POST JUDGMENT PROCEEDINGS |
|---|---|

Presently before the court is The National Grange of the Order of Patrons of Husbandry's ("National Grange") Motion to Re-Open Post-Judgment Proceedings. (Docket No. 226).

I. Factual and Procedural History

On April 20, 2016, this court found that defendant California Guild had willfully violated a prior permanent injunction granted by this court in September 2015. (Apr. 20, 2016 Order (Docket No. 138).) Accordingly, the court ordered

1

defendant to pay plaintiff attorney's fees incurred in enforcement of the injunction. (Id.) On September 12, 2016, the court specifically directed defendant to pay $144,715.70 to plaintiff. (Sept. 12, 2016 Order (Docket No. 154).)

Defendant failed to pay the designated amount at the correct time, and instead filed a declaration signed by Robert McFarland, the president of the California Guild, asserting that defendant was unable to pay the award. (Decl. of Robert McFarland ("McFarland Decl.") (Docket No. 155).) In his declaration, McFarland acknowledged that "the Guild is a nonprofit organization with limited funds and sources of income, most of which are already subject to the preliminary injunction and/or Court orders issued in Sacramento County Superior Court Case No. 34-2012-0013439."[1] (Id.) McFarland further explained that "[t]he preliminary injunction enjoins the Guild from selling, assigning, transferring, pledging, hypothecating, or encumbering [National] Grange assets possessed or controlled as of April 5, 2013 including certain real property and assets in the [Morgan Stanley] accounts possessed or controlled by Defendants beyond the normal business expenses of the organization." (Id.)

Plaintiff then brought a motion in this court, asking that the court assign it the right to collect "all payments due or to become due to defendant" from its local chapters to satisfy the court's fees order. (Pl.'s Mot. for Assignment Order (Docket

---

[1] On October 20, 2015, Judge David Brown of the Sacramento County Superior Court issued a preliminary injunction to "preclude the defendant Unchartered State Grange from wasting Grange assets until the case is finally adjudicated."

No. 178).) The court granted plaintiff's application for an assignment order on March 9, 2017. (Docket No. 189). On March 24, 2017, defendant provided plaintiff with a cashier's check of $145,466.82, signed by defendant's attorney Mark Ellis ("Ellis") and his law firm, the Ellis Law Group LLP ("Ellis Law Group").

On March 17, 2017, plaintiff submitted a memorandum of costs for attorney fees and other expenses incurred in enforcement of the original award. (Docket No. 193.) On May 18, 2017, the court recognized defendant's payment of $145,466.82, and also ordered that defendant pay an additional $93,707.78 in costs and fees. (Docket No. 218.) On June 9, 2017, attorney Ellis appeared in court with McFarland and presented the court with three checks drawn on his firm's client trust account, payable to plaintiff, amounting to $93,707.78, in purported satisfaction of all remaining costs and fees claimed by plaintiff. Trusting Ellis' statements regarding the legitimacy of these funds, plaintiff filed an Acknowledgement of Full Satisfaction of Judgment on June 27, 2017. (Docket No. 224.)

II. Vacate Satisfaction of Judgment

Plaintiff alleges that defendant's attorney used a client trust account to conceal the source of funds used for the payment of attorney fees owed to plaintiff, and argues that the court should therefore vacate the Satisfaction of Judgment. Although plaintiff primarily argues that the Satisfaction of Judgment should be vacated because of fraud, plaintiff also argues that such relief is warranted, with or without evidence of fraud, on the ground

3

that the attorney fee award has not actually been paid and thus the Satisfaction of Judgment was entered by mistake.

Pursuant to California law, "a satisfaction of judgment which has been filed and entered may be set aside by appropriate proceedings and for proper cause." Remillard Brick Co. v. Dandini, 98 Cal. App. 2d 617, 622, (1st Dist. 1950). "Fraud, undue influence and mistake are the generally recognized grounds for vacating a satisfaction of judgment." (Id.) Additionally, "[i]t is settled that where a satisfaction of judgment has been erroneously entered, it may be cancelled . . . upon motion made in the original action." Kinnison v. Guar. Liquidating Corp., 18 Cal. 2d 256, 265 (1941). Specifically, the Ninth Circuit has concluded that a satisfaction of judgment may be vacated if the defendant has not in fact paid the full amount of the fee award. Jimenez v. Franklin, 680 F.3d 1096 (9th Cir. 2012)(reversing district court order that granted satisfactions after defendants paid less than full amount of fee award).

Here, the uncontroverted evidence indicates that defendant's partial payment of plaintiff's attorney fee award in the amount of $93,707.78 came from funds that defendant had been enjoined from accessing. On December 27, 2017, plaintiff discovered, through discovery in a related case, that the three checks for $93,707.78 written on Ellis Law Group's client trust account were identical to payments paid to the Ellis Law Group from a restricted Morgan Stanley account belonging to defendant. Relatedly, on March 21, 2018, the Sacramento County Superior Court ruled that defendant had "willfully violated this Court's injunction order, which specifically precluded the Guild from

4

1 expending funds in an account at Morgan Stanley." (Pl.'s Req.
2 for Judicial Notice, Ex. 1 (Judge Brown Mar. 21, 2018 Order)
3 (Docket No. 228-1).) The Superior Court Order further explained
4 that "the Guild has expended tens of thousands of dollars on
5 attorneys' fees in favor of a CSG affiliate in an unrelated
6 case." (Id.) The court recognizes that these "tens of thousands
7 of dollars" refer precisely to the $93,707.78 at issue here.

Therefore, with regard to the $93,707.78 payment, it clearly appears that plaintiff entered its Satisfaction of Judgment by mistake. Defendant convinced plaintiff that the funds it used to pay plaintiff came from defendant, when in reality the money came from a fund that defendant had been enjoined from accessing pursuant to the state court injunction. Had plaintiff known the true source of the money, it would not have entered an Acknowledgement of Full Satisfaction of Judgment. (Docket No. 224.) Thus, the Satisfaction of Judgment was clearly entered in error.

It also appears that the remaining $145,466.82 may have been paid using money that defendant should not have accessed as well. However, the record before this court is not sufficiently clear to make that determination. This seems to be a matter best resolved in another case before a different court. Therefore, unless and until determined otherwise, this court will consider the $145,466.82 a partial satisfaction of the judgment. See, e.g., Jhaveri v. Teitelbaum, 176 Cal. App. 4th 740, 749 (2d Dist. 2009) (explaining that trial court has discretion to "apply a credit in partial satisfaction of the judgment").

III. Sanctions

Plaintiff requests imposition of sanctions against defendant for its attempt to satisfy this court's judgment with funds fraudulently obtained in violation of a state court injunction. Courts have inherent authority to sanction a broad range of improper conduct, even conduct that occurred outside of the courtroom. See Knupfer v. Lindblade, 322 F.3d 1178, 1196 (9th Cir. 2003); Chambers v. NASCO, 501 U.S. 32, 57 (1991).

The court agrees with plaintiff and concludes that defendant attempted to deceive plaintiff by paying the judgment using misappropriated funds. Defendant offers no plausible explanation for why it used those funds from the Morgan Stanley account. At the hearing on April 16, 2018, defendant's attorney attempted to argue that Judge Brown's Order discussing "tens of thousands of dollars on attorneys' fees" referred to a different payment. However, upon inspection of the Order, this explanation was disproven.

The evidence indicates that the $93,707.78 was, indisputably, removed from a restricted Morgan Stanley account, with no credible reason for doing so. Accordingly, the court concludes that plaintiff is entitled to sanctions in the amount of $9,000, which less than 10% of the amount of money which defendant attempted to cheat plaintiff out of. These sanctions are imposed in part to indemnify plaintiff for its attorney fees in making this Motion.

IT IS THEREFORE ORDERED that plaintiff's Motion to Re-Open Post-Judgment Proceedings (Docket No. 226) be, and the same hereby is, GRANTED. The Satisfaction of Judgment is hereby partially vacated to the extent of $93,707.78 upon the condition

that plaintiff take the necessary steps to return the $93,707.78 to the account from which it should not have been taken. Defendant has thirty days from the date this Order is signed to pay plaintiff the additional sanctions in the amount of $9,000 imposed in this Order.

Dated: April 17, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE