Mark A. Serlin, CSBN: 122155
SERLIN & WHITEFORD, LLP
701 E Street
Sacramento, CA 95814
Telephone:    (916) 446-0790
Facsimile:    (916) 446-0791
Email: ms@swllplaw.com

JAMES L. BIKOFF (Pro Hac Vice)
BRUCE A. McDONALD (Pro Hac Vice)
HOLLY B. LANCE (Pro Hac Vice)
SMITH, GAMBRELL & RUSSELL LLP
1055 Thomas Jefferson Street, N.W., Suite 400
Washington, D.C. 20007
Telephone:    202.263.4341
Facsimile:    202.263.4329
Emails: jbikoff@sgrlaw.com
        bmcdonald@sgrlaw.com
        hlance@sgrlaw.com

Attorneys for Plaintiff and Judgment Creditor
NATIONAL GRANGE OF THE ORDER
OF PATRONS OF HUSBANDRY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY, a District of Columbia nonprofit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA GUILD,<br><br>Defendant. | CASE NO. 2:14-cv-00676-WBS-DB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CROSS-MOTION FOR SANCTIONS (28 U.S.C. § 1927)**<br><br>Date: September 20, 2018<br>Time: 10:00 a.m.<br>Courtroom: 27 |

## I. INTRODUCTION

Plaintiff and judgment creditor the National Grange of the Order of Patrons of Husbandry ("National Grange") has filed a cross-motion for sanctions against Mark E. Ellis ("Ellis"), counsel for defendant and judgment debtor California Guild ("Guild"), pursuant to 28 U.S.C. § 1927 based on the entirely frivolous motion to quash debtor's examination order and a related subpoena ("Quash Motion") which motion was filed ex parte at 6:00 p.m. on August 30, 2018, less than a day before the scheduled debtor's examination and document production. For the reasons set forth below, the cross-motion is amply warranted and should be granted.

## II. SALIENT FACTS

National Grange refers the Court to the case history portion of the brief in opposition to the Quash Motion filed concurrently herewith. In the interest of brevity, those facts will not be recited again here.

## III. SANCTIONS AGAINST ELLIS ARE WARRANTED

28 U.S.C. § 1927 provides that any attorney who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the Court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. In the Ninth Circuit, a determination of bad faith is required for the imposition of sanctions under 28 U.S.C. § 1927. Save the Peaks Coalition v. U.S. Forest Service, 683 F.3d 1140, 1142 (9th Cir. 2012) modified 691 F.3d 1151. Save the Peaks, supra, held that tactics undertaken for delay warrant a finding of bad faith and thus sanctions (Id). Save the Peaks, supra, at 633 F.3d at 1143 also held that willful abuse of the judicial process warrants sanctions under 28 U.S.C. § 1927. The Ninth Circuit recently held that forcing parties to defend against non-meritorious claims warrants sanctions under 28 U.S.C. § 1927. Stone Creek, Inc. v. Omnia Italian Design, Inc., 875 F.3d 426, 444 (9th Cir. 2017). Further, sanctions under 28 U.S.C. § 1927 may properly include fees and costs incurred in preparing the motion for sanctions itself. Blixseth v. Yellowstone Mountain Club, LLC, 854 F.3d 626, 631-32 (9th Cir. 2017). This is because the purpose of section 1927 is to

///

///

compensate victims of attorney malfeasance (Id).  A motion with no basis in law or fact is properly sanctionable under 28 U.S.C. § 1927.  Scruggs v. Getinge USA, Inc., 258 F.R.D. 177 (D.D.C. 2009).

      As the Court is well aware, the Guild filed its ex parte Quash Motion after business hours on the day before the examination and document production was slated to go forward.  The manifest purpose of such late filing was to delay the taking of the debtor's examination, which had been personally served on the Guild's president fully three weeks prior to the examination itself.  As set forth in the accompanying opposition to the Quash Motion, the motion is both legally and factually frivolous.   Indeed, the purported basis for the motion has nothing to do with the instant case and instead was clearly intended to delay collection of the judgment herein.  The motion facially fails to identify any facts which would allow a motion to modify or quash under FRCP 45(d)(3) and the motion is replete with red herrings and outright misrepresentations.  Notably, misrepresentations of fact can be the basis of sanctions under 28 U.S.C. § 1927.  Malhiot v. Southern California Retail Clerks Union, 735 F.2d 1133, 1138 (9th Cir. 1984).  As shown in the accompanying opposition to the Quash Motion and Serlin declaration, the Quash Motion is replete with factual misrepresentations.  The motion asserts that plaintiff and judgment creditor herein, namely the National Grange, sought and obtained the appointment of a receiver in a Sacramento County Superior Court action against the Guild.   This is demonstrably false because the judgment holder in that totally unrelated action is the California State Grange, not the National Grange.  Similarly, the motion asserts that a deposition of a third party witness in another case pending in this Court somehow was a debtor's examination in this action such that the debtor's examination ordered by this Court should somehow not be allowed to proceed.  This too is a blatantly false assertion.

      It is difficult to imagine a more classic case of willful abuse of the judicial process and tactics undertaken for delay than those described herein.  The blatant misrepresentations of key facts in an effort to justify the motion are classic examples of attorney malfeasance for which the National Grange, as the party victimized by such tactics, must be compensated.

///

Per the accompanying declaration of Mark A. Serlin, the National Grange has incurred not less than $3,227.00 of attorneys' fees and costs in dealing with the frivolous Quash Motion. As such, it is necessary and appropriate that the Court enter an order sanctioning Ellis in at least that amount pursuant to 28 U.S.C. § 1927.

## IV.  CONCLUSION

Sanctions are necessary to punish the egregious conduct of Ellis. Anything less will encourage still more egregious tactics and should not be tolerated by this Court. The cross-motion should be granted as prayed.

DATED: September 6, 2018                    SERLIN & WHITEFORD, LLP


By:  */s/ Mark A. Serlin*
MARK A. SERLIN, Attorneys for Plaintiff and Judgment Creditor NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY

S:\Active Files\NATIONAL GRANGE\court docs\2sanctions.mpa.docx