1  Mark E. Ellis - 127159
   Maria S. Rosenfeld - 186116
2  ELLIS LAW GROUP, LLP
   1425 River Park Drive, Suite 400
3  Sacramento, CA  95815
   Tel: (916) 283-8820
4  Fax: (916) 283-8821
   mellis@ellislawgrp.com
5  mrosenfeld@ellislawgrp.com

6  Attorneys for
   CALIFORNIA GUILD
7  (formerly doing business as CALIFORNIA STATE GRANGE)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY, | Case No.: 2:14-CV-00676-WBS-DB |
|---|---|
| Plaintiff, | **OPPOSITION BY THE CALIFORNIA GUILD TO MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927 FILED BY THE NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY** |
| v. | |
| CALIFORNIA GUILD, formerly doing business as California State Grange, | |
| Defendant. | **DATE:** September 20, 2018<br>**TIME:** 10:00 a.m.<br>**COURTROOM:** 27<br>**JUDGE:** Deborah Barnes |

---

OPPOSITION BY THE CALIFORNIA GUILD TO MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927
FILED BY THE NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY

# I. INTRODUCTION

Defendant the California Guild ("Guild") is in receipt of the Motion for Sanctions pursuant to 28 U.S.C. § 1927 filed by the National Grange of the Order of Patrons of Husbandry ("National Grange"). The Sanctions motion is predicated on the California Guild's filing of its Motion on August 30, 2018 to quash and/or modify the August 31, 2018 debtor's examination directed to Robert McFarland. In order to prevail on the §1927 request for sanctions, the National Grange must show the Guild/its counsel acted in <u>*subjective bad faith*</u>, demonstrating, at a minimum, reckless intent. *West Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1528 (9th Cir. 1990). For the reasons set forth herein, the Motion to Quash was, subjectively, made in *good faith* (*see* accompanying Declaration of Mark E. Ellis ("Ellis Decl.") at ¶¶ 2-3) and, as emphasized in the accompanying Reply brief in support of the Motion to Quash, is in compliance with the law.

That said, defense counsel apologizes to the Court for not filing and serving the motion and/or accompanying "meet and confer" letter sooner than was done. (*See* Ellis Decl. at ¶ 2). Going forward, every effort will be made to ensure that realistic notice time is given to the Court, regardless of whether federal rules can otherwise be read to permit a given filing without the Court immediately issuing a ruling. (*Id*.) In this instance, defense counsel never intended for the Court to issue any expedited ruling on the merits on August 31, 2018, and again apologizes that the late filed motion insinuated that a "next day" ruling was sought. (*Id*. at ¶ 3.)

To be clear, the motion to quash the August 31, 2018 debtor examination was filed and served on August 30, 2018, but noticed for hearing for September 28, 2018. The intent was simply to have the motion *pending* on the date of the intended examination (August 31, 2018) such that *if* Mr. Serlin refused to withdraw and/or stay the examination in response to the "meet and confer" efforts, and *if* the Court, on its own motion, did not stay the deposition proceeding pending hearing of the Motion to

- 1 -

Quash on September 28, 2018, and the deposition proceeded on August 31, 2018, the Court would have a better understanding/basis as to the nature of the objections otherwise made during the deposition which might have required immediate intervention by the Magistrate. (*Id.*)

## II. LEGAL ANALYSIS

### A. Sanctions Pursuant To 28 U.S.C. § 1927 are <u>*Narrowly*</u> Construed and Should Not Be Imposed to Suppress an Attorney's Duty to Zealously Advocate

Sanctions under 28 U.S.C. § 1927 are "an extraordinary remedy, one to be exercised with extreme caution... [I]n responding to perceived misconduct, courts must use care to exercise the sanctioning power only when they are legally authorized to do so." *In re: Keegan Mgmt. Co.*, 78 F.3d 431, 437 (9th Cir. 1996). Federal law provides for sanctions within this section, against counsel in <u>*limited*</u> circumstances:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

Per the above, sanctions under § 1927 may only be imposed when: (1) the attorney unreasonably multiplied the proceedings; (2) the attorney's conduct was unreasonable and vexatious; and (3) the conduct resulted in an increase in the cost of the proceedings. *Id.* Further, "if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass.... reckless nonfrivolous filings, without more, may not be sanctioned" under §1927. *In re Keegan Mgmt. Co, supra,* at 436. As explained below, and in the accompanying declaration of Mark E. Ellis, there is nothing sanctionable or frivolous about the filing of the Guild's Motion to Quash

immediately prior to the subject debtor's examination, and in fact, it is permitted under the law.

Construing the above, it is well established that in the Ninth Circuit, section 1927 sanctions <u>*require a finding of bad faith*</u>. *West Coast Theater Corp., supra,* 897 F.2d at 1528. "[B]ad faith is present when, an attorney knowingly or recklessly raises a <u>*frivolous argument*</u>, or argues a meritorious claim for the purpose of <u>*harassing an opponent*</u>." *Id.* (emphasis added, quoting *Soules v. Kauaians for Nukolii Campaign Committee*, 849 F.2d 1176, 1185-1186 (9th Cir. 1988)).

In other words, §1927 sanctions are not appropriate where the proceeding/motion is not frivolous, unless an attorney is shown to have acted in <u>*bad faith*</u>, or <u>*recklessly*</u>. *See United States v. Associated Convalescent Enterprises, Inc.*, 766 F.2d 1342, 1346 (9th Cir. 1985).

The "bad faith requirement sets a "high threshold..." *Primus Auto. Fin. Serv. v. Batarse*, 115 F.3d 644, 649 (9th Cir.1997) (remanding to district court as there were insufficient findings to impose sanctions predicated on "bad faith" based on underlying opposition arguments described as "totally frivolous" and attempted attorney explanation deemed by Court as "outrageous" and "inexcusable.") "Bad faith is present when an attorney knowingly or recklessly raises a *frivolous* argument, or argues a meritorious claim for the purpose of harassing an opponent." *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir.1986) (emphasis added.) An attorney's bad faith is determined under a <u>*subjective standard*</u>. *MGIC Indem. Corp. v. Moore*, 952 F.2d 1120, 1121–22 (9th Cir.1991) (reversal of sanctions required where district court's "observations were as consistent with negligence as with bad faith").

There is good reason for narrowly construing §1927. Congress intended the statute to discourage dilatory litigation and advocacy designed to burden an opponent, <u>*but without dampening the legitimate zeal of an attorney in representing his client*</u>. *See*

OPPOSITION BY THE CALIFORNIA GUILD TO MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927 FILED BY THE NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY

*In re TCI, Ltd.*, 769 F.2d 441, 446 (7th Cir. 1985), citing H.R. Conf. Rep. No. 96-1234, 96th Cong., 2d Sess., reprinted in 1980 U.S. Code Cong. & Admin News 2781, 2782. Accordingly, Congress recognized that strict construction is vital to prevent the sanctions provision from having a chilling effect on the legitimate zeal of an attorney in representing his client. H.R. Conf. at 2782.

As such, sanctions under 28 U.S.C. § 1927 <u>*require*</u> a finding of <u>*subjective bad faith*</u>. *See New Alaska Development Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989). And, the moving party bears the burden of proof on a section 1927 motion, by a preponderance of the evidence. *See Rutter Group Practice Guide: Federal Civil Procedure Before Trial*, Calif. & 9th Cir. Editions, § 17:672, Judge Beverly Reid O'Connell, Judge Karen L. Stevenson (March 2018); *Lahiri v. Universal Music & Video Distribution Corp.*, 606 F.3d 1216, 1219 (9thCir. 2010)—(raising issue whether clear and convincing evidence required). Section 1927 sanctions are not to be imposed against a client. (*Sneller v. City of Bainbridge*, 606 F.3d 636, 640 (9th Cir. 2010).

For the reasons set forth below and in the accompanying Ellis declaration, §1927 sanctions are not appropriately issued here.

**B. Defense Counsel Has Not (1) Unreasonably "Multiplied" the Proceedings; (2) Did Not Act in an Unreasonable and/or "Vexatious" Manner in Noticing a Motion to Quash for September 28, 2018; and (3) Did Not Act With "Subjective Bad Faith" in Moving to Quash the Debtor's Examination in the First Instance**

On the face of the notice of examination, the National Grange indicates that the "person" to be examined (i.e., Mr. McFarland) is *the* "Judgment Debtor." Defense counsel's decision to seek an Order from this Court precluding inquiry into Mr. McFarland's personal finances was thus appropriate. Mr. McFarland is <u>*not*</u> a judgment debtor in this matter. The National Grange's attempt to add Mr. McFarland as a judgment debtor was denied by Judge Shubb over a year ago. (*See* **Exhibit D**, to the

moving papers, a copy of this Court's March 2, 2017 Order *denying* National Grange's motion to amend to add Mr. McFarland as an individual debtor.)

Additionally, defense counsel acted reasonably in moving to quash and/or modify and/or stay the examination pending completion of the upcoming quasi-criminal contempt trial initiated by Mr. Serlin against Mr. McFarland. Basic due process requires nothing less. (*See* Motion to Quash moving papers and Reply in support of Motion to Quash.)

The fact that a receiver has been appointed in the state National/California State Grange action so as to ferret out the division of assets between the Grange and the Guild also cannot be overlooked. Simply put, until and unless the receiver's accounting has been accomplished, and the Court has adjudicated remaining tracing issues so as to divide presently commingled accounts, the instant Court should stay the debtor's examination. Proceeding in reverse would require Mr. McFarland to predict how the state court might rule on these issues, and testimony as to what assets are in fact available for enforcement is simply not plausible until the Court issues rulings on tracing issues. (*See* Motion to Quash moving papers and Reply in support of Motion to Quash.)

Finally, just recently, the National Grange intervened in a lawsuit in state court against Mr. McFarland alleging he participated in a fraudulent transfer. Indeed, in the same general timeframe, the National Grange, by and through Mr. Serlin, was pursuing the August 31, 2018 debtor's examination herein, the National Grange was also moving to intervene as a complainant in intervention in a purported fraudulent transfer lawsuit filed against Mr. McFarland, individually, by Mr. Serlin. (*See* **Exhibit H** to Ellis Decl., a true and correct copy of the July 24, 2018 motion for leave to file a complaint in intervention filed by the National Grange in the state case styled *The California State Grange v. Robert McFarland*, Sacramento Case No. 34-2018-00227253; **Exhibit I**, the declaration of Martin Jensen in support of this motion, attaching a proposed Complaint-

- 5 -

in-Intervention against Robert McFarland, and **Exhibit J**, the original Fraudulent Transfer Complaint in that action filed on behalf of the California State Grange by Mr. Serlin.)[1] The National Grange's motion to intervene was granted on August 21, 2018 with a minute order issued September 5, 2018 (*see* **Exhibit L**, minute order.) As a result, the National Grange is now suing Mr. McFarland, individually, on allegations of a fraudulent transfer. (*See* Complaint-in-Intervention attached to Mr. Jensen's declaration at **Exhibit I**.)

Mr. Serlin filed a declaration, in support of the National Grange intervening as a party plaintiff against Mr. McFarland, individually. (*See* **Exhibit K** to the accompanying Ellis Decl.) Against these recent developments, it was reasonable for defense counsel to raise concern that Mr. Serlin's questioning at the debtor's examination might delve into the personal finances of Mr. McFarland if no instruction was obtained from the Court precluding such inquiry. The fraudulent transfer Complaint is the latest iteration of years of harassment directed toward Mr. McFarland.

Rule 45 explicitly provides for discovery limitations in cases such as this. F.R.C.P. 45(c)(3)(A). District courts have "ample discretion" to quash or modify subpoenas causing "undue burden." *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994). A court determining the appropriateness of a subpoena "balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006); *Moon v. SCP Pool Corp.*, 232 F.R.D 633, 637 (C.D. Cal. 2005).

---

[1] This motion to intervene by the National Grange in the specious fraudulent transfer lawsuit against Mr. McFarland comes after Judge Shubb denied the National Guild's motion to add Mr. McFarland as a debtor to the Fed I judgment. (*See* **Exhibit D** to the Motion to Quash moving papers.)

OPPOSITION BY THE CALIFORNIA GUILD TO MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927
FILED BY THE NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY

Here, the motion to quash and/or modify the subpoena under Rule 45(d)(3)(A) was filed for a proper purpose—to obtain an instruction from the Court precluding inquiry into Mr. McFarland's personal finances.

### 1. Seeking a Motion to Quash did not Unreasonably Multiply the Proceedings and/or rise to Vexatious Action

In this instance, defense counsel again apologizes that the late filed motion insinuated that a "next day" ruling was sought. To be clear, the motion to quash the August 31, 2018 examination was noticed for <u>September 28, 2018</u>. (Ellis Decl. at ¶ 3.)

As set forth in defense counsel's accompanying "meet and confer" correspondence (**Exhibit G** to the moving papers), the intent was simply to have the motion *pending* on the date of the intended examination such that *if* Mr. Serlin refused to withdraw and/or stay the examination in response to the "meet and confer" efforts, and *if* the Court, on its own motion, did not stay the deposition proceeding, *then*, the Court would have a better understanding as to the nature of the objections otherwise lodged during Mr. McFarland's deposition had it proceeded on August 31, 2018—and had it become necessary to seek out the Magistrate's ruling on anticipated deposition objections/moving forward with the examination. (*Id.,* Ellis Decl. at ¶¶ 2-3).

Viewed from this perspective, defense counsel sought to *simplify, rather than multiply,* the proceedings, and seeking instruction from the Court precluding inquiry into Mr. McFarland's personal finances should not be deemed to rise to any vexatious action.

### 2. Filing the Motion to Quash Does Not Evidence Subjective Bad Faith

Similarly, the mere filing of a Motion to Quash does not evidence any "subjective" bad faith. As stated within the reply briefing supporting the motion to quash, as soon as defense counsel noticed the curious wording of the "notice of appearance" seeking the examination of Mr. McFarland as a purported debtor,

OPPOSITION BY THE CALIFORNIA GUILD TO MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927
FILED BY THE NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY

particularly on the heels of a September 21, 2018 contempt hearing, defense counsel researched the timing elements for a Motion to Quash under Federal Rule 45(d)(A)(3).

Multiple cases interpret Federal Rule of Civil Procedure Rule 45(d)(3)(A) deem a Motion to Quash *is timely* if made *any time before the date specified in the subpoena for compliance.* *Nova Biomedical Corp. v. i-Stat Corp.*, 182 F.R.D. 419, 422 (S.D. N.Y. 1998); *see also Carter v. Archdale Police Dept.* 2014 WL 1774471, at *2-3 (M.D.N.C. May 2, 2014); *Raap v. Brier & Thorn, Inc.,* No. 17-MC-3001, 2017 WL 2462823, at *2, fn. 1 (C.D. Ill. July 7, 2017).

It is difficult to conclude, then, that defense counsel had "subjective" bad faith in filing the Motion to Quash—after researching the viability of filing a motion to quash prior to the subpoena compliance date and pursuing such motion upon locating authority permitting such motion filing at any time prior to the subpoena compliance due date.

Moreover, the motion was *set for September 28, 2018* so as to *permit the Court and opposing counsel to digest the motion*. There was no intent to mandate some type of *ex parte* ruling on the day post filing of the motion to quash. Quite the contrary, defense counsel only intended for the Court to be aware of the pending motion should the deposition have proceeded, and objections inevitably raised to deposition questions elicited by Mr. Serlin—objections which would have required the Magistrate's intervention during examination. (*See* Ellis Decl. at ¶¶ 2-3).

### 3. Recovery under Section 1927 in this Matter, should be limited, at most, to Reimbursement for the Court Reporter Appearance Fee

Lastly, Mr. Serlin seeks to recover more than that which §1927 allows. Section 1927 "only authorizes the taxing of excess costs arising from an attorney's unreasonable and vexatious conduct; it does not authorize imposition of sanctions in excess of costs reasonably incurred because of such conduct." *See United States v. Blodgett*, 709 F.2d 608, 610-11 (9th Cir. 1983); *see also Brown v. Baden (In re Yagman)*, 796 F.2d 1165,

1184 (9th Cir. Cal. 1986) ("[A] blanket award of all fees cannot square with the section's requirement that only excess amounts be allowed.") Section 1927 does not allow Mr. Serlin to be reimbursed from defense counsel all fees and costs since defense counsel's filing of the Motion to Quash.

To recover, Mr. Serlin must make a showing of specific excess costs resulting from vexatious conduct that multiplied proceedings through court filings. Here, Mr. Serlin cannot point to any conduct in violation of the statute that resulted in National Grange incurring "excess costs, expenses, and attorneys' fees" as required under 28 U.S.C. § 1927. This is because, as explained above, the Motion to Quash was undertaken for an entirely *proper purpose*. That said, defense counsel does agree to reimburse Mr. Serlin's court reporter's appearance fee in the amount of $225.00. (*See* Ellis Decl. at ¶ 9).

### III.
### CONCLUSION

For the reasons given above, defense counsel had reasonable and justifiable grounds with proceeding with a Motion to Quash on the date prior to the debtor's examination. There is no evidence of any "subjective" bad faith given the explanation herein, particularly as the motion was noticed for September 28, 2018. Sanctions should be denied. At most, defense counsel should (and already agrees to) reimburse Mr. Serlin's court reporter for the August 31, 2018 appearance fee of $225.00.

Dated: September 14, 2018        ELLIS LAW GROUP LLP


By  /s/ *Mark E. Ellis*
Mark E. Ellis
Attorney for
CALIFORNIA GUILD

- 9 -