UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| THE NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA GUILD, formerly doing business as "California Stage Grange,"<br><br>Defendant. | No. 2:14-cv-676 WBS DB<br><br>ORDER RE: MOTION FOR ASSIGNMENT ORDER |

----oo0oo----

On April 17, 2018, the court re-opened post judgment proceedings after finding that the money defendant used to satisfy a judgment in favor of plaintiff for attorneys' fees came from a fund that defendant had been enjoined from accessing pursuant to a state court injunction ("post judgment order"). (Docket No. 235.) The court determined that $93,707.78 was removed from the restricted account and vacated the judgment in that amount. The court also ordered defendant to pay plaintiff

1

$9,000 in sanctions.

The court previously issued an order assigning plaintiff the right to collect payments due to defendant from its local chapters to satisfy the judgment over attorneys' fees. (March 9, 2017 Order Re: Mot. for Assignment Order ("March 2017 Assignment Order") (Docket No. 189).) Plaintiff now moves for an order assigning it the right to collect payments due to defendant from its local chapters to satisfy the court's post judgment order. (Docket No. 275.) Defendant has filed no opposition to the motion.

Federal Rule of Civil Procedure 69(a)(1) provides that proceedings in aid of judgment or execution must comply with the law of the state where the court is located. Fed. R. Civ. P. 69(a)(1); Credit Suisse v. U.S. Dist. Court, 130 F.3d 1342, 1344 (9th Cir. 1997). Under California Civil Procedure Code Section 708.510 ("Section 708.510"), "the court may order the judgment debtor to assign to the judgment creditor . . . all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments . . . ." Cal. Civ. Proc. Code § 708.510(a); Peterson v. Islamic Republic of Iran, 627 F.3d 1117, 1130-31 (9th Cir. 2010).

In considering whether to issue an assignment order under Section 708.510, the court "may take into consideration all relevant factors," including "the reasonable requirements of the judgment debtor who is a natural person," other "[p]ayments the judgment debtor is required to make," "the amount remaining due on the money judgment," and "[t]he amount being received or to be received in satisfaction of the right to payment that may be

assigned." Cal. Civ. Proc. Code § 708.510(c); Choice Hotels, Int'l, Inc. v. Dostel Corp., M.C. No. 2:11-45 WBS GGH, 2013 WL 1324280, at *1 (E.D. Cal. Apr. 2, 2013). While a motion for an assignment order does not demand "[d]etailed evidentiary support," Choice Hotels, 2013 WL 1324280, at *1, a judgment creditor must describe the source of the right to payment with "some degree of concreteness," Icho v. PacketSwitch.com, Inc., Civ. No. 01-20858 LHK PSG, 2012 WL 4343834, at *2 (N.D. Cal. Sept.21, 2012).

Plaintiff identifies two types of payments made by defendant's local chapters to defendant: (1) membership dues, and (2) loan payments. (Pl.'s Mot. at 2.) Given that the court's March 2017 Assignment Order addressed similar payments, the court adopts the reasoning of that order in full.

With respect to membership dues, plaintiff represents that "the Local Chapters are expected to continue to pay dues to the [defendant]." (Decl. of Mark A. Serlin ("Serlin Decl.") ¶ 3 (Docket No. 275-2).) Defendant does not dispute that it will continue to receive dues going forward, so the court concludes that the dues paid by the local chapters to defendant are "a sufficiently concrete source of payment to justify an assignment order." (See March 2017 Assignment Order at 4.) With respect to loan payments, plaintiff maintains that documents disclosed by defendant reveal that multiple local chapters owe loan payments to defendant. (Serlin Decl. ¶ 4.) Defendant does not dispute that it will continue to receive these loan payments and provides no reason for why these payments may be subject to any other encumbrance. Therefore, the court also finds that the loan

1 | payments are sufficiently concrete to justify an assignment
2 | order.

3 | For the same reasons given in the court's previous order, "[t]he factors set forth in section 708.510(c) indicate that an assignment order is proper here." (See March 2017 Assignment Order at 5.) Neither that portion of the judgment remaining after the court's post judgment order nor the sanctions ordered by the court have been paid, and defendant "has not alerted the court to any judgments or assignments . . . that it is required to satisfy." (Id.) The other remaining factors also justify an assignment order. (See id. at 6.)

The fact that the post judgment order is on appeal does not change the court's conclusion. Absent defendant posting a supersedeas bond and obtaining a stay from the court pending appeal, federal judgments are immediately enforceable. See Telecom Asset Mgmt., LLC v. FiberLight, LLC, No. 14-CV-00728-SI, 2016 WL 7188008, at *4 (N.D. Cal. Dec. 12, 2016); see also In re Padilla, 222 F.3d 1184, 1190 (9th Cir. 2000) ("Absent a stay or supersedeas, the trial court also retains jurisdiction to implement or enforce the judgment or order but may not alter or expand upon the judgment.") Instead of seeking such relief, defendant has simply chosen neither to pay the judgment nor to file any response to plaintiff's motion.

IT IS THEREFORE ORDERED that plaintiff's Motion for an assignment order be, and the same hereby is, GRANTED as follows:

(1) All membership dues due to defendant now or in the future from the local chapters listed in Exhibit A of plaintiff's Motion (Docket No. 275) are hereby assigned

|  |  | to plaintiff to the extent necessary to satisfy the court's post judgment order (Docket No. 235). |
| --- | --- | --- |
|  | (2) | All payments due to defendant now or in the future pursuant to loans defendant made to the local chapters listed in Exhibit A of plaintiff's Motion are hereby assigned to the extent necessary to satisfy the court's post judgment order. |
|  | (3) | Defendant is hereby enjoined from assigning, encumbering, or otherwise disposing of the payments discussed in (1) and (2) to any other person or entity until it has satisfied the court's post judgment order. |
|  | (4) | Counsel for plaintiff shall serve a copy of this Order on the local chapters listed in Exhibit A of plaintiff's Motion. |

Dated: January 2, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE