UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| THE NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA GUILD, formerly doing business as "California Stage Grange,"<br><br>    Defendant. | No. 2:14-cv-676 WBS DB<br><br>ORDER |

----oo0oo----

On April 17, 2018, this court reopened post-judgment proceedings, vacated judgment in the amount of $93,707.78, and ordered defendant to pay plaintiff an additional $9,000 in sanctions. (Docket No. 235.) While defendant's appeal of this court's post-judgment order was still pending, plaintiff obtained a writ of execution as to the money judgment. (Docket No. 274.) In connection with execution of judgment, plaintiff filed a

1

notice of sale of defendant's personal property in the form of its name "California Guild." (Docket No. 279.) The sale was scheduled to take place on April 18, 2019. On April 15, 2019, defendant filed an Ex Parte Application to Stay the Sale of the Name (Docket No. 278) and plaintiff then filed an opposition to the application (Docket No. 281). The court issued an order temporarily staying the sale to allow time for the issues to be fully briefed and argued. (Docket No. 282.) The court set a hearing on the stay request and ordered the parties to file supplemental briefs by May 6, 2019. (Id.) Plaintiff filed a supplemental brief by the deadline. (Docket No. 283.) Defendant did not. Accordingly, the court vacates the hearing set for May 20, 2019 and decides the request without oral argument. See Local Rule 230(c).

Federal Rule of Civil Procedure 69(a) governs execution proceedings in federal court. Hilao v. Estate of Marcos, 95 F.3d 848, 851 (9th Cir. 1996). It provides that the procedure on execution "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a). In California, "[e]xcept as otherwise provided by law, all property of the judgment debtor is subject to enforcement of a money judgment." Cal. Civ. Proc. Code § 695.010. On February 8, 2019, plaintiff levied a writ of execution pursuant to California Civil Procedure Code § 700.170 on defendant's trade name as a general intangible. A notice of sale was served eighteen days prior to the scheduled date, on April 1, 2019. (Docket No. 279.) In its ex parte application, defendant argues that California law does not permit the sale of an opponent's name during pending litigation because

2

(1) defendant's trade name is not a "general intangible" and (2) the name is excluded from execution because it is the subject of pending litigation.

For the purposes of enforcement of judgments, "'[g]eneral intangibles' means 'general intangibles,' as defined in paragraph (42) of subdivision (a) of Section 9102 of the Commercial Code, consisting of rights to payment." Cal. Civ. Proc. Code § 680.210. Even if defendant's argument that its trade name does not "consist[] of rights to payment" is well-taken, the trade name still qualifies as defendant's personal property. Under relevant Ninth Circuit precedent interpreting California law, trade names, like California Guild, are intangible property subject to a writ of execution. Cf. Office Depot Inc. v. Zuccarini, 596 F.3d 696, 702 (9th Cir. 2010) (citations omitted) (holding that "domain names are intangible property subject to a writ of execution")[1]; see also Cal. Civ. Proc. Code § 699.710 ("[A]ll property that is subject to enforcement of a money judgment . . . is subject to levy under a writ of execution to satisfy a money judgment.").

Given the strong presumption that all property is subject to the enforcement of a money judgment, defendant's

---

[1] Defendant argument that Zuccarini is distinguishable is unavailing. Like a domain name, defendant's trade name is a property right because it is a well-defined interest that provides defendant with a legitimate claim to exclusivity as no other entity may claim that same name. See Kremen v. Cohen, 337 F.3d 1024, 1029 (9th Cir. 2003) (explaining that these factors are relevant to the determination of whether a property right exists); see also Cal. Bus. & Prof. Code § 14415 (identifying a presumption that a corporation has the exclusive right to use its trade name).

3

argument that it does not fall into the specific category of "general intangibles" does not mean that plaintiff could not otherwise dispose of the trade name. See Cal. Civ. Proc. Code § 695.010; see also Office Depot, Inc. v. Zuccarini, 621 F. Supp. 2d 773, 775 n.2 (N.D. Cal. 2007) (upholding the levy under a writ of execution on defendant's domain names even though the names did not clearly fall into a category of property).

Next, defendant relies on two subsections of California Civil Procedure Code § 699.720(a), which exclude certain types of property from execution, for its argument that plaintiff cannot sell its trade name. First, defendant contends that the trade name is "[a] cause of action that is the subject of a pending action or special proceeding." Id. § 699.720(a)(3). Second, defendant maintains that the trade name is "[a] judgment in favor of the judgment debtor prior to the expiration of the time for appeal from the judgment or, if an appeal is filed, prior to the final determination of the appeal." Id. § 699.720(a)(4). Defendant's trade name falls into neither one of these categories of property. While defendant may have changed its trade name given ongoing litigation, the name "California Guild" does not appear to be directly implicated in either lawsuit. The mere fact that defendant may have to change its name mid-appeal is not a reason for why the name is "a cause of action" or "judgment" for the purposes of the relevant subsections. Absent some authority supporting defendant's interpretation, the court cannot find that these provisions of California law affirmatively prohibit plaintiff from subjecting defendant's trade name to auction.

4

Defendant also urges this court to exercise its discretion and stay the sale of its name. Defendant argues that the judgment plaintiff seeks to collect is subject to a pending appeal. Defendant contends that any sale would "impact the California Guild's due process rights" and its ability to litigate issues in other pending actions, including the ownership of a corporation registered in its name. (See Decl. of Robert McFarland ¶ 5 (Docket No. 278-2).)

Defendant is free to apply for relief from this court under Federal Rule of Civil Procedure 62. "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security." See Fed. R. Civ. P. 62(b). Under this rule, defendant could receive the stay "as a matter of right by posting a supersedeas bond acceptable to the court." Matter of Combined Metals Reduction Co., 557 F.2d 179, 193 (9th Cir. 1977). This court has "inherent discretionary authority in setting supersedeas bonds." Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1505 n.1 (9th Cir. 1987). The purpose of the supersedeas bond is to secure the appellees from any loss resulting from the stay in execution of judgment. See Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp., 935 F.2d 1019, 1027 (9th Cir. 1991).

While this court may exercise its discretion and "waive the bond requirement if it sees fit," Townsend v. Holman Consulting Corporation, 881 F.2d 788, 796-97 (9th Cir. 1989), vacated on reh'g on other grounds, 929 F.2d 1358 (9th Cir. 1990) (en banc), defendant bears the burden for why it should not have to post a full security bond, see Poplar Grove Planting & Refining Company v. Bache Halsey Stuart, Inc., 600 F.2d 1189,

5

1191 (5th Cir. 1979). Because defendant has not provided this court with any reason why it cannot post a supersedeas bond, the court will not waive the bond requirement. Defendant likewise has not suggested an amount for the bond nor has it been suggested to the court how much defendant's trade name is worth. Therefore, the court must exercise its discretion to determine the appropriate amount for a bond. Accordingly, the court in its discretion sets the amount of the bond at the amount of the judgment that plaintiff seeks to enforce. In this case, that amount is $102,707.78. (Docket No. 274.)

IT IS THEREFORE ORDERED that the stay previously entered on the sale of defendant's name "California Guild" be, and the same hereby is, lifted UNLESS defendant posts a cash supersedeas bond in the amount of $102,707.78, in the form of a cashier's check made payable to the Clerk of United States District Court, by 5 p.m. May 15, 2019. If defendant posts the specified bond, a stay shall last until all appeals in this case are fully resolved. If defendant fails to provide the specified bond, the sale of defendant's name may take place.

IT IS FURTHER ORDERED that defendant's Request for Sanctions and Attorneys' Fees be, and the same hereby is, DENIED.

Dated: May 7, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE